UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STORAGE TECHNOLOGY CORPORATION,

Plaintiff,

v.

CISCO SYSTEMS, INC.,

Defendant.

Civil File No.00 2253 MJD/JGL

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

The parties to this case believe that the discovery process will require the disclosure by Plaintiff Storage Technology Corporation ("StorageTek"), Defendant Cisco Systems, Inc. ("Cisco"), or a third party (hereinafter "Third Party Producer") (in circumstances when StorageTek, Cisco, or any Third Party Producer is producing documents or materials such party hereinafter may be referred to as "Producing Party") to another party (hereinafter "Receiving Party") of trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), and that it would serve the interests of the parties and any third parties to conduct discovery under this Confidentiality Stipulation And Protective Order pursuant to Fed: R. Civ. P. 26(c). Accordingly,

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, as follows:

SEP 12 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. Each page of each document produced pursuant to discovery in this action shall bear a unique identifying number. If information is produced in the form of computer disks, video tapes, or other tangible things in electronic, magnetic, or other form, each such item produced shall bear a unique identifying number.

2. As used herein, CONFIDENTIAL INFORMATION refers to information that a Producing Party claims to be its trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7). Blanket designation of documents or information as CONFIDENTIAL INFORMATION *en masse* and/or without regard to the specific contents of each document or piece of information is prohibited. No party may designate information, documents, or materials as CONFIDENTIAL INFORMATION which are publicly available or which have been or may be obtained lawfully from some source other than the designating party. Information or materials designated as CONFIDENTIAL INFORMATION shall only be information that is normally treated by such Producing Party as confidential and is not generally disclosed to third parties, and which is lawfully entitled to protection against disclosure to third parties. Information to be treated under this Protective Order as CONFIDENTIAL INFORMATION shall include:

a. Information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents produced for inspection under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the Receiving Party, the responses or copies of documents are marked by the Producing Party with the following legend: **"CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER"**

b. Information revealed by inspection of things or premises under Fed. R. Civ. P. 34 under terms to be agreed upon by the parties through good faith negotiations in connection with any such inspection.

c. Information revealed during a deposition upon oral examination under Fed. R. Civ. P. 30, for 10 days following receipt of the official transcript by counsel for the Producing Party, but not thereafter unless, before the 10-day period has expired, counsel for the Producing Party notifies counsel for the Receiving Party in writing that CONFIDENTIAL INFORMATION is set forth in the transcript and specifies in writing the portions of the transcript that disclose CONFIDENTIAL INFORMATION.

d. If CONFIDENTIAL INFORMATION is produced in the form of computer disks, video tapes, or other tangible things in electronic, magnetic or other form, each such item produced shall be marked by the Producing Party with the confidentiality notice. If such items are printed out by the Receiving Party, the Receiving Party must mark each page of the printed version with the confidentiality notice.

e. The types of CONFIDENTIAL INFORMATION detailed above in paragraphs 2(a), (b), (c) and (d), may alternatively be designated as "HIGHLY CONFIDENTIAL INFORMATION OUTSIDE ATTORNEYS & CONSULTANTS ONLY" (hereinafter, "HIGHLY CONFIDENTIAL") and shall bear the same legend as above in ¶ 2(a), except changing "CONFIDENTIAL" to "HIGHLY CONFIDENTIAL." The designation

"HIGHLY CONFIDENTIAL" shall be used only for: (1) highly sensitive technical information relating to research for, or development or manufacturing of, current products; (2) technical or research and development information regarding future products; (3) any pending or abandoned non-public patent applications, foreign or domestic; and (4) highly sensitive financial and marketing information, including but not limited to financial and marketing forecasts.

3. CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION disclosed by a Producing Party to a Receiving Party pursuant to discovery in this action shall be used solely for purposes of this action.

4. In addition to meeting the other conditions and requirements for obtaining CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION set forth in this Protective Order, all persons described in paragraph 5 (excluding those persons covered in subparagraphs 5(a), 5(f), 5(i), and 5(j)) shall execute a Certification in the form attached hereto as Exhibit A before receiving or having access to information designated CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION.

5. Access to CONFIDENTIAL INFORMATION shall be limited to the following persons:

a. Outside Counsel of Record herein for the Receiving Party and stenographic, clerical and legal assistant employees, and agents of those counsel whose functions require access to CONFIDENTIAL INFORMATION;

b. Inside counsel for the Receiving Party who are responsible for the management and conduct of this case, and stenographic, clerical and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION;

c. The officers, directors and employees of the Receiving Party, provided outside counsel of record for the Receiving Party believes that disclosure to such persons is needed to assist in the prosecution or defense of this case. Counsel desiring to disclose CONFIDENTIAL INFORMATION to such persons shall first obtain a signed Agreement To Be Bound by Protective Order in the form of Exhibit A attached hereto from each such person who would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his/her file the original of each such signed Agreement To Be Bound By Protective Order;

d. Outside experts or consultants (and their stenographic and clerical personnel) who are not officers, directors, employees or consultants of a Receiving Party and who agree not to become officers, directors, employees or consultants (other than litigation consultants or experts) of a Receiving Party for a period of one (1) year following the termination of this action, provided that disclosure to such experts or consultants and their stenographic and clerical personnel shall be made only on the following conditions:

(i) Counsel desiring to disclose CONFIDENTIAL INFORMATION to such experts or consultants shall first obtain a signed Agreement To

Be Bound By Protective Order in the form of Exhibit A attached hereto from each such expert or consultant who would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his/her file the original of each such signed Agreement To Be Bound By Protective Order;

(ii) No CONFIDENTIAL INFORMATION shall be disclosed to such expert or consultant until after the expiration of a ten (10) day period commencing with the receipt by counsel for the Producing Party of a copy of the expert's or consultant's signed Agreement To Be Bound By Protective Order and a curriculum vitae of the expert or consultant, which lists the outside expert's or consultant's present employer and title, work history, past and present consultancies (including any past or present consultancies for any party or competitor of any party), and a list of publications. Counsel for the Producing Party may object to such disclosure only for good cause, e.g., a business conflict. Failure to object in writing within the ten-day period after notice of a proposed consultant shall be deemed approval. In the event of any such objection, there shall be no disclosure of CONFIDENTIAL INFORMATION to such expert or consultant, except by express agreement of the parties or order of the Court. Notwithstanding any of the foregoing, including the failure to object to a proposed expert within the prescribed ten-day period, any party may file a motion with the Court to preclude a consultant

or expert from any access to CONFIDENTIAL INFORMATION where facts subsequently become known which provide good cause to preclude such consultant from access to CONFIDENTIAL INFORMATION.

e. Persons who have been retained by the Receiving Party specifically to provide translation or interpretation from one language to another of CONFIDENTIAL INFORMATION. Counsel desiring to disclose CONFIDENTIAL INFORMATION to such persons shall first obtain a signed Agreement To Be Bound by Protective Order in the form of Exhibit A attached hereto from each such person who would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his/her file the original of each such signed Agreement To Be Bound By Protective Order;

f. Any person who was an author or lawful recipient of such CONFIDENTIAL INFORMATION;

g. Non-technical trial consultants and graphics or design services retained by outside trial counsel for the purpose of preparing demonstrative or other exhibits. Counsel desiring to disclose CONFIDENTIAL INFORMATION to such persons shall first obtain a signed Agreement To Be Bound by Protective Order in the form of Exhibit A attached hereto from each such person who would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his/her file the original of each such signed Agreement To Be Bound By Protective Order;

h. Court reporters and videographers employed in connection with this action. Counsel desiring to disclose CONFIDENTIAL INFORMATION to such persons shall first obtain a signed Agreement To Be Bound by Protective Order in the form of Exhibit A attached hereto from each such person who would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his/her file the original of each such signed Agreement To Be Bound By Protective Order; and

i. The Court and its authorized staff;

j. Any other person upon such terms and conditions as the parties may agree in writing or as the Court hereafter by order direct.

6. Access to HIGHLY CONFIDENTIAL INFORMATION shall be limited to Outside Counsel of Record for a Receiving Party and stenographic, clerical, and legal assistant employees, and agents of those counsel whose functions require access to HIGHLY CONFIDENTIAL INFORMATION, and to those individuals outlined in paragraphs 5(d), (e), (f), (g), (h), (i), and (j) above on the same terms as outlined in those provisions for CONFIDENTIAL INFORMATION.

7. CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION shall not be made public by the Receiving Party, shall be used only by persons permitted access to it under Paragraphs 5 and 6 and shall be disclosed only to persons specified in Paragraphs 5 and 6.

8. CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION of the Producing Party shall not be kept on any of the premises of the Receiving Party, except that CONFIDENTIAL INFORMATION filed or served in the litigation (including

briefs, declarations, deposition transcripts, interrogatory responses, and exhibits to the foregoing) may be kept in a secure location in the offices of those individuals designated in or pursuant to Paragraph 5(b). CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION may be kept in the custody of outside counsel of record for the parties. CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION may also be kept in the custody of outside experts or consultants for the Receiving Party, provided that the experts and consultants segregate the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION from other information and maintain the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION in a secure location.

9. All documents and pleadings of any nature containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION, and all copies thereof, shall be maintained by any person qualified to receive and to retain them under the terms of this Protective Order in a secure manner, intended to minimize any risk of the inadvertent disclosure thereof.

10. Any person to whom CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION is disclosed (subject to the other terms hereof) shall treat that information in a manner reasonably calculated to preserve the confidentiality of such information.

11. If CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION is to be filed with the Court in connection with any proceedings herein, it shall be filed in a sealed envelope marked with the following legend:

"CONTAINS CONFIDENTIAL AND/OR HIGHLY

CONFIDENTIAL INFORMATION TO BE OPENED
ONLY BY OR AS DIRECTED BY THE COURT"

The parties shall also comply with any other requirements set by the Court or Clerk's office for filing materials subject to a protective order. If the Court determines that any matter submitted as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION is not properly designated as such, the Court may declassify any such material and make it part of the Court file available to the public, provided the Court shall not declassify any information or materials without prior written notice to all parties and the opportunity of each party to be heard by the Court (*in camera* if any party so requests). In the event the Court so notifies the parties of the Court's intent to declassify information or materials, the party or nonparty designating the subject information or materials shall have the option to withdraw from consideration by the Court the information or materials at issue and, within two court days, resubmit modified materials to the Court, prior to the Court acting to declassify any such information and materials. The Court shall stay any order to declassify information and materials upon notice by any party that said party is pursuing any interlocutory appeal of such an order, and the stay shall remain in effect (and designated information and materials shall remain sealed by the Court) until the appeal has been finally determined.

12. This Confidentiality Stipulation and Protective Order shall not prevent a party from attempting to examine, at depositions or at trial, persons who are not authorized to receive CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION, as identified herein, so long as such examination concerns CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION to which the

witness previously had authorized access or of which the witness has prior knowledge, as demonstrated by foundation testimony during the deposition or trial. This Confidentiality Stipulation and Protective Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION, so long as such examination is done in a manner that does not disclose the details of the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION.

13. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION to unauthorized persons.

14. The acceptance of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION by the parties shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION is in fact confidential. This Confidentiality Stipulation and Protective Order shall not foreclose any party from moving for an Order that documents or other items designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION are not, in fact, confidential. Prior to bringing such a motion, the Receiving Party shall first request in writing that the Producing Party change its designation of certain specifically enumerated information. If the Producing Party refuses to agree within ten (10) days, the Receiving Party may file a motion for an Order changing or removing the

designation. On such a motion, the Producing Party shall have the burden of proving that the designation of the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION is proper because the information or materials embody its trade secrets or other confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7).

15. The disclosure by a Producing Party of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION by way of delivering responses to discovery requests, delivering copies of documents, disclosing deposition testimony or otherwise, without the designation required by paragraph 2, shall constitute a waiver of any claim of confidentiality, except where such disclosure resulted from inadvertence or mistake on the part of the Producing Party and such inadvertent or mistaken disclosure is thereafter brought to the attention of the Receiving Party promptly after discovery of such disclosure. Upon such notice of inadvertent or mistaken disclosure, the Producing Party shall also provide properly marked documents. Upon such notice, and upon receipt of properly marked documents, the Receiving Party shall return said unmarked documents and things to the extent practicable, and shall not retain copies thereof and shall treat information contained in said documents and things and any summaries or notes thereof as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION .

16. Should any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by the Receiving Party to any person or party not authorized under this Confidentiality Stipulation and Protective Order, then the Receiving Party shall (a) use its best efforts to obtain the return of any such CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION and to bind

such person to the terms of this Confidentiality Stipulation and Protective Order; (b) within three (3) days of the discovery of such disclosure, inform such person of all provisions of this Confidentiality Stipulation And Protective Order; (c) within five (5) days of the discovery of such disclosure, identify such person to the Producing Party; and (d) request such person to sign the Agreement To Be Bound By Protective Order in the form attached hereto as Exhibit A. The executed Agreement To Be Bound By Protective Order shall be served upon counsel of record for the Producing Party within five (5) days of its receipt by the Receiving Party.

17. Nothing in this Confidentiality Stipulation and Protective Order shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege or attorney work-product immunity or is subject to objection on some grounds other than its confidential nature.

18. If the discovery process calls for the production of information that a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a third party to maintain such information in confidence, the party requested to produce the information shall give written notice to the third party that its information is subject to discovery in this litigation, and shall provide the third party with a copy of this Confidentiality Stipulation and Protective Order. When such written notice is given to the third party, the party requested to produce the information will advise the potential Receiving Party that such notice has been given. The third party or the party requested to produce the information shall have thirty (30) days from receipt of the written notice by the third party in which to seek relief from the Court, if either so desires. If the thirty (30) days elapse without relief being sought from

the Court, the requested information shall be produced in accordance with the terms of this Confidentiality Stipulation and Protective Order.

19. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or workproduct immunity for such information. If a party has inadvertently or unintentionally produced information subject to claim of immunity or privilege, the information for which a claim of inadvertent or unintentional production is made shall be returned to the Producing Party within three (3) days of the Producing Party's request. Moreover, any notes or summaries referring or relating to any such inadvertently or unintentionally produced information shall be destroyed. In the event that any such information is a produced document, all copies of that document, and any notes or summaries relating thereto that may have been made, shall be destroyed to the extent practicable. Nothing herein shall prevent the party returning such information from moving the court for an order compelling production of such information.

20. The restrictions and obligations set forth in this Confidentiality Stipulation And Protective Order relating to CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION shall not apply to any information that: (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party; or (c) has come or hereafter comes into the Receiving Party's legitimate possession independently of the Producing Party without obligation of confidentiality. Such restrictions and obligations shall not be deemed to prohibit discussions with any person

regarding any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION if said person already has legitimate possession thereof.

21. In the event that a party desires to provide access to or disseminate CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION to any person not entitled to access under paragraphs 5 and 6, it may move the Court for an order that such person be given access thereto. In the event that the motion is granted, or by agreement of the parties, such person may have access to CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION after first signing an Agreement To Be Bound By Protective Order in the form of Exhibit A attached hereto, a copy of which shall be forward promptly thereafter to opposing counsel.

22. This Confidentiality Stipulation and Protective Order shall not prevent any party from applying to the Court for further or additional protective orders.

23. This Confidentiality Stipulation and Protective Order shall survive the termination of this action.

24. Within sixty (60) days of the conclusion of this matter, all written materials, other than work product, containing CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION received by the Receiving Party subject to this Confidentiality Stipulation that is in the possession, custody or control of the Receiving Party or its agents shall be destroyed or turned over to Counsel of Record for the Producing Party. The provisions of this Confidentiality Stipulation restricting the communication and use of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION continue to be binding after the conclusion of this matter. Counsel of record shall be entitled to retain court papers, depositions and trial

transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or materials designated as CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION) provided that such counsel, and employees of such counsel, shall not disclose any such information and material except pursuant to court order or a written agreement with the Producing Party of such information or material.

25. Nothing herein shall be deemed to restrict in any way a Producing Party's own use of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION disclosed by it in this matter. In addition, nothing contained herein shall impose any restrictions on the use or disclosure by a party or third person of information, documents, items, ideas, or materials designated as CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION which was lawfully obtained, accessible, or known by any means other than disclosure by another Producing Party.

26. Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter. The designation of certain information as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Protective Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION.

27. Nothing herein shall preclude any party from applying to the Court for any modification of the terms provided herein; as it may deem appropriate under the circumstances; provided, however, that prior to such application, the parties involved shall make a good faith effort to resolve the matter by agreement.

28. If a party in possession of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION of another party, receives a subpoena or other compulsory process from a non-party to this Protective Order seeking production or other disclosure of such CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION during the pendency of this litigation or thereafter, that party shall give written and telephone notice to counsel for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory processing identifying the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION called for prior to receiving a court order or the consent of the Producing Party. In the event that such discovery material containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION is produced to the non-party, such material shall still be treated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION by the parties to this Protective Order.

29. If a Third Party Producer provides discovery to any party in connection with this action, the provisions of this Confidentiality Stipulation and Protective Order shall apply to such discovery as if such discovery were being provided by a party. Under

such circumstances, the Third Party Producer shall have the same rights and obligations under this Confidentiality Stipulation and Protective Order as held by the parties to this action. Should any third party wish to produce information that the party considers CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION under any circumstances other than those provided in this Confidentiality Stipulation and Protective Order, the third party shall be required to obtain agreement to such terms for production from each party to the action or to seek relief from the Court.

30. In the event additional parties join or are joined in this action, they shall not have access to CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION until the newly joined party has executed and filed with the Court its agreement to be fully bound by this Protective Order.

31. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative order which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

Dated: September 11, 2001

DORSEY & WHITNEY LLP

By: Joseph W. Hammell
Roy A. Ginsburg ((#123158)
Joseph W. Hammell (#172698)

Attorneys for Defendant
CISCO SYSTEMS, INC.

Dated:

BROOKS & KUSHMAN P.C.

By: ______________________________
Thomas A. Lewry

Attorneys for Plaintiff STORAGE TECHNOLOGY CORPORATION

Dated:

MAHONEY, DOUGHERTY AND MAHONEY

By: ______________________________
Richard P. Mahoney (#6662X)
Mark J. Manderfeld (#6712X)
Kelley R. Lorix (#145828)

Attorneys for Plaintiff STORAGE TECHNOLOGY CORPORATION

**ORDER**

Good Cause appearing, the Confidentiality Stipulation and Protective Order is hereby approved and ordered by the Court.

Dated: Sept. 12, 2001

The Honorable Jonathan G. Lebedoff

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STORAGE TECHNOLOGY CORPORATION,

Plaintiff,

v.

CISCO SYSTEMS, INC.,

Defendant.

Civil File No.00 2253 JMR

AGREEMENT TO BE BOUND
BY PROTECTIVE ORDER

I, ______________________, being duly sworn, state that:

1. My residence address is ________________________________.

2. My present employer is _____________________ and the address of my present employment is __________________________________________________.

3. My present occupation or job description is ____________________________

4. I have carefully read, and I understand, the provisions of the Confidentiality Stipulation and Protective Order entered in this case, and I will comply with all provisions of the Confidentiality Stipulation and Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under Confidentiality Stipulation and Protective Order any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION or any words, summaries, abstracts, or indices of

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION disclosed to me.

6. I will return all CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION and summaries, abstracts, and indices thereof that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party for whom I was employed or retained or acted as a witness.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ______________________________