**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**STORAGE TECHNOLOGY CORPORATION,**

Plaintiff,

v.

**CISCO SYSTEMS, INC.,**

Defendant.

Civil No. 00-2253 (MJD/JGL)

**O R D E R**

---

APPEARANCES

Thomas A. Lewry, Esq., and Victor E. Lund, Esq., for Plaintiff Storage Technology Corporation.

Roy Ginsburg, Esq., and Joseph Hammell, Esq., for Defendant Cisco Systems, Inc.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on November 8, 2001 on Plaintiff's Motion to Compel and on Defendant's Motion to Compel and for a Protective Order. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

NOV 15 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

## I. INTRODUCTION

Plaintiff Storage Technology Corporation ("StorageTek") brought this action against Defendant Cisco Systems, Inc. ("Cisco") on October 4, 2000, alleging interference with contractual relations, corporate raiding, inducing breach of contract, conversion, breach of fiduciary duties, and misappropriation of trade secrets. StorageTek asserts that Cisco hired away thirty employees for the purpose of developing a product based on StorageTek's storage networking products and designs. In the complaint, StorageTek describes the trade secret at issue as the "conception, design, and development of devices for joining disparate and otherwise incompatible computer networks." (Compl. ¶ 31.)

StorageTek prematurely served discovery requests on Cisco before the Rule 26(f) conference, which occurred on November 16, 2000. Cisco subsequently served discovery requests on StorageTek on November 21, 2000, and StorageTek served Cisco with revised discovery requests on December 4, 2000. On December 11, 2000, the parties attended a Rule 16 scheduling conference, and they informally agreed to stay discovery until Cisco released its SN 5420 product, the product at issue in this lawsuit.[1] According to Cisco, the parties agreed to the stay because StorageTek could not know its precise

---

[1] The parties made the agreement at a Rule 16 conference before a different magistrate judge. Thus, the Court is without the benefit of having personal knowledge of this particular proceeding.

claims until it examined the SN 5420, which was not launched until April 2001. (Ginsburg Aff. ¶ 6.) Cisco represents that "[i]mplicit in the imposition of the discovery stay was the principle that [StorageTek] must specify the trade secrets allegedly misappropriated before it could seek discovery from Cisco relating to the trade secret claims." (Def. Mem. Opp. Mot. Compel at 11.)

StorageTek served a second set of requests for document production on August 6, 2001. On October 3, 2001, StorageTek served a third set of document production requests, a second set of interrogatories, and a notice of deposition under Rule 30(b)(6). Cisco declined to produce much of the requested discovery on the grounds that the parties had agreed to further stay discovery until the Court ruled on the discovery timing dispute.

StoragcTck filed its current motion to compel discovery on October 25, 2001, asking specifically for responses to document requests 7, 10, 12, 17, 18, 19, 21, and 22. However, StorageTek did not identify to which of its three sets of document requests those numbers pertain, although it did recite the requests in its memorandum. Cisco responds that the discovery requests seek highly invasive and broad information, especially given that StorageTek continues to refuse to identify the specific trade secrets purportedly misappropriated. Cisco also filed a motion on October 25, 2001, asking the Court to compel StorageTek to identify with specificity the trade secrets at issue, to compel StorageTek to respond to discovery requests, and for a

protective order exempting Cisco from participating in discovery until StorageTek identifies the trade secrets. StorageTek does not dispute that the allegations in its complaint are vague, but it proposes that the parties engage in simultaneous discovery as a compromise. Furthermore, StorageTek submits that Cisco knows this case is about developments at Cisco's Minnesota facility where the former StorageTek employees work.

## II. DISCUSSION

### A. The Timing of StorageTek's Identification of the Trade Secrets at Issue

Essentially, both parties' motions seek in part the Court's guidance as to whether StorageTek must specify the trade secrets at issue before Cisco is required to respond to discovery requests. The Court finds in the affirmative.

Cisco offers several compelling reasons why StorageTek must identify its trade secrets with specificity at this point in the litigation. First, the complaint was filed over a year ago, and Cisco is entitled to information necessary to craft its defenses and its own discovery requests. Second, identification of the trade secrets is necessary for Cisco to respond meaningfully to StorageTek's discovery requests. Allowing StorageTek to obtain discovery from Cisco without giving Cisco the tools with which to obtain discovery or to limit the scope of its discovery responses does not comport with discovery practice or the Federal Rules of Civil Procedure. Third, both parties have brought motions to compel discovery, and because discovery motions

necessarily implicate relevance, the parties and the Court must know the parameters of the subject matter of the litigation. Furthermore, the Court finds persuasive Cisco's reasoning that if Cisco is now obligated to respond to discovery before StorageTek identifies its trade secrets, there would have been no reason for the discovery stay.

In Porous Media Corp. v. Midland Brake, Inc., 187 F.R.D. 598 (D. Minn. 1999), the court ordered the plaintiff to provide the defendant with a list of its trade secrets before discovery commenced. See id. at 599. The court noted that it is common to order the listing of trade secrets at the outset of the litigation. See id. (citing Computer Econ., Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980 (S.D. Cal. 1999) (basing its ruling on California statutory law, which explicitly requires a plaintiff to identify its trade secrets before conducting discovery)).

> The orderly disposition of cases involving claims of misappropriation of trade secrets cannot permit a situation where the details concerning the claimed trade secrets are not disclosed at an early date in the litigation. Adequate discovery cannot be conducted in the absence of the specific disclosure which is required by this Order.

Id.

Several courts have required a plaintiff to identify its trade secrets before obtaining discovery of the defendant's trade secrets. See Automed Tech., Inc. v. Eller, 160 F. Supp. 2d 915, 926 (N.D. Ill. 2001) (stating "[i]t is not

enough to claim that defendants will be able to learn the details through discovery."); Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 148 F. Supp. 2d 1322, 1326 (S.D. Fla. 2001); Engelhard Corp. v. Savin Corp., 505 A.2d 30, 33 (Del. Ch. 1986) (citations omitted).

The two cases cited by StorageTek in support of its position regarding the timing of its trade secret disclosure are inapposite to this case. In Microwave Research Corp. v. Sanders Assoc., Inc., 110 F.R.D. 669 (D. Mass. 1986), the court denied the plaintiff's motion to compel discovery from the defendant because the plaintiff failed to provide a "substantial factual basis" for its trade secret misappropriation claim See id. at 674. Here, StorageTek is refusing to provide any factual basis for its claim. And, unlike the plaintiff in Microwave Research who sought discovery because it was unable to specify the allegedly misappropriated trade secrets, see id., StorageTek makes no such claim. Rather, StorageTek was able to determine which trade secrets were at issue soon after Cisco launched its product in April 2001. If the Court were to follow Microwave Research, Plaintiff's motion to compel discovery from Cisco would be denied.

The second case on which StorageTek relies, Upjohn Co. v. Hygieia Biological Labs., 151 F.R.D. 355 (E.D. Cal. 1993), is also distinguishable. The Upjohn plaintiff claimed that one of its former employees misappropriated an animal vaccine formula. See id. at 356-57. Here, on the other hand,

StorageTek contends that as many as thirty employees absconded with potentially multiple trade secrets related to the conception, design, and development of devices for joining disparate and otherwise incompatible computer networks. As Cisco aptly stated, this definition of a trade secret would encompass the Internet. The Upjohn court recognized that in a "broad" suit, it would be necessary for a court to order a plaintiff to identify with particularity the applicable trade secrets. See id. at 359.

In a case analogous to the present one, but in the context of a Federal Rule of Civil Procedure 12(e) motion, the Honorable Michael J. Davis found that a plaintiff alleging trade secret misappropriation must "support its allegations of misappropriation with at least a modicum of factual evidence." Am. Home. Prod. Corp. v. Natural Biologics, No. 98-cv-2469, at 12 (D. Minn. May 6, 1999) (order granting motion for a more definite statement). The court ordered the plaintiff to file under seal: "(1) an itemization of trade secrets allegedly misappropriated by Defendants and a list of measures used by Plaintiff to protect such secrets and preserve their confidentiality; [and] (2) facts sufficient to establish the grounds on which its claim of trade secret misappropriation rests." Id. at 14. The procedural posture of the American Home case indicates that the parties had not yet commenced discovery. See id. at 4.

In the present case, the trade secret or secrets as identified by StorageTek thus far does not afford any detail to test whether a trade secret exists at all, and if it does, whether Cisco appropriated it. StorageTek does not deny its obligation to identify specifically the trade secret or secrets. Especially considering the restrictive protective order already in place, the Court finds no reason why StorageTek should not do so now. Accordingly, the Court concludes that StorageTek must identify with specificity its trade secrets at issue before Cisco is required to respond to discovery requests relating to its trade secrets.

**B. Cisco's Motion to Compel and for a Protective Order**

Federal Rule of Civil Procedure 26(c)(7) permits a court to issue a protective order designating that a trade secret "be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). For the reasons set forth in Part II.A of this Order, Cisco's motion for a protective order is granted. Cisco need not produce discovery relating to its trade secrets until StorageTek identifies its trade secrets with specificity. See Eller, 160 F. Supp. 2d at 926. However, discovery on the other counts which do not implicate Cisco's trade secrets must proceed. See id.

The portion of Cisco's motion to compel StorageTek to identify with specificity the allegedly misappropriated trade secrets is granted. StorageTek is

ordered to provide a particularized trade secret statement to Cisco and also to file the statement under seal with the Clerk's office by November 28, 2001.

However, Cisco's motion to compel responses to specific document requests and interrogatories is denied without prejudice because the motion does not comply with the requirements of D. Minn. LR 37.2. In addition, many of the issues will likely be moot in light of this ruling.

### C. StorageTek's Motion to Compel

StorageTek's motion to compel is also denied without prejudice. Assuming the parties' compliance with this Order, the motion will likely become moot. In addition, the Court finds valid Cisco's objections based on prematurity. Finally, StorageTek does not make even the barest showing of relevance, perhaps because of its resistance to divulging trade secret information. However, relevance is the sole justification for discoverability.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff StorageTek's Motion to Compel (Doc. No. 35) is **DENIED WITHOUT PREJUDICE**;

(2) Defendant Cisco's Motion to Compel and for a Protective Order (Doc. No. 38) is **GRANTED** as to its request to compel StorageTek to identify with specificity trade secrets allegedly misappropriated by Cisco, **GRANTED** as to its request for a protective order, and **DENIED WITHOUT PREJUDICE** as to its request to compel StorageTek to respond to discovery requests;

(3) StorageTek must provide a particularized trade secret statement to Cisco and also to file the statement under seal with the Clerk's office by November 28, 2001; and

(4) Each party must serve amended responses in compliance with this Order to the other party's discovery requests by December 28, 2001.

Dated: November 15, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge