**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**STORAGE TECHNOLOGY CORPORATION,**

Plaintiff,

v.

**CISCO SYSTEMS, INC.**,

Defendant,

Civil No. 00-2253 (MJD/JGL)

**O R D E R**

APPEARANCES

Thomas A. Lewry, Esq., and Victor E. Lund, Esq., for Plaintiff Storage Technology Corporation.

Roy Ginsburg, Esq., and Joseph Hammell, Esq., for Defendant Cisco Systems, Inc.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on November 27, 2001 on Plaintiff's Motion to Compel and for Sanctions and Defendant's Motion for a Protective Order. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**Plaintiff's Motion to Compel and for Sanctions**

Plaintiff Storage Technology Corporation ("StorageTek") did not calendar this motion as D. Minn. LR 7.1(a) requires and did not provide copies

FILED NOV 3 [illegible]
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of the motion papers to the Court as D. Minn. LR 5.2(b)(2) requires. Furthermore, StorageTek did not meet and confer as required by Federal Rule of Civil Procedure 37(a)(2)(A). Despite these procedural deficiencies, the Court will address StorageTek's motion, but StorageTek must comply with procedural rules in the future.

StorageTek seeks to compel a 30(b)(6) deposition and responses to Interrogatories 1, 2, and 3 from Defendant Cisco Systems, Inc. ("Cisco").[1] In its memorandum in opposition, Cisco asserts that StorageTek's motion is moot with respect to the interrogatories. According to Cisco, it provided an amended response to StorageTek on November 14, 2001, after StorageTek filed the motion to compel. Cisco does not dispute that the requested information is relevant. StorageTek has neither provided the amended response to the Court nor explained how the amended answers are deficient. Without this information, the Court is unable to meaningfully address StorageTek's motion. Furthermore, Cisco asserts it answered the interrogatories completely and will supplement its answers if new information becomes available. Given this representation, the Court must accept Cisco's averment that it has fully responded to the interrogatories. See Onwuka v. Fed. Express Corp., 178 F.R.D. 508, 514 n.2 (D. Minn. 1997); Lumber v. PPG Indus., Inc., 168 F.R.D.

---

[1] StorageTek originally moved to compel other discovery as well but stated at the hearing that the other issues had become moot.

641, 643 n.1 (D. Minn. 1996). This aspect of StorageTek's motion is therefore denied.

As for the sanctions StorageTek seeks against Cisco, StorageTek conceded at the hearing that this issue is moot. Accordingly, the request for sanctions is denied as moot.

**StorageTek's Motion to Compel the Rule 30(b)(6) Deposition and Cisco's Motion for a Protective Order**

StorageTek's motion to compel the Rule 30(b)(6) deposition of Cisco is the converse of Cisco's motion for a protective order. The Court will resolve all issues pertaining to the deposition at once.

First, the Court finds that the deposition should not take place until StorageTek identifies its trade secrets in compliance with this Court's November 15, 2001 Order. Although not every topic in the deposition notice relates to trade secrets, it would be inefficient and nonsensical to depose the 30(b)(6) witnesses on non-trade secret topics, to later depose the same people on trade secret topics, and perhaps to depose those people yet again in a non-30(b)(6) capacity. StorageTek is ordered to re-notice the Rule 30(b)(6) deposition after it has identified its trade secrets.

Second, Cisco objects to some of the deposition topics as duplicative, vague, or overbroad. As to duplicative information, the Court will not preclude StorageTek at this time from seeking potentially redundant

discovery through multiple means. The extent of any possible duplication does not appear to be unreasonable, and StorageTek is entitled to explore the veracity and completeness of Cisco's interrogatory responses. In addition, the Court is presently unable to determine if the information will be duplicative because Cisco has not yet fully answered StorageTek's discovery requests. As to duplicative witnesses, StorageTek will be permitted to depose some people in their capacity as individuals and in their capacity as 30(b)(6) representatives. Rule 30(b)(6) specifically provides that the rule does not preclude taking a deposition by any other authorized procedure. See Fed. R. Civ. P. 30(b)(6). As StorageTek correctly observed, Cisco would be bound only by the 30(b)(6) testimony.

Cisco also objects to the Rule 30(b)(6) deposition notice as seeking personal knowledge from individuals. Although the parties appear to have resolved this issue, StorageTek is ordered to exclude matters relating solely to personal knowledge from the schedule of topics. As the parties are well aware, Rule 30(b)(6) designees may testify only "as to matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Therefore, even if the language in the revised schedule seemingly implicates personal knowledge, the Court expects learned counsel to abide by the rule's qualification.

With respect to whether Cisco's objections are vague or overbroad, StorageTek is correct that the objections are conclusory. An objecting party

cannot simply label a request "overbroad and burdensome" without more. See Mead Corp. v. Riverwood Natural Res. Corp, 145 F.R.D. 512, 515-16 (D. Minn. 1992) (citations omitted). Each objection must "allege facts which demonstrate the extent and nature of the burden imposed." Id. at 516. Although Cisco provided this information to the Court in its memorandum, it did not allege such facts in its objections to the deposition topics. (Lewry Aff. Exs. I, K.) Cisco counters this argument by branding the topics in the notice as overbroad, vague, and burdensome. A party noticing a Rule 30(b)(6) deposition must "designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute" in its deposition notice. Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000). In its supporting memorandum, Cisco described Topics 7, 18-28, and 33 as nonspecific. However, the revised Schedule A omitted these topics except for Topics 26, 27, 28, and 33. (Anderson Aff. Ex. G.) While Topics 26, 27, 28, and 33 arguably are not "painstakingly specific," the Court finds they are adequately specific to put Cisco on notice of the pertinent subject matter and to allow Cisco to designate an appropriate representative.

Cisco also argues that Topics 39-44, which are related to information regarding its acquisition of NuSpeed, not only lack particularity but also seek irrelevant evidence. This issue appears to be moot given that the re-notice of deposition served on November 9, 2001 omitted these topics.

Nevertheless, the Court finds that Cisco's valuation of the technology and people identified with this case is relevant to damages; however, the Court also finds that Topics 39-44 lack the requisite particularity. StorageTek must narrow the wording of the topics so that they relate only to Cisco's valuation of NuSpeed's technology and personnel.

Finally, the depositions under Rule 30(b)(6) are to be counted as one deposition. See Fed. R. Civ. P. 30(a)(2) (A) advisory committee's note (1993) (stating "[a] deposition under Rule 30(b)(6) should . . . be treated as a single deposition even though more than one person may be designated to testify."). The 2000 amendment notes, on which Cisco relies for the contrary position, relate only to the seven hour durational limit in subsection (d) of the rule and are therefore inapplicable to this issue. See Fed. R. Civ. P. 30(d) advisory committee's note (2000) ("For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."). The Court declines to order the sequence of depositions.

StorageTek's motion to compel the Rule 30(b)(6) deposition is denied. Cisco's motion for a protective order precluding the deposition noticed on October 3, 2001 and re-noticed on November 9, 2001, is granted.

StorageTek may re-notice the Rule 30(b)(6) deposition in accordance with this Order.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff StorageTek's Motion to Compel a 30(b)(6) Deposition and Responses to Discovery Requests and for Sanctions (Doc. No. 47) is **DENIED** as to the 30(b)(6) Deposition and Interrogatories 1, 2, and 3, and **DENIED AS MOOT** as to sanctions. StorageTek may re-notice the deposition in accordance with the parameters set forth in the body of this Order.

(2) Defendant Cisco's Motion for a Protective Order (Doc. No. 50) is **GRANTED** with respect to the deposition notices served on October 3, 2001 and November 9, 2001.

Dated: November 30, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge