**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**STORAGE TECHNOLOGY CORPORATION**,

Plaintiff,

v.

**CISCO SYSTEMS, INC.**,

Defendant.

Civil No. 00-2253 (JEL/JGL)

**O R D E R**

---

APPEARANCES

Ernie L. Brooks, Esq., Thomas A. Lewry, Esq., and Victor E. Lund, Esq., for Plaintiff Storage Technology Corporation.

Roy Ginsburg, Esq., and Clifford S. Anderson, Esq., for Defendant Cisco Systems, Inc.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on June 25, 2002 on Defendant Cisco's Motion to Amend the Pretrial Order (Doc. No. 83) and Defendant Cisco's Motion to Compel Discovery (Doc. No. 84). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

In this case, Plaintiff Storage Technology Corporation ("StorageTek") alleges that Defendant Cisco Systems, Inc. ("Cisco") raided its

FILED JUN 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

employees, induced breaches of contract and fiduciary duties, and misappropriated trade secrets. According to StorageTek, this conduct occurred when five of its key employees left to work for a company called NuSpeed. Cisco subsequently acquired NuSpeed.

## I. DEFENDANT CISCO'S MOTION TO AMEND THE PRETRIAL ORDER

Cisco requests a four-month extension of the remaining deadlines in the pretrial schedule. Plaintiff StorageTek agrees that an extension is necessary, but not the four months requested by Cisco.

Modifying a pretrial scheduling order requires a showing of good cause by the moving party. See Fed. R. Civ. P. 16(b). Good cause requires the party seeking the extension to show diligence in attempting to comply with the schedule. See Fed. R. Civ. P. 16(b) advisory committee's note (1983 amendment); Archer Daniels Midland Co. v. Aon Risk Serv., Inc., 187 F.R.D. 578, 582 (D. Minn. 1999) ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief") (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Thus, Rule 16(b) focuses on the showing of good cause and diligence by the moving party, not whether the non-moving party will be prejudiced. See Luigino's, Inc. v. Pezrow Co., Inc., 178 F.R.D. 523, 525 (D. Minn. 1998).

Cisco has shown good cause for a modification of the pretrial schedule. For the most part, Cisco has been diligent in attempting to comply with the pretrial schedule. The extensive listing of discovery activities provided

by Cisco in its memorandum evidences Cisco's diligence. As Cisco observes, this case is large and complex, and the parties have been engaged in meaningful discovery for only eight months. However, the Court is compelled to observe also that although Cisco has been mostly diligent in the discovery process, it has also engaged in tactics that have delayed discovery. For example, Cisco did not notice any depositions until April 2002, and it also refused to produce any witnesses to StorageTek until April 2002. Thus, the Court will look with great disfavor on any future motion to extend pretrial deadlines.

The remaining dates in the pretrial schedule will be extended three months, rather than the four months requested by Cisco. Accordingly, StorageTek must serve its expert reports by September 1, 2002. Cisco must serve its expert reports by October 1, 2002. All discovery must be completed by November 1, 2002. Non-dispositive motions must be filed and served prior to December 1, 2002. Dispositive motions must be noticed, served, filed, and heard by February 1, 2003. This case will be considered ready for trial as of May 1, 2003.

## II. DEFENDANT CISCO'S MOTION TO COMPEL DISCOVERY

Cisco moves the Court for an order compelling StorageTek to provide complete answers to Interrogatory No. 21 of Cisco's Second Set of Interrogatories and striking StorageTek's objections to the interrogatory. According to Cisco, Interrogatory No. 21 requests key information pertaining to

the trade secrets allegedly misappropriated by Cisco. Notably, StorageTek did not object to the interrogatory as seeking irrelevant information.

> Interrogatory No. 21 reads as follows:
>
> For each of the twenty-two alleged STK [StorageTek] trade secrets identified and described at pages 9-28 of STK's November 28, 2001, Particularized Trade Secret Statement:
>
> (a) Identify the person or persons who misappropriated each alleged trade secret;
>
> (b) Identify which aspects (e.g., source code, hardware, technical designs, functional specifications, business plans, etc.) of the trade secrets that were misappropriated by the person or persons identified in the answer to Interrogatory No. 21(a);
>
> (c) Identify the date each alleged trade secret was misappropriated;
>
> (d) Describe in detail the manner in which each alleged trade secret was misappropriated;
>
> (e) Identify the dates STK became aware each of the alleged trade secrets were misappropriated;
>
> (f) Describe in detail any internal communications regarding each alleged trade secret misappropriation.

To begin, the Court agrees with Cisco that the interrogatory asks for basic information: the who, what, where, when, and how of the trade secret misappropriation alleged by StorageTek in this case. Cisco is entitled to know what evidence StorageTek has to support its claims. The Court also agrees with Cisco that many of StorageTek's objections not only were unfounded but also were made without the requisite specificity. For these reasons and

those expressed below, the Court orders StorageTek to provide a more complete answer to each subpart of the interrogatory.

As to subpart (a), StorageTek objected to the request as seeking information within the knowledge of Cisco and as vague, ambiguous, overly broad, unduly burdensome, and premature. Without waiving any objections, StorageTek answered that "it believes that each former employee was involved in the misappropriation of StorageTek's Trade Secrets." The Court finds StorageTek's objections not only unfounded but also made without the requisite specificity. In addition, StorageTek's answer to subpart (a) is deficient. Cisco is entitled to know specifically which individuals allegedly misappropriated each of the twenty-six[1] trade secrets at issue in this case. StorageTek's reliance on the statutory definition of "person" as a corporation is unavailing. A corporation such as Cisco can act only though natural persons, and therefore, the identities of the individuals facilitating or participating in the alleged misappropriation must be disclosed. StorageTek must provide a list of the names of people who it believes facilitated, participated in, or committed misappropriation of its trade secrets for each of the twenty-six alleged trade secrets. If StorageTek does not possess this information, it must so state in its answer.

---

[1] StorageTek originally claimed that Cisco misappropriated twenty-two trade secrets but later revised its Trade Secret Statement to twenty-six.

Subpart (b) asks StorageTek to identify the specific aspects of the trade secrets allegedly misappropriated by each identified individual. StorageTek objected to the request as premature because discovery is not yet complete. This objection is improper. StorageTek cannot wait until discovery is complete before providing discovery or the discovery deadline would be meaningless. Moreover, as discovery progressed and information became available, StorageTek should have supplemented its discovery responses. See Fed. R. Civ. P. 26(e). StorageTek's other objections are also unfounded and made without the requisite specificity. With respect to StorageTek's averment that much of the information sought will be provided as part of expert discovery, the Court orders StorageTek to provide any responsive, non-expert information currently in its possession, custody, or control. If StorageTek's only evidence as to the specific aspects of the trade secrets allegedly misappropriated will originate from its expert reports, StorageTek may so answer in lieu of immediately providing any non-expert information.

Subpart (c) seeks the date on which each alleged trade secret was misappropriated. For the reasons set forth previously, StorageTek's objections are rejected. Moreover, its answer is insufficient. StorageTek responded that it "believes that Cisco/NuSpeed has misappropriated its trade secrets from NuSpeed's inception and that the misappropriation is ongoing." If StorageTek knows the date or approximate date on which any of the twenty-six trade secrets were allegedly misappropriated, it must provide this information to

Cisco. The Court orders StorageTek to provide dates for the alleged misappropriation of each of the twenty-six trade secrets at issue or to state that it does not possess the precise information requested. If StorageTek means to assert that it believes each of the twenty-six trade secrets were misappropriated on the day of NuSpeed's inception, it must so state unequivocally.

Subpart (d) asks for a description of the manner in which each alleged trade secret was misappropriated. With this request, Cisco seeks to discover the way or means in which Cisco allegedly misappropriated the trade secrets at issue. StorageTek's general and specific objections to this subpart are unfounded and made without the requisite specificity. The Court orders StorageTek to describe how each of the trade secrets at issue were used or disclosed so as to constitute misappropriation or to state that it has no responsive information. As to StorageTek's representation that much of the information sought will be provided as part of expert discovery, the Court orders StorageTek to provide any responsive, non-expert information currently in its possession, custody, or control. If StorageTek's only evidence as to the manner in which each alleged trade secret was misappropriated will originate from its expert reports, StorageTek may so answer in lieu of immediately providing any non-expert information.

Subpart (e) requests the date on which StorageTek learned of the alleged misappropriation of each trade secret. For the reasons set forth above, StorageTek's general and specific objections to this subpart are unfounded and

inoperative. Without waiving any objection, StorageTek answered the subpart as follows: "[I]t is difficult, if not impossible, to ascertain the precise date upon which StorageTek became aware of its belief that NuSpeed/Cisco misappropriated certain trade secrets. . . . StorageTek became aware that misappropriation was occurring, or likely to be occurring, shortly before it filed the complaint." This answer is inadequate. StorageTek must conduct a reasonable investigation to determine the responsive information in its possession, custody, or control, even if such an investigation is difficult. StorageTek must provide an answer for each of the twenty-six trade secrets. If StorageTek does not possess the information, it must so state in its answer. In StorageTek's memorandum in opposition, it gave a lengthy explanation about why it could not precisely ascertain the dates on which it became aware of the alleged misappropriation. (Pl. Mem. Opp. Mot. Compel at 7-8.) This commentary is very availing to StorageTek in explaining its response to the discovery request, and had StorageTek included this explanation in its response to the interrogatory, Cisco might have been satisfied with the answer. The Court urges StorageTek to include such explanations in all of its revised responses where appropriate, in addition to using its best efforts to providing precise, responsive information.

Finally, subpart (f) asks for internal communications regarding each alleged trade secret misappropriation. StorageTek objected on the grounds that the question asked for "thousands of conversations regarding the

trade secrets at issue." This objection is unfounded; Cisco does not seek to discover all communications related to the trade secrets, but all communications related to the alleged misappropriation of the trade secrets. This objection and StorageTek's other objections are unfounded. In answering subpart (f), StorageTek referred to previously provided business records purportedly containing the requested information. However, Federal Rule of Civil Procedure 33(d) requires a party to "specify the records from which the answer may be derived or ascertained," and StorageTek did not identify the documents or records from which Cisco could obtain the responsive information. The specification must "be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Fed. R. Civ. P. 33(d). StorageTek is ordered either to specify the records in accordance with Rule 33(d), as long as the specification will effect a complete response, or to otherwise fully answer the interrogatory.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Defendant Cisco's Motion to Amend the Pretrial Order (Doc. No. 83) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff must serve its expert reports by September 1, 2002. Defendant must serve its expert reports

by October 1, 2002. All discovery must be completed by November 1, 2002. Non-dispositive motions must be filed and served prior to December 1, 2002. Dispositive motions must be noticed, served, filed, and heard by February 1, 2003. This case will be considered ready for trial as of May 1, 2003.

(2) Defendant Cisco's Motion to Compel Discovery (Doc. No. 84) is **GRANTED**.

Dated: June 26, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge