**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**STORAGE TECHNOLOGY CORPORATION**,

Plaintiff,

v.

**CISCO SYSTEMS, INC.**,

Defendant.

Civil No. 00-2253 (JEL/JGL)

**ORDER**

---

APPEARANCES

Victor Lund, Esq., and Marc Lorelli, Esq., for Plaintiff Storage Technology Corporation.

Clifford S. Anderson, Esq., and Joseph Hammell, Esq., for Defendant Cisco Systems, Inc.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on December 3, 2002 on Defendant's Motion to Compel Production of Documents and Responses to Discovery Requests (Doc. No. 100), Defendant's Motion to Compel Additional Deposition Testimony (Doc. No. 103), and Plaintiff's Motion to Compel and for Sanctions (Doc. No. 106). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED DEC 0 6 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

In this case, Plaintiff Storage Technology Corporation ("StorageTek") alleges that Defendant Cisco Systems, Inc. ("Cisco") raided its employees, induced breaches of contract and fiduciary duties, and misappropriated trade secrets. According to StorageTek, this conduct occurred when five of its key employees left to work for a company called NuSpeed, which was subsequently acquired by Cisco.

## I. PLAINTIFF STORAGETEK'S MOTION TO COMPEL AND FOR SANCTIONS

StorageTek raises six separate issues in its motion to compel discovery. The first issue was resolved during the hearing. Cisco has agreed to provide a certification that it has fully searched the files of Mark Cree, Mark Schrandt, Mark Bakke, Ed Fiore, Dave Myers, and Clint Jurgens for relevant documents. The second category of information sought by StorageTek pertains to NuSpeed's purported recruiting of StorageTek engineers and corresponding documents generated before 2000. Cisco represented that it has provided all relevant documents, a representation that it will include in its forthcoming certification.

The third issue centers on a company called Andiamo, with which Cisco plans to merge in 2004. StorageTek believes that former StorageTek employees discussed details of their work with Andiamo in several meetings and gave Andiamo written materials and slide show presentations. StorageTek wants Cisco to produce documents passing between NuSpeed and Andiamo.

This aspect of StorageTek's motion is denied. Although the Court agrees with Cisco that StorageTek's motion fails to comply with D. Minn. LR 37.2, the motion is denied on the merits. The information sought is irrelevant. Andiamo is not a defendant in this case, and it has not yet been acquired by Cisco. StorageTek's particularized trade secret statement does not refer to Andiamo or allege that Andiamo misappropriated any trade secret of StorageTek. StorageTek has not averred that Andiamo participated in Cisco's alleged trade secret misappropriation. In addition, because Andiamo is a separate, independent company from Cisco, Cisco has no power to compel Andiamo to produce documents. If StorageTek wanted documents from Andiamo, it should have subpoenaed Andiamo as a third party.

The fourth category of documents sought by StorageTek relates to a lawsuit filed against Cisco by NeoNetworks. StorageTek argues that the conduct alleged in the NeoNetworks case is similar to Cisco's conduct in this case, and StorageTek therefore wants all documents relating or referring to the lawsuit including all discovery documents produced in that case. Cisco responds that it has produced all relevant documents, presumably including pleadings, and that other documents are either irrelevant, privileged, or subject to a protective order. This portion of StorageTek's motion is denied. Cisco need not produce irrelevant, privileged, or protected documents. Cisco has already provided relevant information relating to the merger of NuSpeed and Cisco, financial information about NuSpeed, NuSpeed corporate documents

and business plans, and communications between NuSpeed and potential investors. StorageTek has not identified particular documents or even categories of documents that are being improperly withheld. Furthermore, StorageTek has not shown that it is entitled to obtain all discovery documents produced in the NeoNetworks case. The two lawsuits involve different parties and different trade secrets, and StorageTek has not shown that the two cases are sufficiently similar so as to entitle it to all discovery produced in the other case.

The fifth issue pertains to cost-saving measures implemented by Cisco. Cisco intends to argue in this case, as a defense to StorageTek's claim that Cisco raided its employees, that employees left StorageTek because the company was struggling financially. Thus, Cisco requested and obtained documents related to StorageTek's cost-saving measures such as hiring freezes, restrictions on salary increases, changes in compensation or bonus structures, and discontinuation of any products or projects. StorageTek now asserts that because it gave information to Cisco about its cost-savings measures, Cisco should respond in kind. StorageTek's reasoning is that if Cisco implemented similar cost-saving measures, its defense to the raiding claim would be invalidated. StorageTek's reasoning is flawed, and this portion of its motion is denied. Whether Cisco implemented cost-saving measures is not relevant to this case. By asserting a claim that Cisco raided StorageTek employees,

StorageTek invited scrutiny of its cost-saving measures, but the raiding claim does not entitle it to discover similar information about Cisco.

The sixth category of information sought by StorageTek consists of 379 requests for admission. At the hearing, it was revealed that the parties had not met and conferred with respect to these discovery requests, and the Court therefore ordered them to do so during the next two business days and report any progress to the Court. As of 10:00 a.m. on Friday, December 6, 2002, StorageTek, the moving party, had not reported to the Court and according to Cisco, StorageTek's "counsel said he may be too busy to report to the Court by the deadline today." (Anderson Letter of Dec. 5, 2002.) Whatever the reason for counsel's failure to report to the Court, he did not report by the deadline. As the Court stated at the hearing, it cannot meaningfully decide this portion of StorageTek's motion without some indication as to which of the 379 requests are actually at issue and the basis for StorageTek's position with respect to each request. StorageTek's motion to compel answers to Requests for Admission 1-185, 187-221, 225-304, 306-76, and 378-79 is denied for the following reasons: counsel's failure to report to the Court, the untimeliness of the requests for admission, failure to comply with D. Minn. LR 37.1, and failure to comply with D. Minn. LR 37.2. The motion is denied with respect to Requests for Admission 186, 222-24, 305, and 377 for the following reasons: the untimeliness of the requests for admission, failure to comply with D. Minn.

LR 37.1, and the grounds set forth in Cisco's objections to the discovery requests and its memorandum in opposition.

StorageTek's request for sanctions is denied.

## II. CISCO'S MOTION TO COMPEL DISCOVERY

Prior to the hearing, the parties resolved most of the issues set forth in Cisco's motion, but the parties asked the Court to establish a date by which StorageTek must respond to the discovery requests. The Court sets the date as Friday, December 20, 2002. The two remaining issues for the Court are whether StorageTek must produce the personnel files of sixteen individuals and whether Cisco is entitled to re-depose StorageTek employee Jim Hughes.

The sixteen personnel files sought by Cisco are those of StorageTek non-party witnesses. Although the corresponding document request asks for the entire files, it appears from Cisco's memorandum that it has limited the request to confidentiality and non-compete agreements, performance reviews, and exit interviews. Cisco explains that these documents are relevant because the existence of confidentiality or non-compete agreements relates to the question of whether StorageTek took reasonable measures to protect its trade secrets; performance reviews could reveal attrition problems such as low employee morale, which could refute StorageTek's raiding claim; performance reviews could reveal inadequate management of the SN 6000 project, which is implicated in this lawsuit; and exit interview information would reveal why StorageTek's top management left the company. The Court finds that Cisco

has met its burden to show relevance. See Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). StorageTek is ordered to produce confidentiality and non-compete agreements, performance reviews, and exit interviews for the sixteen employees named in the document request for the years 1999 and 2000. StorageTek must also provide a log of items withheld from each file for the same time period. StorageTek's response is due by Friday, December 20, 2002.

On October 15, 2002, Cisco deposed StorageTek employee Jim Hughes. Mr. Hughes revealed that he worked for other companies while employed at StorageTek with the approval of StorageTek's CEO, but he refused to name the companies or give other information about the work he performed. Cisco wants to inquire whether Mr. Hughes was doing work similar to that which he did for StorageTek for another employer while employed at StorageTek. If he was, this would potentially undercut StorageTek's allegation that its former employees who went to NuSpeed inevitably used and disclosed StorageTek's confidential information and trade secrets. Based on this explanation, the Court determines that the information sought by Cisco is relevant. Whether StorageTek permitted an employee to work for another employer in the same field, in the context of a case in which StorageTek purportedly is asserting that former employees cannot work in their field for another company, is relevant.

In conclusion, Cisco is entitled to inquire whether Mr. Hughes was doing potentially similar work for another employer while employed at StorageTek. Although the nature of the work is relevant, the name of the employer is not, and Mr. Hughes need not reveal this information. Mr. Hughes is ordered to reappear at a deposition to occur on or before Friday, December 20, 2002 at the office of Cisco's counsel to answer questions about whether he was doing work similar to that which he performed or performs at StorageTek for another employer. Cisco is allowed one hour for the re-deposition. Any confidentiality concerns of Mr. Hughes or StorageTek can be addressed by designating the transcript as confidential or highly confidential in accordance with the Protective Order in this case. The Court will not meet with Mr. Hughes prior to the deposition or receive any in camera submissions from Mr. Hughes or StorageTek relevant to this issue. Any such materials should have been submitted to the Court in conjunction with StorageTek's memorandum in opposition to Cisco's motion to compel the re-deposition.[1]

## III. CISCO'S MOTION TO COMPEL ADDITIONAL RULE 30(b)(6) DEPOSITION TESTIMONY

Cisco contends that the Rule 30(b)(6) witness produced for deposition by StorageTek was unable to adequately answer questions pertaining to sixteen deposition topics. The witness was Mr. Timothy Schulte,

---

[1] In its response to Cisco's motion, StorageTek contends that the information sought by Cisco from Mr. Hughes is subject to a confidentiality agreement. Notably, StorageTek did not provide this agreement to Cisco or to the Court.

one of StorageTek's in-house lawyers. After reviewing the parties' submissions on the sixteen topics, the Court finds that StorageTek must produce additional Rule 30(b)(6) witnesses as needed to answer questions pertaining to the following topics: 2, 6-9, 18, and 22. As to the other topics, the Court declines to compel additional Rule 30(b)(6) information on various grounds including because Mr. Schulte provided adequate information, the information requested was located in documents or other discovery material, or the questions asked of Mr. Schulte exceeded the scope of the noticed topics.

With respect to Topic 2, StorageTek must provide a Rule 30(b)(6) deponent who can answer questions about why some non-compete sections in employment agreements were crossed out and who initialed the changes with "KKL." As to Topics 6-9, it is clear from Mr. Schulte's deposition testimony that he was not adequately prepared to answer questions regarding the separation of Joan Wrabetz, Victor Perez, Walt Hinton, and David Weiss. For example, according to Mr. Schulte's deposition testimony, he relied only on the deposition of Bob Munsey and conversations Schulte had with individuals two years ago in ascertaining the reasons for Mr. Weiss's separation. (Anderson Aff. Ex. 9 at 13-15.) In addition, Mr. Schulte did not attempt to locate any separation agreement between Mr. Weiss and StorageTek before the deposition; he did not even know if a separation agreement existed. (Id. at 19-20.) Likewise, Mr. Schulte acknowledged that he had not reviewed any documents or spoken with any StorageTek executives relating to Mr. Perez's separation in

preparation for the deposition. (Id. at 25-26.) Mr. Schulte did not know when Ms. Wrabetz began her employment at StorageTek or where her job was located. (Id. at 29.) The above information is representative of knowledge that a Rule 30(b)(6) deponent should have. Topic 18 addresses the issue of compensation and benefit packages offered to StorageTek employees in 1999, 2000, and 2001, and it is evident from Mr. Schulte's testimony that he was not prepared to fully address this topic. Topics 2, 6-9, and 18 pertain to Human Resources issues, and while it is StorageTek's prerogative to designate its Rule 30(b)(6) witnesses, it seems to the Court that Bob Munsey, the director of Human Resources at StorageTek's Minnesota facility, would be an appropriate, additional Rule 30(b)(6) designee.

Topic 22 asks in part for the financial resources invested in the SN 6000. Mr. Schulte testified that he had not spoken with any of StorageTek's "number-crunchers" or reviewed any documents to determine what percentage of financial resources were devoted to the SN 6000. (Id. at 100.) StorageTek is ordered to produce a Rule 30(b)(6) deponent to give specific testimony on actual

numbers and the percentage of all financial resources expended on the development of the SN 6000.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Defendant's Motion to Compel Production of Documents and Responses to Discovery Requests (Doc. No. 100) is **GRANTED IN PART** and **DENIED AS MOOT IN PART** as set forth fully in the body of this Order;

(2) Defendant's Motion to Compel Additional Rule 30(b)(6) Deposition Testimony (Doc. No. 103) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order;

(3) Plaintiff's Motion to Compel and for Sanctions (Doc. No. 106) is **DENIED IN PART** and **DENIED AS MOOT IN PART** as set forth fully in the body of this Order;

(4) All discovery ordered must be produced on or before Friday, December 20, 2002; and

(5) Both parties' requests for sanctions are **DENIED**.

Dated: December 6, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge