# DORSEY & WHITNEY LLP


MINNEAPOLIS
NEW YORK
SEATTLE
DENVER
WASHINGTON, D.C.
NORTHERN VIRGINIA
DES MOINES
LONDON
ANCHORAGE
SALT LAKE CITY

PILLSBURY CENTER SOUTH
220 SOUTH SIXTH STREET
MINNEAPOLIS, MINNESOTA 55402-1498
TELEPHONE: (612) 340-2600
FAX: (612) 340-2868
www.dorseylaw.com

**ROY A. GINSBURG**
**(612) 340-8761**
**FAX (612) 340-2777**
**ginsburg.roy@dorseylaw.com**

BRUSSELS
COSTA MESA
BILLINGS
FARGO
HONG KONG
GREAT FALLS
ROCHESTER
TOKYO
MISSOULA
VANCOUVER
SHANGHAI


August 2, 2001

Honorable Susan Richard Nelson
United States Magistrate Judge
United States Courthouse
Suite 242
316 North Robert Street
St. Paul, MN 55101

Re: Storage Technology Corporation vs. Cisco Systems, Inc.
Civil File No. 00-2253 (Judicial Assignment Unknown/SRN)

Dear Judge Nelson:

I write to request a Rule 16 Case Management conference with Your Honor and opposing counsel. The reasons for my request are set forth below.

**Background Information**

As you may recall, the above-referenced lawsuit was initiated by Storage Technology, Inc. ("STK") against Cisco Systems, Inc. ("Cisco") on October 5, 2000. Plaintiff filed a six-count Complaint alleging various claims relating principally to employee raiding and misappropriation of trade secrets. At the time plaintiff filed its Complaint, it also sought expedited discovery. STK based its request for expedited discovery on the allegation that Cisco was "about to begin marketing its first product," and that "because this product introduction is imminent, StorageTek needs to move quickly to prevent release of its proprietary, confidential and trade secret information." (*See* correspondence from T. Lewry to Judge Rosenbaum, dated October 18, 2000.)

Cisco timely answered STK's Complaint and opposed STK's motion for expedited discovery. Among other facts, we pointed out many of the individuals Cisco was accused of "raiding" had been employed by Cisco/NuSpeed for nearly 11 months and that the products on

which they were working were substantively different from any products on which they had worked at STK. We urged the Court to treat this dispute as it would any complex dispute between sophisticated corporate adversaries. (*See* correspondence from R. Ginsburg to Judge Rosenbaum, dated October 13 and 20, 2000.)

After considering the issues raised in the parties' correspondence, the Court elected not to act on STK's Motions for Expedited Discovery and a Protective Order. Instead, the matter was referred to Your Honor for a Rule 16 case management conference. In anticipation of that conference, counsel for the parties met on November 16, 2000. At that conference, we inquired of our opponents regarding what alleged trade secrets had been misappropriated by Cisco/NuSpeed and what proprietary information had been incorporated into the Cisco/NuSpeed product. Opposing counsel was unable to answer those inquiries, pointing out that the product had not yet been launched. (Of course, this left us wondering about the factual basis for these claims in STK's Complaint, but we elected not to push the Rule 11 issue at that time.)

On December 11, 2000, the parties met with Your Honor for the initial case management conference. During that conference, the Court inquired of plaintiff's counsel about the trade secrets that allegedly had been misappropriated and incorporated into the Cisco/NuSpeed product. Again STK counsel was unable to answer those questions, pointing our that the Cisco/NuSpeed product had not yet been released. Relying on *Porous Media Corporation vs. Midland Brake, Inc.*, 187 F.R.D. 598 (D. Minn. 1999) and the cases cited therein, we emphasized that a factual and legal prerequisite to plaintiff's pursuit of its trade secret claims was a detailed and particularized disclosure of the trade secrets involved. With this factual and legal backdrop, the Court guided the parties to an informal standstill agreement, pending the release of the Cisco/NuSpeed product. At the December 11 conference, we discussed the fact that the product launch was scheduled for the Spring of 2001.

Following the conference with the Court, the parties answered each other's written discovery. (We initially served Cisco's discovery on October 27; we revised and re-served that discovery on November 21.) In Cisco's original and revised discovery, we posed numerous questions regarding the alleged trade secrets or other proprietary information plaintiff claimed had been misappropriated. In the discovery responses we received on December 26, STK took the position that our numerous inquiries regarding the trade secrets were "premature," and in reference to your guidance at the pretrial conference, stated, "the Court ruled that discovery on the confidential, proprietary, and trade secret portion of this lawsuit will not commence until Cisco/NuSpeed has released its product." This was STK's boilerplate response on virtually every question and document request addressing the subject of trade secrets and proprietary information.

Since the end of December, there has been virtually no activity on this litigation. There has, however, been at least one significant development since December. Consistent with the schedule discussed with you and opposing counsel in December, Cisco/NuSpeed launched its product on April 4, 2001. This product launch was accompanied by a press conference and numerous articles about Cisco's product. Since the product release, it has been followed closely in the industry press.

Despite the fact that the Cisco/NuSpeed product was launched with some fanfare in April, 2001, STK has not taken any action to pursue its lawsuit. Nor has it supplemented its discovery responses to address the issues surrounding the alleged proprietary information and trade secrets.

Because STK had done nothing for the last eight months and seemingly had abandoned this litigation, I wrote to opposing counsel on July 20, 2001, suggesting that the STK dismiss its lawsuit with prejudice. On July 30, 2001, plaintiff's counsel, Tom Lewry, wrote back, rejecting that suggestion. Mr. Lewry stated further that my correspondence constituted the "first formal notice" that Cisco had launched its product. We found this observation rather surprising since STK had sought expedited discovery in October 2000 because of Cisco's "imminent" product launch, and because the launch date had been discussed repeatedly among counsel. Especially since STK had contended that the Cisco/NuSpeed product was based upon misappropriated technology and stolen trade secrets, we assumed it would carefully monitor the product launch and evaluate promptly whether the Cisco product infringed upon or incorporated any STK technology or proprietary information. Nevertheless, we were quite pleased that STK was completely unaware of the product launch because this fact demonstrates both that the Cisco product has not affected STK's allegedly competing products and that STK has not suffered any damages whatsoever as a result of the Cisco/NuSpeed product release.

In any event, it now appears that the above-referenced lawsuit will be resuscitated by STK counsel. Because of that fact, we feel that a case management conference would be beneficial to the parties and Court alike. Set forth below are the issues I think would be worth addressing at such a conference. I suspect that the Court and opposing counsel may wish to add other matters to this tentative agenda.

**<u>Case Management Issues</u>**

1) Assignment of a Judge: As Your Honor may know, this matter originally was assigned to now Chief Judge Rosenbaum. He recused himself from the case. The lawsuit then was reassigned to Judge Tunheim. He too recused himself from the case. To my knowledge, the case has not been reassigned to any other judge.

2) Trade Secret Disclosures: As we addressed with the Court at the December 2000 conference, there is ample precedent from this jurisdiction and others that a plaintiff alleging theft of trade secrets and other proprietary information needs to disclose, at the inception of the litigation, the allegedly misappropriated information. Plaintiff's counsel first claimed an inability to reveal that information because the Cisco product had not been released. Plaintiff's counsel then relied on the informal standstill agreement to delay disclosure of this information. Following the product launch some four months ago, STK seemingly has failed to undertake any analysis of the product to determine whether it incorporates any STK trade secrets or proprietary information. The reason plaintiff's counsel articulated for this additional delay is that STK did not receive "formal notice" of the Cisco product launch. Regardless of the reason, we now find ourselves ten months into this lawsuit without any disclosure by STK of the trade secrets and other information allegedly misappropriated. If plaintiff intends to pursue the trade secret claims pled in the Complaint, it needs to provide Cisco the information we have sought since the inception of the lawsuit.

3) Discovery Responses: Consistent with the information set forth above, STK has failed to supplement its discovery. In our view, we should discuss with the Court an appropriate timetable for full and complete supplementation of the discovery responses, including responses to the questions and document requests addressing the trade secret issues.

4) Protective Order: In November 2000, we submitted to opposing counsel a draft Protective Order. We have made numerous efforts in the interim to ascertain whether that Protective Order was acceptable to opposing counsel and if not, why not. Although plaintiff's counsel initially advised us that the Protective Order we had proposed was largely acceptable, STK's counsel did not finalize or execute this document. Now, after months and months of silence on this issue, opposing counsel recently stated that they instead would prefer to utilize a Protective Order that mirrors an order currently being used by the parties in unrelated patent litigation venued in California. We will work diligently with STK counsel to resolve the issues relating to the Protective Order without seeking judicial intervention. In the event that the parties cannot reach closure on this issue, however, it may be another subject for resolution in a case management conference.

5) Case Schedule: The parties and Court should re-examine the schedule existing in this case, in light of the fact that eight months of the discovery period have elapsed without any activity whatsoever.

As noted above, opposing counsel and/or the Court may wish to add other items to this agenda. I look forward to hearing from the Court regarding this request. (Note that from a scheduling perspective, I will be out of the office during the weeks of August 13 and 20.)

If you have any questions, please give me a call.

Very truly yours,

Roy A. Ginsburg

Roy A. Ginsburg

cc: Thomas Lewry, Esq.
Joseph Hammell, Esq.
Neal Rubin, Esq.

DORSEY & WHITNEY LLP



bcc: Michael Labianca, Esq.
Mark Michels, Esq.
Tom Vitt, Esq.
Mr. Mark Cree

Anderson Aff. Ex. 00014

**BROOKS & KUSHMAN P. C.**

Law Offices

*Intellectual Property and Technology Related Causes*

Ernie L. Brooks
James A. Kushman
David R. Syrowik
Mark A. Cantor
Ralph M. Burton
Robert C. J. Tuttle
Earl J. LaFontaine
Ronald M. Nabozny
Thomas A. Lewry
John E. Nemazi
Kevin J. Heinl
William G. Abbatt
Donald J. Harrington
Timothy G. Newman
John M. Halan
Jeffrey M. Szuma
Maria Franek Angileri
Frank A. Angileri
William G. Conger
Christopher W. Quinn
Sangeeta G. Shah
George R. Mosher
Frederick M. Ritchie
John M. Sheridan
Elizabeth F. Janda
Robert C. Brandenburg
A. Frank Duke
James R. Ignatowski
Konstantine J. Diamond
David S. Bir
James N. Kallis
Hugo A. Delevie
Ralph E. Smith
Mark E. Stuenkel
Michael S. Brodbine
Seth E. Rodack
Pete N. Klousis
James W. Proscia
Ginta D. Kukainis
Lawrence G. Almeda
Philip Abromats
Thomas W. Cunningham
John S. LeRoy

Registered Patent Agents
Mark D. Chuey, Ph.D.
Stephanie M. Mansfield, Ph.D.
Jeremy J. Curcuri
Robert C. Jones
Matthew R. Mowers
Matthew M. Jakubowski
Marc Lorelli

August 13, 2001

***VIA OVERNIGHT COURIER***

Magistrate Judge Susan Richard Nelson
242 United States Courthouse
316 North Robert Street
St. Paul, Minnesota 55101

Re: *Storage Technology v. Cisco Systems, Inc.*
**Civil Action No. 00 CV 2253**
**Our File No. STK 0133 L**

Dear Magistrate Judge Nelson:

I am writing in response to Mr. Ginsburg's letter of August 2, 2001. The late response is due to the fact that Mr. Ginsburg sent the letter only by mail and it arrived August 7, 2001 while I was out of the country.

I agree with Mr. Ginsburg that a Rule 16 case management conference will be helpful at this juncture of the case.

***Case Background***

Storage Technology, Inc. ("StorageTek") filed suit against Cisco on October 5, 2000. Cisco hired over twenty employees away from StorageTek who developed a product to compete with StorageTek products. StorageTek's claims principally relate to breach of employment contracts, corporate raiding, and misappropriation of trade secrets.

When the suit was filed, Cisco had not yet begun to market its product. StorageTek was aware at the time of filing suit of the general technology involved with Cisco's products. However, StorageTek did not have detailed information necessary to delineate its trade secrets that were misappropriated. StorageTek requested discovery to obtain a description of Cisco's product;

BK
1000 TOWN CENTER, TWENTY-SECOND FLOOR, SOUTHFIELD, MICHIGAN 48075
TELEPHONE (248) 358-4400, FACSIMILE (248) 358-3351

however, Cisco's responses were evasive at best. Without knowledge of Cisco's products through formal discovery, StorageTek could not obtain detailed information about Cisco's product. For this and other reasons, the Court entered an informal standstill agreement until Cisco's product became available to the public.

According to Cisco, its product was launched on April 4, 2001. Yet, Cisco waited until the end of July to provide formal notice to StorageTek. StorageTek has now obtained one of the Cisco products and has begun an analysis. It is an arduous process especially without the aid of responsive answers through discovery.

Because of these events, it appears necessary to conduct a case management conference to set this case on its proper course.

***Case Management Issues***

1. Assignment Of A Judge: Cisco has not raised any action item in this paragraph.

2. Trade Secret Disclosures: This case has been on hold for a number of months. StorageTek is now in a position to assess some of the trade secrets that Cisco has misappropriated and used in its products. There should be a simultaneous exchange of information by the parties, with StorageTek providing a list of trade secrets and Cisco providing details of its product.

3. Discovery Response: Simultaneous with StorageTek's trade secret disclosure, Cisco should provide full and complete responses to StorageTek's discovery.

4. Protective Order: The protective order is a discovery issue that was subject to the same informal standstill agreement. During this time, Cisco and StorageTek agreed to a protective order drafted by Cisco in a case pending in the Northern District of California. There is no reason why the same protective order cannot be used in the present case.

Magistrate Judge Nelson
August 13, 2001
Page 3

5. Case Schedule: StorageTek agrees with Cisco.

Very truly yours,

**BROOKS & KUSHMAN P.C.**

Thomas A. Lewry

TAL/aw

cc: Roy A. Ginsburg (via facsimile)
Richard P. Mahoney (via facsimile)

BK

**BROOKS & KUSHMAN P. C.** Law Offices

*Intellectual Property and Technology Related Causes*

Ernie L. Brooks, James A. Kushman, David R. Syrowik, Mark A. Cantor, Ralph M. Burton, Robert C. J. Tuttle, Earl J. LaFontaine, Ronald M. Nabozny, Thomas A. Lewry, John E. Nemazi, Kevin J. Heinl, William G. Abbatt, Donald J. Harrington, Timothy G. Newman, John M. Halan, Jeffrey M. Szuma, Maria Franek Angileri, Frank A. Angileri, William G. Conger, Christopher W. Quinn, Sangeeta G. Shah, George R. Mosher, Frederick M. Ritchie, John M. Sheridan, Elizabeth F. Janda, Robert C. Brandenburg, A. Frank Duke, James R. Ignatowski, Konstantine J. Diamond, David S. Bir, James N. Kallis, Hugo A. Delevie, Ralph E. Smith, Mark E. Stuenkel, Michael S. Brodbine, Seth E. Rodack, Pete N. Klousis, James W. Proscia, Ginta D. Kukainis, Lawrence G. Almeda, Philip Abromats, Thomas W. Cunningham, John S. LeRoy

Registered Patent Agents
Mark D. Chuey, Ph.D., Stephanie M. Mansfield, Ph.D., Jeremy J. Curcuri, Robert C. Jones, Matthew R. Mowers, Matthew M. Jakubowski, Marc Lorelli

August 13, 2001

***VIA FACSIMILE: (612) 340-2868***
***AND VIA FIRST-CLASS MAIL***

Mr. Roy A. Ginsburg
Dorsey & Whitney, LLP
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-1498

Re: ***Storage Technology v. Cisco Systems, Inc.***
**Civil Action No. 00 CV 2253**
**Our File No. STK 0133 L**

Dear Mr. Ginsburg:

I am in receipt of your correspondence dated August 1, 2001. The tone of your letter is quite disturbing, particularly concerning the delay that has occurred in this case. As you know, the delay was based primarily upon a discovery standstill agreement. Cisco "urged the Magistrate Judge essentially to freeze discovery," (Ginsburg to Lewry letter of July 20, 2001). It was this agreement that delayed the case, not lack of activity by StorageTek. Your other "observations" in the August 1 letter are also unfounded.

First, the unfounded statement that StorageTek was surprised concerning the launch of the Cisco product is categorically false. As stated previously, your letter of July 20, 2001 is the first formal notice of the release of the product in this case.

Next, as I understand your third point, you are asking StorageTek to drop its misappropriation claims. StorageTek will not do so at this juncture. StorageTek's case is well founded in fact and law and will be strengthened as discovery begins in this case. StorageTek has begun an analysis of the trade secrets that were misappropriated by Cisco.

Mr. Roy A. Ginsburg
August 13, 2001
Page 2

Additionally, I find it offensive that you blame StorageTek for not identifying its misappropriated trade secrets while Cisco waited four months to give formal notice to StorageTek concerning its product launch.

Finally, it is unreasonable for you to fault StorageTek for not having a protective order in place in this case. You refuse to enter your client's protective order from the California case. Just today I received your comments on that protective order. I will address them when I have had an opportunity to review them in detail.

Very truly yours,

BROOKS & KUSHMAN P.C.

Thomas A. Lewry

TAL/aw
cc: Mr. Richard P. Mahoney
Mr. Timothy R. Schulte

BK

BROOKS & KUSHMAN P. C.

Law Offices

Intellectual Property and Technology Related Causes

RECEIVED
AUG 17 2001
ROY GINSBURG

Ernie L. Brooks
James A. Kushman
David R. Syrowik
Mark A. Cantor
Ralph M. Burton
Robert C. J. Tuttle
Earl J. LaFontaine
Ronald M. Nabozny
Thomas A. Lewry
John E. Nemazi
Kevin J. Heinl
William G. Abbatt
Donald J. Harrington
Timothy G. Newman
John M. Halan
Jeffrey M. Szuma
Maria Franek Angileri
Frank A. Angileri
William G. Conger
Christopher W. Quinn
Sangeeta G. Shah
George R. Mosher
Frederick M. Ritchie
John M. Sheridan
Elizabeth F. Janda
Robert C. Brandenburg
A. Frank Duke
James R. Ignatowski
Konstantine J. Diamond
David S. Bir
James N. Kallis
Hugo A. Delevie
Ralph E. Smith
Mark E. Stuenkel
Michael S. Brodbine
Seth E. Rodack
Pete N. Kiousis
James W. Proscia
Ginta D. Kukainis
Lawrence G. Almeda
Philip Abromats
Thomas W. Cunningham
John S. LeRoy

Registered Patent Agents
Mark D. Chuey, Ph.D.
Stephanie M. Mansfield, Ph.D.
Jeremy J. Curcuri
Robert C. Jones
Matthew R. Mowers
Matthew M. Jakubowski
Marc Lorelli

August 13, 2001

*VIA FACSIMILE: (612) 340-2868*
***AND VIA FIRST-CLASS MAIL***

Mr. Roy A. Ginsburg
Dorsey & Whitney, LLP
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-1498

**Re:** ***Storage Technology v. Cisco Systems, Inc.***
**Civil Action No. 00 CV 2253**
**Our File No. STK 0133 L**

Dear Mr. Ginsburg:

I am in receipt of your correspondence dated August 1, 2001. The tone of your letter is quite disturbing, particularly concerning the delay that has occurred in this case. As you know, the delay was based primarily upon a discovery standstill agreement. Cisco "urged the Magistrate Judge essentially to freeze discovery," (Ginsburg to Lewry letter of July 20, 2001). It was this agreement that delayed the case, not lack of activity by StorageTek. Your other "observations" in the August 1 letter are also unfounded.

First, the unfounded statement that StorageTek was surprised concerning the launch of the Cisco product is categorically false. As stated previously, your letter of July 20, 2001 is the first formal notice of the release of the product in this case.

Next, as I understand your third point, you are asking StorageTek to drop its misappropriation claims. StorageTek will not do so at this juncture. StorageTek's case is well founded in fact and law and will be strengthened as discovery begins in this case. StorageTek has begun an analysis of the trade secrets that were misappropriated by Cisco.

Additionally, I find it offensive that you blame StorageTek for not identifying its misappropriated trade secrets while Cisco waited four months to give formal notice to StorageTek concerning its product launch.

Finally, it is unreasonable for you to fault StorageTek for not having a protective order in place in this case. You refuse to enter your client's protective order from the California case. Just today I received your comments on that protective order. I will address them when I have had an opportunity to review them in detail.

Very truly yours,

**BROOKS & KUSHMAN P.C.**

Thomas A. Lewry

TAL/aw
cc: Mr. Richard P. Mahoney
Mr. Timothy R. Schulte

Anderson Aff. Ex. 00016

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**STORAGE TECHNOLOGY CORPORATION,**

Plaintiff,

v.

**CISCO SYSTEMS, INC.,**

Defendant.

Civil No. 00-2253 (MJD/JGL)

**ORDER**

APPEARANCES

Thomas A. Lewry, Esq., and Victor E. Lund, Esq., for Plaintiff Storage Technology Corporation.

Roy Ginsburg, Esq., and Joseph Hammell, Esq., for Defendant Cisco Systems, Inc.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on November 8, 2001 on Plaintiff's Motion to Compel and on Defendant's Motion to Compel and for a Protective Order. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

NOV 15 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

Plaintiff Storage Technology Corporation ("StorageTek") brought this action against Defendant Cisco Systems, Inc. ("Cisco") on October 4, 2000, alleging interference with contractual relations, corporate raiding, inducing breach of contract, conversion, breach of fiduciary duties, and misappropriation of trade secrets. StorageTek asserts that Cisco hired away thirty employees for the purpose of developing a product based on StorageTek's storage networking products and designs. In the complaint, StorageTek describes the trade secret at issue as the "conception, design, and development of devices for joining disparate and otherwise incompatible computer networks." (Compl. ¶ 31.)

StorageTek prematurely served discovery requests on Cisco before the Rule 26(f) conference, which occurred on November 16, 2000. Cisco subsequently served discovery requests on StorageTek on November 21, 2000, and StorageTek served Cisco with revised discovery requests on December 4, 2000. On December 11, 2000, the parties attended a Rule 16 scheduling conference, and they informally agreed to stay discovery until Cisco released its SN 5420 product, the product at issue in this lawsuit.[1] According to Cisco, the parties agreed to the stay because StorageTek could not know its precise

---

[1] The parties made the agreement at a Rule 16 conference before a different magistrate judge. Thus, the Court is without the benefit of having personal knowledge of this particular proceeding.

claims until it examined the SN 5420, which was not launched until April 2001. (Ginsburg Aff. ¶ 6.) Cisco represents that "[i]mplicit in the imposition of the discovery stay was the principle that [StorageTek] must specify the trade secrets allegedly misappropriated before it could seek discovery from Cisco relating to the trade secret claims." (Def. Mem. Opp. Mot. Compel at 11.)

StorageTek served a second set of requests for document production on August 6, 2001. On October 3, 2001, StorageTek served a third set of document production requests, a second set of interrogatories, and a notice of deposition under Rule 30(b)(6). Cisco declined to produce much of the requested discovery on the grounds that the parties had agreed to further stay discovery until the Court ruled on the discovery timing dispute.

StorageTek filed its current motion to compel discovery on October 25, 2001, asking specifically for responses to document requests 7, 10, 12, 17, 18, 19, 21, and 22. However, StorageTek did not identify to which of its three sets of document requests those numbers pertain, although it did recite the requests in its memorandum. Cisco responds that the discovery requests seek highly invasive and broad information, especially given that StorageTek continues to refuse to identify the specific trade secrets purportedly misappropriated. Cisco also filed a motion on October 25, 2001, asking the Court to compel StorageTek to identify with specificity the trade secrets at issue, to compel StorageTek to respond to discovery requests, and for a

protective order exempting Cisco from participating in discovery until StorageTek identifies the trade secrets. StorageTek does not dispute that the allegations in its complaint are vague, but it proposes that the parties engage in simultaneous discovery as a compromise. Furthermore, StorageTek submits that Cisco knows this case is about developments at Cisco's Minnesota facility where the former StorageTek employees work.

## II. DISCUSSION

### A. The Timing of StorageTek's Identification of the Trade Secrets at Issue

Essentially, both parties' motions seek in part the Court's guidance as to whether StorageTek must specify the trade secrets at issue before Cisco is required to respond to discovery requests. The Court finds in the affirmative.

Cisco offers several compelling reasons why StorageTek must identify its trade secrets with specificity at this point in the litigation. First, the complaint was filed over a year ago, and Cisco is entitled to information necessary to craft its defenses and its own discovery requests. Second, identification of the trade secrets is necessary for Cisco to respond meaningfully to StorageTek's discovery requests. Allowing StorageTek to obtain discovery from Cisco without giving Cisco the tools with which to obtain discovery or to limit the scope of its discovery responses does not comport with discovery practice or the Federal Rules of Civil Procedure. Third, both parties have brought motions to compel discovery, and because discovery motions

necessarily implicate relevance, the parties and the Court must know the parameters of the subject matter of the litigation. Furthermore, the Court finds persuasive Cisco's reasoning that if Cisco is now obligated to respond to discovery before StorageTek identifies its trade secrets, there would have been no reason for the discovery stay.

In Porous Media Corp. v. Midland Brake, Inc., 187 F.R.D. 598 (D. Minn. 1999), the court ordered the plaintiff to provide the defendant with a list of its trade secrets before discovery commenced. See id. at 599. The court noted that it is common to order the listing of trade secrets at the outset of the litigation. See id. (citing Computer Econ., Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980 (S.D. Cal. 1999) (basing its ruling on California statutory law, which explicitly requires a plaintiff to identify its trade secrets before conducting discovery)).

> The orderly disposition of cases involving claims of misappropriation of trade secrets cannot permit a situation where the details concerning the claimed trade secrets are not disclosed at an early date in the litigation. Adequate discovery cannot be conducted in the absence of the specific disclosure which is required by this Order.

Id.

Several courts have required a plaintiff to identify its trade secrets before obtaining discovery of the defendant's trade secrets. See Automed Tech., Inc. v. Eller, 160 F. Supp. 2d 915, 926 (N.D. Ill. 2001) (stating "[i]t is not

enough to claim that defendants will be able to learn the details through discovery."); Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 148 F. Supp. 2d 1322, 1326 (S.D. Fla. 2001); Engelhard Corp. v. Savin Corp., 505 A.2d 30, 33 (Del. Ch. 1986) (citations omitted).

The two cases cited by StorageTek in support of its position regarding the timing of its trade secret disclosure are inapposite to this case. In Microwave Research Corp. v. Sanders Assoc., Inc., 110 F.R.D. 669 (D. Mass. 1986), the court denied the plaintiff's motion to compel discovery from the defendant because the plaintiff failed to provide a "substantial factual basis" for its trade secret misappropriation claim See id. at 674. Here, StorageTek is refusing to provide any factual basis for its claim. And, unlike the plaintiff in Microwave Research who sought discovery because it was unable to specify the allegedly misappropriated trade secrets, see id., StorageTek makes no such claim. Rather, StorageTek was able to determine which trade secrets were at issue soon after Cisco launched its product in April 2001. If the Court were to follow Microwave Research, Plaintiff's motion to compel discovery from Cisco would be denied.

The second case on which StorageTek relies, Upjohn Co. v. Hygieia Biological Labs., 151 F.R.D. 355 (E.D. Cal. 1993), is also distinguishable. The Upjohn plaintiff claimed that one of its former employees misappropriated an animal vaccine formula. See id. at 356-57. Here, on the other hand,

StorageTek contends that as many as thirty employees absconded with potentially multiple trade secrets related to the conception, design, and development of devices for joining disparate and otherwise incompatible computer networks. As Cisco aptly stated, this definition of a trade secret would encompass the Internet. The Upjohn court recognized that in a "broad" suit, it would be necessary for a court to order a plaintiff to identify with particularity the applicable trade secrets. See id. at 359.

In a case analogous to the present one, but in the context of a Federal Rule of Civil Procedure 12(e) motion, the Honorable Michael J. Davis found that a plaintiff alleging trade secret misappropriation must "support its allegations of misappropriation with at least a modicum of factual evidence." Am. Home. Prod. Corp. v. Natural Biologics, No. 98-cv-2469, at 12 (D. Minn. May 6, 1999) (order granting motion for a more definite statement). The court ordered the plaintiff to file under seal: "(1) an itemization of trade secrets allegedly misappropriated by Defendants and a list of measures used by Plaintiff to protect such secrets and preserve their confidentiality; [and] (2) facts sufficient to establish the grounds on which its claim of trade secret misappropriation rests." Id. at 14. The procedural posture of the American Home case indicates that the parties had not yet commenced discovery. See id. at 4.

In the present case, the trade secret or secrets as identified by StorageTek thus far does not afford any detail to test whether a trade secret exists at all, and if it does, whether Cisco appropriated it. StorageTek does not deny its obligation to identify specifically the trade secret or secrets. Especially considering the restrictive protective order already in place, the Court finds no reason why StorageTek should not do so now. Accordingly, the Court concludes that StorageTek must identify with specificity its trade secrets at issue before Cisco is required to respond to discovery requests relating to its trade secrets.

**B. Cisco's Motion to Compel and for a Protective Order**

Federal Rule of Civil Procedure 26(c)(7) permits a court to issue a protective order designating that a trade secret "be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). For the reasons set forth in Part II.A of this Order, Cisco's motion for a protective order is granted. Cisco need not produce discovery relating to its trade secrets until StorageTek identifies its trade secrets with specificity. See Eller, 160 F. Supp. 2d at 926. However, discovery on the other counts which do not implicate Cisco's trade secrets must proceed. See id.

The portion of Cisco's motion to compel StorageTek to identify with specificity the allegedly misappropriated trade secrets is granted. StorageTek is

ordered to provide a particularized trade secret statement to Cisco and also to file the statement under seal with the Clerk's office by November 28, 2001.

However, Cisco's motion to compel responses to specific document requests and interrogatories is denied without prejudice because the motion does not comply with the requirements of D. Minn. LR 37.2. In addition, many of the issues will likely be moot in light of this ruling.

### C. StorageTek's Motion to Compel

StorageTek's motion to compel is also denied without prejudice. Assuming the parties' compliance with this Order, the motion will likely become moot. In addition, the Court finds valid Cisco's objections based on prematurity. Finally, StorageTek does not make even the barest showing of relevance, perhaps because of its resistance to divulging trade secret information. However, relevance is the sole justification for discoverability.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff StorageTek's Motion to Compel (Doc. No. 35) is **DENIED WITHOUT PREJUDICE**;

(2) Defendant Cisco's Motion to Compel and for a Protective Order (Doc. No. 38) is **GRANTED** as to its request to compel StorageTek to identify with specificity trade secrets allegedly misappropriated by Cisco, **GRANTED** as to its request for a protective order, and **DENIED WITHOUT PREJUDICE** as to its request to compel StorageTek to respond to discovery requests;

(3) StorageTek must provide a particularized trade secret statement to Cisco and also to file the statement under seal with the Clerk's office by November 28, 2001; and

(4) Each party must serve amended responses in compliance with this Order to the other party's discovery requests by December 28, 2001.

Dated: November 15, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

BROOKS & KUSHMAN P. C.

Law Offices

*Intellectual Property and Technology Related Causes*

Ernie L. Brooks
James A. Kushman
David R. Syrowik
Mark A. Cantor
Ralph M. Burton
Robert C. J. Tuttle
Earl J. LaFontaine
Ronald M. Nabozny
Thomas A. Lewry
John E. Nemazi
Kevin J. Heinl
William G. Abbatt
Donald J. Harrington
John M. Halan
Jeffrey M. Szuma
Maria Franek Angileri
Frank A. Angileri
William G. Conger
Christopher W. Quinn
Sangeeta G. Shah
George R. Mosher
Frederick M. Ritchie
John M. Sheridan
Elizabeth F. Janda
Robert C. Brandenburg
A. Frank Duke
James R. Ignatowski
David S. Bir
James N. Kallis
Hugo A. Delevie
Mark E. Stuenkel
Michael S. Brodbine
Seth E. Rodack
Pete N. Kiousis
Ginta D. Kukainis
Philip Abromats
Thomas W. Cunningham
John S. LeRoy
*Anessa Owen Kramer
Jeremy J. Curcuri
Matthew R. Mowers
Matthew M. Jakubowski
Marc Lorelli
Mark F. Malooley

Registered Patent Agents

Mark D. Chuey, Ph.D.
Stephanie M. Mansfield, Ph.D.
John D. Russell, Ph.D.
Robert C. Jones

*Admitted in DC & MD

December 27, 2001

***VIA FACSIMILE: (612) 340-2868***
***AND VIA FIRST CLASS MAIL***

Mr. Roy A. Ginsburg
Dorsey & Whitney, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498

**Re: *Storage Technology v. Cisco Systems, Inc.***
**Civil Action No. 00 CV 2253**
**Our File No. STK 0133 L**

Dear Roy:

In your December 10, 2001 letter, you again complain about the alleged lack of specificity of StorageTek's Trade Secret Statement. As a general matter, you fail to appreciate that the Trade Secret Statement is a list of StorageTek's trade secrets to which the ex-employees had access. It is not intended to be the proof of misappropriation. Your failure to appreciate this distinction leads to many erroneous statements.

Our complaint was qualified under and was filed in accordance with Rule 11(b). Our Particularized Trade Secret Statement presented 22 trade secrets that StorageTek believes Cisco to may have misappropriated. In addition to outlining the trade secrets StorageTek: provided details for each trade secret; referenced documents that would be produced on December 28, 2001; provided a history of StorageTek's products and development projects; and identified the public information that lead StorageTek to the belief that Cisco misappropriated each trade secret. Any argument that you may have concerning StorageTek's Particularized Trade Secret Statement is meritless.

You also pull parts of StorageTek's Trade Secret Statement out of context, then assert that they are not trade secrets. For example, you reference to "VxWorks" and a "1 U high, 19 inch rack mounted box." You fail, however, to read these references in context. Each of these

1000 TOWN CENTER, TWENTY-SECOND FLOOR, SOUTHFIELD, MICHIGAN 48075
TELEPHONE (248) 358-4400, FACSIMILE (248) 358-3351

references is part of a more specific trade secret that outlines how the above components constitute a material part of the trade secret.[1]

You also comment on documents contained within employees personnel files. The documents referenced are proprietary to StorageTek. Cisco's misappropriation has been ongoing. StorageTek's Complaint is not limited to misappropriation that occurred before the Complaint was filed. If those documents were disclosed to anyone other than the employee named on a particular file, that disclosure is a violation of Minnesota trade secret law.

Further, you make comments concerning StorageTek's trade secrets embodied in customer and vendor lists. Are you representing, on behalf of Cisco, that no customer for StorageTek's SN6000 would buy a SN5420? The cost of the products is irrelevant. (I believe you may have inaccurate data concerning the pricing of these products.)

Finally, you again ask that StorageTek simply drop its trade secret claims. Obviously, StorageTek will not do so. You misunderstand and misstate the remarks by Ernie and me. StorageTek has a firm belief that its trade secrets have been misappropriated by Cisco, and no one on StorageTek's side has ever suggested otherwise. The fact that this is not primarily a trade secret case does not diminish the validity of the claim. If you would truly like to see progress, and possibly resolution, of the trade secret issues in this case, I suggest that Cisco provide discovery tomorrow as ordered by the Court.

Very truly yours,

**BROOKS & KUSHMAN P.C.**

Thomas A. Lewry

TAL:ds

---

[1] Additionally, you make a passing reference to a "pizza box." Given your self-proclaimed lack of technical savvy, I am curious as to where your understanding of the "pizza box" was developed.

BROOKS & KUSHMAN P.C.

Law Offices

*Intellectual Property and Technology Related Causes*

Ernie L. Brooke
James A. Kushman
David R. Syrowik
Mark A. Cantor
Ralph M. Burton
Robert C. J. Tuttle
Earl J. LaFontaine
Ronald M. Nabozny
Thomas A. Lewry
John E. Nemazi
Kevin J. Heinl
William G. Abbatt
Donald J. Harrington
John M. Halan
Jeffrey M. Szuma
Maria Franek Angileri
Frank A. Angileri
William G. Conger
Christopher W. Quinn
Sangeeta G. Shah
George R. Mosher
Frederick M. Ritchie
John M. Sheridan
Elizabeth F. Janda
Robert C. Brandenburg
A. Frank Duke
James R. Ignatowski
David S. Bir
James N. Kallis
Hugo A. Delevie
Mark E. Stuenkel
Michael S. Brodbine
Seth E. Rodack
Pete N. Kiousis
Ginta D. Kukainis
Philip Abromats
Thomas W. Cunningham
John S. LeRoy
*Anessa Owen Kramer
Jeremy J. Curcuri
Matthew R. Mowers
Matthew M. Jakubowski
Marc Lorelli
Mark F. Malooley

Registered Patent Agents
Mark D. Chuey, Ph.D.
Stephenie M. Mansfield, Ph.D.
John D. Russell, Ph.D.
Robert C. Jones

*Admitted in DC & MD

January 7, 2001

**VIA FACSIMILE: 612 340-2868**

Mr. Roy A. Ginsburg
Dorsey & Whitney, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498

**Re:** ***Storage Technology v. Cisco Systems, Inc.***
**Civil Action No. 00 CV 2253**
**Our File No. STK 0133 L**

Dear Roy:

Your hostile letter-writing campaign serves no legitimate purpose. The allegations and accusations you make in your January 3, 2002 letter[1] are baseless and must cease. I refuse to get into a letter-writing campaign with you, but some of your more egregious statements cannot go unanswered.

First, you misapprehend (purposely or otherwise) the first paragraph of my second letter of December 27, 2001. As I clearly stated in the letter, the Trade Secret Statement "is not intended to be the proof of misappropriation." The Trade Secret Statement contains a list of the trade secrets that StorageTek believes are misappropriated. However, Cisco has failed to provide trade secret discovery in direct violation of the Court's November 15, 2001 Order. For this, StorageTek will seek sanctions.

Second, your repeated references to Rule 11 are getting tiresome. StorageTek properly qualified its complaint under Rule 11(b)(3). Cisco knows that it has no basis to file a Rule 11 motion. You have had two years to prepare such a motion. Your continuing reference to Rule 11 is, itself, a violation of that rule.

---

[1] I saw your letter for the first time today upon my return from Florida. I had not seen your letter at the time my colleagues responded to Cisco's motion for redesignation.

Mr. Roy A. Ginsburg
January 7, 2002
Page 2

Third, you incorrectly state that I "previously acknowledged in discussions with Joe Hammell and me [Roy Ginsburg]" that "the StorageTek SN 6000 and SN 5420 are not competing products." I have not made that statement.

My lack of response to the remaining items in your January 3, 2002 letter should not be taken as agreement with your statements. There is simply no point in repeating what I have already said in previous letters.

Very truly yours,

**BROOKS & KUSHMAN P.C.**

Thomas A. Lewry

TAL:ds

# BROOKS & KUSHMAN P.C.

Law Offices

*Intellectual Property and Technology Related Causes*

## FACSIMILE TRANSMITTAL

Telephone: (248) 358-4400
Facsimile: (248) 358-3351

**Please notify us immediately if any pages are not received or are illegible**

To: Mr. Roy A. Ginsburg

Company: Dorsey & Whitney LLP

Location: Minneapolis, Minnesota

Facsimile No: 612-340-2868

Telephone No:

From: Thomas A. Lewry

Date: January 7, 2002

File No: STK 0133 L    Pages (w/cover): 3

This communication contains confidential information which is intended only for the use of the addressee. It may also contain information that is protected by the Attorney-Client Privilege or the Attorney Work Product Doctrine. Copying or distribution of this communication by persons other than the addressee is prohibited.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT (248) 358-4400 AND RETURN THE ORIGINAL MESSAGE TO US BY UNITED STATES MAIL AT THE BELOW ADDRESS.

***Message:***

If there are any problems during transmission, please call (248) 358-4400.

1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone: (248) 358-4400 - - Facsimile: (248) 358-3351