Anderson Aff. Ex. 00019

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

STORAGE TECHNOLOGY CORPORATION,

*Plaintiff*,

-vs-

CISCO SYSTEMS, INC.,

*Defendant*.

_________________________________________/

Civil File No. 00-2253 (MJD/JGL)
Magistrate Judge Jonathan G. Lebedoff
Honorable Michael J. Davis

## STORAGE TECHNOLOGY CORPORATION'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT CISCO SYSTEMS, INC.'S FIRST SET OF INTERROGATORIES

BK
LAW OFFICES
[BR]OOKS & KUSHMAN P.C.
1000 TOWN CENTER
[TW]ENTY-SECOND FLOOR
[S]OUTHFIELD, MI 48075
(248) 358-4400

## GENERAL OBJECTIONS

1. StorageTek objects to Defendant's instructions and definitions to the extent that they impose obligations on StorageTek which differ from the requirements of the Federal Rules of Civil Procedure. StorageTek will comply with the Federal Rules of Civil Procedure when responding to these Requests.

2. StorageTek objects to the provision of any information protected by the attorney client privilege and/or the doctrine of work product protection, and, to the extent that the interrogatories seek such information, they are objected to on the grounds of said privilege and doctrine. Inadvertent disclosure of such information shall not constitute a waiver of any privilege or any other basis for objecting to discovery, or of the right of StorageTek to object to Defendant's use of such information, and to demand and seek the return of any such information that may be inadvertently disclosed. StorageTek does not presently waive any portion of this privilege and asserts entitlement to the full extent of the doctrine of work product protection.

BK
LAW OFFICES
OOKS & KUSHMAN P.C.
1000 TOWN CENTER
WENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

**INTERROGATORIES**

**INTERROGATORY NO. 2**

Identify each and every current or former employee of StorageTek who allegedly was solicited or recruited to join NuSpeed or Cisco and/or who subsequently became an employee of NuSpeed or Cisco, and for each such person, state the following:

a. the beginning and ending date of such person's employment with StorageTek and the positions held by such person while at StorageTek;

b. whether that person's employment with StorageTek was terminated voluntarily or involuntarily; and

c. a detailed description of any act or omission by each such person which is a basis for any cause of action in your Complaint, including, without limitation, specific identification of any contract, agreement, or other obligation which you allege was breached by such person and/or a specific identification of any trade secret you claim such person misappropriated, misused, or disclosed.

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek responds that the former StorageTek employees solicited or recruited to join NuSpeed or Cisco and/or who subsequently became an employee of NuSpeed or Cisco include: David Peterson, John Leyes, Erika Hohenstein, Ted Schmitz, John Massey, George Black, Don Rog, Dennis Hadders, Stan Mros, Mark Schrandt, Darren Vickers, Matt Massey, Linda Sharkey, Robert Lanoux, Ed Fiore, Michael Chaffin, Steve DeGroote, David Thompson, David Huhne, John Motor, Anthony Beltran, Daniel Anonen, Dave Myers, Craig Johnson, Mark Bakke, Tim Kuik, Mark Cree, Jeremy Swift, Chris VanKrevelen, Rod Nelson, Wade Oberpriller, Tim Mueggenberg, Steven Pheneger, Lou Mazzone, Kevin Whalen, Ken Widstorm, Doug Ingraham, Brad Stamos and Ravi Kavuri.

BK
LAW OFFICES
[...]OOKS & KUSHMAN P.C.
1000 TOWN CENTER
[...]WENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

a. Federal Rule of Civil Procedure 33(d) allows a party to produce business records in lieu of responding to an interrogatory. The information requested in this subparagraph can be obtained from the employment records of those former StorageTek employees who now work for NuSpeed/Cisco. StorageTek has already produced those employment records.

b. Federal Rule of Civil Procedure 33(d) allows a party to produce business records in lieu of responding to an interrogatory. The information requested in this subparagraph can be obtained from the employment records of those former StorageTek employees who now work for NuSpeed/Cisco. StorageTek has already produced those employment records.

c. StorageTek objects to this interrogatory as premature. Some of this information is in Cisco's possession and Cisco has not yet served complete responses to StorageTek's outstanding discovery. Moreover, the Complaint alleges improper acts by Cisco/NuSpeed. These acts include improperly and unfairly targeting StorageTek employees (particularly those with specific technical information) for hiring and using knowledge of StorageTek's confidential pay structure, benefits system, salary or other information to recruit StorageTek employees. Some former employees actively participated in the raiding of StorageTek personnel in violation of agreements signed with StorageTek. (*See* Supplemental Response to Interrogatory 7.) These agreements have already been produced. Additionally, some employees of NuSpeed/Cisco were key employees of StorageTek's MRDC. As such, these employees owed fiduciary duties to StrorageTek including a duty: (1) to keep secret, and

BK
LAW OFFICES
OOKS & KUSHMAN P.C.
1000 TOWN CENTER
WENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

to not use, StorageTek's confidential, proprietary information, and (2) not to recruit or try to recruit employee away from StorageTek. (*See* Supplemental Response to Interrogatory No. 7.)

**INTERROGATORY NO. 5**

Identify each and every person, whether a StorageTek employee or not, who was involved in or knowledgeable about the StorageTek's conception, design, technology, development, and/or marketing of any device for joining computer networks, including, without limitation: the conception and evaluation of two versions of such a device referred to in paragraph 6 of your Complaint; the decision to develop one version of such a device and to postpone the development of another version, as alleged in paragraphs 6 and 7 of your Complaint; and the conception, design, development, and/or marketing of the device referred to as StorageNet 6000. For each such person identified, describe the nature and extent of such person's knowledge.

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as being overbroad in scope because it is not limited to the devices at issue in this lawsuit. Further, this interrogatory unduly burdensome as it seeks identification of "each and every" person who was "knowledgeable about" the technology and/or marketing of various StorageTek products. This would include thousands of individuals that had access to public documents concerning the SN6000 and its sale. StorageTek further objects to this interrogatory as vague and ambiguous with respect to its usage of "describe the nature and extent of such person's knowledge" and "knowledgeable about."

To the extent not otherwise objectionable, StorageTek responds by stating that such persons include most present and past employees of StorageTek and StorageTek suppliers under a confidentiality obligation. Documents have been produced identifying such individuals

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

and companies. For more particular identification of knowledgeable individuals, see StorageTek's Particularized Trade Secret Statement and StorageTek's response to Interrogatory No. 1.

**INTERROGATORY NO. 7**

Identify specifically any director, officer, employee, agent, or representative of NuSpeed or Cisco, or any person acting on behalf of NuSpeed or Cisco, who allegedly engaged in any act or omission or threatened act or omission upon which you premise any of the claims in your Complaint, and state the following:

a. a specific, particularized description of the act or omission of which you complaint and how such act or omission supports any of your claims;

b. if you claim that any such person misappropriated, misused, or disclosed any trade secret, then for each such person identify specifically the trade secret he or she allegedly misappropriated, misused, or disclosed;

c. if you claim that any such person wrongfully recruited, solicited, or raided any StorageTek employee, then for each such person identify the particular StorageTek employee whom he or she recruited, solicited, or sought as an employee of NuSpeed or Cisco;

d. if you claim that any such person breached any contract or interfered with or induced the breach of another's contract, then for each such person identify specifically the contract he or she allegedly breached or interfered with; and

e. if you claim that any such person breached any fiduciary duty or induced another to breach a fiduciary duty, then for each such person identify specifically the fiduciary duty which he or she allegedly breached or induced another to breach.

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Most of this information is in the possession of Cisco. Cisco has not produced witnesses for noticed depositions and

BK
LAW OFFICES
ooks & Kushman P.C.
1000 TOWN CENTER
WENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

Cisco has not served substantive responses to StorageTek's outstanding discovery. Without waiver of this objection, as StorageTek is currently informed, such individuals primarily include: Mark Cree, Ed Fiore, Dave Myers, Mark Bakke, Mark Schrandt, and others. (*See* Responses to subparagraphs (a), (b), (c), (d), and (e) for more detailed information.) The information provided in this response may change as StorageTek obtains more information during discovery.

a. StorageTek objects to this interrogatory as premature. Some of the information is in the possession of Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory in that it seeks information that is attorney-client privileged and/or work product.

Subject to these objections, and without waiver of it, employees in management positions at NuSpeed/Cisco, including Mark Cree, Mark Schrandt, Dave Myers, Tim Kuik, Mark Bakke, and Ed Fiore, actively targeted and solicited StorageTek employees to leave StorageTek and join NuSpeed/Cisco. The employees who were the object of the raiding are the employees who left StorageTek and joined NuSpeed/Cisco. These individuals unfairly and improperly targeted StorageTek employees and unfairly and improperly used StorageTek confidential, proprietary information to recruit individuals from StorageTek. As a result of these improper and unfair hiring practices, NuSpeed/Cisco obtained nearly forty percent of its workforce from StorageTek.

At the time NuSpeed/Cisco hired StorageTek employees, these employees had valid employment agreements and defendant knew that the employees had such agreements.

BK
LAW OFFICES
OOKS & KUSHMAN P.C.
1000 TOWN CENTER
WENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

By recruiting and hiring StorageTek employees, NuSpeed/Cisco intended for those StorageTek employees to breach their employment agreements. Additionally, at least Mark Cree, Mark Schrandt, Ed Fiore, Mark Bakke, and Dave Myers were key employees of StorageTek and owed fiduciary duties to StorageTek. These duties include, among other things, a duty to keep secret, and not use, StorageTek's confidential, proprietary information and a duty not to recruit or try to recruit StorageTek employees. These employees breached those duties when recruiting employees from StorageTek and utilized other confidential information of StorageTek. NuSpeed/Cisco knew of, encouraged, and condoned these breaches of fiduciary duties, which inured to the benefit of the defendant.

b. StorageTek objects to this interrogatory as premature. Although it is clear that Cisco has misappropriated at least some of StorageTek's trade secrets, the details of which specific individuals acted are in the possession of Cisco and the former StorageTek employees that now work for Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory in that it seeks information that is attorney-client privileged and/or work product.

Without waiver of the foregoing objections, Cisco is directed to StorageTek's Particularized Trade Secret Statement.

c. StorageTek objects to this interrogatory as premature. Some of this information is in the possession of former StorageTek employees that now work for Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

Without waiver of the foregoing objections, StorageTek provides the following response.

1) Mark Cree and Clint Jurgens improperly, unfairly and/or wrongfully solicited, recruited, or sought Mark Schrandt, Mark Bakke, Ed Fiore, Tim Kuik, and David Thompson.

2) Ed Fiore improperly, unfairly and/or wrongfully solicited, recruited, or sought Don Rog, Stan Mros, Darren Vickers, Daniel Anonen, Jeremy Swift, Chris VanKrevelen, and Rod Nelson.

3) Tim Kuik improperly, unfairly and/or wrongfully solicited, recruited, or sought Steve DeGroote.

4) Dave Myers improperly, unfairly and/or wrongfully solicited, recruited, or sought Ted Schmitz, Anthony Beltran, George Black, Matt Massey, John Massey, John Leyes, Chris VanKrevelen, and Wade Oberpriller.

5) Mark Bakke improperly, unfairly and/or wrongfully solicited, recruited, or sought Jeremy Swift, and Rod Nelson.

6) Mark Schrandt improperly, unfairly and/or wrongfully solicited, recruited, or sought Craig Johnson, Michael Chaffin, Steve DeGroote, Dave Myers, Dennis Hadders, Dave Peterson, Jeremy Swift, Chris VanKrevelen, and Rod Nelson.

7) Craig Johnson improperly, unfairly and/or wrongfully solicited, recruited, or sought Wade Oberpriller.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

d. StorageTek objects to this interrogatory as premature. Some of this information is in the possession of former StorageTek employees that now work for Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory to the extent that it implicates the trade secret issues in this case. As agreed by the parties, responses to the trade secret matters will not commence until the Court determines the sequence of production.

Without waiver of the foregoing objections, StorageTek provides the following response. Any contract responsive to this interrogatory is contained within the personnel files of the former StorageTek employees now employed by NuSpeed/Cisco. Therefore, they are only referenced by title below. These documents have already been produced.

1) Mark Schrandt breached his Employment Agreement and his Statement of Confidentiality and induced the breach of: Craig Johnson's Confidentiality Agreement; Michael Chaffin's Confidentiality Agreement; Dave Myers' Employment Agreement and Statement of Confidentiality; Steve DeGroote's Employment Agreement and Proprietary Rights Agreement; Dennis Hadders' Confidentiality Agreement; and Dave Peterson's Employment Agreement and Statement of Confidentiality.

2) Mark Cree breached his Employment Agreement and his Statement of Confidentiality.

3) Mark Cree and Clint Jurgens induced the breach of Mark Schrandt's Employment Agreement and Statement of Confidentiality; Mark

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

Bakke's Statement of Confidentiality, Ed Fiore's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; Tim Kuik's Employment Agreement and Statement of Confidentiality, and David Thompson's Employment Agreement and Statement of Confidentiality.

4) Ed Fiore breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality and induced the breach of: Don Rog's Confidentiality Agreement; Stan Mros's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; Darren Vickers' Employment Agreement and Statement of Confidentiality, and Daniel Anonen's Proprietary Rights and Confidentiality Agreements.

5) Mark Bakke breached his Statement of Confidentiality.

6) Tim Kuik breached his Employment Agreement and Statement of Confidentiality and induced the breach of: Steve DeGroote's Employment Agreement and Proprietary Rights Agreement.

7) Dave Myers breached his Employment Agreement and Statement of Confidentiality and induced the breach of: Ted Schmitz' Confidentiality Agreement and Proprietary Rights Agreement; Anthony Beltran's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; George Black's Confidentiality Agreement; Matt Massey's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; John Massey's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; and John Leyes' Confidentiality Agreement.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

8) Craig Johnson breached his Confidentiality Agreement.

9) Michael Chaffin breached his Confidentiality Agreement.

10) Steve DeGroote breached his Employment Agreement and Proprietary Rights Agreement.

11) Dennis Hadders breached his Confidentiality Agreement.

12) Dave Peterson breached his Employment Agreement and Statement of Confidentiality.

13) Don Rog breached his Confidentiality Agreement.

14) Stan Mros breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality.

15) Darren Vickers breached his Employment Agreement and Statement of Confidentiality.

16) Daniel Anonen breached his Proprietary Rights and Confidentiality Agreements.

17) Ted Schmitz breached his Confidentiality Agreement and Proprietary Rights Agreement.

18) Anthony Beltran breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality.

19) George Black breached his Confidentiality Agreement.

20) Matt Massey breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality.

BK
LAW OFFICES
ooks & Kushman P.C.
1000 TOWN CENTER
VENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

21) John Massey breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality.

22) John Leyes breached his Confidentiality Agreement.

23) David Thompson breached his Employment Agreement and Statement of Confidentiality.

24) Robert Lanoux breached his Employment Agreement and Statement of Confidentiality.

25) Linda Sharkey breached her Employment Agreement and Statement of Confidentiality.

26) Erika Hohenstein breached her Employment Agreement and Statement of Confidentiality.

27) Doug Ingraham breached his Employment Agreement and Statement of Confidentiality.

28) Ken Widstorm breached his Employment Agreement and Statement of Confidentiality.

e. StorageTek objects to this interrogatory as premature. The details of which specific individuals acted are in the possession of Cisco and the former StorageTek employees that now work for Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory in that it seeks information that is attorney-client privileged and/or work product.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

Without waiver of the foregoing objections, StorageTek provides the following response. Mark Schrandt, Ed Fiore, Dave Myers, Mark Bakke, and Mark Cree breached or induced the breach by others of the fiduciary duty to keep secret, and to not use, StorageTek's confidential, proprietary information.

Mark Cree, Mark Schrandt, Mark Bakke, Ed Fiore, and Dave Myers also breached or induced the breach by others of the fiduciary duty not to recruit or try to recruit employee away from StorageTek.

**INTERROGATORY NO. 8**

Identify and describe in detail each "trade secret" which you claim has been misappropriated, misused, or disclosed or which you claim is threatened to be misappropriated, misused, or disclosed, including, without limitation:

a. a detailed and specific description of each specific item of information concerning StorageTek's conception, design, development, and marketing of any device for joining disparate and otherwise incompatible computer networks which you claim is a trade secret;

b. a detailed and specific description of each specific item of technology used in any device for joining disparate and otherwise incompatible computer networks which you claim is a trade secret; and

c. a detailed and specific description of each specific item of information concerning StorageTek's pay structure, benefits system, salary information, and other related information which you claim is a trade secret.

**SUPPLEMENTAL RESPONSE:**

Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Therefore, StorageTek

BK
LAW OFFICES
OOKS & KUSHMAN P.C.
1000 TOWN CENTER
VENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

may learn additional information responsive to this interrogatory as discovery progresses and will supplement as appropriate.

(a) Cisco is directed to StorageTek's particularized Trade Secret Statement.

(b) StorageTek objects to this interrogatory as being vague and ambiguous. It is not understood what "each specific item of technology used" means and clarification is required. StorageTek also objects to this request as duplicative of Interrogatory 8(a).

(c) Cisco is directed to StorageTek's particularized Trade Secret Statement.

**INTERROGATORY NO. 10**

Identify each person, firm, or entity who has ever had access to any of the trade secrets or confidential information which you claim have been misappropriated or misused, including, without limitation: all current or former employees of StorageTek; all prospective employees or applicants; all current, former, or prospective investors, shareholders, or creditors of StorageTek or any of their representatives; all persons or firms with which StorageTek has joined in or considered joining in any venture, partnership, marketing arrangement, product development arrangement, or any other type of cooperative business activity, including, without limitation, representatives of Legato Systems, Inc., VERITAS Software Corporation, and Unisys Corp.; all current, former, or prospective customers, vendors, resellers, distributors, OEMs (as that term is used in StorageTek's SEC filings), agents, or representatives; any person or entity with whom StorageTek has any licensing or information/technology sharing agreement of any kind; any company, firm, or entity, with which StorageTek has considered any business transaction, including, without limitation, any joint venture, merger, acquisition, sale, etc., including, without limitation, Front Porch Digital, Inc.; any federal, state, local, or foreign governmental agency, including the Equal Employment Opportunity Commission or similar state agency, the Securities and Exchange Commission, or the U.S. Patent Office; any other party in any litigation, arbitration, or other dispute-resolution proceeding; any independent contractors hired by StorageTek, including engineers, technicians, designers, etc.; any outside consultants or advisers, including any representatives of Goldman Sachs & Company, McKinsey & Company, or any other investment banking firm; any recruiting or headhunting firm; any marketing or advertising firm; and any accounting firm or auditors.

BK
LAW OFFICES
ooks & Kushman P.C.
1000 TOWN CENTER
WENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. StorageTek would have to question an innumerable individuals to respond to this interrogatory. StorageTek objects to this interrogatory on the grounds that defendant has propounded it for the purpose of harassment and to make this litigation more vexatious.

Without waiver of the foregoing objections, StorageTek states that most of its past and present employees have had limited access to the trade secrets identified in StorageTek's Particularized Trade Secret Statement. Relevant documents have been produced. StorageTek also states that its suppliers and other entities with a confidentiality obligation have also had limited access to some of the trade secrets identified in StorageTek's Particularized Trade Secret Statement. Relevant documents will be produced.

**INTERROGATORY NO. 12**

Describe in detail and with particularity all facts relating to the allegations in your Complaint that "Defendant improperly and unfairly used former StorageTek employees' knowledge of StorageTek's confidential pay structure, benefits system, salary information, and other information to recruit StorageTek employees," including, without limitation, specific identification of: the specific person(s) who engaged in the actions alleged; the specific StorageTek employee(s) who allegedly were recruited "improperly and unfairly"; the "confidential information" allegedly used to recruit StorageTek employees; and the factual and legal basis for your claim that any alleged recruitment was "improper" or "unfair."

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to

BK
LAW OFFICES
BOOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

StorageTek's outstanding discovery. Much of the information relating to Cisco's improper use of StorageTek's confidential pay structure is in possession of Cisco. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. StorageTek also objects to this request as duplicative of Interrogatory No. 7. *See* Response to Interrogatory No. 7. As discovery progresses, StorageTek will supplement this response appropriately.

Subject to that objection and without waiver of it, the former StorageTek employees who were involved in the raiding, including Mark Cree, Mark Schrandt, Dave Meyers, Mark Bakke, and Ed Fiore, had knowledge of StorageTek's confidential pay structure, benefit system, salary information, and other information relevant to hiring. It would not be possible for those people to have forgotten that information in the short time between when they left StorageTek and joined NuSpeed/Cisco or to have ignored the information while recruiting new employees. Use of this information was improper and unfair. Further, Mark Schrandt requested and received a detailed listing of al salaries for engineering at the MRDC just weeks before he resigned from StorageTek to work at NuSpeed.

**INTERROGATORY NO. 13**

Describe in detail and with particularity all facts relating to the allegations in your Complaint that "[u]sing StorageTek employees and StorageTek's confidential, proprietary information defendant has developed and is preparing to market a product or products based on the devices for joining disparate and otherwise incompatible computer networks originally conceived and developed by StorageTek's MRDC employees," including, without limitation, specific identification of: the product or products Defendant allegedly developed "[u]sing StorageTek employees and StorageTek's confidential, proprietary information"; the former StorageTek employees allegedly "used" to develop and prepare this product; the "confidential, proprietary information" of StorageTek's which allegedly was used to develop and prepare to

BK
LAW OFFICES
ROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

market this product; and all persons with knowledge relating to such allegations and the knowledge possessed by each such person.

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Much of this information is in the possession of Cisco and Cisco has not yet provided information relevant to this interrogatory in discovery, thus making identification of "all facts relating" to Cisco's use of "StorageTek employees and StorageTek's confidential, proprietary information" an impossible task. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Without waiver of the foregoing objections, StorageTek states that its confidential information was used at least to develop the SN 5420. Concerning which of Cisco's employees were used to develop this project, StorageTek believes that most if not all of its former employees were used in some capacity to develop the SN 5420. Cisco should be able to answer these questions because the individuals at issue now work at Cisco. Additionally, Cisco has yet to provide any information concerning the job reponsibilities of its employees beyond their job title. Additionally, Cisco is directed to StorageTek's Particularized Trade Secret Statement for additional information responsive to this interrogatory.

**INTERROGATORY NO. 14**

Describe in detail and with particularity all facts which relate to the allegation in your Complaint that former StorageTek employees "will inevitably disclose StorageTek trade

BK
LAW OFFICES
:OOKS & KUSHMAN P.C.
1000 TOWN CENTER
WENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

secrets in their work for defendant," including, without limitation specific identification of: the person(s) you allege would disclose such alleged trade secret(s); the specific trade secret(s) each such person allegedly would disclose; any person with knowledge relating to this allegation and a statement of what each such person knows.

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Much of this information is in the possession of Cisco and Cisco has not yet provided information relevant to this interrogatory in discovery, thus making identification of "all facts relating" to Cisco's "inevitable disclosure of StorageTek's Trade Secrets" an impossible task. Additionally, although specifically requested, Cisco has yet to provide specific job responsibilities of its employees. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Without waiver of the foregoing objections, Cisco is directed to StorageTek's Particularized Trade Secret Statement, specifically trade secret No. 18.

**INTERROGATORY NO. 15**

Describe in detail and with particularity all facts relating to the allegations in your Complaint that "Defendant has improperly acquired StorageTek's confidential, proprietary information and converted it to is own use" including, without limitation, specific identification of: the persons who you allege "improperly acquired . . . and converted" StorageTek's information; the "confidential, proprietary information" which you allege was improperly acquired and converted; the legal and factual basis for your claim that any information was acquired "improperly"; and all persons with knowledge relating to such allegations and the knowledge possessed by each such person.

BK
LAW OFFICES
DOOKS & KUSHMAN P.C.
1000 TOWN CENTER
VENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Much of this information is in the possession of Cisco and Cisco has not yet provided all information relevant to this interrogatory in discovery, thus making identification of "all facts relating" to Cisco's conversion of StorageTek's confidential information an impossible task. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Without waiver of the foregoing objections, Cisco is directed to StorageTek's Particularized Trade Secret Statement. Additionally, Cisco is directed to Tim Kuik's lab notebooks that were taken from StorageTek and recently produced by Cisco in discovery.

**INTERROGATORY NO. 16**

Describe in detail and with particularity all facts relating to the allegations in paragraph 52 of your Complaint that certain individuals "breached their fiduciary duties to StorageTek when they used StorageTek's confidential, proprietary information to develop the second product, which they had chosen to not develop while at StorageTek," including, without limitation, specific identification of: the "confidential, proprietary information" referenced in this allegation; the "second product" referenced in this allegation; the factual and legal basis for your claim that the individuals identified breached any fiduciary duty; every person involved in the decision not to develop the "second product" at StorageTek referenced in this allegation; all persons with knowledge relating to such allegations and the knowledge possessed by each such person.

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to

BK
LAW OFFICES
OOKS & KUSHMAN P.C.
1000 TOWN CENTER
WENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

StorageTek's outstanding discovery. Much of this information is in the possession of Cisco and Cisco has not yet provided all information relevant to this interrogatory in discovery, thus making identification of "all facts relating" to Cisco's breach of fiduciary duty claim. StorageTek also objects to this interrogatory as duplicative of Interrogatory No. 7. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Without waiver of the foregoing objections, Cisco is directed to StorageTek's Particularized Trade Secret Statement, including its discussion of products related to the SN 6000, and the referenced documents. Cisco is also directed to StorageTek's Response to Interrogatory Nos. 7, 11, 12, 13, 14 and 15, the agreements contained in the personnel files of the former StorageTek employees, and Cisco's Response to StorageTek's Interrogatory No. 4.

**INTERROGATORY NO. 17**

With respect to each trade secret allegedly misappropriated or misused, describe in detail and with particularity all facts relating to the development of such trade secret, including, without limitation, specific identification of: the person(s) involved in the development of the trade secret; all other persons with knowledge relating to the development of the trade secret and each such person's knowledge; the period of time over which the trade secret was developed; and the research and development costs and other costs incurred in developing the trade secret.

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory as unduly

BK
LAW OFFICES
ROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

burdensome and duplicative of other interrogatories and document requests. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Without waiver of the foregoing objections, StorageTek states that the trade secrets at issue began development at least as early as 1994 and are ongoing at StorageTek. The individuals involved in the development of the trade secrets included many of those former StorageTek employees employed at Cisco and others employed at StorageTek's MRDC. Cisco is directed to the MRDC employee listing produced by StorageTek. Cisco is also directed to StorageTek's Particularized Trade Secret Statement and the documents referenced therein, StorageTek's responses to Interrogatories Nos. 1 and 7. With respect to costs associated with the research and development and other costs incurred, pursuant to Rule 33(d), StorageTek will produce documents.

Respectfully submitted

**BROOKS & KUSHMAN P.C.**

By: Tom Lewry /mc

**ERNIE L. BROOKS**
**THOMAS A. LEWRY**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400
Fax: (248) 358-3351

*Attorneys for Plaintiff*
*Storage Technology Corporation*

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

Date: **December 28, 2001**

**Of Counsel:**

**MAHONEY DOUGHERTY & MAHONEY**
RICHARD P. MAHONEY
VICTOR LUND
801 Park Avenue
Minneapolis, MN 55404
(612) 339-5863

and

**Storage Technology Corp.**
Timothy R. Schulte
2270 South 88th Street
Louisville, Colorado 80028-4309
(303) 673-5989

## VERIFICATION

Robert E. Munsey is Director, Human Resources & Administration of Storage Technology Corporation, and verifies the foregoing interrogatory answers on behalf of Storage Technology Corporation. The matters stated in the answers are not necessarily within my personal knowledge. The facts stated have been assembled by authorized personnel, including counsel. The facts stated are true to the best of my current knowledge and belief.

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: [illegible] 22, [illegible] By: [signature]

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075

(248) 358-4400

## CERTIFICATE OF SERVICE

I certify that I served:

**STORAGE TECHNOLOGY CORPORATION'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT CISCO SYSTEMS, INC.'S FIRST SET OF INTERROGATORIES**

on **December 28, 2001** by:

____ hand delivering
____ faxing
_✓_ mailing (via First-Class mail)
____ overnight courier

a copy to:

Roy A. Ginsburg
Joseph W. Hammell
Thomas J. Vitt
**DORSEY & WHITNEY LLP**
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498

*Attorneys for Defendant*

and

RICHARD P. MAHONEY
VICTOR LUND
**MAHONEY DOUGHERTY & MAHONEY**
801 Park Avenue
Minneapolis, MN 55404

and

Timothy R. Schulte
**STORAGE TECHNOLOGY CORP.**
2270 South 88th Street
Louisville, Colorado 80028-4309

Mara A. D'Agostino

BK
LAW OFFICES
OOKS & KUSHMAN P.C.
1000 TOWN CENTER
WENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**STORAGE TECHNOLOGY CORPORATION,**

*Plaintiff,*

-vs-

**CISCO SYSTEMS, INC.,**

*Defendant.*

______________________________/

Civil File No. 00-2253 (MJD/JGL)
Magistrate Judge Jonathan G. Lebedoff
Honorable Michael J. Davis

# CERTIFICATE OF SERVICE

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

# CERTIFICATE OF SERVICE

I certify that I served:

**VERIFICATION (for Storage Technology Corporation's Second Supplemental Responses To Defendant Cisco Systems, Inc.'s First Set Of Interrogatories, served December 28, 2001)**

on **January 30, 2002** by:

____ hand delivering
____ faxing
✓ mailing (via First-Class mail)
____ overnight courier

a copy to:

Roy A. Ginsburg
Joseph W. Hammell
Thomas J. Vitt
**DORSEY & WHITNEY LLP**
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498

*Attorneys for Defendant*

and

RICHARD P. MAHONEY
VICTOR LUND
**MAHONEY DOUGHERTY & MAHONEY**
801 Park Avenue
Minneapolis, MN 55404

and

Timothy R. Schulte
**STORAGE TECHNOLOGY CORP.**
2270 South 88th Street
Louisville, Colorado 80028-4309

Donna Schulte
DONNA SCHULTE

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

BROOKS & KUSHMAN P. C. Law Offices

*Intellectual Property and Technology Related Causes*

Ernie L. Brooks
James A. Kushman
David R. Syrowik
Mark A. Cantor
Ralph M. Burton
Robert C. J. Tuttle
Earl J. LaFontaine
Ronald M. Nabozny
Thomas A. Lewry
John E. Nemazi
Kevin J. Heinl
William G. Abbatt
Donald J. Harrington
John M. Halan
Jeffrey M. Szuma
Maria Franek Angileri
Frank A. Angileri
William G. Conger
Christopher W. Quinn
Sangeeta G. Shah
George R. Mosher
Frederick M. Ritchie
John M. Sheridan
Elizabeth F. Janda
Robert C. Brandenburg
A. Frank Duke
James R. Ignatowski
David S. Bir
James N. Kallis
Hugo A. Delevie
Mark E. Stuenkel
Michael S. Brodbine
Seth E. Rodack
Pete N. Kiousis
Ginta D. Kukainis
Philip Abromats
Thomas W. Cunningham
John S. LeRoy
*Anessa Owen Kramer
Jeremy J. Curcuri
Matthew R. Mowers
Matthew M. Jakubowski
Marc Lorelli
Mark F. Malooley

Registered Patent Agents
Mark D. Chuey, Ph.D.
Stephanie M. Mansfield, Ph.D.
John D. Russell, Ph.D.
Robert C. Jones

*Admitted in DC & MD

April 29, 2002

***Via Facsimile: (612) 340-2868***
***and First-class Mail***

RECEIVED MAY 0 2 2002

Mr. Clifford S. Anderson
Dorsey & Whitney, LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498

**Re: *Storage Technology v. Cisco Systems, Inc.***
**Civil Action No.: 00-CV-2253**
**Our File No. STK 0133 L**

Dear Cliff:

As we discussed during our conference last week, I am writing to provide additional information on the second design referred to in the complaint. In the mid 1990's, StorageTek conceived two platform directions for joining disparate communication networks. Documents have been produced that relate to the conception, design and development of each platform direction.

The first track may be described as encompassing high-performance, high density platforms. Example designs includes Access Controller, Access Module, and SN6000. Many of the design elements developed in conjunction with the first track are common to iterations of the second track.

The second track may be described as encompassing lower-cost, low-density platforms. StorageTek developed several iterations including the Comet, Edge Module, Junkyard Weasel and SAN Appliance. Each of these designs is an edge device capable of interfacing disparate communication networks, such as Gigabit Ethernet and Fibre Channel. Further, these designs could incorporate a variety of services including interconnecting SAN islands, file services, and data backup.

By this letter, I also wanted to remind you of your obligation to provide us with electronic versions of all of NuSpeed's source code (as well as all changes to the source code) and NuSpeed's product documentation in electronic form. As you know, Craig Johnson testified that NuSpeed/Cisco uses a "CVS" system to track source code versions and changes and an "EDCS" system to track and store technical documents. Further, Mr. Johnson indicated that documents produced early in the life of NuSpeed were most likely kept "locally" by the document's author.

---

As we discussed, you will be providing these documents to us in electronic form as soon as possible.

Very truly yours,

**BROOKS & KUSHMAN P.C.**

Marc Lorelli

ML/sdd

BK

# DORSEY & WHITNEY LLP

MINNEAPOLIS
NEW YORK
SEATTLE
DENVER
WASHINGTON, D.C.
NORTHERN VIRGINIA
DES MOINES
LONDON
ANCHORAGE
SALT LAKE CITY
BRUSSELS

SUITE 1500
50 SOUTH SIXTH STREET
MINNEAPOLIS, MINNESOTA 55402-1498
TELEPHONE: (612) 340-2600
FAX: (612) 340-2868
www.dorseylaw.com

**CLIFFORD S. ANDERSON**
**(612) 340-2631**
**FAX (612) 340-2868**
**anderson.clifford@dorseylaw.com**

COSTA MESA
BILLINGS
FARGO
HONG KONG
GREAT FALLS
ROCHESTER
TOKYO
MISSOULA
VANCOUVER
TORONTO
SHANGHAI

April 23, 2002

<u>**VIA FACSIMILE AND U.S. MAIL**</u>
Marc Lorelli, Esq.
Brooks & Kushman P.C.
1000 Towne Centre
Twenty-Second Floor
Southfield, MI 48075

Re: Storage Technology Corporation v. Cisco Systems, Inc.
Civil File No. 00-CV-2253 (MJD/JGL)

Dear Marc:

I am writing regarding a few miscellaneous follow-up discovery items that we have been discussing over the past several days.

First, there are four documents referenced in STK's November 20, 2001, "Particularized Trade Secret Statement" that we have been unable to locate. A listing follows as such documents are described in STK's disclosure: (1) "Storage Services on SN6000, 11/99;" (2) "Remote Disk on the StorageNet 6000, (Mark Bakke), 1999;" (3) "SAN Appliance, 8/99;"and (4) "Enterprise Nearline Business Group Strategic Plan, 8/98, p. 26." Please produce these documents immediately or provide me with bates numbers of these documents if they have been previously produced by STK. In light of the fact that Mr. Bakke is scheduled to be deposed next week, I would like this information no later than Friday April 26, 2002.

Second, please produce the personnel files of the following Cisco employees who were at one time employed by STK: Cynthia Campbell, Nancy Golio, Clayton Haapala, Michael Heinecke, Sharon Kahn, Ted Merdan, Wayne Peterson, Charles Rissmeyer, Gregory Samson, and Donald Teske. Such documents are responsive to Cisco's Document Request No. 2 to STK.

These documents need to be produced especially in light of the fact that you have recently begun noticing some of these persons for deposition (*e.g.*, Michael Heinecke, Nancy Golio, etc.).

Third, you advised me yesterday that you would be promptly providing me with additional information regarding prior testimony and consultancies of your proposed expert Andy Johnson-Laird. Until you provide that information we cannot meaningfully assess whether to object to him as an expert. Thus, until you provide that information, our ten day period for asserting an objection to Mr. Johnson-Laird under Paragraph 5(d) of the Protective Order will not begin to run and no confidential or highly confidential information should be provided to Mr. Johnson-Laird.

Fourth, we discussed the issue of whether we would accept service of subpoenas on behalf of individual Cisco employees. After reviewing the matter, we will agree to accept service of such subpoenas to the extent you choose to serve any in this case. With regards to prior subpoenas that STK attempted to serve on Messrs. Anonen, Chaffin, Lanoux, Leyes, Myers, and Peterson, as you know, it is our position that these individuals were not properly served. You did ultimately personally serve Messrs. Anonen and Peterson. Thus, for those two individuals we will respond accordingly subject to our previously asserted objections. As to Messrs. Chaffin, Lanoux, Leyes, and Myers, to the extent you wish us to respond to their subpoenas, you will need to re-serve us with new subpoenas since their subpoenas have, to date, never been properly served.

Fifth, I have learned just today that Janey Hoe is available the morning of May 23, 2002, for her deposition in California. Please confirm your intentions to proceed on this day.

Sixth, upon further reflection of our phone conversation this morning, in addition to STK's response to Interrogatory No. 16, discussed further below, I would also like a high priority response from STK to Cisco's Document Request No. 10 in conjunction with STK's answer to Interrogatory No. 3(d). These items relate to STK identifying by name the individuals who terminated from STK for the period January 1, 1998, through December 31, 2000 (who did not go to NuSpeed/Cisco), and providing personnel file information for such individuals.

As you know, you have withheld producing responsive information subject to our agreeing to ground rules for us contacting these person. You claimed you had authority for the proposition that such ground rules were appropriate yet you have not sent me such authority. We disagree that such ground rules are necessary or required. We need to know your final position on this issue by this Friday April 26, 2002. If you do not agree to provide the information requested, without your proposed ground rules, we will promptly move to compel on these items.

Finally, as we discussed this morning, we find it inexcusable that STK has been unable to provide a comprehensive response to Interrogatory No. 16 posed by Cisco to STK. That Interrogatory was originally posed in November 2000, well over one year ago. Counsel for STK has stated in open court on numerous occasions that they can identify what trade secrets allegedly were misappropriated by Cisco and such trade secrets presumably encompass the as yet unidentified "second product" referenced in Paragraph 52 of STK's Complaint. Moreover, merely cross-referencing STK's Particularized Trade Secret Statement which is what STK has done to date does not answer the Interrogatory as drafted.

Magistrate Judge Lebedoff made clear in his November 15, Order that STK is obligated to first disclose all its trade secrets that it contends have been misappropriated before other discovery should proceed. Notwithstanding STK's clear failure to comply fully with Magistrate Judge Lebedoff's prior order by not adequately providing a complete answer to Interrogatory No. 16, Cisco has allowed discovery to continue including permitting numerous of its employees to be deposed without the benefit of such discovery from STK. As Roy Ginsburg mentioned last week during depositions in our offices, Cisco will need to revisit whether it will allow deposition discovery to continue in light of STK's continued failure to provide the most basic of discovery in this case, namely, the identification of one of the key products or ideas allegedly misappropriated by Cisco.

Last Friday April 19 you said you believed you would have a response for me by Monday April 22. Yesterday came and went with no response. Today you advised me during our phone conversation that the hold up was the need for your client's to review your proposed response to Interrogatory No. 16. You also said that you could make no guarantees when your response would be forthcoming but that you would try to have it by tomorrow but that it might not be until Monday April 29 due to your firm's retreat this Thursday and Friday.

While I can appreciate your logistical difficulties that you are having with providing us with a timely response to Interrogatory No. 16 this week, I would point out that that they really are not very compelling when put in the context that STK's complete answer to this Interrogatory is long over due and your problems this week are all of your own and client's doing. This matter should have been resolved well over a year ago and you virtually admitted as much during our phone conversation today.

Accordingly, I strongly urge you and STK to find the means and to provide us with a response to Interrogatory No. 16 by close of business tomorrow so that we can adequately prepare our witnesses for deposition. If we do not receive this information we will consider all of our options including possibly postponing the depositions scheduled for next week.

I look forward to hearing from you. Please contact me with any questions.

Very truly yours,

Clifford S. Anderson

Clifford S. Anderson

CSA:nlh

cc: Roy A. Ginsburg, Esq.
Joseph W. Hammell, Esq.

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0913 |
| CONNECTION TEL | 248 358 3351 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 04/23 14:41 |
| USAGE T | 00'46 |
| PGS. SENT | 5 |
| RESULT | OK |

# DORSEY & WHITNEY LLP

MINNEAPOLIS
NEW YORK
SEATTLE
DENVER
WASHINGTON, D.C.
NORTHERN VIRGINIA
DES MOINES
LONDON
ANCHORAGE
SALT LAKE CITY
BRUSSELS

SUITE 1500
50 SOUTH SIXTH STREET
MINNEAPOLIS, MINNESOTA 55402-1498
TELEPHONE: (612) 340-2600
FAX: (612) 340-2868
www.dorseylaw.com

COSTA MESA
BILLINGS
FARGO
HONG KONG
GREAT FALLS
ROCHESTER
TOKYO
MISSOULA
VANCOUVER
TORONTO
SHANGHAI

## FAX COVER SHEET

The information contained in this facsimile message, if a client of this firm is a named addressee, or the message is otherwise intended for a client, is presumptively legally privileged and confidential information. If you are not a named addressee, or if there is any reason to believe that you may have received this message in error, (1) do not read the message below; (2) do not distribute or copy this facsimile; and (3) please immediately call us collect at the number of the sender below.

DATE: **April 23, 2002** TOTAL # OF PAGES (INCLUDING THIS COVER SHEET): 5

| | | | |
|---|---|---|---|
| TO: | **Marc Lorelli** | FAX #: | **(248) 358-3351** |
| FIRM NAME: | **Brooks & Kushman, P.C.** | TELEPHONE #: | **(248) 358-4400** |

| | | | |
|---|---|---|---|
| FROM: | **Clifford S. Anderson** | FAX #: | **(612) 340-2868** |
| TELEPHONE #: | **(612) 340-2631** | EMAIL: | **anderson.clifford@dorseylaw.com** |

COMMENTS:

# DORSEY & WHITNEY LLP

MINNEAPOLIS
NEW YORK
SEATTLE
DENVER
WASHINGTON, D.C.
NORTHERN VIRGINIA
DES MOINES
LONDON
ANCHORAGE
SALT LAKE CITY
BRUSSELS

SUITE 1500
50 SOUTH SIXTH STREET
MINNEAPOLIS, MINNESOTA 55402-1498
TELEPHONE: (612) 340-2600
FAX: (612) 340-2868
www.dorseylaw.com

COSTA MESA
BILLINGS
FARGO
HONG KONG
GREAT FALLS
ROCHESTER
TOKYO
MISSOULA
VANCOUVER
TORONTO
SHANGHAI

## FAX COVER SHEET

The information contained in this facsimile message, if a client of this firm is a named addressee, or the message is otherwise intended for a client, is presumptively legally privileged and confidential information. If you are not a named addressee, or if there is any reason to believe that you may have received this message in error, (1) do not read the message below; (2) do not distribute or copy this facsimile; and (3) please immediately call us collect at the number of the sender below.

DATE: **April 23, 2002** TOTAL # OF PAGES (INCLUDING THIS COVER SHEET): **5**

TO: **Marc Lorelli** FAX #: **(248) 358-3351**

FIRM NAME: **Brooks & Kushman, P.C.** TELEPHONE #: **(248) 358-4400**

FROM: **Clifford S. Anderson** FAX #: **(612) 340-2868**

TELEPHONE #: **(612) 340-2631** EMAIL: **anderson.clifford@dorseylaw.com**

COMMENTS:

Originator's Signature

Original will be sent via: ☒ Mail ☐ Messenger ☐ Air Courier ☐ Will not be sent

PLEASE CONTACT KATE STEINHORST AT (612) 340-8752 IF THIS TRANSMISSION IS INCOMPLETE OR CANNOT BE READ.

Reference# 3166-457719-1

Anderson Aff. Ex. 00022

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**STORAGE TECHNOLOGY CORPORATION,**

Plaintiff,

v.

**CISCO SYSTEMS, INC.,**

Defendant.

Civil No. 00-2253 (JEL/JGL)

**O R D E R**

---

APPEARANCES

Ernie L. Brooks, Esq., Thomas A. Lewry, Esq., and Victor E. Lund, Esq., for Plaintiff Storage Technology Corporation.

Roy Ginsburg, Esq., and Clifford S. Anderson, Esq., for Defendant Cisco Systems, Inc.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on June 25, 2002 on Defendant Cisco's Motion to Amend the Pretrial Order (Doc. No. 83) and Defendant Cisco's Motion to Compel Discovery (Doc. No. 84). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

In this case, Plaintiff Storage Technology Corporation ("StorageTek") alleges that Defendant Cisco Systems, Inc. ("Cisco") raided its

FILED JUN 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

employees, induced breaches of contract and fiduciary duties, and misappropriated trade secrets. According to StorageTek, this conduct occurred when five of its key employees left to work for a company called NuSpeed. Cisco subsequently acquired NuSpeed.

## I. DEFENDANT CISCO'S MOTION TO AMEND THE PRETRIAL ORDER

Cisco requests a four-month extension of the remaining deadlines in the pretrial schedule. Plaintiff StorageTek agrees that an extension is necessary, but not the four months requested by Cisco.

Modifying a pretrial scheduling order requires a showing of good cause by the moving party. See Fed. R. Civ. P. 16(b). Good cause requires the party seeking the extension to show diligence in attempting to comply with the schedule. See Fed. R. Civ. P. 16(b) advisory committee's note (1983 amendment); Archer Daniels Midland Co. v. Aon Risk Serv., Inc., 187 F.R.D. 578, 582 (D. Minn. 1999) ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief") (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Thus, Rule 16(b) focuses on the showing of good cause and diligence by the moving party, not whether the non-moving party will be prejudiced. See Luigino's, Inc. v. Pezrow Co., Inc., 178 F.R.D. 523, 525 (D. Minn. 1998).

Cisco has shown good cause for a modification of the pretrial schedule. For the most part, Cisco has been diligent in attempting to comply with the pretrial schedule. The extensive listing of discovery activities provided

by Cisco in its memorandum evidences Cisco's diligence. As Cisco observes, this case is large and complex, and the parties have been engaged in meaningful discovery for only eight months. However, the Court is compelled to observe also that although Cisco has been mostly diligent in the discovery process, it has also engaged in tactics that have delayed discovery. For example, Cisco did not notice any depositions until April 2002, and it also refused to produce any witnesses to StorageTek until April 2002. Thus, the Court will look with great disfavor on any future motion to extend pretrial deadlines.

The remaining dates in the pretrial schedule will be extended three months, rather than the four months requested by Cisco. Accordingly, StorageTek must serve its expert reports by September 1, 2002. Cisco must serve its expert reports by October 1, 2002. All discovery must be completed by November 1, 2002. Non-dispositive motions must be filed and served prior to December 1, 2002. Dispositive motions must be noticed, served, filed, and heard by February 1, 2003. This case will be considered ready for trial as of May 1, 2003.

## II. DEFENDANT CISCO'S MOTION TO COMPEL DISCOVERY

Cisco moves the Court for an order compelling StorageTek to provide complete answers to Interrogatory No. 21 of Cisco's Second Set of Interrogatories and striking StorageTek's objections to the interrogatory. According to Cisco, Interrogatory No. 21 requests key information pertaining to

the trade secrets allegedly misappropriated by Cisco. Notably, StorageTek did not object to the interrogatory as seeking irrelevant information.

Interrogatory No. 21 reads as follows:

> For each of the twenty-two alleged STK [StorageTek] trade secrets identified and described at pages 9-28 of STK's November 28, 2001, Particularized Trade Secret Statement:
>
> (a) Identify the person or persons who misappropriated each alleged trade secret;
>
> (b) Identify which aspects (e.g., source code, hardware, technical designs, functional specifications, business plans, etc.) of the trade secrets that were misappropriated by the person or persons identified in the answer to Interrogatory No. 21(a);
>
> (c) Identify the date each alleged trade secret was misappropriated;
>
> (d) Describe in detail the manner in which each alleged trade secret was misappropriated;
>
> (e) Identify the dates STK became aware each of the alleged trade secrets were misappropriated;
>
> (f) Describe in detail any internal communications regarding each alleged trade secret misappropriation.

To begin, the Court agrees with Cisco that the interrogatory asks for basic information: the who, what, where, when, and how of the trade secret misappropriation alleged by StorageTek in this case. Cisco is entitled to know what evidence StorageTek has to support its claims. The Court also agrees with Cisco that many of StorageTek's objections not only were unfounded but also were made without the requisite specificity. For these reasons and

those expressed below, the Court orders StorageTek to provide a more complete answer to each subpart of the interrogatory.

As to subpart (a), StorageTek objected to the request as seeking information within the knowledge of Cisco and as vague, ambiguous, overly broad, unduly burdensome, and premature. Without waiving any objections, StorageTek answered that "it believes that each former employee was involved in the misappropriation of StorageTek's Trade Secrets." The Court finds StorageTek's objections not only unfounded but also made without the requisite specificity. In addition, StorageTek's answer to subpart (a) is deficient. Cisco is entitled to know specifically which individuals allegedly misappropriated each of the twenty-six[1] trade secrets at issue in this case. StorageTek's reliance on the statutory definition of "person" as a corporation is unavailing. A corporation such as Cisco can act only though natural persons, and therefore, the identities of the individuals facilitating or participating in the alleged misappropriation must be disclosed. StorageTek must provide a list of the names of people who it believes facilitated, participated in, or committed misappropriation of its trade secrets for each of the twenty-six alleged trade secrets. If StorageTek does not possess this information, it must so state in its answer.

---

[1] StorageTek originally claimed that Cisco misappropriated twenty-two trade secrets but later revised its Trade Secret Statement to twenty-six.

Subpart (b) asks StorageTek to identify the specific aspects of the trade secrets allegedly misappropriated by each identified individual. StorageTek objected to the request as premature because discovery is not yet complete. This objection is improper. StorageTek cannot wait until discovery is complete before providing discovery or the discovery deadline would be meaningless. Moreover, as discovery progressed and information became available, StorageTek should have supplemented its discovery responses. See Fed. R. Civ. P. 26(e). StorageTek's other objections are also unfounded and made without the requisite specificity. With respect to StorageTek's averment that much of the information sought will be provided as part of expert discovery, the Court orders StorageTek to provide any responsive, non-expert information currently in its possession, custody, or control. If StorageTek's only evidence as to the specific aspects of the trade secrets allegedly misappropriated will originate from its expert reports, StorageTek may so answer in lieu of immediately providing any non-expert information.

Subpart (c) seeks the date on which each alleged trade secret was misappropriated. For the reasons set forth previously, StorageTek's objections are rejected. Moreover, its answer is insufficient. StorageTek responded that it "believes that Cisco/NuSpeed has misappropriated its trade secrets from NuSpeed's inception and that the misappropriation is ongoing." If StorageTek knows the date or approximate date on which any of the twenty-six trade secrets were allegedly misappropriated, it must provide this information to

Cisco. The Court orders StorageTek to provide dates for the alleged misappropriation of each of the twenty-six trade secrets at issue or to state that it does not possess the precise information requested. If StorageTek means to assert that it believes each of the twenty-six trade secrets were misappropriated on the day of NuSpeed's inception, it must so state unequivocally.

Subpart (d) asks for a description of the manner in which each alleged trade secret was misappropriated. With this request, Cisco seeks to discover the way or means in which Cisco allegedly misappropriated the trade secrets at issue. StorageTek's general and specific objections to this subpart are unfounded and made without the requisite specificity. The Court orders StorageTek to describe how each of the trade secrets at issue were used or disclosed so as to constitute misappropriation or to state that it has no responsive information. As to StorageTek's representation that much of the information sought will be provided as part of expert discovery, the Court orders StorageTek to provide any responsive, non-expert information currently in its possession, custody, or control. If StorageTek's only evidence as to the manner in which each alleged trade secret was misappropriated will originate from its expert reports, StorageTek may so answer in lieu of immediately providing any non-expert information.

Subpart (e) requests the date on which StorageTek learned of the alleged misappropriation of each trade secret. For the reasons set forth above, StorageTek's general and specific objections to this subpart are unfounded and

inoperative. Without waiving any objection, StorageTek answered the subpart as follows: "[I]t is difficult, if not impossible, to ascertain the precise date upon which StorageTek became aware of its belief that NuSpeed/Cisco misappropriated certain trade secrets. . . . StorageTek became aware that misappropriation was occurring, or likely to be occurring, shortly before it filed the complaint." This answer is inadequate. StorageTek must conduct a reasonable investigation to determine the responsive information in its possession, custody, or control, even if such an investigation is difficult. StorageTek must provide an answer for each of the twenty-six trade secrets. If StorageTek does not possess the information, it must so state in its answer. In StorageTek's memorandum in opposition, it gave a lengthy explanation about why it could not precisely ascertain the dates on which it became aware of the alleged misappropriation. (Pl. Mem. Opp. Mot. Compel at 7-8.) This commentary is very availing to StorageTek in explaining its response to the discovery request, and had StorageTek included this explanation in its response to the interrogatory, Cisco might have been satisfied with the answer. The Court urges StorageTek to include such explanations in all of its revised responses where appropriate, in addition to using its best efforts to providing precise, responsive information.

Finally, subpart (f) asks for internal communications regarding each alleged trade secret misappropriation. StorageTek objected on the grounds that the question asked for "thousands of conversations regarding the

trade secrets at issue." This objection is unfounded; Cisco does not seek to discover all communications related to the trade secrets, but all communications related to the alleged misappropriation of the trade secrets. This objection and StorageTek's other objections are unfounded. In answering subpart (f), StorageTek referred to previously provided business records purportedly containing the requested information. However, Federal Rule of Civil Procedure 33(d) requires a party to "specify the records from which the answer may be derived or ascertained," and StorageTek did not identify the documents or records from which Cisco could obtain the responsive information. The specification must "be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Fed. R. Civ. P. 33(d). StorageTek is ordered either to specify the records in accordance with Rule 33(d), as long as the specification will effect a complete response, or to otherwise fully answer the interrogatory.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Defendant Cisco's Motion to Amend the Pretrial Order (Doc. No. 83) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff must serve its expert reports by September 1, 2002. Defendant must serve its expert reports

by October 1, 2002. All discovery must be completed by November 1, 2002. Non-dispositive motions must be filed and served prior to December 1, 2002. Dispositive motions must be noticed, served, filed, and heard by February 1, 2003. This case will be considered ready for trial as of May 1, 2003.

(2) Defendant Cisco's Motion to Compel Discovery (Doc. No. 84) is **GRANTED**.

Dated: June 26, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge