# *EXHIBIT A*

# TAXATION OF COSTS IN A CIVIL CASE IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

http://www.mnd.uscourts.gov

The following guidelines are provided by the Clerk's Office to assist parties in properly filing documents with this Court. They are NOT legal advice, nor should they be cited as legal authority. Nothing in these guidelines will create or add to any rights, claims or causes of action. All guidelines are subject to exception and modification. Please use these guidelines in conjunction with the Federal rules of Civil Procedure and the Local Rules of this Court.

**EXHIBIT A**

## I. AUTHORITY FOR TAXATION OF COSTS

28 U.S.C. § 1920 Taxation of costs:

A judge or clerk of any court of the United States may tax as costs the following:
1) Fees of the clerk and marshal;
2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
3) Fees and disbursements for printing and witnesses;
4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
5) Docket fees under section 1923 of this title;
6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Federal Rule of Civil Procedure 54(d)(1):

Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the Clerk on one day's notice. On motion served within 5 days thereafter, the action of the Clerk may be reviewed by the court.

Federal Rule of Appellate Procedure 39(e):

The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

1) the preparation and transmission of the record;
2) the reporter's transcript, if needed to determine the appeal;
3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
4) the fee for filing the notice of appeal.

## II. PROCEDURES FOR TAXATION OF COSTS BY THE CLERK

### A. Introduction

When a judgment is entered in favor of a party it may use the language "and costs." The costs are not itemized at this point. If the parties are unable to agree as to the amount of costs, the prevailing party may file a bill of costs. A bill of costs is distinct from a motion for attorneys' fees and costs. In some situations it may be appropriate to file both a bill of costs and a motion for attorneys' fees and costs. Duplicate costs, however, will not be awarded.

The procedure for taxing costs varies between districts. When and how taxation takes place

depends upon local practice, statutes, case decisions, and local court rules. In this district it is generally the Clerk who reviews bills of costs. There are, however, occasions when the judge who handled the case will rule on the bill of costs.

## B. What to File

A request for taxation of costs is called a "bill of costs." It is not a motion. The Administrative Office of the United States Courts ("AO"), has prepared a form bill of costs, AO 133. The form is available on the Court's web site or from the Clerk's Office. A bill of costs must be submitted on form AO 133. [1] A bill of costs submitted in a manner other than on form AO 133 will be returned by the Clerk's Office.

Attached to the bill of costs should be copies of any vouchers, bills, canceled checks, or other documentation showing the amount of costs and/or their purpose. It is not generally necessary to submit multiple documentation of a single cost. For example, an invoice is generally sufficient documentation of a cost.

In cases involving more than a single plaintiff and/or a single defendant, the Clerk will not award the same cost more than once. Generally, where multiple prevailing parties or multiple losing parties are represented by the same counsel, it is assumed they may be treated as a single entity for purposes of the bill of costs. If this is not the situation, the memorandum and/or opposition should include an explanation of why the parties believe they should be treated differently and how. Generally, where multiple prevailing parties or multiple losing parties are represented by different counsel, it is assumed they should be treated as separate entities for purposes of the bill of costs. In this situation the memorandum and/or opposition should address the issues of which costs are attributable to which party and how they should be apportioned.

## C. <u>When to File</u>

It is the practice of the Clerk not to tax costs until the time for filing an appeal has expired. Costs are not ordinarily taxed while an appeal is pending because of the possibility that the judgment may be reversed. However, if a party believes there is a reason why they should be immediately taxed in a particular case, he or she may make a written request for taxation prior to resolution of the appeal.

There is no strict deadline for filing a bill of costs with the court. However, a bill of costs must be filed within a reasonable period of time. Upon receipt of a bill of costs, the clerk's office will issue a briefing schedule for objections and responses. In computing briefing schedule's due dates, the parties should follow Fed. R. Civ. P. 6.

If after a bill of costs is filed the parties resolve the matter between themselves, the Clerk should be immediately notified in writing that the bill of costs is being withdrawn or has been resolved.

## D. <u>Frequently Requested Costs and Standards Applied by the Clerk</u>

### 1. <u>Introduction</u>

The Clerk reviews each bill of costs, regardless of whether it is opposed. In this district there are certain limits on the Clerk's discretion to tax costs. Thus, while case law may support the recovery of a particular cost, the Clerk may lack the authority to tax it. In such a situation, the cost may still be requested. The Clerk will generally explain which costs are not allowed because he or she lacks authority to tax them. The Clerk may also deny a particular cost if there is a split of legal authority and no established practice in this district. Review by a district judge may then be sought under Fed. R. Civ. P. 54(d)(1).

### 2. <u>Filing Fees</u>

**a. <u>Fees recoverable</u>**

28 U.S.C. § 1920(1) provides for the taxation of fees paid to the Clerk. This is most commonly the initial filing fee and/or appeal filing fee paid to the Clerk of this court. In a case removed to this court, it may also include the fee paid to the state court when the case was originally filed.

**b. Documentation**

A receipt or canceled check for fees paid to the clerk of another court should be submitted. Receipts for fees paid to the Clerk of this court are a part of the court file and need not be resubmitted.

**3. Marshal's fees**

28 U.S.C. § 1920(1) also provides for taxation of costs paid to the United States Marshal. In this district, however, the fees paid to private process servers are not taxable as costs. Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985); Shimek v. Michael Weinig AG, File No. 99-CV-2015, 2003 WL 328038, at *1 (D. Minn. 2003).

**4. Transcripts**

**a. Trial or hearing transcripts**

The Clerk may tax the cost of a trial or hearing transcript if: 1) it was needed for an appeal; 2) it was ordered or requested by a judge; or 3) it was prepared with agreement by the parties that the cost would be taxed. Filing of a transcript is not sufficient to show that these criteria have been met.

**b. Deposition transcripts**

The cost of deposition transcripts may be taxed if reasonably necessary to the party's case in light of the particular situation existing at the time of taking. In this district, however, the Clerk's authority to tax the cost of a deposition is limited to: 1) depositions of persons who testify at trial; 2) depositions admitted into evidence; and 3) depositions which are submitted in connection with the event, generally summary judgment or trial, which terminated the litigation. The Clerk does not tax the costs of depositions taken for the purpose of discovery or trial preparation.

**c. Video depositions**

The determination whether to tax the cost of a video deposition is made on a case by case basis. It is helpful to give an explanation as to why a video was necessary. In this district, the Clerk will generally tax the cost of a video deposition if it meets the criteria for a deposition transcript. The Clerk will generally not tax the costs of both a video deposition and a transcript.

**d. Documentation**

Transcript or deposition invoices should be submitted. For each hearing or deposition the Clerk looks for total cost, any extra charges, total number of pages and the per page rate. If any of this information is not on the invoice it may be provided in another form such as an affidavit. It is helpful if the bill of costs or memorandum includes an explanation of how each transcript was used or why it was necessary, and, if an expedited or daily transcript was obtained, why it was necessary.

**5. Witness Fees**

Witness fees taxable under 28 U.S.C. § 1920(3) are the fees prescribed by 28 U.S.C. § 1821. They include:

a. The statutory attendance fee of $40.00 per day. 28 U.S.C. § 1821(b). It is presumed that a witness testifies and is able to travel in a single day. When seeking more than a single day's fee, an explanation should be provided.

b. Travel expenses, including tolls and parking. If travel is by common carrier, a receipt should be submitted. If mileage is sought, it should be at the rate for official government travel in effect at the time the travel took place. For the official government travel rate see 41 C.F.R. § 301-10.303. The rate may also be accessed through the General Services Administration web site: http:www.gsa.gov/.[2]

Absent special circumstances, the Clerk is limited to taxing mileage up to the 100-mile limit in Fed. R. Civ. P. 45(b)(2) for witnesses traveling from outside the District of Minnesota. Linneman Constr., Inc. v. Montana-Dakota Utilities Co., Inc., 504 F.2d 1365, 1371 (8th Cir. 1974).

c. A subsistence allowance for overnight stays which does not exceed the maximum per diem for official government travel in effect at the time the stay took place. For per diem rates see 41 C.F.R. ch. 301, App. A. They may also be accessed through http://www.gsa.gov/.[3]

There are certain items the Clerk will not tax as witness fees. These include:

a. fees paid to an expert witness beyond the daily attendance fee;
b. expense of parties;
c. fees and expenses paid to witnesses who do not actually testify at trial; and
d. fees and expenses paid to deponents when the cost of the deposition is not taxed.

**6. Copies**

a. **Costs which will be taxed**

In this district, the Clerk will tax only the cost of copies which are provided to the Clerk as exhibits or which are required to be filed with the court or served on opposing counsel. This does not include the cost of original papers nor of copies retained by the party. For example, a five page motion with three pages of exhibits, would be taxed as a total of 27 copies: one eight page copy which is required to be served on opposing counsel; two eight page copies which are required to be provided to the court by Local Rule 5.2(b)(1)(C) (D. Minn. 2003); and the three pages of exhibits filed with the court.

b. **Costs which will not be taxed**

The Clerk will not tax the copy costs of discovery documents, copies retained by counsel for counsel's use, or copies provided to clients.

c. **Documentation**

If copies are made by an outside service, a copy of the invoice should be submitted. The cost of in-house copying may be documented by billing records or other documents. The Clerk will not tax copy costs if it cannot be determined whether all or a specific number of copies are taxable. It is helpful if the bill of costs or supporting memorandum identifies each document, lists the number of pages, the number of copies and their purpose, the per page rate, and the total cost.

7. **Miscellaneous costs**

a. **Docket fees**

28 U.S.C. § 1923 allows for the taxation of certain fees including $20.00 on trial or final hearing (including a default judgment whether entered by the court or by the Clerk); $5.00 on discontinuance of a civil motion; $5.00 on motion for judgment; and $2.50 for each deposition admitted into evidence.

c. **Bond premiums**

Amounts paid to supply a supersedeas bond or other bonds to preserve rights pending appeal may be taxed by the Clerk.

c. **Interpreter fees**

When the Court appoints an interpreter, his or her compensation may be taxed as a cost. Fed. R. Civ. P. 43(f).

8. **Costs generally not allowed by the Clerk**

a. Travel expenses of counsel.

b. Fees for computerized legal research.

c. Secretarial services.

d. Paralegal and/or investigative services.

e. Mediation costs.

## III. AFTER COSTS HAVE BEEN TAXED BY THE COURT

A. Once the Clerk has taxed costs, either side may file a motion for review of the decision. The motion must be filed within five (5) days from the date the order taxing costs was entered. Fed. R. Civ. P. 54(d)(1).

B. Once the court has ruled on a motion for review or the time for seeking review has expired, the costs should be paid directly to the prevailing party. Costs are NOT processed through the Office of the Clerk. To record the fact of payment, a party must file a satisfaction of judgment for costs.

---

[1] 28 U.S.C. § 1924 requires that "[b]efore any bill of costs is taxed, the party . . . shall attach thereto an affidavit . . . that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. However, the filing of a bill of costs on form AO 133 satisfies the affidavit requirement, and therefore no separate affidavit need be filed.

[2] For those parties who are using this guide offline, the current internet address is: http://www.gsa.gov/Portal/gsa/ep/contentView.do?contentId=9646&contentType=GSA_BASIC

[3] For those parties who are using this guide offline, the current internet address is: http://policyworks.gov/org/main/mt/homepage/mtt/perdiem/perd03d.html