# *EXHIBIT D*

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Storage Technology Corporation,

Plaintiff,

v.

Cisco Systems, Inc.,

Defendant.

Civil File No. 00-2253 JNE/JGL

**AFFIDAVIT OF CLIFFORD S. ANDERSON IN SUPPORT OF CISCO SYSTEMS, INC.'S BILL OF COSTS**

---

STATE OF MINNESOTA )
) SS:
COUNTY OF HENNEPIN )

**CLIFFORD S. ANDERSON,** being first duly sworn on oath, deposes and states as follows:

1. I am an attorney with the law firm of Dorsey & Whitney LLP, and am one of the attorneys representing defendant Cisco Systems, Inc. ("Cisco") in the above-captioned action.

2. This Affidavit is submitted in support of defendant's Bill of Costs. The matters contained in this Affidavit are based on my personal knowledge.

3. Attached hereto as Exhibit A is a true and correct copy of a July 8, 2003, invoice from the United States District Court for the District of Minnesota, listing $293.82 for the Reporter's Transcript of Proceedings of the June 23, 2003, Civil Motion Hearing in the above-captioned matter.

4. Attached hereto as Exhibit B-1 is a true and correct copy of a March 13, 2002

**EXHIBIT D**

invoice from Atkinson-Baker, Inc. totaling $443.70 for certified copies of the reporter's transcripts of the February 19, 2002, depositions of Dave Myers and John Leyes used in the above-captioned matter.

5. Attached hereto as Exhibit B-2 is a true and correct copy of a March 5, 2002 invoice from Atkinson-Baker, Inc. totaling $443.15 for certified copies of the reporter's transcripts of the February 20, 2002, depositions of Michael Chaffin and Robert Lanoux used in the above-captioned matter.

6. Attached hereto as Exhibit B-3 is a true and correct copy of a March 7, 2002 invoice from Atkinson-Baker, Inc. totaling $412.15 for certified copies of the reporter's transcripts of the February 21, 2002, depositions of David Peterson and Daniel Anonen used in the above-captioned matter.

7. Attached hereto as Exhibit B-4 is a true and correct copy of an April 15, 2002 invoice from Atkinson-Baker, Inc. totaling $252.35 for a certified copy of the reporter's transcript of the April 1, 2002, deposition of Mark Schrandt used in the above-captioned matter.

8. Attached hereto as Exhibit B-5 is a true and correct copy of an April 15, 2002 invoice from Atkinson-Baker, Inc. totaling $143.35 for a certified copy of the reporter's transcript of the April 2, 2002, deposition of Mark Cree used in the above-captioned matter.

9. Attached hereto as Exhibit B-6 is a true and correct copy of an April 29, 2002 invoice from Atkinson-Baker, Inc. totaling $415.30 for certified copies of the reporter's transcripts of the April 16, 2002, depositions of Steven DeGroote and Craig Johnson used in the above-captioned matter.

10. Attached hereto as Exhibit B-7 is a true and correct copy of a May 3, 2002 invoice from Atkinson-Baker, Inc. totaling $262.30 for certified copies of the reporter's

transcripts of the April 17, 2002, depositions of Michael Tierney and Michael Heinecke used in the above-captioned matter.

11. Attached hereto as Exhibit B-8 is a true and correct copy of a May 17, 2002 invoice from Atkinson-Baker, Inc. totaling $522.80 for certified copies of the reporter's transcripts of the May 1, 2002, depositions of Clint Jurgens, David Thompson, Timothy Kuik and Donald Rog used in the above-captioned matter.

12. Attached hereto as Exhibit B-9 is a true and correct copy of a May 17, 2002 invoice from Atkinson-Baker, Inc. totaling $256.05 for a certified copy of the reporter's transcript of the May 2, 2002, deposition of Mark Bakke used in the above-captioned matter.

13. Attached hereto as Exhibit B-10 is a true and correct copy of a May 29, 2002 invoice from Atkinson-Baker, Inc. totaling $344.75 for certified copies of the reporter's transcripts of the May 14, 2002, depositions of Nancy Golio and Stan Mros used in the above-captioned matter.

14. Attached hereto as Exhibit B-11 is a true and correct copy of a May 30, 2002 invoice from Atkinson-Baker, Inc. totaling $397.25 for certified copies of the reporter's transcripts of the May 15, 2002, depositions of Anthony Beltran, Erika Hohenstein and Matt Massey used in the above-captioned matter.

15. Attached hereto as Exhibit B-12 is a true and correct copy of a May 30, 2002 invoice from Atkinson-Baker, Inc. totaling $314.85 for certified copies of the reporter's transcripts of the May 16, 2002, depositions of David Weinzierl and Dennis Hadders used in the above-captioned matter.

16. Attached hereto as Exhibit B-13 is a true and correct copy of a May 31, 2002 invoice from Atkinson-Baker, Inc. totaling $390.40 for a certified copy of the reporter's

transcript of the May 23, 2002, deposition of Janey Ching Iu Hoe used in the above-captioned matter.

17. Attached hereto as Exhibit B-14 is a true and correct copy of a June 17, 2002 invoice from James M. Trapskin Court Reporting Services totaling $2,260.35 for certified copies of the reporter's transcripts of the June 4, 5, 10, 2002, depositions of Jeremy Swift, Timothy Mueggenberg and Gary Schumacher used in the above-captioned matter.

18. Attached hereto as Exhibit B-15 is a true and correct copy of a June, 2002 invoice from James M. Trapskin Court Reporting Services totaling $854.50 for a certified copy of the reporter's transcript of the June 4, 2002, deposition of Christopher Van Krevelen used in the above-captioned matter.

19. Attached hereto as Exhibit B-16 is a true and correct copy of a June 13, 2002 invoice from James M. Trapskin Court Reporting Services totaling $827.60 for a certified copy of the reporter's transcript of the June 5, 2002, deposition of Wade Oberpriller used in the above-captioned matter.

20. Attached hereto as Exhibit B-17 is a true and correct copy of a June 13, 2002 invoice from James M. Trapskin Court Reporting Services totaling $795.65 for a certified copy of the reporter's transcript of the June 6, 2002, deposition of Rodney Nelson used in the above-captioned matter.

21. Attached hereto as Exhibit B-18 is a true and correct copy of a June 25, 2002 invoice from Atkinson-Baker, Inc. totaling $517.75 for certified copies of the reporter's transcripts of the June 6, 2002, depositions of Mark Schrandt and Ed Fiore used in the above-captioned matter.

22. Attached hereto as Exhibit B-19 is a true and correct copy of a June 12, 2002 invoice from Barbara J. Carey, RPR totaling $828.25 for a certified copy of the reporter's transcript of the June 7, 2002, deposition of Darrel Spiczka used in the above-captioned matter.

23. Attached hereto as Exhibit B-20 is a true and correct copy of a June 12, 2002 invoice from Barbara J. Carey, RPR totaling $431.25 for a certified copy of the reporter's transcript of the June 11, 2002, deposition of William Krause used in the above-captioned matter.

24. Attached hereto as Exhibit B-21 is a true and correct copy of a July 12, 2002 invoice from Atkinson-Baker, Inc. totaling $416.35 for certified copies of the reporter's transcripts of the June 27, 2002, depositions of Theodore Schmitz and Laura Sokol-Kraft used in the above-captioned matter.

25. Attached hereto as Exhibit B-22 is a true and correct copy of July 7, 2002 invoice from James M. Trapskin Court Reporting Services totaling $476.05 for a certified copy of the reporter's transcript of the June 28, 2002, deposition of Robert Bartee used in the above-captioned matter.

26. Attached hereto as Exhibit B-23 is a true and correct copy of a July 20, 2002 invoice from James M. Trapskin Court Reporting Services totaling $1,171.00 for a certified copy of the reporter's transcript of the July 9, 2002, deposition of Sheri McCallum used in the above-captioned matter.

27. Attached hereto as Exhibit B-24 is a true and correct copy of a July 22, 2002 invoice from James M. Trapskin Court Reporting Services totaling $590.30 for a certified copy of the reporter's transcript of the July 10, 2002, deposition of Scott Nelson used in the above-captioned matter.

28. Attached hereto as Exhibit B-25 is a true and correct copy of a July 22, 2002 invoice from James M. Trapskin Court Reporting Services totaling $489.75 for a certified copy of the reporter's transcript of the July 11, 2002, deposition of Peter Hahn used in the above-captioned matter.

29. Attached hereto as Exhibit B-26 is a true and correct copy of a July 29, 2002 invoice from James M. Trapskin Court Reporting Services totaling $1,116.35 for a certified copy of the reporter's transcript of the July 17, 2002, deposition of Robert Munsey used in the above-captioned matter.

30. Attached hereto as Exhibit B-27 is a true and correct copy of a July 29, 2002 invoice from Atkinson-Baker, Inc. totaling $210.60 for certified copies of the reporter's transcripts of the July 17, 2002, depositions of Douglas Ingraham, Darren Vickers and Kenneth Widstrom used in the above-captioned matter.

31. Attached hereto as Exhibit B-28 is a true and correct copy of an August 15, 2002 invoice from Atkinson-Baker, Inc. totaling $25.00 for the electronic transcript of the July 17, 2002, deposition of Douglas Ingraham used in the above-captioned matter.

32. Attached hereto as Exhibit B-29 is a true and correct copy of an August 1, 2002 invoice from Atkinson-Baker, Inc. totaling $173.50 for a certified copy of the reporter's transcript of the July 18, 2002, deposition of Jeffrey Hinck used in the above-captioned matter.

33. Attached hereto as Exhibit B-30 is a true and correct copy of an August 14, 2002 invoice from Atkinson-Baker, Inc. totaling $329.00 for certified copies of the reporter's transcripts of the July 30, 2002, depositions of Charles Beeler and Heidi Crozer used in the above-captioned matter.

34. Attached hereto as Exhibit B-31 is a true and correct copy of an August 14, 2002 invoice from Atkinson-Baker, Inc. totaling $132.50 for a certified copy of the reporter's transcript of the July 31, 2002, deposition of Andreas Bechtolsheim used in the above-captioned matter.

35. Attached hereto as Exhibit B-32 is a true and correct copy of a September 18, 2002 invoice from James M. Trapskin Court Reporting Services totaling $1,579.00 for a certified copy of the reporter's transcript of the September 12, 2002, deposition of Ravi Kavuri used in the above-captioned matter.

36. Attached hereto as Exhibit B-33 is a true and correct copy of a September 19, 2002 invoice from James M. Trapskin Court Reporting Services totaling $888.55 for a certified copy of the reporter's transcript of the September 12, 2002, deposition of Reed Nelson used in the above-captioned matter.

37. Attached hereto as Exhibit B-34 is a true and correct copy of a September 19, 2002 invoice from James M. Trapskin Court Reporting Services totaling $630.30 for a certified copy of the reporter's transcript of the September 13, 2002, deposition of Bruce Johnson used in the above-captioned matter.

38. Attached hereto as Exhibit B-35 is a true and correct copy of a September 24, 2002 invoice from James M. Trapskin Court Reporting Services totaling $1,301.00 for a certified copy of the reporter's transcript of the September 13, 2002, deposition of Bradley Stamas used in the above-captioned matter.

39. Attached hereto as Exhibit B-36 is a true and correct copy of an October 21, 2002 invoice from James M. Trapskin Court Reporting Services totaling $1,242.00 for a certified copy

of the reporter's transcript of the October 15, 2002, deposition of James Hughes used in the above-captioned matter.

40. Attached hereto as Exhibit B-37 is a true and correct copy of an October 23, 2002 invoice from Agren Blando Court Reporting & Video, Inc. totaling $2,295.93 for a certified copy of the reporter's transcript of the October 16, 2002, deposition of Timothy Schulte used in the above-captioned matter.

41. Attached hereto as Exhibit B-38 is a true and correct copy of an October 31, 2002 invoice from Agren Blando Court Reporting & Video, Inc. totaling $2,001.70 for a certified copy of the reporter's transcript of the October 17, 2002, deposition of Walter Hinton used in the above-captioned matter.

42. Attached hereto as Exhibit B-39 is a true and correct copy of an October 30, 2002 invoice from James M. Trapskin Court Reporting Services totaling $1,422.00 for a certified copy of the reporter's transcript of the October 22, 2002, deposition of Joan Wrabetz used in the above-captioned matter.

43. Attached hereto as Exhibit B-40 is a true and correct copy of an October 29, 2002 invoice from James M. Trapskin Court Reporting Services totaling $613.00 for a certified copy of the reporter's transcript of the October 23, 2002, deposition of Karie Lorge used in the above-captioned matter.

44. Attached hereto as Exhibit B-41 is a true and correct copy of an October 29, 2002 invoice from James M. Trapskin Court Reporting Services totaling $312.00 for a certified copy of the reporter's transcript of the October 23, 2002, deposition of Gregory Massey used in the above-captioned matter.

45. Attached hereto as Exhibit B-42 is a true and correct copy of a November 7, 2002 invoice from James M. Trapskin Court Reporting Services totaling $493.00 for a certified copy of the reporter's transcript of the October 31, 2002, deposition of Julie Urban used in the above-captioned matter.

46. Attached hereto as Exhibit B-43 is a true and correct copy of a November 7, 2002 invoice from James M. Trapskin Court Reporting Services totaling $326.00 for a certified copy of the reporter's transcript of the October 31, 2002, deposition of Todd Stafford used in the above-captioned matter.

47. Attached hereto as Exhibit B-44 is a true and correct copy of a November 7, 2002 invoice from James M. Trapskin Court Reporting Services totaling $78.00 for a certified copy of the reporter's transcript of the October 31, 2002, deposition of Linda Sharkey used in the above-captioned matter.

48. Attached hereto as Exhibit B-45 is a true and correct copy of a November 7, 2002 invoice from James M. Trapskin Court Reporting Services totaling $57.00 for a certified copy of the reporter's transcript of the November 1, 2002, deposition of Jon Moter used in the above-captioned matter.

49. Attached hereto as Exhibit B-46 is a true and correct copy of a November 7, 2002 invoice from James M. Trapskin Court Reporting Services totaling $108.00 for a certified copy of the reporter's transcript of the November 1, 2002, deposition of George Black used in the above-captioned matter.

50. Attached hereto as Exhibit B-47 is a true and correct copy of a November 7, 2002 invoice from James M. Trapskin Court Reporting Services totaling $121.00 for a certified copy

of the reporter's transcript of the November 1, 2002, deposition of John Massey used in the above-captioned matter.

51. Attached hereto as Exhibit B-48 is a true and correct copy of a November 7, 2002 invoice from James M. Trapskin Court Reporting Services totaling $105.00 for a certified copy of the reporter's transcript of the November 1, 2002, deposition of David Huhne used in the above-captioned matter.

52. Attached hereto as Exhibit B-49 is a true and correct copy of a November 7, 2002 invoice from James M. Trapskin Court Reporting Services totaling $80.00 for a certified copy of the reporter's transcript of the November 1, 2002, deposition of Don Teske used in the above-captioned matter.

53. Attached hereto as Exhibit B-50 is a true and correct copy of a November 7, 2002 invoice from James M. Trapskin Court Reporting Services totaling $60.00 for a certified copy of the reporter's transcript of the November 1, 2002, deposition of Roger Woodruff used in the above-captioned matter.

54. Attached hereto as Exhibit B-51 is a true and correct copy of a November 15, 2002 invoice from Atkinson-Baker, Inc. totaling $1,595.56 for a certified copy of the reporter's transcript of the November 5, 2002, depositions of Brian Berg used in the above-captioned matter.

55. Attached hereto as Exhibit B-52 is a true and correct copy of an November 20, 2002 invoice from Atkinson-Baker, Inc. totaling $25.00 for the electronic transcript of the November 5, 2002, deposition of Brian Berg used in the above-captioned matter.

56. Attached hereto as Exhibit B-53 is a true and correct copy of a November 15, 2002 invoice from Atkinson-Baker, Inc. totaling $1,306.08 for a certified copy of the reporter's

transcript of the November 6, 2002, deposition of George Norton used in the above-captioned matter.

57. Attached hereto as Exhibit B-54 is a true and correct copy of a November 19, 2002 invoice from Kathy L. Soper totaling $360.75 for certified copies of the reporter's transcripts of the November 11, 2002, deposition of Robert Brower used in the above-captioned matter.

58. Attached hereto as Exhibit B-55 is a true and correct copy of a November 18, 2002 invoice from James M. Trapskin Court Reporting Services totaling $399.00 for a certified copy of the reporter's transcript of the November 12, 2002, deposition of Mark Cree used in the above-captioned matter.

59. Attached hereto as Exhibit B-56 is a true and correct copy of a November 18, 2002 invoice from James M. Trapskin Court Reporting Services totaling $52.00 for a certified copy of the reporter's transcript of the November 12, 2002, deposition of Timothy Nantell used in the above-captioned matter.

60. Attached hereto as Exhibit B-57 is a true and correct copy of a November 18, 2002 invoice from James M. Trapskin Court Reporting Services totaling $96.00 for a certified copy of the reporter's transcript of the November 12, 2002, deposition of John Kelly used in the above-captioned matter.

61. Attached hereto as Exhibit B-58 is a true and correct copy of a November 20, 2002 invoice from James M. Trapskin Court Reporting Services totaling $1,319.34 for a certified copy of the reporter's transcript of the November 11, 2002, deposition of Michael Booth used in the above-captioned matter.

62. Attached hereto as Exhibit B-59 is a true and correct copy of a December 31, 2002 invoice from James M. Trapskin Court Reporting Services totaling $763.05 for certified copies of the reporter's transcripts of the December 17, 2002, depositions of David Weiss, Robert Munsey and James Hughes – Vol. II, used in the above-captioned matter.

63. The sum of the court reporting fees in Exhibits B-1 to B-59 is $35,918.51. That figure plus the cost of the summary judgment hearing transcript of $293.82 as set forth in Ex. A yields a total of $36,212.33 for "fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case" (*i.e.*, $36,212.33 + $293.82).

64. Attached hereto as Exhibit C-1 is a true and correct copy of an October 3, 2002 Dorsey & Whitney LLP check request for statutory witness fees payable to Walt Hinton totaling $83.48 in connection with his October 17, 2002 deposition.

65. Attached hereto as Exhibit C-2 is a true and correct copy of a September 23, 2002 Dorsey & Whitney LLP check request for statutory witness fees payable to Joan Wrabetz totaling $52.60 in connection with her October 22, 2002 deposition.

66. Attached hereto as Exhibit C-3 is a true and correct copy of an October 23, 2002 Dorsey & Whitney LLP check request for statutory witness fees payable to Julie Urban totaling $69.20 in connection with her October 31, 2002 deposition.

67. Attached hereto as Exhibit C-4 is a true and correct copy of an October 23, 2002 Dorsey & Whitney LLP check request for statutory witness fees payable to Todd Stafford totaling $69.20 in connection with his October 31, 2002 deposition.

68. Attached hereto as Exhibit C-5 is a true and correct copy of an October 3, 2002 Dorsey & Whitney LLP check request for statutory witness fees payable to Mike Booth totaling $69.20 in connection with her November 11, 2002 deposition.

69. Attached as hereto as Exhibit D-1 is a true and correct copy of a print out from the U.S. General Services Administration's website at www.gsa.gov showing that the max lodging per diem in 2002 was $95 in the Minneapolis area and the max per diem rate per day for the Minneapolis area was $141.

70. Attached hereto as Exhibit D-2 are redacted pages 1, 6, and 7 from a December 12, 2002, Kelly & Associates invoice to Dorsey & Whitney LLP. The unredacted portions of these pages relate to expenses associated with Dr. Kelly's travel and lodging to Minneapolis for his deposition on in the above-captioned action on November 12, 2004. These pages reflect at total of $77.00 in parking and taxi expenses, $576.20 for food and lodging at the Minneapolis Marriott Hotel, and first class airfare charges of $2,617.90. In connection with Dr. Kelly's expenses associated with his expert deposition in this case, Cisco is claiming $77.00 for the parking and taxi expenses, $141 for hotel and lodging that reflects the per diem cap permissible in 2002, and an estimate of $500 for what a coach fare ticket would have cost had Dr. Kelly traveled coach rather than first class that cost Dr. Kelly $$2,617.90. Thus, the total witness fee expenses claimed related to Dr. Kelly's travels to Minnesota for his deposition are $718.00.

71. Attached hereto as Exhibit E-1 is a summary prepared at my direction of all the materials submitted by defendant Cisco in connection its summary judgment motions in this case along with corresponding page counts. The number of pages for all these materials was 6,275 pages. Cisco was required to provide the original and two copies of the materials to the court and one copy to Storage Technology Corporation, making the total page count 25,100 pages (*i.e.*, 4 x 6,275).

72. Attached hereto as Exhibit E-2 are true and correct copies of Lighthouse Document Technology invoices from January 22 -24, 2003 detailing the per page copy rate of

$.14/page and $3.00 per binding that was used for Cisco's summary judgment papers during January 2003. The same rates were used for reply brief materials and Cisco's motion to strike response that were served and filed in March 2003. Therefore, the total amount for copying charges attributed to Cisco's summary judgment papers is $3,514.00 (*i.e.*, 25,100 x $0.14/page) plus an additional $624.00 (52 affidavits x 4 copies x $3.00/binding) for binding of supporting affidavits for total "fees for exemplification and copies of papers necessarily obtained for use in the case" of $4,138.00.

73. I am informed that Cisco has reimbursed Dorsey & Whitney LLP and Dr. John Kelly for all the costs reflected in Exhibits A-E by virtue of its payment of all its outstanding invoices received from Dorsey & Whitney LLP and Kelly & Associates that encompass the costs reflected in Exhibits A-E.

FURTHER AFFIANT SAITH NOT.

Clifford S. Anderson

CLIFFORD S. ANDERSON

Subscribed and sworn to before me

this 3 day of March, 2005.

Notary Public

SUZANNE L. ROBBINS
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010