# *EXHIBIT E*

1994 WL 116364 (D.Kan.)

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Kansas.
Diana J. ROWLINSON, Plaintiff,
v.
TRADERS INSURANCE COMPANY, Defendant.
Civ. A. No. 92-4249-DES.
March 29, 1994.

Jack L. Heath, Heath & Fisher, Topeka, KS, for plaintiff.
Paul P. Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Overland Park, KS, for defendant.

*MEMORANDUM AND ORDER*

SAFFELS, District Judge.

***1** This matter is before the court on the motion of the plaintiff for review of the clerk's order taxing costs (Doc. 63).

Plaintiff originally filed this action in state court. On November 2, 1992, the defendant removed the action, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). On August 13, 1993, this court granted the plaintiff's motion to voluntarily dismiss the action without prejudice, with costs to be assessed to the plaintiff.

The defendant filed a timely bill of costs with the clerk, seeking an award of $1,262.40. The plaintiff filed an objection. Thereafter, the clerk entered an order taxing costs in the amount of $1,222.40. The plaintiff timely filed her motion seeking a review of the award, and defendant filed a timely response.

In conducting a review of costs taxed by the clerk, the court makes a *de novo* determination in the exercise of its sound discretion. *E.g., Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 232-33 (1964), *disapproved in part on other grounds, Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987); *Frigiquip Corp. v. Parker-Hannifin Corp.,* 75 F.R.D. 605, 613 (W.D.Okla.1976).

The taxing of costs, except as otherwise provided by statute, rests largely in the sound discretion of the trial court. [FN1] *Euler v. Waller,* 295 F.2d 765, 766 (10th Cir.1961). The Supreme Court has specifically held, however, that the court's discretion in taxing costs is limited by 18 U.S.C. § 1920, [FN2] which specifies the categories of costs that may be awarded. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. at 441-42 (§ 1920, by enumerating costs that may be taxed by a federal court under the discretionary authority found in Rule 54(d), does not grant discretion to award costs beyond the limits of the items listed in § 1920). The discretion of the court in determining and awarding costs is contingent on the court's determination that the expenses requested are allowable cost items under the statute and that the amounts requested are reasonable and necessary. *See Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co.,* 924 F.2d 633, 642 (7th Cir.1991). A finding that a requested cost is statutorily authorized creates a presumption favoring their award. *U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1245 (10th Cir.1988). Nevertheless, the fact that § 1920 requires the filing of a **bill** of **costs** necessarily implies that the **burden** is on the prevailing party to establish to the court's satisfaction that the particular costs for which reimbursement is claimed are authorized by statute. *Cf. Farmer v. Arabian American Oil Co.,* 379 U.S. at 235 (items proposed by winning parties as costs should always be given careful scrutiny; Rule 54(d) does not give district courts unfettered discretion to tax costs for every expense winning litigant has seen fit to incur). For some categories of costs, this includes a showing by the prevailing party that the materials were necessarily obtained for use in the case. "Whether an item is necessarily obtained for use in a case so that expense therefore may be taxed as a cost calls for a factual evaluation, a task which is committed to the discretion of the trial court." *Mikel v. Kerr,* 499 F.2d 1178, 1183 (10th Cir.1974) (citing *United States v. Kolesar,* 313 F.2d 835 (5th Cir.1963)).

***2** The plaintiff first objects to the award of $120 for the filing fee paid by the defendant to the clerk upon removal of the action to this court. Plaintiff contends that because she already paid a filing fee in state court, she should not be taxed for the filing fee associated with the defendant's removal to federal court. However, court filing fees are allowed as costs whether paid when the action was originally commenced or when the action was removed. *Card v. State Farm Fire and Cas. Co.,* 126

**EXHIBIT E**

F.R.D. 658, 660 (N.D.Miss.1989) (citing cases), *aff'd,* 902 F.2d 957 (5th Cir.1990). Consequently, the filing fee for removal to federal court is properly taxed to the plaintiff as a cost of this action.

Next, plaintiff argues that the cost of taking her deposition on August 26, 1992, and continuing on November 11, 1992, should not be taxed as costs. The trial court has great discretion to tax the cost of depositions if it determines that all or any part of the deposition was necessarily obtained for use in the case, even if not actually used in the trial itself. *See Soler v. Waite,* 989 F.2d 251, 255 (7th Cir.1993); *U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d at 1245-46; *Burk v. Unified School Dist. No. 329,* 116 F.R.D. 16, 18 (D.Kan.1987); *Ortega v. Kansas City, Kansas,* 659 F.Supp. 1201, 1219 (D.Kan.1987), *rev'd on other grounds,* 875 F.2d 1497 (10th Cir.), *cert. denied,* 493 U.S. 934 (1989). Whether or not such materials were necessarily obtained for use in the case is a factual determination based on the existing record or the record supplemented by additional proof. *U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d at 1245. Use at trial by counsel or the trial court readily demonstrates necessity. *Id.* at 1246. However, if materials are **reasonably necessary** for use in the case even though not used at trial, the court may find necessity and allow the cost of such items. *Id.* (citations omitted); *see also Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 434 (10th Cir.1990) (local rule restricting costs to depositions received in evidence or used by court in ruling on summary judgment motion is narrower than § 1920). Even if the court determines that the materials were necessarily obtained for use at trial, the amount of the award requested must be reasonable. *U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d at 1245, 1246 (citations omitted).

The defendant has not persuaded the court that the plaintiff's deposition was necessary for use in the case. The deposition is not on file with the court, and was not used in support of the dispositive motions that were pending at the time of the voluntary dismissal. This action involved a claim that the defendant improperly denied payment of personal injury protection benefits to the plaintiff and a claim of breach of fiduciary duty. Plaintiff's claims were voluntarily dismissed while dispositive motions were still pending, and the case therefore never went to trial. The court finds that the plaintiff's deposition was not necessary for use in the case. The costs of both parts of plaintiff's deposition, totalling $998.05, will therefore be retaxed to the defendant. [FN3]

***3** Plaintiff next challenges $40 claimed by the defendant for a "min-u-script" copy of the plaintiff's deposition. This amount was apparently already excluded by the clerk in taxing costs to the plaintiff. The court agrees that the cost of this copy is not properly taxable to the plaintiff, as the clerk apparently determined. [FN4]

IT IS BY THE COURT THEREFORE ORDERED that the clerk shall retax $998.05 in previously assessed costs to defendant Traders Insurance Company.

IT IS FURTHER ORDERED that the total amount of costs to be taxed to the plaintiff is $224.35.

IT IS FURTHER ORDERED that the court hereby denies defendant's request for a finding that the plaintiff's motion to retax costs is frivolous.

FN1. However, should the trial court refuse to award costs to the prevailing party, or if it modifies the taxation of costs, it is incumbent on the trial court to state its reasons so the appellate court may judge whether the trial court acted within its discretion. *Moe v. Avions Marcel Dassault-Breguet Aviation,* 727 F.2d 917, 936 (10th Cir.) (citation omitted), *cert. denied,* 469 U.S. 853 (1984).

FN2. The statute reads as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshall;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

FN3. Because the court has found that the plaintiff's deposition was not necessary for use in the case, the court does not address plaintiff's argument that the first part of the deposition was not a taxable cost because it was incurred prior to the date the defendant removed the case to federal court.

FN4. The cost of copies of depositions may be allowable under certain circumstances under 28 U.S.C. § 1920(4), and this applies to copies of both an opponent's and the prevailing party's own depositions. *See* *Ramos v. Lamm,* 713 F.2d 546, 560 (10th Cir.1983); *SCA Services, Inc. v. Lucky Stores,* 599 F.2d 178, 181 (7th Cir.1979); *Ortega v. Kansas City, Kansas,* 659 F.Supp. at 1219. However, as costs associated with copies of papers, these costs must be supported by a showing that the copies were necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(4); *West Wind Africa Line v. Corpus Christi Marine Services Co.,* 834 F.2d 1232, 1238 (5th Cir.1988); *Ramos v. Lamm,* 713 F.2d at 560; *SCA Services,* 599 F.2d at 181. Defendant has not made such a showing.

D.Kan.,1994.
Rowlinson v. Traders Ins. Co.
1994 WL 116364 (D.Kan.)

**Motions, Pleadings and Filings (Back to top)**

- 5:92CV04249 (Docket) (Nov. 02, 1992)

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.