Anderson Aff. Ex. 9

Agren • Blando Court Reporting & Video, Inc.
Experience Excellence

CONFIDENTIAL

## Guaranteed 7-business day turn

| TRANSCRIPT TYPE | O+1/COPY CHARGE |
|---|---|
| Appearance Fee Standard | $25.00 per hr (minimum 2 hrs) |
| Appearance Fee Evenings/Weekends | $50.00 per hr (minimum 2 hrs) |
| Appearance Fee Hearing/Trial | $75.00 per hr (minimum 2 hrs) |
| Normal | $3.95/$2.20 per page |
| Condensed Transcript only | $3.95/$2.20 per page |
| Technical/Medical | $4.30/$2.35 per page |
| Video | $4.45/$2.35 per page |
| Technical/Medical Video | $4.80/$2.50 per page |
| Hearings/Trial | $4.45/$3.00 per page |
| No-Show or Late Cancel | $100.00 |
| No Transcript Ordered | $50.00 per hour |
| Examination Under Oath/Sworn Statement | O+1 (**only**) $5.00 per page, if copies ordered normal rates apply |
| Transcript of Proceedings | 5 pages or less - $100 appearance & no charge for transcript<br>6 pages or more - $100 appearance & cost of transcript |
| Real Time (Viewing or unedited ASCII) | $1.40 per page |

| ADDITIONAL SERVICES | |
|---|---|
| Exhibits copies | $.25 per page |
| Exhibits tabbed, bound or notebooked | $.40 per page |
| Condensed Transcript (in addition to reg. transcript) | $.30 per page |
| Keyword Index | $15.00 |
| ASCII, Amicus, WordPerfect or Word Diskette, CD | $20.00 per deposition |
| E-Transcript (includes mini, keyword and ASCII) | $35.00 per deposition |
| Delivery | W/in Denver via courier = $10.00<br>Outside of Denver via courier = $15.00<br>Out of state = FedEx charge at cost |

*Prices are based on a guaranteed 7-business day turn. Should we not meet the turn time, you will receive a discount for every day that it is late. (8-day =10% discount; 9-day = 19% discount; and 10-day =27% discount)

Prices are negotiable for large cases that involved many depositions.

Denver 303-296-0017 ♦ Boulder 303-443-0433
Colorado Springs 719-635-8328 ♦ Greeley 970-356-3306

# *Video Services*

| | |
|---|---|
| **Videotaping:** | |
| Original + 1 Copy to Scheduling Attorney (Includes VHS or S-VHS Tapes) (Digital Tapes extra) | $295.00 for first two on-record hours<br>$ 90.00 for each additional hour |
| Copy Tapes | $ 20.00 per hour - 1/2-hour minimum |
| Extra Copy Set for Attorney | $ 10.00 per hour - 1/2-hour minimum |
| Day-in-the-Life & Field Shoots | $ 90.00 per hour - three-hour minimum |
| Living Wills | $200.00 for first hour - one-hour minimum<br>$ 90.00 for each additional hour |
| **Video Sync and/or Transfer:** | |
| Video Transfer and CD/DVD Sync | $ 75.00 per video hour or CD - 1/2-hour minimum |
| Synchronize Only with Transcript | $ 50.00 per video hour or CD - 1/2-hour minimum |
| Video Transfer to CD/DVD Only | $ 25.00 per video hour or CD - 1/2-hour minimum |
| **Video Editing:** | |
| Regular Office Hours | $ 60.00 per hour - one-hour minimum |
| Before or After Office Hours | $ 75.00 per hour - one-hour minimum |
| **Courtroom Playback:** | (Call Spectrum - 303-477-4456) |
| 27-inch monitor/VCR/Cart | $150.00 per day - daily minimum |
| Operator | $ 35.00 per hour - two-hour minimum<br>$ 52.50 per hour - before 8:00 a.m. and/or after 5:00 p.m. |
| **Video Conferencing Calls:** | |
| Outbound | $ 75.00 per hour - one-hour minimum |
| Receiving Location | $225.00 per hour - one-hour minimum<br>(Includes all charges: room, equipment, long distance, bridging, network facilities) |
| **Travel Time & Mileage:** | |
| Travel Time | $ 10.00 per hour - Outside Front Range (Over 75 miles one way) |
| Mileage | $ .36 per mile - Outside Front Range (Over 75 miles one way) |
| **Cancellation:** | |
| Two-hour minimum notice to avoid cancellation fee | $100.00 Cancellation is after videographer is in route (or) videographer has arrived but not set up<br>$150.00 Cancellation is after set up of equipment<br>$295.00 Cancellation is after scheduled start time |
| **Rush or Additional Charges:** | |
| Rush Fees for Original | $100.00 additional - same-day delivery<br>$ 75.00 additional - 24-hour delivery |
| Rush Fees for Copies | $ 10.00 additional per tape - regardless of tape length |

**Rush fees not charged if workload permits the expedited request within normal office hours.**

| | |
|---|---|
| Begins before 8:00 a.m. or after 5:00 p.m. | $ 50.00 additional |
| Saturdays | $335.00 two-hour on-record minimum / $110.00 each hour after |
| Sundays / Holidays | $355.00 two-hour on-record minimum / $130.00 each hour after |

*All Times based on 1/4-hour increments: 1 to 22 mins.= 1/4 hr.; 23 to 37 mins.= 1/2 hr.; 38 to 52 mins.= 3/4 hr.; 53 to 67 mins.= 1 hr.*

**Mileage based on Denver as beginning location. Front Range area includes: Ft. Collins, Greeley, Evergreen, Colorado Springs**

(Colorado Springs included in Front Range Area due to Accurate Reporting acquisition)

# Atkinson-Baker, Inc.
## Court Reporters

**RATE SHEET For MN, Minneapolis**

April 21, 2005

Following are the prices for our basic court reporting services. For information on additional or specialized products or services you may require for a particular deposition or case, please contact your account representative at 800-288-3376.

**Transcripts**[1] (Prices are for the original and one copy)

| | | |
|---|---|---|
| Minimum transcript | $125.00 | |

Minimum transcript charge includes page rates and hourly or per diem rates for the transcript itself. Does not include exhibit copying, shipping or other charges.

| | | |
|---|---|---|
| Personal Injury | $3.50 | per page |
| Business | $3.50 | per page |
| Medical / Expert | $3.50 | per page |
| Workers' Compensation | $5.00 | per page |
| Arbitration/Hearing/Trial | $4.50 | per page |
| Videotaped | $0.35 | additional per page |
| Interpreted | $0.35 | additional per page |
| Exhibit Copying | $0.35 | per exhibit page |
| Delivery & Handling[2] | $25.00 | |

**Hourly or Per Diem Charges**

| | | |
|---|---|---|
| Hourly | $40.00 | per hour |
| Hourly, First Hour | n/a | |
| Hourly, Additional Hour | n/a | per hour |
| Attendance, Flat Fee | n/a | per full day |
| Attendance, Half-Day | n/a | |
| Attendance, Full Day | n/a | |
| Hearings, Arbitrations & Trials | | Call for a quote. |
| Waiting time | $40.00 | per hour |
| Before or After Business Hours | $70.00 | per hour |
| Weekends & Holidays | $175.00 | per full day |

**When the deposition does not proceed**

| | |
|---|---|
| Appearance fee | $80.00 |
| Appearance fee with affidavit | $100.00 |

**When no transcript is ordered**

When the deposition takes place, but no transcript is produced, some of the following charges may apply:

| | | |
|---|---|---|
| "Hold Notes" per Diem | n/a | per full day |
| Percentage of page rate | n/a | |
| Minimum hold | n/a | |

**Litigation Support**

| | When ordered with the original or certified copy at time of deposition. | When ordered after the deposition. |
|---|---|---|
| Condensed Transcript | $12.50 | $25.00 |
| ASCII | $12.50 | $25.00 |
| e-Transcript | $12.50 | $25.00 |

*Atkinson-Baker, Inc.*
*Court Reporters*

**RATE SHEET For MN, Minneapolis**



**Transcripts** (Original only)

| | |
|---|---|
| Minimum transcript | n/a |

Minimum transcript charge includes page rates and hourly or per diem rates for the transcript itself. Does not include exhibit copying, shipping or other charges.

| | |
|---|---|
| Personal Injury | n/a per page |
| Business | n/a per page |
| Medical / Expert | n/a per page |
| Arbitration/Hearing/Trial | n/a per page |

*Atkinson-Baker, Inc.*
*Court Reporters*

**RATE SHEET For MN, Minneapolis**



**Realtime**

Realtime rates are in addition to, not in place of, any transcript fees. Any party receiving realtime services, either through connecting to the reporter's computer or in the form of a rough ASCII, will be billed for a transcript in addition to realtime fees.

| | | |
|---|---|---|
| Per page | $1.35 | per page |

**Expedites**

Normal delivery time is ten to fifteen business days. Delivery in less than ten business days is termed an "expedite" and increases the page rate in ratio to the speed of delivery.

| | | |
|---|---|---|
| Delivery on the next business day | 100% | more |
| Delivery on the 2nd business day | 90% | more |
| Delivery on the 3rd business day | 80% | more |
| Delivery on the 4th business day | 70% | more |
| Delivery on the 5th business day | 60% | more |
| Delivery on the 6th business day | 50% | more |
| Delivery on the 7th business day | 40% | more |
| Delivery on the 8th business day | 30% | more |
| Delivery on the 9th business day | 20% | more |

**Additional Charges**

Parking is billed at actual cost.

Mileage is billed for remote areas at .30 per mile.

Special Exhibit Copying

There are additional charges for copying items such as blueprints, x-rays, MRI films, audio or video tapes color photographs, etc.

Conference Rooms

There is no charge for use of conference rooms in any of our offices or other locations where we have arranged free use of conference facilities. In the event that a free conference room is not available in the city where the deposition is to take place, the room will be billed at our cost.

Special Facilities

Arrangements can be made for such items as video-playback equipment, etc. These items will be at cost.

Same Day Deposition Coverage $75.00

1 The page rate of a deposition is determined by the type of witness rather than the type of case. For example, the deposition of the treating physician in a personal injury matter would be a medical deposition.

2 Delivery and handling includes such actions and costs as certification, handling of witness signature, notification of parties of witness changes, sealing and filing of original with court if necessary, in addition to the costs of shipping your certified copy of the transcript.

April 21, 2005

Rates subject to change without notice.

Anderson Aff. Ex. 11







# Travel

## Privately Owned Vehicle (POV) Mileage Reimbursement Rates

**2005 Privately Owned Vehicle (POV) Mileage Reimbursement Rates**

GSA has increased the mileage reimbursement rates for federal employees who use privately owned vehicles while on official travel.

The rates for the use of these modes of transportation, effective February 4, 2005, are as follows:

**Privately Owned Vehicle Reimbursement Rates:**

- Airplane .......... $1.07 per mile

- Automobile Rates:

- 40.5 cents per mile (if no Government Owned Vehicle available)
- 28.5 cents per mile (if Government Owned Vehicle available)
- 10.5 cents per mile (if committed to use Government Owned Vehicle)

- Motorcycle POV Rate ..... 30.5 cents per mile

**Past year's automobile rates are as follows:**

| Effective Date | Rate |
|---|---|
| February 4, 2005 | $0.405 |
| January 1, 2004 | $0.375 |
| January 1, 2003 | $0.360 |
| January 21, 2002 | $0.365 |
| January 22, 2001 | $0.345 |
| January 14, 2000 | $0.325 |
| April 1, 1999 | $0.31 |
| September 8, 1998 | $0.325 |
| June 7, 1996 | $0.31 |
| January 1, 1995 | $0.30 |

Federal Travel Regulation (FTR) Amendment 2005-01, Case 2005-301, will be published in the Federal Register on February 4, 2005.

+ ADD TO MyGSA | PRINTER FRIENDLY

Last Reviewed 2/3/2005





**NON-FEDERAL LINKS**

Government Contract Flight Schedules
Hotels @ Per Diem
National Association of Counties (NACO) Website

Roundtrip | One-way | Multi-city

**Modify Your Search**

From: SBA and airports within 0 miles

To: MSP and airports within 0 miles

Depart: May 9 anytime

Return: May 11 anytime

Search

More Search Options

See More Information About Our Insider's Shopping Tips

NWA E-mail Great Deals Delivered Right To You

WorldPerks Enrollment Sign up Now and Start Earning Free Travel



# Flight Selections

You are not currently logged in. Please login here.

Reminder: You don't pay service fees when you purchase at nwa.com.

## Results

**List flights by:**
Lowest Fare | Departure Times | Shortest Flight

**16 flights found**

### $424.80 airfare

Select

**Northwest Airlines** 2642
operated by
AMERICAN EAGLE -- AA 3042
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Mon, May 9**
49min

**1:29pm** Depart Santa Barbara (SBA)
**2:18pm** Arrive Los Angeles (LAX)
Plane Change

View Seat Map | Choose This Flight

**Northwest Airlines** 308
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Mon, May 9**
3hr 26min

**4:00pm** Depart Los Angeles (LAX)
**9:26pm** Arrive Minneapolis/St. Paul (MSP)

View Seat Map

**Northwest Airlines** 303
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Wed, May 11**
3hr 51min

**5:09pm** Depart Minneapolis/St. Paul (MSP)
**7:00pm** Arrive Los Angeles (LAX)
Plane Change

View Seat Map | Choose This Flight

**Northwest Airlines** 2635
operated by
AMERICAN EAGLE -- AA 3035
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Wed, May 11**
47min

**9:40pm** Depart Los Angeles (LAX)
**10:27pm** Arrive Santa Barbara (SBA)

View Seat Map

### $424.80 airfare

Select

**Northwest Airlines** 2610
operated by
AMERICAN EAGLE -- AA 3010
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Mon, May 9**
51min

**7:22pm** Depart Santa Barbara (SBA)
**8:13pm** Arrive Los Angeles (LAX)
Plane Change

View Seat Map | Choose This Flight

**Northwest Airlines** 300
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Tue, May 10**
3hr 26min

**12:35am** Depart Los Angeles (LAX)
**6:01am** Arrive Minneapolis/St. Paul (MSP)

View Seat Map

| | | |
|---|---|---|
| **Northwest Airlines** 319<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>3hr 52min | **9:06am** Depart Minneapolis/St. Paul (MSP)<br>**10:58am** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 2643<br>operated by<br>AMERICAN EAGLE -- AA 3043<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>47min | **12:20pm** Depart Los Angeles (LAX)<br>**1:07pm** Arrive Santa Barbara (SBA)<br>View Seat Map |

**$424.80 airfare** Select

| | | |
|---|---|---|
| **Northwest Airlines** 2636<br>operated by<br>AMERICAN EAGLE -- AA 3036<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>45min | **7:30am** Depart Santa Barbara (SBA)<br>**8:15am** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 312<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>3hr 30min | **12:15pm** Depart Los Angeles (LAX)<br>**5:45pm** Arrive Minneapolis/St. Paul (MSP)<br>View Seat Map |
| **Northwest Airlines** 303<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>3hr 51min | **5:09pm** Depart Minneapolis/St. Paul (MSP)<br>**7:00pm** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 2635<br>operated by<br>AMERICAN EAGLE -- AA 3035<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>47min | **9:40pm** Depart Los Angeles (LAX)<br>**10:27pm** Arrive Santa Barbara (SBA)<br>View Seat Map |

**$424.80 airfare** Select

| | | |
|---|---|---|
| **Northwest Airlines** 2642<br>operated by<br>AMERICAN EAGLE -- AA 3042<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>49min | **1:29pm** Depart Santa Barbara (SBA)<br>**2:18pm** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 308<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>3hr 26min | **4:00pm** Depart Los Angeles (LAX)<br>**9:26pm** Arrive Minneapolis/St. Paul (MSP)<br>View Seat Map |
| **Northwest Airlines** 315<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>3hr 47min | **2:32pm** Depart Minneapolis/St. Paul (MSP)<br>**4:19pm** Arrive Los Angeles (LAX)<br>Plane Change |

View Seat Map Choose This Flight

**Northwest Airlines** 2635 operated by AMERICAN EAGLE -- AA 3035
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**
**Wed, May 11** 47min
**9:40pm** Depart Los Angeles (LAX)
**10:27pm** Arrive Santa Barbara (SBA)
View Seat Map

**$424.80 airfare**

Select

**Northwest Airlines** 2610 operated by AMERICAN EAGLE -- AA 3010
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**
**Mon, May 9** 51min
**7:22pm** Depart Santa Barbara (SBA)
**8:13pm** Arrive Los Angeles (LAX)
Plane Change
View Seat Map Choose This Flight

**Northwest Airlines** 300
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**
**Tue, May 10** 3hr 26min
**12:35am** Depart Los Angeles (LAX)
**6:01am** Arrive Minneapolis/St. Paul (MSP)
View Seat Map

**Northwest Airlines** 303
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**
**Wed, May 11** 3hr 51min
**5:09pm** Depart Minneapolis/St. Paul (MSP)
**7:00pm** Arrive Los Angeles (LAX)
Plane Change
View Seat Map Choose This Flight

**Northwest Airlines** 2635 operated by AMERICAN EAGLE -- AA 3035
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**
**Wed, May 11** 47min
**9:40pm** Depart Los Angeles (LAX)
**10:27pm** Arrive Santa Barbara (SBA)
View Seat Map

**$424.80 airfare**

Select

**Northwest Airlines** 2610 operated by AMERICAN EAGLE -- AA 3010
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**
**Mon, May 9** 51min
**7:22pm** Depart Santa Barbara (SBA)
**8:13pm** Arrive Los Angeles (LAX)
Plane Change
View Seat Map Choose This Flight

**Northwest Airlines** 300
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**
**Tue, May 10** 3hr 26min
**12:35am** Depart Los Angeles (LAX)
**6:01am** Arrive Minneapolis/St. Paul (MSP)
View Seat Map

**Northwest Airlines** 585
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**
**Wed, May 11** 3hr 50min
**11:20am** Depart Minneapolis/St. Paul (MSP)
**1:10pm** Arrive Los Angeles (LAX)
Plane Change
View Seat Map Choose This Flight

**Northwest Airlines** 2681 operated by
**Wed, May 11** 47min
**4:20pm** Depart Los Angeles (LAX)
**5:07pm** Arrive Santa Barbara (SBA)

AMERICAN EAGLE -- AA 3081
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

View Seat Map

**$424.80 airfare** Select

| | | |
|---|---|---|
| **Northwest Airlines** 2610 operated by AMERICAN EAGLE -- AA 3010<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>51min | **7:22pm** Depart Santa Barbara (SBA)<br>**8:13pm** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 300<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Tue, May 10**<br>3hr 26min | **12:35am** Depart Los Angeles (LAX)<br>**6:01am** Arrive Minneapolis/St. Paul (MSP)<br>View Seat Map |
| **Northwest Airlines** 319<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>3hr 52min | **9:06am** Depart Minneapolis/St. Paul (MSP)<br>**10:58am** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 2645 operated by AMERICAN EAGLE -- AA 3045<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>47min | **2:10pm** Depart Los Angeles (LAX)<br>**2:57pm** Arrive Santa Barbara (SBA)<br>View Seat Map |

**$424.80 airfare** Select

| | | |
|---|---|---|
| **Northwest Airlines** 2636 operated by AMERICAN EAGLE -- AA 3036<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>45min | **7:30am** Depart Santa Barbara (SBA)<br>**8:15am** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 312<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>3hr 30min | **12:15pm** Depart Los Angeles (LAX)<br>**5:45pm** Arrive Minneapolis/St. Paul (MSP)<br>View Seat Map |
| **Northwest Airlines** 303<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>3hr 51min | **5:09pm** Depart Minneapolis/St. Paul (MSP)<br>**7:00pm** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 2637 operated by AMERICAN EAGLE -- AA 3037<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>37min | **10:55pm** Depart Los Angeles (LAX)<br>**11:32pm** Arrive Santa Barbara (SBA)<br>View Seat Map |

**$424.80 airfare** Select

| | | |
|---|---|---|
| **Northwest Airlines** 2642<br>operated by<br>AMERICAN EAGLE -- AA 3042<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>49min | **1:29pm** Depart Santa Barbara (SBA)<br>**2:18pm** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 308<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>3hr 26min | **4:00pm** Depart Los Angeles (LAX)<br>**9:26pm** Arrive Minneapolis/St. Paul (MSP)<br>View Seat Map |
| **Northwest Airlines** 585<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>3hr 50min | **11:20am** Depart Minneapolis/St. Paul (MSP)<br>**1:10pm** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 2645<br>operated by<br>AMERICAN EAGLE -- AA 3045<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>47min | **2:10pm** Depart Los Angeles (LAX)<br>**2:57pm** Arrive Santa Barbara (SBA)<br>View Seat Map |

**$424.80 airfare** Select

| | | |
|---|---|---|
| **Northwest Airlines** 2634<br>operated by<br>AMERICAN EAGLE -- AA 3034<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>47min | **5:50am** Depart Santa Barbara (SBA)<br>**6:37am** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 304<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>3hr 27min | **8:40am** Depart Los Angeles (LAX)<br>**2:07pm** Arrive Minneapolis/St. Paul (MSP)<br>View Seat Map |
| **Northwest Airlines** 585<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>3hr 50min | **11:20am** Depart Minneapolis/St. Paul (MSP)<br>**1:10pm** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 2645<br>operated by<br>AMERICAN EAGLE -- AA 3045<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>47min | **2:10pm** Depart Los Angeles (LAX)<br>**2:57pm** Arrive Santa Barbara (SBA)<br>View Seat Map |

**$424.80 airfare** Select

| | | |
|---|---|---|
| **Northwest Airlines** 2642<br>operated by<br>AMERICAN EAGLE -- AA 3042 | **Mon, May 9**<br>49min | **1:29pm** Depart Santa Barbara (SBA)<br>**2:18pm** Arrive Los Angeles (LAX)<br>Plane Change |

Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

View Seat Map Choose This Flight

**Northwest Airlines** 308
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Mon, May 9**
3hr 26min

**4:00pm** Depart Los Angeles (LAX)
**9:26pm** Arrive Minneapolis/St. Paul (MSP)

View Seat Map

**Northwest Airlines** 585
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Wed, May 11**
3hr 50min

**11:20am** Depart Minneapolis/St. Paul (MSP)
**1:10pm** Arrive Los Angeles (LAX)
Plane Change

View Seat Map Choose This Flight

**Northwest Airlines** 2681
operated by
AMERICAN EAGLE -- AA 3081
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Wed, May 11**
47min

**4:20pm** Depart Los Angeles (LAX)
**5:07pm** Arrive Santa Barbara (SBA)

View Seat Map

**$424.80 airfare**

Select

**Northwest Airlines** 2634
operated by
AMERICAN EAGLE -- AA 3034
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Mon, May 9**
47min

**5:50am** Depart Santa Barbara (SBA)
**6:37am** Arrive Los Angeles (LAX)
Plane Change

View Seat Map Choose This Flight

**Northwest Airlines** 312
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Mon, May 9**
3hr 30min

**12:15pm** Depart Los Angeles (LAX)
**5:45pm** Arrive Minneapolis/St. Paul (MSP)

View Seat Map

**Northwest Airlines** 585
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Wed, May 11**
3hr 50min

**11:20am** Depart Minneapolis/St. Paul (MSP)
**1:10pm** Arrive Los Angeles (LAX)
Plane Change

View Seat Map Choose This Flight

**Northwest Airlines** 2645
operated by
AMERICAN EAGLE -- AA 3045
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Wed, May 11**
47min

**2:10pm** Depart Los Angeles (LAX)
**2:57pm** Arrive Santa Barbara (SBA)

View Seat Map

**$424.80 airfare**

Select

**Northwest Airlines** 2634
operated by
AMERICAN EAGLE -- AA 3034
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Mon, May 9**
47min

**5:50am** Depart Santa Barbara (SBA)
**6:37am** Arrive Los Angeles (LAX)
Plane Change

View Seat Map Choose This Flight

**Northwest Airlines** 304

**Mon, May 9**

**8:40am** Depart Los Angeles (LAX)

Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

3hr 27min

**2:07pm** Arrive Minneapolis/St. Paul (MSP)

View Seat Map

**Northwest Airlines** 319
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Wed, May 11**
3hr 52min

**9:06am** Depart Minneapolis/St. Paul (MSP)
**10:58am** Arrive Los Angeles (LAX)
Plane Change

View Seat Map Choose This Flight

**Northwest Airlines** 2681
operated by
AMERICAN EAGLE -- AA 3081
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Wed, May 11**
47min

**4:20pm** Depart Los Angeles (LAX)
**5:07pm** Arrive Santa Barbara (SBA)

View Seat Map

**$595.00 airfare**

Select

**Northwest Airlines** 2636
operated by
AMERICAN EAGLE -- AA 3036
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Mon, May 9**
45min

**7:30am** Depart Santa Barbara (SBA)
**8:15am** Arrive Los Angeles (LAX)
Plane Change

View Seat Map Choose This Flight

**Northwest Airlines** 206
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Mon, May 9**
3hr 52min

**11:40am** Depart Los Angeles (LAX)
**5:32pm** Arrive Indianapolis (IND)
Plane Change

View Seat Map

**Northwest Airlines** 609
Booking Class: V
**Fare Basis Code:** VE14D2N
**Ticket Designator:**

**Mon, May 9**
1hr 50min

**6:15pm** Depart Indianapolis (IND)
**8:05pm** Arrive Minneapolis/St. Paul (MSP)

View Seat Map

**Northwest Airlines** 585
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Wed, May 11**
3hr 50min

**11:20am** Depart Minneapolis/St. Paul (MSP)
**1:10pm** Arrive Los Angeles (LAX)
Plane Change

View Seat Map Choose This Flight

**Northwest Airlines** 2645
operated by
AMERICAN EAGLE -- AA 3045
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Wed, May 11**
47min

**2:10pm** Depart Los Angeles (LAX)
**2:57pm** Arrive Santa Barbara (SBA)

View Seat Map

**$595.00 airfare**

Select

**Northwest Airlines** 2636
operated by
AMERICAN EAGLE -- AA 3036
Booking Class: K
**Fare Basis Code:** K14R1QNV
**Ticket Designator:**

**Mon, May 9**
45min

**7:30am** Depart Santa Barbara (SBA)
**8:15am** Arrive Los Angeles (LAX)
Plane Change

View Seat Map Choose This Flight

| | | |
|---|---|---|
| **Northwest Airlines** 206<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>3hr 52min | **11:40am** Depart Los Angeles (LAX)<br>**5:32pm** Arrive Indianapolis (IND)<br>Plane Change<br>View Seat Map |
| **Northwest Airlines** 609<br>Booking Class: V<br>**Fare Basis Code:** VE14D2N<br>**Ticket Designator:** | **Mon, May 9**<br>1hr 50min | **6:15pm** Depart Indianapolis (IND)<br>**8:05pm** Arrive Minneapolis/St. Paul (MSP)<br>View Seat Map |
| **Northwest Airlines** 319<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>3hr 52min | **9:06am** Depart Minneapolis/St. Paul (MSP)<br>**10:58am** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 2643<br>operated by<br>AMERICAN EAGLE -- AA 3043<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>47min | **12:20pm** Depart Los Angeles (LAX)<br>**1:07pm** Arrive Santa Barbara (SBA)<br>View Seat Map |

**$600.00 airfare** Select

| | | |
|---|---|---|
| **Northwest Airlines** 2642<br>operated by<br>AMERICAN EAGLE -- AA 3042<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>49min | **1:29pm** Depart Santa Barbara (SBA)<br>**2:18pm** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 308<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Mon, May 9**<br>3hr 26min | **4:00pm** Depart Los Angeles (LAX)<br>**9:26pm** Arrive Minneapolis/St. Paul (MSP)<br>View Seat Map |
| **Northwest Airlines** 110<br>Booking Class: V<br>**Fare Basis Code:** V14R1NR<br>**Ticket Designator:** | **Wed, May 11**<br>1hr 9min | **3:30pm** Depart Minneapolis/St. Paul (MSP)<br>**4:39pm** Arrive Milwaukee (MKE)<br>Plane Change<br>View Seat Map Choose This Flight |
| **Northwest Airlines** 985<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>4hr 17min | **7:20pm** Depart Milwaukee (MKE)<br>**9:37pm** Arrive Los Angeles (LAX)<br>Plane Change<br>View Seat Map |
| **Northwest Airlines** 2637<br>operated by<br>AMERICAN EAGLE -- AA 3037<br>Booking Class: K<br>**Fare Basis Code:** K14R1QNV<br>**Ticket Designator:** | **Wed, May 11**<br>37min | **10:55pm** Depart Los Angeles (LAX)<br>**11:32pm** Arrive Santa Barbara (SBA)<br>View Seat Map |

(16 flights out of 16 total)

Return to top of page

SEARCH Go

POWERED BY: ORBITZ

About Northwest | Contact Us | Terms of Use & Privacy | Customers First | Site Map | Travel Agents

© Northwest Airlines 2005

Anderson Aff. Ex. 13

travelocity

Home | Flights | Hotels | Cars/Rail | Vacations | Cruises | Last Minute Deals

**Your 3 days / 2 nights trip**

**Santa Barbara, CA (SBA) to Minneapolis/St Paul, MN (MSP)**
**Departing Mon, May 9**
Returning Wed, May 11
1 Adult




Modify your search | Save to FareWatcherSM | Prices shown are for e-tickets. Paper tickets require additional fees.

**Your Search** Depart Mon, May 9 from **$393** | **Flights + 2 Nights Hotel** Save with TotalTrip SM from **$485**

Help with this page

| | America West Airlines | American Airlines | Delta Air Lines | United Airlines | Alaska Airlines |
|---|---|---|---|---|---|
| **1-Stops Only** 10 flights | **$393** 1 flight | **$674** 2 flights | **$420** 2 flights | **$450** 5 flights | --- 0 flights |
| **All 12 Flights** displayed below | **$393** 1 flight | **$398** 3 flights | **$420** 2 flights | **$450** 5 flights | **$871** 1 flight |

## Select Flight for Mon, May 9

**12 flight options: 1 - 12**

| | | | | | |
|---|---|---|---|---|---|
| View Seats | | | | | |
| **United Airlines**<br>Flight 6671 operated by UNITED EXPRESS/SKYWEST / Flight 418<br>View Seats | **8:10am**<br>Santa Barbara, CA (SBA) | **3:35pm**<br>Minneapolis/St Paul, MN (MSP) | **5hrs 25min** - 1 Stop<br>Change planes in Denver, CO (DEN) | **$450**<br>per person<br>[redacted] | |
| **United Airlines**<br>Flight 6671 operated by UNITED EXPRESS/SKYWEST / Flight 5389 operated by UNITED EXPRESS/AWAC<br>View Seats | **8:10am**<br>Santa Barbara, CA (SBA) | **4:37pm**<br>Minneapolis/St Paul, MN (MSP) | **6hrs 27min** - 1 Stop<br>Change planes in Denver, CO (DEN) | **$450**<br>per person<br>[redacted] | |
| **United Airlines**<br>Flight 6757 operated by UNITED EXPRESS/SKYWEST / Flight 572<br>View Seats | **2:20pm**<br>Santa Barbara, CA (SBA) | **9:50pm**<br>Minneapolis/St Paul, MN (MSP) | **5hrs 30min** - 1 Stop<br>Change planes in Denver, CO (DEN) | **$502**<br>per person<br>[redacted] | |
| **United Airlines**<br>Flight 6757 operated by UNITED EXPRESS/SKYWEST / Flight 460<br>View Seats | **2:20pm**<br>Santa Barbara, CA (SBA) | **11:49pm**<br>Minneapolis/St Paul, MN (MSP) | **7hrs 29min** - 1 Stop<br>Change planes in Denver, CO (DEN) | **$502**<br>per person<br>[redacted] | |
| **Delta Air Lines**<br>Flight 3950 operated by Skywest Airlines / 3993 operated by Skywest Airlines<br>View Seats | **6:25am**<br>Santa Barbara, CA (SBA) | **4:35pm**<br>Minneapolis/St Paul, MN (MSP) | **8hrs 10min** - 1 Stop<br>Change planes in Salt Lake City, UT (SLC) | **$564**<br>per person<br>[redacted] | |
| **American Airlines**<br>Flight 3494 operated by AMERICAN EAGLE / Flight 1118<br>View Seats | **7:00am**<br>Santa Barbara, CA (SBA) | **3:44pm**<br>Minneapolis/St Paul, MN (MSP) | **6hrs 44min** - 1 Stop<br>Change planes in Dallas/Ft Worth, TX (DFW) | **$674**<br>per person<br>[redacted] | |
| **American Airlines**<br>Flight 3494 operated by AMERICAN EAGLE / 3729 operated by AMERICAN EAGLE<br>View Seats | **7:00am**<br>Santa Barbara, CA (SBA) | **5:25pm**<br>Minneapolis/St Paul, MN (MSP) | **8hrs 25min** - 1 Stop<br>Change planes in Dallas/Ft Worth, TX (DFW) | **$674**<br>per person<br>[redacted] | |
| **Alaska Airlines**<br>Flight 2450 operated by Horizon Air / Flight 5017 operated by Northwest Airlines<br>View Seats | **10:55am**<br>Santa Barbara, CA (SBA) | **9:15pm**<br>Minneapolis/St Paul, MN (MSP) | **8hrs 20min** - 2 Stops<br>Stop in Portland, OR (PDX)<br>Change planes in Seattle/Tacoma, WA (SEA) | **$871**<br>per person<br>[redacted] | WEB FARE |

Save to FareWatcherSM | Modify your search

**12 flight options: 1 - 12**

Judge shall comply with the rules set forth in paragraph (1), with the following modification: The party need file only one original and one copy of the papers.

[Adopted January 3, 2000.]

## LR 5.5 DEADLINE FOR FILING ANSWERS

All answers and other papers required by Fed. R.Civ.P. 5(d) to be filed shall be filed within 10 days after service thereof; such period is deemed a reasonable time within the meaning of Fed.R.Civ.P. 5(d).

See LR 1.3 for sanctions for failure to comply with this rule.

[Adopted effective February 1, 1991.]

## LR 6.1 CONTINUANCE OF A CASE

A motion for the continuance of a case will be granted only for good cause shown. Requests for a continuance of a trial setting must be made by written motion, on which the Judge or Magistrate Judge may rule with or without a hearing. Continuances because of the absence of medical or other expert witnesses will be granted only on a showing of extreme good cause, and counsel will be expected to anticipate such possibility and be prepared to present such testimony either by deposition or by stipulation between the parties that the expert witness's written report and conclusions may be received in evidence.

[Adopted effective February 1, 1991.]

## LR 7.1 CIVIL MOTION PRACTICE

**(a) Nondispositive Motions.** Unless otherwise ordered by the District Judge or Magistrate Judge, all nondispositive motions, including but not limited to discovery, third-party practice, intervention or amendment of pleading, shall be heard by the Magistrate Judge to whom the matter is assigned. Hearings may be scheduled by contacting the calendar clerk of the appropriate Magistrate Judge.

(1) *Moving Party; Supporting Documents; Time Limits.* No motion shall be heard by a Magistrate Judge unless the moving party files pursuant to LR 5.2 and serves the following documents at least 14 days prior to hearing:

(A) Notice of Motion

(B) Motion

(C) Proposed Order

(D) Affidavits and Exhibits

(E) Memorandum of Law

Affidavits and exhibits *shall not be attached* to the memorandum of law, but shall be filed separately. Exhibits filed without a corresponding affidavit must contain a separate title page.

(2) *Responding Party; Supporting Documents; Time Limits.* Any party responding to the motion shall file pursuant to LR 5.2 and serve the following documents at least 7 days prior to the hearing:

(A) Memorandum of Law

(B) Affidavits and Exhibits

Affidavits and exhibits *shall not be attached* to the memorandum of law, but shall be filed separately. Exhibits filed without a corresponding affidavit must contain a separate title page.

**(b) Dispositive Motions.** Unless otherwise ordered by the district judge, dispositive motions in any civil case shall be heard by the judge to whom the case is assigned. Motions for injunctive relief, summary judgment, to dismiss, and to certify a class action are considered dispositive motions for the purpose of this rule. *This rule does not govern post-trial or post-judgment motions.*

(1) *Pro Se Litigants, Habeas Corpus.*

(A) Moving Party; Supporting Documents; Time Limits. No motion shall be heard by a district judge unless the moving party files pursuant to LR 5.2 and serves the following documents at least 28 days prior to the hearing:

1. Notice of Motion
2. Motion
3. Proposed Order
4. Affidavits and Exhibits
5. Memorandum of Law

Affidavits and exhibits *shall not be attached* to the memorandum of law, but shall be filed separately. Exhibits filed without a corresponding affidavit must contain a separate title page.

(B) Responding Party; Supporting Documents; Time Limits. Any party responding to the motion shall file pursuant to LR 5.2 and serve the following documents at least 9 days prior to the hearing:

1. Memorandum of Law. The memorandum shall contain a title page designating the title and file number of the action and clearly indicate whether oral argument is requested.

2. Affidavits and Exhibits. Affidavits and exhibits *shall not be attached* to the memorandum of law, but shall be filed separately. Exhibits filed without a corresponding affidavit must contain a separate title page.

(C) Reply Memorandum. The moving party may submit a reply memorandum of law by filing pursuant to LR 5.2 and serving such memorandum at least 5 days prior to the hearing. Service of affidavits and other evidentiary submissions in conjunction with a reply brief or submitted as a moving party's reply are prohibited, unless express permission has been obtained in advance from the Court.

(2) *Represented Parties.* Counsel are required to file dispositive motions and supporting documents **ONLY AFTER** the motion is fully briefed by all parties pursuant to time limitations as set forth in Local Rule 7.1(b)(1).

This procedure is *not* to be used for motions concerning discovery, pro hac vice admissions, amendments to pleading, habeas corpus or pro se litigation. For these matters, the motion practice outlined in Local Rules 7.1(a) and 7.1(b)(1) will be followed.

(A) Moving Party; Supporting Documents. A cover letter must accompany motion papers delivered to all parties informing them of the motion. Two copies of this letter shall be delivered to the Clerk of Court who shall file one copy in the case file and forward one copy to the judge. This allows the Court to acknowledge and follow the status of the motions. For example, receipt of such a letter will be sufficient to alter the time for filing a responsive pleading (such as an answer) pursuant to Fed.R.Civ.P. 12(a)(b).

The moving party shall deliver one copy of the following documents to opposing counsel, and retain the original and two copies for later filing with the Court:

1. Motion.

2. Memorandum of Law. The memorandum shall contain a title page designating the title and file number of the action and clearly indicate whether oral argument is requested.

3. Affidavits and Exhibits. Affidavits and exhibits *shall not be attached* to the memorandum of law, but shall be filed separately. Exhibits filed without a corresponding affidavit must contain a separate title page.

4. Proposed Order

(B) Responding Party; Supporting Documents. Within 21 calendar days after service of the dispositive motion papers, any party responding to the motion shall deliver one copy of the following documents to opposing counsel, and in addition provide opposing counsel with the original and two copies for later filing with the Court. If the opposing papers cannot be prepared within said 21 calendar days, the parties may agree, without leave of Court, to a reasonable extension. If the parties cannot so agree, they should contact the calendar clerk of the appropriate judge to establish a schedule.

1. Memorandum of Law. The memorandum shall contain a title page designating the title and file number of the action and clearly indicate whether oral argument is requested.

2. Affidavits and Exhibits. Affidavits and exhibits *shall not be attached* to the memorandum of law, but shall be filed separately. Exhibits filed without a corresponding affidavit must contain a separate title page.

(C) Reply Memorandum. Within 7 calendar days after service of the opposing papers or on or before the date set by stipulation or order, whichever is later, the moving party may submit a reply memorandum of law by delivering one copy to opposing counsel, and by retaining the original and two copies for later filing with the Court. If the reply papers cannot be prepared within said time limits, the parties may agree, without leave of Court, to a reasonable extension. If the parties cannot so agree, they should contact the calendar clerk of the appropriate judge to establish a different date for service of the reply papers.

(D) Moving Party; Filing of All Motion Papers. It is the responsibility of the moving party to submit all documents referenced in LR 7.1(b)(2)(A), (B) and (C), in chronological order, to the Clerk of Court for filing on or before the date established by a pretrial order pursuant to LR 16.2(c)(4), for the filing of dispositive motions. After the motion has been fully briefed and is ready for submission to the Court, pursuant to LR 7.1(b)(2)(D), counsel shall obtain a hearing date for the motion from the calendar clerk of the appropriate judge that is at least 16 calendar days from the date of filing of the papers, unless the parties agree to a later date or the Court establishes a different date. The moving party shall then prepare a Notice of Motion with said hearing date and serve same upon other counsel and file same with the Clerk of Court.

All original documents (briefs in support, in opposition, or in reply) plus two copies of each document and a cover letter separately listing each document submitted and the Notice of Motion shall be sent to the Clerk of Court for filing in correct order of occurrence.

(E) Request for Oral Argument. A statement must be included on the cover of the moving, opposition, or reply brief as to whether oral argument is requested. Generally, if *any* party requests oral argument it will be granted. The hearing date shall be obtained from the calendar clerk of the appropriate judge. However, absent a request for oral argument, the matter will be decided on the papers pursuant to Fed.R.Civ.P. 78, unless the Court directs otherwise.

**(c) General Rules.** No party shall file a memorandum of law exceeding 35 pages except by permission of the Court. If a reply memorandum of law is filed, the cumulative total of the original memorandum and the reply memorandum shall not exceed 35 pages, except by permission of the Court. Affidavits and exhibits *shall not be attached* to the memorandum of law.

**(d) Failure to Comply.** In the event a party fails to timely deliver and serve a memorandum of law, the Court may strike the hearing from its motion calendar, continue the hearing, refuse to permit oral argument by the party not filing the required statement,

consider the matter submitted without oral argument, allow reasonable attorney's fees, or proceed in such other manner as the Court deems appropriate.

**(e) Type Size.** Memoranda of Law shall be printed or type-written and double spaced. All material other than footnotes must appear in at least 11 point type, or its equivalent of not more than 12 characters per inch. Pages shall be 8½ by 11 inches in size with written material not exceeding 6½ by 9 inches.

**(f) Unsolicited Memoranda of Law.** Except with permission of the Court, no memoranda of law will be allowed except as provided in these rules.

**(g) Motion to Reconsider.** Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances. Requests to make such a motion, and responses to such requests, shall be made by letter to the Court of no more than two pages in length, a copy of which must be sent to opposing counsel.

[Adopted effective February 1, 1991; amended effective November 1, 1996; January 3, 2000.]

**1991 Advisory Committee's Note to LR 7.1**

See LR 1.1(f) for the method of computing time.

See LR 37.2 for the form of discovery motions.

**1996 Advisory Committee's Note to LR 7.1**

LR 7.1(b) was amended to specify the motions considered to be dispositive motions under this rule. The motions considered dispositive motions under this rule are the matters that, under 28 U.S.C. § 636(b)(1)(A) and (B), may be heard by a magistrate judge only for the purpose of making proposed findings of fact and recommendations for the disposition.

**1996 Advisory Committee's Note to LR 7.1(b)(2)**

The new Local Rules significantly change procedures governing motion practice. They are patterned after procedures adopted by several judges on an experimental basis.

These reforms reflect the spirit of the 1993 Amendments to the Federal Rules of Civil Procedure. In particular, they enable counsel to structure motion deadlines to accommodate the differing demands of diverse cases. These rules also minimize Court involvement in the process until dispositive motions have been fully briefed and are ready for hearing. The exchange of briefs may narrow or resolve pending controversies without judicial intervention. By so doing, the rules prevent the expenditure of judicial resources on the controversies which may have become moot at the time of the hearing.

The new rules prescribe deadlines that govern motion practice if counsel cannot agree on a briefing schedule. The new rules also enlarge the briefing periods for briefs responding to motions and for reply briefs. This revision is intended to reduce any unfair advantage favoring the moving party (who may have been preparing the motion for a much longer period than the opponent is afforded for reply). The enlarged deadline for service of Reply Briefs reflects the Committee's consensus that former deadlines often imposed time constraints which undermined the quality of the Reply. These briefing deadlines involve "calendar days", not "business days".

**1999 Advisory Committee's Note to LR 7.1(b)(2)**

**Supporting Affidavits.** Rule 7.1(b)(2) specifically contemplates that the factual basis for a dispositive motion will be established with affidavits and exhibits served and filed in conjunction with the initial motion and the responding party's memorandum of law. Although the rule makes provision for a Reply Memorandum, it neither permits nor prohibits the moving party from filing affidavits or other factual material therewith. The rule contemplates that the discovery record will allow the initial summary judgment submission to anticipate and address the responding party's factual claims. Reply affidavits are appropriate only when necessary to address factual claims of the responding party that were not reasonably anticipated. It is improper to withhold information—either from discovery or from initial moving papers—in order to gain an advantage.

## LR 7.2 PROCEDURES IN SOCIAL SECURITY CASES

**(a) Filing an Answer.**

(1) Within 60 days of the service upon the United States of a pleading under 42 U.S.C. § 405(g), the Secretary of Health and Human Services shall deliver to the Clerk of Court an answer and a certified copy of the transcript of the record.

(2) A motion to extend the time in which to answer shall be brought prior to the expiration of the 60 day period.

**(b) Motions—Time Limits.**

(1) Within 60 days of the filing and service of the answer and transcript, plaintiff shall deliver to the Clerk of Court and serve on defendant a motion for summary judgment and a memorandum of law in support. Within 45 days from the date of service of plaintiff's motion, defendant shall deliver to the Clerk of Court and serve on plaintiff a motion for summary judgment and a memorandum of law in support. Plaintiff may submit a reply memorandum. The reply memorandum shall be delivered to the Clerk of Court and served on defendant within 10 days from the date of service of defendant's motion.

(2) All motions shall be decided without oral argument unless otherwise ordered by the Court.

(3) Pursuant to Fed.R.Civ.P. 72(b) and the provisions of 28 U.S.C. § 636(b)(1)(B), within 10 days after being served with a copy of a Magistrate Judge's report and recommendation, any party seeking to object to the same shall deliver to the Clerk of Court and serve on the opposing party written objections to the proposed findings and recommendations. Any party objecting to a magistrate judge's proposed findings and recommendation shall file a brief within 10 days after being served with a copy of the recommended disposition. A party may respond to the objecting party's brief within 10 days after being

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Minnesota.
Donald HALES, Plaintiff,
v.
PRUDENTIAL INSURANCE COMPANY OF AMERICA; Prudential Merged Retirement Plan, being sued as the Prudential Merged Retirement Plan; Art Ryan, in his capacity as Trustee for the Prudential Merged Retirement Plan, a/k/a Pru Plans, a/k/a the Pru Plan; the Prudential Trust Company, as Trustee for the Retirement System for United States Employees and Special Agents; and Art Ryan, as Fiduciary for Prudential Merged Retirement Plan, a/k/a Pru Plans, a/k/a the Pru Plan, Defendants.
**No. Civ.00-2299 DWF/RLE.**

Oct. 3, 2002.
Theresa A. Freeman, and Frederick Neff, Neff Law Office, Bloomington, MN, and Alan I. Silver, Bassford Lockhart Truesdell & Briggs, P.A., Minneapolis, MN, for Plaintiff.

Charles O. Lentz, Thomas C. Kayser, and Thomas C. Mahlum, Robins Kaplan Miller & Ciresi, Minneapolis, MN, and Aaron Schindel, Neil Abramson, and Michael Marra, Proskauer Rose, New York, NY, for Defendants.

MEMORANDUM OPINION AND ORDER
FRANK, J.

Introduction

*1 The above-entitled matter is before the undersigned United States District Judge pursuant to Defendants' motion for sanctions and attorney fees and Plaintiff's motion for review of Defendants' cost judgment. For the reasons set forth below, the Plaintiff's motion is granted and the Defendants' motion is granted in part.

Background

Plaintiff Donald Hales is a former employee of Defendant Prudential Insurance Company of America ("Prudential") and is a participant in the PruPlan pension plan, a plan covered by ERISA. This case is the third lawsuit brought by Hales against Prudential. The two prior lawsuits concluded in settlements; as part of the settlements, the parties signed general releases.

In the instant lawsuit, Hales alleged a number of claims-common law claims, state statutory claims, ERISA claims, and federal and state age discrimination claims-all related to Prudential's calculation of Hales's pension benefits.

Defendants filed a summary judgment motion in this matter. In a responsive brief, Hales agreed to dismiss six of his twelve claims, admitting that they were unnecessary, duplicative, or otherwise ultimately unavailing.

The Court granted summary judgment on the remainder of Hales's claims. Specifically, the Court found that five of the six claims were clearly released in the prior settlement agreements. The Court further found that Hales had failed to exhaust administrative remedies on his ERISA claims, that Hales's § 502(a)(2) failed because he did not assert damages to the plan, that Hales had failed to provide any evidence of discrimination or retaliation, and that Hales's accounting claim was clearly preempted by federal law.

Discussion

1. Plaintiff's Objection to Defendants' Bill of Costs

Plaintiff objects to Defendants' bill of costs, arguing that the appearance fees and per-page transcription costs billed for the deposition of Hales are excessive. The Court has reviewed the appearance fees and per-page transcription costs claimed by Defendants and finds that the per-page transcription rate claimed is high relative to the rates charged in the local market and that the appearance fee, while based upon a reasonable hourly rate, is overstated given the time the deposition took.

The appearance fee claimed is $120, that amount reflecting three hours at $40 per hour. The rate of $40 per hour is reasonable. However, the deposition commenced at 9:55

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

a.m. and concluded at 12:05 p.m. Assuming some limited time for setting up and taking down equipment, the total appearance time was, at most, two and one half hours. Accordingly, the bill of costs should be reduced by $20 to reflect the overcharge of the appearance fee.

The per-page transcription rate claimed is $5.40. There is no indication in the record that the transcript was prepared in an expedited fashion (indeed, the deposition was taken ten days before the close of discovery and more than a month before the motion for summary judgment was filed), that Mr. Hales is a non-native English speaker, or that there were any other extenuating circumstances which would justify such a high per-page transcription rate. The Court finds, based upon the evidence submitted by the Plaintiff and upon the fees charged by official District Court court reporters for similar services, that a more reasonable rate for such services in the local economy is $3.50 per page. This results in a charge for the 81-page transcript of $283.50, rather than the $437.40 claimed by Defendants.

***2** Overall, then, the Defendants' bill of costs should be reduced by $20 for the overcharge in appearance fee and by $153.90 for the lower per-page transcription rate. Accordingly, the total cost judgment should be amended from $587.30 to $413.40.

2. Defendants' Motion for Attorney Fees and Sanctions

Defendants have filed a motion requesting attorney fees, pursuant to Minn.Stat. § 363.14, subd. 3, relating to Plaintiff's state law age discrimination claim and sanctions, pursuant to 28 U.S.C. § 1927, relating to the six claims Plaintiff ultimately dismissed voluntarily. [FN1]

> FN1. The Court notes that both of these requests involve a determination of a reasonable hourly rate for the attorneys involved. Plaintiff has alleged that the rates charged by Defendants' counsel are excessive in the local market. However, Plaintiff does not provide any alternative figures. The Court has reviewed the hourly rates alleged and finds that, while they are undoubtedly at the high end of the local spectrum, they are not facially unreasonable.

A. Sanctions Under 28 U.S.C. § 1927

Section 1927 of Title 28 provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be sanctioned by being "required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." Such sanctions may only be imposed if there is evidence that the attorney's conduct was reckless, in bad faith, or driven by improper motive. *See* *Lee v. First Lenders Ins. Services, Inc.*, 236 F.3d 443, 445 (8th Cir.2001).

Here, the Defendants claim that Plaintiff counsel brought a similar action against Defendants on behalf of another former Prudential employee, Mr. Demarais. In that earlier action, Plaintiff's counsel pled the same twelve causes of action, but, after Defendants moved for summary judgment, agreed to withdraw six of the claims. In the instant case, Defendants contacted Plaintiff's counsel about voluntarily dismissing the same six claims in this action, even going so far as to prepare the stipulated dismissal. Plaintiff's counsel declined to sign the stipulation, instead indicating that Plaintiff would be amending the Complaint to eliminate the six claims and to "restate the allegations"; Plaintiff's counsel indicated that the proposed Amended Complaint would be forwarded to Defendants as soon as it was complete. Defendants pointed out that the time for amending the Complaint had long since passed. However, Plaintiff's counsel neither brought a motion seeking to amend the Complaint, nor submitted a proposed Amended Complaint, nor signed the stipulation to dismiss the claims.

Plaintiff's counsel now alleges that it never intended to contest dismissal of those six claims and that Defendants should have realized that. Plaintiff's counsel seems to suggest that, contrary to their behavior, Defendants should have known that Plaintiff's counsel would abandon the claims and simply rolled the dice, not bothering to brief those claims in their motion for summary judgment.

The Court does not agree. The Court finds that Plaintiff's counsel's failure to take any action at all-prior to Defendants briefing their motion for summary judgment-to eliminate the six claims it intended to abandon shows a reckless

disregard for Plaintiff's counsel's responsibility to this Court and to opposing counsel. From such conduct the Court can and does infer bad faith on the part of Plaintiff's counsel. It is unreasonable to assert that Defendants should have agreed to an amendment of the Complaint without first seeing the proposed amendment. It is also unreasonable to assert that, in the absence of Defendants' agreement to an amendment sight-unseen, Plaintiff's counsel was free to simply sit silent without even notifying Defendants that they did not intend to contest dismissal of the six claims at issue. Plaintiff's counsel cannot claim that, after Plaintiff's counsel expressly refused to sign the stipulation dismissing the six claims, Defendants should have known intuitively that Plaintiff's counsel nevertheless intended to abandon them.

***3** Obviously, the Court cannot know for certain what motivated the behavior of Plaintiff's counsel in this matter. It is impossible to ever know, with certainty, the true intentions and motivations of another person. But the law allows that intent and motive may be inferred by behavior and, here, the behavior of Plaintiff's counsel leads the Court to the inexorable conclusion that Plaintiff's counsel intended to muddy the waters with these vexatious claims.

Moreover, the Court finds that Defendants were reasonable in devoting a portion of their brief in support of summary judgment to these six claims. Accordingly, the Court finds that there is a causal nexus between the Plaintiff's counsel's sanctionable behavior and certain costs incurred by Defendants, specifically, 28% of the costs incurred in briefing Defendants' motion for summary judgment. However, the Court finds that the amount of the sanction should be cut in half because, as both parties readily conceded, the issues played out in this matter were almost verbatim repeats of the issues played out in the *Demarais* matter. In other words, the amount of time the Defendants allegedly spent briefing these repetitive issues is excessive. The Court finds that halving the amount of the request is appropriate to account for the attorneys' familiarity with the facts and issues involved.

As a result, the Court finds that Plaintiff's counsel should pay Defendants $4,703.12 for attorney fees incurred in connection with the six abandoned claims, as a sanction pursuant to 28 U.S.C. § 1927.

B. Attorney Fees Pursuant to Minnesota Statute

Minnesota Statute § 363.14, subd. 3, provides that a prevailing party in a state-law discrimination case may recover reasonable attorney fees from the non-prevailing party. A court may award attorney fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Sigurdson v. Isanti County*, 386 N.W.2d 715, 722 (Minn.1986); *see also Bilal v. Northwest Airlines, Inc.*, 537 N.W.2d 614, 620 (Minn.1995).

In the instant case, Defendants assert that Plaintiff's age discrimination claim, which was based in part upon state law, was frivolous and without foundation. Indeed, in this Court's May 31 Order granting Defendants summary judgment, the Court expounded at some length on the utter lack of any foundation for Plaintiff's age discrimination claim. The Court concludes that, for the reasons stated in that Order, Defendants are entitled to attorney fees, pursuant to Minn.Stat. § 363.14, subd. 3, for costs incurred in defending against Plaintiff's age discrimination claim. Specifically, Defendants are entitled to 10% of the fees and costs incurred between December 10, 2001, and January 15, 2002.

Again, however, the Court finds that the actual hours expended on the Defendants' summary judgment motion are excessive in light of the strong similarity between this action and others brought by Plaintiff's counsel. Accordingly, the Court finds that the actual amount of attorney fees awarded should be cut in half to more accurately reflect the amount of time it should have taken Defendants to prepare the summary judgment motion in this case, in light of the Defendants' past experience with substantially similar claims. As a result, the Court finds that Defendants are entitled to $1,782.06 in attorney fees associated with Plaintiff's age discrimination claim.

***4** For the reasons stated, IT IS HEREBY ORDERED:

1. Defendants' Motion for Sanctions and Attorney Fees (Doc. No. 27) is GRANTED IN PART as follows:
   a. Counsel for Plaintiff Donald Hales is ordered to pay

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

$4,703.12 in attorney fees as a sanction pursuant to 28 U.S.C. § 1927.

b. Defendants are further awarded $1,782.06 in attorney fees pursuant to Minn.Stat. § 363.14, subd. 3, and Rule 54 of the Federal Rules of Civil Procedure.

2. Plaintiff's Motion for Review of Cost Judgment (Doc. No. 38) is GRANTED, and the amount of the cost judgment shall be amended from $587.30 to $413.40.

LET JUDGMENT BE ENTERED ACCORDINGLY.

2002 WL 31242213 (D.Minn.)

**Motions, Pleadings and Filings (Back to top)**

• 0:00CV02299 (Docket) (Oct. 12, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Only the Westlaw citation is currently available.

United States District Court, D. Minnesota.
Daniel C. MARTINO and Sandra A. Martino, Plaintiffs,
v.
UNITED STATES OF AMERICA, Defendant.
**No. Civ.95-748(JRT/RLE).**

March 20, 2002.

John E. Trojack, Law Office, West St. Paul, Minnesota, for plaintiff.

Patricia R. Cangemi, Assistant United States Attorney, Office of the United States Attorney, Minneapolis, Minnesota, for defendant.

MEMORANDUM OPINION AND ORDER ON MOTION FOR REVIEW OF COST JUDGMENT

TUNHEIM, J.

***1** Plaintiffs have prevailed in a medical malpractice action brought against defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. Judgment was entered for plaintiffs on November 8, 1999. Plaintiffs submitted a Bill of Costs to the Court on December 28, 2000, and the Clerk issued a Cost Judgment in favor of plaintiffs on February 26, 2001 in the amount of $3,175.63. This matter is now before the Court on plaintiffs' motion for review of the Cost Judgment.

ANALYSIS

Pursuant to Federal Rule of Civil Procedure 54(d), costs other than attorneys' fees are allowed "as of course to the prevailing party unless the court otherwise directs." Taxation of costs against the United States is governed by the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. [FN1] Such costs are limited to those enumerated in 28 U.S.C. § 1920. [FN2] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Hull v. United States*, 978 F.2d 570, 572-73 (10th Cir.1992). Plaintiffs object to three aspects of the Clerk's Cost Judgment: (1) refusal to tax $205.00 for service fees for private process servers; (2) refusal to tax more than the statutory $40.00 per day for plaintiff's expert witness fees; and (3) refusal to tax $7,257.40 in "other costs." This Court must now determine whether any of these costs is permitted under § 1920.

FN1. The EAJA provides in relevant part:
Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title ... may be awarded to the prevailing party in any civil action brought by or against the United States....
28 U.S.C. § 2412(a)(1).

FN2. 28 U.SC. § 1920 provides in relevant part:
A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

I. Private Service of Process

Plaintiffs argue that their costs of $205.00 for hiring private process servers should be taxed to defendant. The Eighth Circuit has held that costs of private process servers are not taxable as costs because § 1920 contains no provision for such expenses. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir.1985). *See* *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 172 (2d Cir.1996) (agreeing with *Crues* ); *Pion v. Liberty Dairy Co.*, 922 F.Supp. 48, 53 (W.D.Mich.1996) (same). Plaintiffs argue that the Ninth Circuit's decision in *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175 (9th Cir.1990) should dictate the Court's action here. *Alflex* disapproved of the Eighth Circuit's reasoning in *Crues*, and held that private service fees are taxable because the U.S. Marshal rarely serves process today. *See* *id.* at 178 & n .6.

Plaintiffs' citation also recognizes that courts are split on

this matter. *Crues* is an older case, and if presented with the question today, the Eighth Circuit might decide that private service costs are taxable. *See, e.g.,* Collins v. Gorman, 96 F.3d 1057, 1059-60 (7th Cir.1996) (holding that private service fees are taxable because § 1920 refers to fees "of" the marshal, not fees "to" the marshal, and noting that *Crues* did not consider this approach); *Evergreen Pipeline*, 95 F.3d at 172 (discussing but declining to adopt possible grounds to hold that private service fees are taxable). On the other hand, the Eighth Circuit may choose to keep its present rule. In the meantime, this Court's obligation is clear. *Crues* has not yet been revisited by the Eighth Circuit; in the absence of contrary controlling authority, this Court is bound by the Court of Appeals' decision that plaintiffs' private service fees are not taxable. Accordingly, the Court holds that plaintiffs are not entitled to taxation of $205.00 in service fees.

II. Expert Witness Costs

***2** Plaintiffs object to the Clerk's failure to tax the costs of expert witness Dr. Marmorstein beyond the statutory attendance fee provided for in 28 U.S.C. § 1821. Plaintiffs claim that they should be entitled to $7,122.00, [FN3] which covers Dr. Marmorstein's retainer, "medical record review," and deposition fees, as well as his airline travel. [FN4]

FN3. This amount includes $40 that is "associated with" plaintiff's expert Dr. Levine, who apparently arrived at a scheduled deposition but then refused to testify. *See* Cangemi Decl. Plaintiffs concede that these costs are not taxable. *See* Pl. Supp. Memo in Support of Review of Cost Judgment at 5. Therefore, the amount plaintiffs are requesting for expert witnesses should actually be stated as $7,082.00.

FN4. In their Supplemental Memorandum, plaintiffs also claim that an additional $97.49 should be taxed as a subsistence expense to cover Dr. Marmorstein's hotel costs. Plaintiffs did not include this amount in their Bill of Costs, nor have they submitted affidavits indicating that such charges are correct. This is in clear violation of the requirements set forth at 28 U.S.C §§ 1920 and 1928. Plaintiffs also did not include the hotel costs in the amount they request in the Conclusion of their Memorandum. The Court is therefore uncertain whether plaintiffs are actually requesting that the additional $97.49 be taxed, or if they are simply noting that they are entitled to it. Either way, because plaintiffs did not properly include the $97.49 in their Bill of Costs and made no mention of it in their attorneys' affidavits, the Court determines that the amount is not properly presented and declines to address it.
Plaintiffs' memorandum also alludes to a deposition by Dr. Norquist. Again, neither the Bill of Costs nor any of plaintiffs' affidavits attest to such a deposition. Although the record contains veiled references to Dr. Norquist, the Court also concludes that any charges for his fees are not properly before the Court.

1. Attendance Fees

Absent explicit statutory authority to the contrary, the recovery of costs for expert witnesses that are not court-appointed is limited to $40 per day, as provided in 28 U.S.C. § 1821(b). *Crawford*, 482 U.S. at 445. Plaintiff argues that this Court should follow the traditional Eighth Circuit rule as articulated in *Paschall v. Kansas City Star Co.*, 695 F.2d 322 (8th Cir.1982). That approach permitted district courts to award expert fees when an expert's testimony was crucial to the resolution of the issues decided in the case. *Id.* at 338-39. *Paschall* based its holding upon dicta from the Supreme Court's decision in *Farmer v. Arabian Amer. Oil Co.*, 379 U.S. 227 (1964). *See Paschall*, 695 F.2d at 338-39. *See also Gilbert v. City of Little Rock, Arkansas*, 709 F.Supp. 856, 862 (E.D.Ark.1987), *aff'd*, 867 F .2d 1062 (8th Cir.1989) (explaining that *Paschall* was based upon *Farmer* ). In *Crawford*, however, the U.S. Supreme Court expressly disapproved of the *Farmer* language, calling it "classic *obiter*, something mentioned in passing, which is not in any way necessary to the decision of the issue before the Court." *Crawford*, 482 U.S. at 443. The Court held in *Crawford* that Congress has passed detailed statutes regarding witness fees, broadening their availability in certain statutes. *Id.* at 444. Thus, the Court

concluded, federal courts are not "empowered to exceed the limitations explicitly set out in §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections." *Id.* at 445. *See* Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane 10 *Federal Practice & Procedure: Federal Rules of Civil Procedure* § 2678 (3d ed.). *See also* Hull, 978 F.2d at 572-73 (holding that the Supreme Court's rationale in *Crawford* confines taxation of costs to the United States under EAJA to the limits prescribed in §§ 1920 and 1821). The Eighth Circuit has recognized this clarification of doctrine, stating that "[i]n light of *Crawford,* this Court is convinced that it can tax as costs expert witness fees in excess of the [$40]-per-day limit of § 1821 only where expressly authorized by statute or agreement." *Gilbert,* 709 F.Supp. at 862 (emphasis added). The present case is brought for medical malpractice under the Federal Tort Claims Act, which does not explicitly authorize granting expert witness fees in excess of the statutory $40-per-day limit. The record shows that Dr. Marmorstein's services were used on two days. Therefore, the Court holds that the Clerk correctly determined that plaintiffs are entitled to no more than $80.00 for expert witness fees.

2. Witness Travel Expenses

***3** Plaintiff also requests that Dr. Marmorstein's travel expenses of $1,432.00 be taxed as costs. Section 1821(c)(1) provides that "a witness who travels by common carrier shall be paid for the actual expenses of travel.... Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished." Although this fee was noted in the Bill of Costs and an accompanying affidavit, the Court finds no receipt in the record. Plaintiffs did belatedly submit a Visa credit card statement, which contained a charge to Northwest Airlines and to a travel agent. The Court accepts the affidavit of plaintiffs' counsel John Trojack that this expense is correct and that the travel was necessary to the litigation. *See* *Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir.1994) (considering an affidavit from trial counsel sufficient to satisfy the "evidence of actual cost" requirement). In light of this affidavit, the Court will also presume that such travel was done "at the most economical rate reasonably available." 28 U.S.C. § 1821(c)(1). Therefore, the Court holds that plaintiffs are entitled to taxation of $1,432.00 in travel expenses.

III. "Other Costs"

Plaintiffs object to the Clerk's failure to tax $7,257.40 in "Other Costs," "Delivery Charges," and "Miscellaneous Expenses Incident to Discovery." These expenses, which are listed in Exhibit A to the Bill of Costs and in the Affidavit of Daniel A. Schermer, apparently include on-line and other research, fees for review of medical records, delivery charges, and airline fares. In support of their claims, plaintiffs cite to the Ninth Circuit decision in *Alflex,* claiming that the Court may interpret the meaning of terms used in § 1920. This much is certainly true. Plaintiffs rely, however, on *International Wood Processors v. Powder Dry, Inc.,* 598 F.Supp. 299 (D.S.C.1984), which itself relies on the Supreme Court's now-discredited dicta from *Farmer.* Thus, despite their citation to *Crawford,* plaintiffs essentially argue that this Court may tax costs that are not provided for in § 1920. As discussed above, this Court may not do so absent independent statutory authority. For the reasons discussed herein, the Court therefore determines that none of these "other costs" are taxable as costs as that term is used in § 1920.

The majority of these items appear to involve various types of research and review of documents. [FN5] It is well established in the Eighth Circuit that legal research--computerized and otherwise--"is a component of attorneys' fees and cannot be independently taxed as an item of cost." *Leftwich v. Harris-Stowe State College,* 702 F.2d 686, 695 (8th Cir.1983); *Benson v. Northwest Airlines, Inc.,* 1997 WL 122897 at *5 (D.Minn.1997). Therefore, the Court finds that the $4,460.37 in items listed by plaintiffs as "other costs" were properly excluded by the Clerk.

FN5. Some of these "other costs" also seem to be for services of expert witnesses. For the reasons discussed in Part II, the Court concludes that these expenses are not taxable under § 1920.

***4** Plaintiff also seeks reimbursement for several Federal

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Express delivery charges. Delivery services like Federal Express are not "costs" as that term is used in § 1920, but are in fact out-of-pocket expenses. *Hollenbeck v. Falstaff Brewing Corp.*, 605 F.Supp. 421, 439 (D.Mo.1984) *aff'd,* 780 F.2d 20 (8th Cir.1985). *See also* *Cody v. Private Agencies Collaborating Together, Inc.* 911 F.Supp. 1, 6 (D.D.C.1995) (refusing to tax Federal Express costs because they are not litigation costs, but "overhead costs" normally associated with the practice of law); *El-Fadl v. Central Bank of Jordan*, 163 F.R.D. 389, 390 (D.D.C.1995) (citing cases and noting that the "overwhelming weight of authority" have declined to tax costs for courier services and postage). Therefore, the Court finds that the $88.29 listed by plaintiffs as "delivery charges" is not covered by § 1920, and were properly excluded by the Clerk.

Finally, plaintiffs seek reimbursement for $1,705.00 in airline travel expenses, apparently incurred for plaintiffs' attorneys to attend depositions. It is also well established that attorneys' travel expenses are generally not allowable costs under § 1920. *Hollenbeck*, 605 F.Supp. at 439 ("Absent extraordinary or compelling circumstances, travel of attorneys is not a taxable cost of taking depositions."); *Wahl v. Carrier Mfg. Co., Inc.*, 511 F .2d 209, 217 (7th Cir.1975); *Meredith v. Schreiner Transport, Inc.*, 814 F.Supp. 1004, 1007 (D.Kan.1993) (citing cases). The Court therefore finds that the $1,705.00 listed by plaintiffs as "miscellaneous expenses incident to discovery" were properly excluded by the Clerk.

Accordingly, the Court holds that plaintiffs are not entitled to taxation of $7,257.40 for "other costs."

ORDER

Based on the foregoing, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that plaintiffs' Motion for Review of Cost Judgment [Docket No. 187] is GRANTED in part and DENIED in part as set forth in the text of the Opinion accompanying this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.