Anderson Aff. Ex. 17

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

STORAGE TECHNOLOGY CORPORATION,

*Plaintiff,*

-vs-

CISCO SYSTEMS, INC.,

*Defendant.*

Civil File No. 00-2253 (MJD/JGL)
Magistrate Judge Jonathan G. Lebedoff
Honorable Michael J. Davis

## STORAGE TECHNOLOGY CORPORATION'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANT CISCO SYSTEMS, INC.'S FIRST SET OF INTERROGATORIES

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

## GENERAL OBJECTIONS

1. StorageTek objects to Defendant's instructions and definitions to the extent that they impose obligations on StorageTek which differ from the requirements of the Federal Rules of Civil Procedure. StorageTek will comply with the Federal Rules of Civil Procedure when responding to these Requests.

2. StorageTek objects to the provision of any information protected by the attorney client privilege and/or the doctrine of work product protection, and, to the extent that the interrogatories seek such information, they are objected to on the grounds of said privilege and doctrine. Inadvertent disclosure of such information shall not constitute a waiver of any privilege or any other basis for objecting to discovery, or of the right of StorageTek to object to Defendant's use of such information, and to demand and seek the return of any such information that may be inadvertently disclosed. StorageTek does not presently waive any portion of this privilege and asserts entitlement to the full extent of the doctrine of work product protection.

## PREAMBLE

StorageTek hereby submits its Third Supplemental Responses to Defendant Cisco Systems, Inc.'s First Set of Interrogatories. These responses are based upon information presently known to StorageTek, and the right of supplementation or amendment is hereby expressly reserved, if it is later determined that omissions or errors have been made herein.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

The fact that interrogatories have been answered in part shall not be construed as a waiver of all or any part of any objection made by StorageTek or which could have been made by StorageTek.

The fact that StorageTek has responded to any interrogatories shall not be deemed an admission of the relevancy, materiality or admissibility in evidence of that response.

StorageTek objects to defendant's definition of the term "document." Whenever the term "document" appears in Defendant's First Set of Requests for the Production of Documents, StorageTek shall construe that term to have the same meaning as given to it by the Federal Rules of Civil Procedure.

StorageTek objects to defendant's definition of the term "you" or "your." When responding to Defendant's First Set of Interrogatories, StorageTek shall construe the term "you" or "your" to mean plaintiff Storage Technology Corporation only.

StorageTek objects to defendant's definition of the term "representative" which is irrelevant in view of StorageTek's objection to the definition of "you" and "your."

StorageTek objects to defendant's definition of the term "communication" to the extent that it imposes a different meaning than that used in ordinary English.

Cisco's definition of "relates to" and "relating to" makes the interrogatories over broad and impossible to answer because it is not possible to determine with specificity which interrogatories fall within the request. Accordingly, StorageTek will interpret the terms to mean documents that expressly discuss the subject matter of the interrogatory.

StorageTek objects to the statement that singular words refer to plural words. Singular words are singular.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

StorageTek objects to the instructions in Defendant's First Set of Interrogatories to the extent that they impose duties and obligations different from those imposed by the Federal Rules of Civil Procedure.

StorageTek objects to defendant's designation of the relevant time period cited in the definitions and instructions section of Defendant's First Interrogatories because it is overbroad in scope. StorageTek shall construe the relevant time period to begin in November of 1999 when NuSpeed was formed.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

## INTERROGATORIES

**INTERROGATORY NO. 1.**

For each separate paragraph of your Complaint, identify the person, document, or other source of information upon which you relied for the allegations contained in that paragraph.

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. StorageTek objects to this Interrogatory on the grounds that the information requested is protected by the attorney-client privilege and/or the attorney work product doctrine. StorageTek objects to this Interrogatory on the grounds that defendant has propounded it for the purpose of harassment and to make this litigation more vexatious than necessary. Without waiver of the foregoing objections, StorageTek provides the following response.

The individuals whose knowledge was relied upon for the allegations contained and their general areas of knowledge are provided in the following chart: Responsive non-privileged documents have been produced and additional information was obtained from the NuSpeed and Cisco we sites.

| | |
|---|---|
| Bob Munsey | Primarily Employment Issues |
| Scott Nelson | Employment and Technical Issues |
| Reed Nelson | Primarily Technical Issues |
| Brad Stamas | Employment and Technical Issues |
| Ravi Kavuri | Employment and Technical Issues |

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

| | |
|---|---|
| Jim Hughes | Primarily Technical Issues |
| Sheri McCallum | Primarily Employment Issues |
| Rob Bartee | Employment and Technical Issues |
| Peter Hahn | Employment and Technical Issues |
| Jeremy Swift | Primarily Employment Issues |
| Chris Van Krevelen | Primarily Employment Issues |
| Rod Nelson | Primarily Employment Issues |
| Wade Oberpriller | Primarily Employment Issues |

**INTERROGATORY NO. 2**

Identify each and every current or former employee of StorageTek who allegedly was solicited or recruited to join NuSpeed or Cisco and/or who subsequently became an employee of NuSpeed or Cisco, and for each such person, state the following:

a. the beginning and ending date of such person's employment with StorageTek and the positions held by such person while at StorageTek;

b. whether that person's employment with StorageTek was terminated voluntarily or involuntarily; and

c. a detailed description of any act or omission by each such person which is a basis for any cause of action in your Complaint, including, without limitation, specific identification of any contract, agreement, or other obligation which you allege was breached by such person and/or a specific identification of any trade secret you claim such person misappropriated, misused, or disclosed.

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek responds that the former StorageTek employees solicited or recruited to join NuSpeed or Cisco and/or who subsequently became an employee of NuSpeed or Cisco include: David Peterson, John Leyes, Erika Hohenstein, Ted Schmitz, John Massey, George

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

Black, Don Rog, Dennis Hadders, Stan Mros, Mark Schrandt, Darren Vickers, Matt Massey, Linda Sharkey, Robert Lanoux, Ed Fiore, Michael Chaffin, Steve DeGroote, David Thompson, David Huhne, John Motor, Anthony Beltran, Daniel Anonen, Dave Myers, Craig Johnson, Mark Bakke, Tim Kuik, Mark Cree, Jeremy Swift, Chris VanKrevelen, Rod Nelson, Wade Oberpriller, Tim Mueggenberg, Steven Pheneger, Lou Mazzone, Kevin Whalen, Ken Widstorm, Doug Ingraham, Brad Stamos and Ravi Kavuri.

a. Federal Rule of Civil Procedure 33(d) allows a party to produce business records in lieu of responding to an interrogatory. The information requested in this subparagraph can be obtained from the employment records of those former StorageTek employees who now work for NuSpeed/Cisco. StorageTek has already produced those employment records.

b. Federal Rule of Civil Procedure 33(d) allows a party to produce business records in lieu of responding to an interrogatory. The information requested in this subparagraph can be obtained from the employment records of those former StorageTek employees who now work for NuSpeed/Cisco. StorageTek has already produced those employment records.

c. StorageTek objects to this interrogatory as premature as some of this information is in Cisco's possession and Cisco has not yet served complete responses to StorageTek's outstanding discovery. Moreover, the Complaint alleges improper acts by Cisco/NuSpeed. These acts include improperly and unfairly targeting StorageTek employees (particularly those with specific technical information) for hiring and using knowledge of StorageTek's confidential pay structure, benefits system, salary or other information to recruit

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

StorageTek employees. Some former employees actively participated in the raiding of StorageTek personnel in violation of agreements signed with StorageTek. (*See* Supplemental Response to Interrogatory 7.) These agreements have already been produced. Additionally, some employees of NuSpeed/Cisco were key employees of StorageTek's MRDC. As such, these employees owed fiduciary duties to StrorageTek including a duty: (1) to keep secret, and to not use, StorageTek's confidential, proprietary information, and (2) not to recruit or try to recruit employee away from StorageTek. (*See* Supplemental Response to Interrogatory No. 7.)

**INTERROGATORY NO. 3**

Identify each StorageTek facility where any person worked who was solicited to become or did become a NuSpeed or Cisco employee, and for each facility provide the following information:

a. the number of employees at each such facility at the beginning of each quarter of each year from January 1, 1998, through the present;

b. the identity of each employee working at such facility at any time from January 1, 1998, through the present with whom you had a contract or agreement containing a covenant not to compete, a covenant not to solicit StorageTek employees, or any agreement relating to confidential information or trade secrets;

c. the identity of each employee who has been involuntarily terminated from each such facility from January 1, 1998, through the present; and

d. the identify of each employee who has voluntarily terminated his or her employment from each such facility from January 1, 1998.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

**SECOND SUPPLEMENTAL RESPONSE:**

The facility from which NuSpeed/Cisco raided employees is StorageTek's Minneapolis Research and Development Center (MRDC). This facility is located in Maple Grove, Minnesota.

a. Federal Rule of Civil Procedure 33(d) allows a party to produce business records in lieu of responding to an interrogatory. The information requested in this subpararaph can be obtained from the headcount reports fo StorageTek's MRDC being produced contemporaneously.

b. StorageTek objects to this Interrogatory on the grounds that it is unduly burdensome. StorageTek objects to this Interrogatory on the grounds that it is directed to the discovery of sensitive confidential business information and trade secrets. Without waiving the foregoing objections, StorageTek believes each person employed at its MRDC had an agreement containing a covenant not to compete, a covenant not to solicit StorageTek employees, or any agreement relating to confidential information or trade secrets.

c. StorageTek objects to this Interrogatory on the grounds that it is not relevant to the claim or defense of either party. StorageTek objects to this Interrogatory on the grounds that defendant has propounded it for the purpose of harassment and to make this litigation more vexatious. Without waiving the foregoing objections, one MRDC employee was involuntarily terminated in 2000. Pursuant to Rule 33(d), StorageTek has produced documents responsive to this Interrogatory.

d. StorageTek objects to this Interrogatory on the grounds that it is not relevant to the claim or defense of either party. Without waiving the foregoing objection, 86

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

MRDC employees have voluntarily terminated their relationship with StorageTek in 2000. Pursuant to Rule 33(d), StorageTek has produced documents responsive to this Interrogatory.

**INTERROGATORY NO. 4**

Describe in detail the restructuring and cost-saving measures that StorageTek has undertaken from January 1, 1999, through the present, including, without limitation: reductions in force; hiring freezes; restrictions on salary increases or bonuses or other changes in compensation or bonus structures and systems for employees; discontinuation of any products, services, business, research and development projects or other projects.

**SUPPLEMENTAL RESPONSE:**

To the extent this interrogatory seeks information about locations other than StorageTek's Minnesota Research and Development Center, StorageTek objects to this Interrogatory on the grounds that it is not relevant to the claim or defense of either party. StorageTek objects to this Interrogatory as being overbroad in scope, this request could encompass every business decision made by StorageTek in the last two years. Additionally, StorageTek also objects to this interrogatory to the extent that it implicates the trade secret issues in this case. As agreed by the parties, responses to the trade secret matters will not commence until the Court determines the sequence of production.

Without waiving the foregoing objections, StorageTek is providing business records contemporaneously herewith in lieu of responding to this interrogatory in accordance with Federal Rule of Civil Procedure 33(d). The information requested can be obtained from documents referencing the success sharing, retention, and voluntary separation programs. Furthermore, due to the breath of this interrogatory StorageTek is continuing to search for other information responsive to this interrogatory and will supplement this response if

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

appropriate. StorageTek would also appreciate further discussion with Cisco to define the proper scope of this request.

**INTERROGATORY NO. 5**

Identify each and every person, whether a StorageTek employee or not, who was involved in or knowledgeable about the StorageTek's conception, design, technology, development, and/or marketing of any device for joining computer networks, including, without limitation: the conception and evaluation of two versions of such a device referred to in paragraph 6 of your Complaint; the decision to develop one version of such a device and to postpone the development of another version, as alleged in paragraphs 6 and 7 of your Complaint; and the conception, design, development, and/or marketing of the device referred to as StorageNet 6000. For each such person identified, describe the nature and extent of such person's knowledge.

**THIRD SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as being overbroad in scope because it is not limited to the devices at issue in this lawsuit. Further, this interrogatory unduly burdensome as it seeks identification of "each and every" person who was "knowledgeable about" the technology and/or marketing of various StorageTek products. This would include thousands of individuals that had access to public documents concerning the SN6000 and its sale. StorageTek further objects to this interrogatory as vague and ambiguous with respect to its usage of "describe the nature and extent of such person's knowledge" and "knowledgeable about."

To the extent not otherwise objectionable, StorageTek responds by stating that such persons include most present and past employees of StorageTek and StorageTek suppliers under a confidentiality obligation. Documents have been produced identifying such individuals and companies. For more particular identification of knowledgeable individuals, see

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

StorageTek's Particularized Trade Secret Statement and StorageTek's response to Interrogatory No. 1. Further, at least the following individuals were involved with the second type of the device identified in the Complaint: Mark Schrandt, Mark Burke, Ed Fiore, Don Rog, Doug Ingraham, Nancy Cohn, John Lupes, Ravi Kavuri, Brad Stamos, and Jim Hughes.

**INTERROGATORY NO. 6**

Identify and describe every comment, statement, or admission by any director, officer, employee, agent, or representative of NuSpeed or Cisco, or any person acting on behalf of NuSpeed or Cisco, which you claim is relevant to any issue in this case including, without limitation, specific identification of: the person who made such comment, statement, or admission, including, without limitation, the "NuSpeed investor" referred to in paragraph 10 of your Complaint; and any person(s) who witnessed or heard the alleged comment, statement, or admission.

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. StorageTek objects to this Interrogatory as premature. Discovery has only recently begun and Cisco has not yet served responses to StorageTek's outstanding discovery. With respect to the "NuSpeed Investor" in ¶10 of the Complaint, the gentleman's name is Charles Beeler. Pursuant to Rule 33(d), StorageTek has produced documents responsive to this Interrogatory.

**INTERROGATORY NO. 7**

Identify specifically any director, officer, employee, agent, or representative of NuSpeed or Cisco, or any person acting on behalf of NuSpeed or Cisco, who allegedly engaged in any act or omission or threatened act or omission upon which you premise any of the claims

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

a. a specific, particularized description of the act or omission of which you complaint and how such act or omission supports any of your claims;

b. if you claim that any such person misappropriated, misused, or disclosed any trade secret, then for each such person identify specifically the trade secret he or she allegedly misappropriated, misused, or disclosed;

c. if you claim that any such person wrongfully recruited, solicited, or raided any StorageTek employee, then for each such person identify the particular StorageTek employee whom he or she recruited, solicited, or sought as an employee of NuSpeed or Cisco;

d. if you claim that any such person breached any contract or interfered with or induced the breach of another's contract, then for each such person identify specifically the contract he or she allegedly breached or interfered with; and

e. if you claim that any such person breached any fiduciary duty or induced another to breach a fiduciary duty, then for each such person identify specifically the fiduciary duty which he or she allegedly breached or induced another to breach.

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Most of this information is in the possession of Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Without waiver of this objection, as StorageTek is currently informed, such individuals primarily include: Mark Cree, Ed Fiore, Dave Myers, Mark Bakke, Mark Schrandt, and others. (*See* Responses to subparagraphs (a), (b), (c), (d), and (e) for more detailed information.) The information provided in this response may change as StorageTek obtains more information during discovery.

a. StorageTek objects to this interrogatory as premature. Some of the information is in the possession of Cisco. Cisco has not produced witnesses for noticed

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory in that it seeks information that is attorney-client privileged and/or work product.

Subject to these objections, and without waiver of it, employees in management positions at NuSpeed/Cisco, including Mark Cree, Mark Schrandt, Dave Myers, Tim Kuik, Mark Bakke, and Ed Fiore, actively targeted and solicited StorageTek employees to leave StorageTek and join NuSpeed/Cisco. The employees who were the object of the raiding are the employees who left StorageTek and joined NuSpeed/Cisco. These individuals unfairly and improperly targeted StorageTek employees and unfairly and improperly used StorageTek confidential, proprietary information to recruit individuals from StorageTek. As a result of these improper and unfair hiring practices, NuSpeed/Cisco obtained nearly forty percent of its workforce from StorageTek.

At the time NuSpeed/Cisco hired StorageTek employees, these employees had valid employment agreements and defendant knew that the employees had such agreements. By recruiting and hiring StorageTek employees, NuSpeed/Cisco intended for those StorageTek employees to breach their employment agreements. Additionally, at least Mark Cree, Mark Schrandt, Ed Fiore, Mark Bakke, and Dave Myers were key employees of StorageTek and owed fiduciary duties to StorageTek. These duties include, among other things, a duty to keep secret, and not use, StorageTek's confidential, proprietary information and a duty not to recruit or try to recruit StorageTek employees. These employees breached those duties when recruiting employees from StorageTek and utilized other confidential information of

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

StorageTek. NuSpeed/Cisco knew of, encouraged, and condoned these breaches of fiduciary duties, which inured to the benefit of the defendant.

b. StorageTek objects to this interrogatory as premature. Although it is clear that Cisco has misappropriated at least some of StorageTek's trade secrets, the details of which specific individuals acted are in the possession of Cisco and the former StorageTek employees that now work for Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory in that it seeks information that is attorney-client privileged and/or work product.

Without waiver of the foregoing objections, Cisco is directed to StorageTek's Particularized Trade Secret Statement.

c. StorageTek objects to this interrogatory as premature. Some of this information is in the possession of former StorageTek employees that now work for Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery.

Without waiver of the foregoing objections, StorageTek provides the following response.

1) Mark Cree and Clint Jurgens improperly, unfairly and/or wrongfully solicited, recruited, or sought Mark Schrandt, Mark Bakke, Ed Fiore, Tim Kuik, and David Thompson.

BK
LAW OFFICES
Brooks & Kushman P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
248) 358 4400

2) Ed Fiore improperly, unfairly and/or wrongfully solicited, recruited, or sought Don Rog, Stan Mros, Darren Vickers, Daniel Anonen, Jeremy Swift, Chris VanKrevelen, and Rod Nelson.

3) Tim Kuik improperly, unfairly and/or wrongfully solicited, recruited, or sought Steve DeGroote.

4) Dave Myers improperly, unfairly and/or wrongfully solicited, recruited, or sought Ted Schmitz, Anthony Beltran, George Black, Matt Massey, John Massey, John Leyes, Chris VanKrevelen, and Wade Oberpriller.

5) Mark Bakke improperly, unfairly and/or wrongfully solicited, recruited, or sought Jeremy Swift, and Rod Nelson.

6) Mark Schrandt improperly, unfairly and/or wrongfully solicited, recruited, or sought Craig Johnson, Michael Chaffin, Steve DeGroote, Dave Myers, Dennis Hadders, Dave Peterson, Jeremy Swift, Chris VanKrevelen, and Rod Nelson.

7) Craig Johnson improperly, unfairly and/or wrongfully solicited, recruited, or sought Wade Oberpriller.

d. StorageTek objects to this interrogatory as premature. Some of this information is in the possession of former StorageTek employees that now work for Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory to the extent that it implicates the trade secret issues in this case. As agreed by the parties,

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

responses to the trade secret matters will not commence until the Court determines the sequence of production.

Without waiver of the foregoing objections, StorageTek provides the following response. Any contract responsive to this interrogatory is contained within the personnel files of the former StorageTek employees now employed by NuSpeed/Cisco. Therefore, they are only referenced by title below. These documents have already been produced.

1) Mark Schrandt breached his Employment Agreement and his Statement of Confidentiality and induced the breach of: Craig Johnson's Confidentiality Agreement; Michael Chaffin's Confidentiality Agreement; Dave Myers' Employment Agreement and Statement of Confidentiality; Steve DeGroote's Employment Agreement and Proprietary Rights Agreement; Dennis Hadders' Confidentiality Agreement; and Dave Peterson's Employment Agreement and Statement of Confidentiality.

2) Mark Cree breached his Employment Agreement and his Statement of Confidentiality.

3) Mark Cree and Clint Jurgens induced the breach of Mark Schrandt's Employment Agreement and Statement of Confidentiality; Mark Bakke's Statement of Confidentiality, Ed Fiore's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; Tim Kuik's Employment Agreement and Statement of Confidentiality, and David Thompson's Employment Agreement and Statement of Confidentiality.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

4) Ed Fiore breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality and induced the breach of: Don Rog's Confidentiality Agreement; Stan Mros's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; Darren Vickers' Employment Agreement and Statement of Confidentiality, and Daniel Anonen's Proprietary Rights and Confidentiality Agreements.

5) Mark Bakke breached his Statement of Confidentiality.

6) Tim Kuik breached his Employment Agreement and Statement of Confidentiality and induced the breach of: Steve DeGroote's Employment Agreement and Proprietary Rights Agreement.

7) Dave Myers breached his Employment Agreement and Statement of Confidentiality and induced the breach of: Ted Schmitz' Confidentiality Agreement and Proprietary Rights Agreement; Anthony Beltran's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; George Black's Confidentiality Agreement; Matt Massey's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; John Massey's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; and John Leyes' Confidentiality Agreement.

8) Craig Johnson breached his Confidentiality Agreement.

9) Michael Chaffin breached his Confidentiality Agreement.

10) Steve DeGroote breached his Employment Agreement and Proprietary Rights Agreement.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

11) Dennis Hadders breached his Confidentiality Agreement.

12) Dave Peterson breached his Employment Agreement and Statement of Confidentiality.

13) Don Rog breached his Confidentiality Agreement.

14) Stan Mros breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality.

15) Darren Vickers breached his Employment Agreement and Statement of Confidentiality.

16) Daniel Anonen breached his Proprietary Rights and Confidentiality Agreements.

17) Ted Schmitz breached his Confidentiality Agreement and Proprietary Rights Agreement.

18) Anthony Beltran breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality.

19) George Black breached his Confidentiality Agreement.

20) Matt Massey breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality.

21) John Massey breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality.

22) John Leyes breached his Confidentiality Agreement.

23) David Thompson breached his Employment Agreement and Statement of Confidentiality.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

24) Robert Lanoux breached his Employment Agreement and Statement of Confidentiality.

25) Linda Sharkey breached her Employment Agreement and Statement of Confidentiality.

26) Erika Hohenstein breached her Employment Agreement and Statement of Confidentiality.

27) Doug Ingraham breached his Employment Agreement and Statement of Confidentiality.

28) Ken Widstorm breached his Employment Agreement and Statement of Confidentiality.

e. StorageTek objects to this interrogatory as premature. The details of which specific individuals acted are in the possession of Cisco and the former StorageTek employees that now work for Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory in that it seeks information that is attorney-client privileged and/or work product.

Without waiver of the foregoing objections, StorageTek provides the following response. Mark Schrandt, Ed Fiore, Dave Myers, Mark Bakke, and Mark Cree breached or induced the breach by others of the fiduciary duty to keep secret, and to not use, StorageTek's confidential, proprietary information.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

Mark Cree, Mark Schrandt, Mark Bakke, Ed Fiore, and Dave Myers also breached or induced the breach by others of the fiduciary duty not to recruit or try to recruit employee away from StorageTek.

**INTERROGATORY NO. 8**

Identify and describe in detail each "trade secret" which you claim has been misappropriated, misused, or disclosed or which you claim is threatened to be misappropriated, misused, or disclosed, including, without limitation:

a. a detailed and specific description of each specific item of information concerning StorageTek's conception, design, development, and marketing of any device for joining disparate and otherwise incompatible computer networks which you claim is a trade secret;

b. a detailed and specific description of each specific item of technology used in any device for joining disparate and otherwise incompatible computer networks which you claim is a trade secret; and

c. a detailed and specific description of each specific item of information concerning StorageTek's pay structure, benefits system, salary information, and other related information which you claim is a trade secret.

**SUPPLEMENTAL RESPONSE:**

Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Therefore, StorageTek may learn additional information responsive to this interrogatory as discovery progresses and will supplement as appropriate.

(a) Cisco is directed to StorageTek's particularized Trade Secret Statement.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075

(248) 358-4400

(b) StorageTek objects to this interrogatory as being vague and ambiguous. It is not understood what "each specific item of technology used" means and clarification is required. StorageTek also objects to this request as duplicative of Interrogatory 8(a).

(c) Cisco is directed to StorageTek's particularized Trade Secret Statement.

**INTERROGATORY NO. 9.**

Describe any and all actions StorageTek has taken to protect and/or maintain the confidentiality and/or secrecy of any of the trade secrets or confidential information which you claim have been misappropriated or misused, including, without limitation: the person(s) who took such action(s) and the date(s) such action(s) were taken.

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as over broad, unduly burdensome and vague. Documents have been produced describing some of the actions taken by StorageTek to protect and/or maintain the confidential and/or secrecy of its trade secret. Federal Rule of Civil Procedure 33(d) allows a party to produce records in lieu of responding to an interrogatory.

Additionally, StorageTek employees are directed to follow StorageTek's policy and Procedures Manual and Proprietary Information Manual. StorageTek also requires all of its employees to sign agreements concerning proprietary rights and undergo background checks. New hires also undergo an employee orientation where security and proprietary information are discussed. StorageTek provides presentations about security and proprietary information and conducts a manager training class. StorageTek provides each employee with a secured access card that allows access only to necessary parts of its facilities. StorageTek

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

uses alarms, cameras, and other industrial security measures. StorageTek also provides instructions on passwords and policies for computerized information. StorageTek also has a publishing approval and screening process. This listing, along with those measures described in the document production, is believed to be complete. However, as more information is learned concerning this Interrogatory, StorageTek will supplement appropriately.

**INTERROGATORY NO. 10**

Identify each person, firm, or entity who has ever had access to any of the trade secrets or confidential information which you claim have been misappropriated or misused, including, without limitation: all current or former employees of StorageTek; all prospective employees or applicants; all current, former, or prospective investors, shareholders, or creditors of StorageTek or any of their representatives; all persons or firms with which StorageTek has joined in or considered joining in any venture, partnership, marketing arrangement, product development arrangement, or any other type of cooperative business activity, including, without limitation, representatives of Legato Systems, Inc., VERITAS Software Corporation, and Unisys Corp.; all current, former, or prospective customers, vendors, resellers, distributors, OEMs (as that term is used in StorageTek's SEC filings), agents, or representatives; any person or entity with whom StorageTek has any licensing or information/technology sharing agreement of any kind; any company, firm, or entity, with which StorageTek has considered any business transaction, including, without limitation, any joint venture, merger, acquisition, sale, etc., including, without limitation, Front Porch Digital, Inc.; any federal, state, local, or foreign governmental agency, including the Equal Employment Opportunity Commission or similar state agency, the Securities and Exchange Commission, or the U.S. Patent Office; any other party in any litigation, arbitration, or other dispute-resolution proceeding; any independent contractors hired by StorageTek, including engineers, technicians, designers, etc.; any outside consultants or advisers, including any representatives of Goldman Sachs & Company, McKinsey & Company, or any other investment banking firm; any recruiting or headhunting firm; any marketing or advertising firm; and any accounting firm or auditors.

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. StorageTek would have to question an innumerable individuals to respond

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

to this interrogatory. StorageTek objects to this interrogatory on the grounds that defendant has propounded it for the purpose of harassment and to make this litigation more vexatious.

Without waiver of the foregoing objections, StorageTek states that most of its past and present employees have had limited access to the trade secrets identified in StorageTek's Particularized Trade Secret Statement. Relevant documents have been produced. StorageTek also states that its suppliers and other entities with a confidentiality obligation have also had limited access to some of the trade secrets identified in StorageTek's Particularized Trade Secret Statement. Relevant documents will be produced.

**INTERROGATORY NO. 11.**

Describe in detail and with particularity all facts relating to the allegations in your Complaint that "[o]n behalf of defendant, and with defendant's knowledge and approval, former key StorageTek employees have actively participated in the raiding of StorageTek personnel, some in violation of agreements signed with StorageTek that forbid such solicitation of StorageTek employees," including, without limitation, specific identification of: the individuals who allegedly participated in "raiding of StorageTek personnel"; the StorageTek employees who allegedly were the object of such "raiding"; the agreements referenced in this allegation which you claim were violated; and the facts, if any, which support your contention that any such actions were on behalf of defendant or with defendant's knowledge or approval.

**SUPPLEMENTAL RESPONSE:**

To the extent that this Interrogatory seeks the identification of agreements, those agreements are contained within the personnel files of those former StorageTek employees who now work for NuSpeed/Cisco. These files have already been produced. Subject to the objection, and without waiver of it, employees in management positions at NuSpeed/Cisco, including Mark Cree, Mark Schrandt, Dave Myers, Tim Kuik, Mark Bakke, and Ed Fiore, actively solicited StorageTek employees to leave StorageTek and join NuSpeed/Cisco. The

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

employees who were the object of the raiding are the employees who left StorageTek and joined NuSpeed/Cisco. Because defendant is a corporation, and its actions are controlled by the management team, and because the management team was directly involved in the raiding, it is clear that the raiding was on behalf of defendant and with defendant's knowledge and approval.

**INTERROGATORY NO. 12**

Describe in detail and with particularity all facts relating to the allegations in your Complaint that "Defendant improperly and unfairly used former StorageTek employees' knowledge of StorageTek's confidential pay structure, benefits system, salary information, and other information to recruit StorageTek employees," including, without limitation, specific identification of: the specific person(s) who engaged in the actions alleged; the specific StorageTek employee(s) who allegedly were recruited "improperly and unfairly"; the "confidential information" allegedly used to recruit StorageTek employees; and the factual and legal basis for your claim that any alleged recruitment was "improper" or "unfair."

**THIRD SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature as Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Much of the information relating to Cisco's improper use of StorageTek's confidential pay structure is in possession of Cisco. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. StorageTek also objects to this request as duplicative of Interrogatory No. 7. *See* Response to Interrogatory No. 7. *See also*, StorageTek's Supplemental Trade Secret Statement. As discovery progresses, StorageTek will supplement this response appropriately.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

Subject to that objection and without waiver of it, the former StorageTek employees who were involved in the raiding, including Mark Cree, Mark Schrandt, Dave Meyers, Mark Bakke, and Ed Fiore, had knowledge of StorageTek's confidential pay structure, benefit system, salary information, and other information relevant to hiring. It would not be possible for those people to have forgotten that information in the short time between when they left StorageTek and joined NuSpeed/Cisco or to have ignored the information while recruiting new employees. Use of this information was improper and unfair. Further, Mark Schrandt requested and received a detailed listing of al salaries for engineering at the MRDC just weeks before he resigned from StorageTek to work at NuSpeed.

**INTERROGATORY NO. 13**

Describe in detail and with particularity all facts relating to the allegations in your Complaint that "[u]sing StorageTek employees and StorageTek's confidential, proprietary information defendant has developed and is preparing to market a product or products based on the devices for joining disparate and otherwise incompatible computer networks originally conceived and developed by StorageTek's MRDC employees," including, without limitation, specific identification of: the product or products Defendant allegedly developed "[u]sing StorageTek employees and StorageTek's confidential, proprietary information"; the former StorageTek employees allegedly "used" to develop and prepare this product; the "confidential, proprietary information" of StorageTek's which allegedly was used to develop and prepare to market this product; and all persons with knowledge relating to such allegations and the knowledge possessed by each such person.

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Much of this information is in the possession of Cisco and Cisco has not yet provided information relevant to this interrogatory in discovery, thus making

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075

(248) 358-4400

identification of "all facts relating" to Cisco's use of "StorageTek employees and StorageTek's confidential, proprietary information" an impossible task. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Without waiver of the foregoing objections, StorageTek states that its confidential information was used at least to develop the SN 5420. Concerning which of Cisco's employees were used to develop this project, StorageTek believes that most if not all of its former employees were used in some capacity to develop the SN 5420. Cisco should be able to answer these questions because the individuals at issue now work at Cisco. Additionally, Cisco has yet to provide any information concerning the job responsibilities of its employees beyond their job title. Additionally, Cisco is directed to StorageTek's Supplemental Particularized Trade Secret Statement and StorageTek's response to Interrogatory No. 21 for additional information responsive to this interrogatory.

**INTERROGATORY NO. 14**

Describe in detail and with particularity all facts which relate to the allegation in your Complaint that former StorageTek employees "will inevitably disclose StorageTek trade secrets in their work for defendant," including, without limitation specific identification of: the person(s) you allege would disclose such alleged trade secret(s); the specific trade secret(s) each such person allegedly would disclose; any person with knowledge relating to this allegation and a statement of what each such person knows.

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

StorageTek's outstanding discovery. Much of this information is in the possession of Cisco and Cisco has not yet provided information relevant to this interrogatory in discovery, thus making identification of "all facts relating" to Cisco's "inevitable disclosure of StorageTek's Trade Secrets" an impossible task. Additionally, although specifically requested, Cisco has yet to provide specific job responsibilities of its employees. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Without waiver of the foregoing objections, Cisco is directed to StorageTek's Particularized Trade Secret Statement, specifically trade secret No. 18.

**INTERROGATORY NO. 15**

Describe in detail and with particularity all facts relating to the allegations in your Complaint that "Defendant has improperly acquired StorageTek's confidential, proprietary information and converted it to is own use" including, without limitation, specific identification of: the persons who you allege "improperly acquired . . . and converted" StorageTek's information; the "confidential, proprietary information" which you allege was improperly acquired and converted; the legal and factual basis for your claim that any information was acquired "improperly"; and all persons with knowledge relating to such allegations and the knowledge possessed by each such person.

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Much of this information is in the possession of Cisco and Cisco has not yet provided all information relevant to this interrogatory in discovery, thus making identification of "all facts relating" to Cisco's conversion of StorageTek's confidential

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

information an impossible task. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Without waiver of the foregoing objections, Cisco is directed to StorageTek's Particularized Trade Secret Statement. Additionally, Cisco is directed to Tim Kuik's lab notebooks that were taken from StorageTek and recently produced by Cisco in discovery.

**INTERROGATORY NO. 16**

Describe in detail and with particularity all facts relating to the allegations in paragraph 52 of your Complaint that certain individuals "breached their fiduciary duties to StorageTek when they used StorageTek's confidential, proprietary information to develop the second product, which they had chosen to not develop while at StorageTek," including, without limitation, specific identification of: the "confidential, proprietary information" referenced in this allegation; the "second product" referenced in this allegation; the factual and legal basis for your claim that the individuals identified breached any fiduciary duty; every person involved in the decision not to develop the "second product" at StorageTek referenced in this allegation; all persons with knowledge relating to such allegations and the knowledge possessed by each such person.

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Much of this information is in the possession of Cisco and Cisco has not yet provided all information relevant to this interrogatory in discovery, thus making identification of "all facts relating" to Cisco's breach of fiduciary duty claim. StorageTek also objects to this interrogatory as duplicative of Interrogatory No. 7. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

Without waiver of the foregoing objections, Cisco is directed to StorageTek's Particularized Trade Secret Statement, including its discussion of products related to the SN 6000, and the referenced documents. Cisco is also directed to StorageTek's Response to Interrogatory Nos. 7, 11, 12, 13, 14 and 15, the agreements contained in the personnel files of the former StorageTek employees, and Cisco's Response to StorageTek's Interrogatory No. 4. Additionally, with regard to the second design referred to in the Complaint, in the mid 1990's, StorageTek conceived two platform directions for joining disparate communication networks. Documents have been produced that relate to the conception, design and development of each platform direction.

The first track may be described as encompassing high-performance, high density platforms. Example designs include Access Controller, Access Module, and SN6000. Many of the design elements developed in conjunction with the first track are common to iterations of the second track.

The second track may be described as encompassing lower-cost, low-density platforms. StorageTek developed several iterations including the Comet, Edge Module, Junkyard Weasel and SAN Appliance. Each of these designs is an edge device capable of interfacing disparate communication networks, such as Gigabit Ethernet and Fibre Channel. Further, these designs could incorporate a variety of services including interconnecting SAN islands, file services, and data backup.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400