Anderson Aff. Ex. 17

**INTERROGATORY NO. 17**

With respect to each trade secret allegedly misappropriated or misused, describe in detail and with particularity all facts relating to the development of such trade secret, including, without limitation, specific identification of: the person(s) involved in the development of the trade secret; all other persons with knowledge relating to the development of the trade secret and each such person's knowledge; the period of time over which the trade secret was developed; and the research and development costs and other costs incurred in developing the trade secret.

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory as unduly burdensome and duplicative of other interrogatories and document requests. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Without waiver of the foregoing objections, StorageTek states that the trade secrets at issue began development at least as early as 1994 and are ongoing at StorageTek. The individuals involved in the development of the trade secrets included many of those former StorageTek employees employed at Cisco and others employed at StorageTek's MRDC. Cisco is directed to the MRDC employee listing produced by StorageTek. Cisco is also directed to StorageTek's Particularized Trade Secret Statement and the documents referenced therein, StorageTek's responses to Interrogatories Nos.1 and 7. With respect to costs associated with the research and development and other costs incurred, pursuant to Rule 33(d), StorageTek will produce documents.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

**INTERROGATORY NO. 18**

Describe in detail and with particularity all facts relating to your claim that you will suffer irreparable harm if a preliminary and/or permanent injunction is not issued in this case.

**RESPONSE:**

StorageTek objects to this interrogatory as premature and discovery has only recently begun and Cisco has not yet served responses to StorageTek's outstanding discovery. Subject to that objection and without waiver of it, improper use and disclosure of StorageTek's trade secrets destroys those trade secrets. Destruction of trade secrets creates irreparable harm. Likewise, the use and disclosure of StorageTek's confidential and proprietary information causes irreparable harm. The continued raiding of StorageTek's employees and the continued breach of fiduciary duties irreparably harms StorageTek because StorageTek loses valuable employees.

**INTERROGATORY NO. 19**

Identify and describe every circumstance from January 1, 1997, through the present in which you have asserted any claim or threatened to assert any claim against any current or former StorageTek employee or any person or entity which has employed or sought to employ any former StorageTek employee, including, without limitation, specific identification of: the person or entity against whom you asserted or threatened to assert such a claim; the nature of the claim(s) you asserted or threatened to assert (e.g. any claim for misappropriation, misuse, or disclosure of any trade secret(s), violation of any agreement not to compete or to solicit employees, breach of any contract or agreement, breach of any fiduciary duty, or inducing another to breach any fiduciary duty); the case, including the jurisdiction in which the case was filed, the caption or title of the case, the docket number of the case, the identity of the parties, and the date the case was filed; the outcome of the claim or threatened claim (e.g. whether the matter was ever pursued, was settled, was dismissed, was dropped, any result upon a dispositive motion, or any result after adjudication); and the persons with knowledge relating to such claims or asserted asserted [*sic*] claims and the knowledge each such person possesses.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as irrelevant to any claim or defense asserted in this case and therefore outside the scope of Rule 26 of the Federal Rules of Civil Procedure. StorageTek also objects to this interrogatory as it is vague, ambiguous and confusing. Without waiver of the foregoing objections, StorageTek has produced documents that are responsive to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Respectfully submitted

**BROOKS & KUSHMAN P.C.**

By: ______________________

**ERNIE L. BROOKS**
**THOMAS A. LEWRY**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400
Fax: (248) 358-3351

*Attorneys for Plaintiff*
*Storage Technology Corporation*

Date: August 20, 2002

**Of Counsel:**

MAHONEY DOUGHERTY & MAHONEY
RICHARD P. MAHONEY
VICTOR LUND
801 Park Avenue
Minneapolis, MN 55404
(612) 339-5863

and



BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

**Storage Technology Corp.**
Timothy R. Schulte
2270 South 88th Street
Louisville, Colorado 80028-4309
(303) 673-5989

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

## CERTIFICATE OF SERVICE

I certify that I served:

**STORAGE TECHNOLOGY CORPORATION'S THIRDD SUPPLEMENTAL RESPONSES TO DEFENDANT CISCO SYSTEMS, INC.'S FIRST SET OF INTERROGATORIES**

on August 20, 2002 by:

___ hand delivering
✓ faxing
✓ mailing (via First-Class mail)
___ overnight courier

a copy to:

Roy A. Ginsburg
Joseph W. Hammell
Thomas J. Vitt
**DORSEY & WHITNEY LLP**
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498

*Attorneys for Defendant*

Sandra D. Davis

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400



TOTAL P.37
TOTAL P.37