# *EXHIBIT 2*

**BROOKS & KUSHMAN P. C.**

Law Offices

*Intellectual Property and Technology Related Causes*

Ernie L. Brooks
James A. Kushman
David R. Syrowik
Mark A. Cantor
Ralph M. Burton
Robert C. J. Tuttle
Earl J. LaFontaine
Ronald M. Nabozny
Thomas A. Lewry

John E. Nemazi
Kevin J. Heinl
William G. Abbatt
Donald J. Harrington
Timothy G. Newman
John M. Halan
Jeffrey M. Szuma
Maria Franek Angileri
Frank A. Angileri

William G. Conger
Christopher W. Quinn
Sangeeta G. Shah
George R. Mosher
Frederick M. Ritchie
John M. Sheridan
Elizabeth F. Janda
Robert C. Brandenburg
A. Frank Duke

James R. Ignatowski
Konstantine J. Diamond
David S. Bir
James N. Kallis
Hugo A. Delevie
Ralph E. Smith
Gigette M. Bejin
Mark E. Stuenkel
Michael S. Brodbine

Seth E. Rodack
Pete N. Kiousis
Raymond J. Vivacqua
John J. Ignatowski
James W. Proscia
Ginta D. Kukalnis
Lawrence G. Almeda
Philip Abromats

Registered Patent Agents

Mark D. Chuey, Ph.D.
Stephanie M. Mansfield, Ph.D.
Jeremy J. Curcuri
Robert C. Jones
Matthew R. Mowers
Matthew M. Jakubowski

October 18, 2000

Honorable James M. Rosembaum
United States District Judge
United States District Court
U.S. Courthouse
Suite 15-E
300 South 4th Street
Minneapolis, MN 55415

***VIA HAND DELIVERY***

**Re:** ***Storage Technology v. Cisco Systems, Inc.***
**Civil Action No. 00 CV 2253**
**Our File No. STK 0133 L**

Dear Judge Rosembaum:

Brooks & Kushman represents Storage Technology Corporation in connection with the above-identified lawsuit. I received a copy of a letter sent to you by Cisco's counsel, Roy A. Ginsburg, dated October 13, 2000. I write in response to some of the comments made in that letter and to urge the Court to order expedited discovery, which is necessary so that StorageTek can file its motion for preliminary injunction.

StorageTek served the Complaint on Thursday, October 5, 2000. With the Complaint, StorageTek served a very limited set of discovery. That discovery was focused so that Cisco could provide a prompt response. StorageTek also served with the Complaint copies of two *ex parte* motions filed with the Court.

The first *ex parte* motion seeks to expedite the discovery process. Specifically, it asks that Cisco be ordered to respond to StorageTek's limited discovery in 20 days, rather than the normal 30 days, and produce four key witnesses for deposition November 7 and 8, 2000. The second motion asks the Court to enter a temporary Confidentiality Order until the parties can work

BK

1000 TOWN CENTER, TWENTY-SECOND FLOOR, SOUTHFIELD, MICHIGAN 48075
TELEPHONE (248) 358-4400, FACSIMILE (248) 358-3351

**EXHIBIT 2**

out the details of a more permanent order. This order is designed to protect Cisco to the extent Cisco believes that information responsive to StorageTek's discovery is confidential.[1]

As explained in StorageTek's motion for expedited discovery, and as set forth in the Complaint, Cisco recently acquired a company formerly known as NuSpeed for $450 million. NuSpeed is about to begin marketing its first product, a product that was developed with StorageTek proprietary, confidential, and trade secret information. Because this product introduction is imminent, StorageTek needs to move quickly to prevent release of its proprietary, confidential, and trade secret information.

StorageTek's Complaint provides details of the matters at issue in this case. Although Cisco complains that StorageTek has not identified the trade secrets in its Complaint, Cisco knows StorageTek cannot do so. The point of trade secrets is that they are secret. If StorageTek were to identify them in the Complaint, the secrets would no longer be secret.

Cisco also contends that StorageTek did not attach copies of the contracts to its Complaint. Cisco has hired more than 25 employees away from StorageTek. It would have vastly increased the bulk of the Complaint to have attached all of the agreements for all of the raided employees. More importantly, the people at the highest management levels of NuSpeed are former StorageTek employees and know the details of the contracts that they and the other employees signed.

Finally, with respect to Cisco criticism that StorageTek "has allowed nearly a year to elapse before taking any legal action to protect its alleged trade secrets and proprietary information," NuSpeed did not exist before November 1999 and still has no released products. StorageTek did not have sufficient knowledge of NuSpeed's as-yet-unreleased product to bring an action before now. StorageTek has moved quickly since gaining sufficient information to know that NuSpeed has misappropriated StorageTek's confidential, proprietary, and trade secret information.

Equally important, although StorageTek did not have certainty about NuSpeed's violations until recently, StorageTek had concerns. Cisco's NuSpeed organization was fully

---

[1] Cisco criticizes the proposed order as "over broad." As explained in StorageTek's motion, the language of that proposed order is taken directly from the local rules in the Northern District of California. The purpose of the order is to provide <u>temporary</u> protection for Cisco when it produces documents and other information. StorageTek does not intend that the order be the permanent order for this case. If Cisco does not need a Confidentiality Order before responding to StorageTek's discovery, StorageTek is willing to drop that motion.

informed of StorageTek's concerns in August 2000. (*See* letter dated August 2, 2000, attached). Cisco's NuSpeed organization responded that there were no violations (*see* letter dated August 15, 2000, attached), StorageTek later learned that there were indeed violations. StorageTek then promptly filed this lawsuit.

To expedite the preliminary injunction process, StorageTek asks the Court to enter the *ex parte* orders. Since the discovery time is reduced only by 10 days, it should not be a significant hardship on Cisco, which has enormous resources. In addition, StorageTek would welcome an early case management conference so that a quick schedule on the preliminary injunction motion can be set.

Thank you for your consideration of these matters.

Very truly yours,

**BROOKS & KUSHMAN P.C.**

Thomas A. Lewry

TAL:ds
cc: Mr. Roy A. Ginsburg (via facsimile)
Mr. Richard Mahoney
Mr. Timothy R. Schulte

Storage Technology Corporation 303 673 5151 phone
One StorageTek Drive
Louisville, CO 80028

STORAGETEK

Writer's Direct: (303) 673-5989

August 2, 2000

Mark Cree
President
NuSpeed Internet Systems
6450 Wedgwood Road
Maple Grove, MN 55311-3628

Dear Mr. Cree:

This letter is to advise you of a serious situation involving your company's recruitment of StorageTek employees from our Brooklyn Park facility. Over the past eight months, your company has hired seventeen StorageTek employees (including twelve engineers). Twelve of the seventeen employees have been hired in the last three months alone.

StorageTek is gravely concerned that this pattern of targeted recruitment evidences an intention on NuSpeed's part to use StorageTek's trade secrets to develop competing products. One of the first StorageTek employees to move to NuSpeed, Mark Schrandt, represented to StorageTek management that NuSpeed would be developing products in the application service provider market and not in the network storage market. Our current understanding is that is not accurate.

If NuSpeed is using StorageTek trade secrets to develop such a product, then such use constitutes trade secret misappropriation. In addition, from current employees being solicited by NuSpeed, we understand that NuSpeed is using salary, benefit, and other information obtained from the ex-StorageTek employees to recruit these current StorageTek employees. Such information also constitutes StorageTek trade secrets.

StorageTek demands that all use of StorageTek trade secrets cease immediately. Please provide me with your written assurance to that effect. If I do not receive such assurance, I will conclude that NuSpeed intends to continue such illegal practices and appropriate action by StorageTek will be taken.

Very truly yours,

Timothy R. Schulte
Assistant General Counsel

cc: Patrick J. Martin, President and CEO
Jeffrey M. Dumas, Corporate Vice President and General Counsel

VENTURE LAW GROUP
A PROFESSIONAL CORPORATION

RECEIVED
AUG 17 2000

August 15, 2000

**VIA FACSIMILE**

Mr. Timothy R. Schulte
Storage Technology Corporation
One StorageTek Drive
Louisville, CO 80028

RE: **NuSpeed Internet Systems/StorageTek**

Dear Mr. Schulte:

Mark Cree, Chief Executive Officer of NuSpeed Internet Systems ("NuSpeed " or the "Company") has forwarded to me your August 2, 2000 letter to him. Our firm represents NuSpeed with regard to employment matters. Please direct any further communications in this matter to my attention.

Before addressing the specific issues raised in the letters, on behalf of NuSpeed, I want to assure you that NuSpeed respects any confidential information and intellectual property rights that StorageTek does have. NuSpeed expects and requires its employees to honor any obligations they may have to their former employers, just as it expects and requires its former employees to honor their obligations to NuSpeed. In this regard, each NuSpeed employee is required to sign the company's standard Employee Proprietary Information and Inventions Agreement in which the employee covenants that he/she will not breach any agreement to keep in confidence information acquired outside of his/her employment with NuSpeed or bring for use or disclosure any materials, documents or information of a former employer or any third party that are not generally available to the public. As a condition of employment, NuSpeed requires strict compliance with this agreement.

While we would agree that NuSpeed has hired a number of former StorageTek employees and that each of such employees has an ongoing obligation to StorageTek to restrict his or her use of any StorageTek confidential information, and that such confidential information can include information regarding employees, we strongly dispute your claim that any former StorageTek employee or NuSpeed improperly used any such information in connection with NuSpeed's hiring practices. NuSpeed has no basis to believe that any former StorageTek employee has made any disclosure of StorageTek's confidential

0445706.01

VENTURE LAW GROUP
A PROFESSIONAL CORPORATION



information or otherwise breached any of his continuing duties or obligations to StorageTek. NuSpeed has never directed any of those individuals to do so.

NuSpeed takes very seriously the statements made in your letter. Please be assured that NuSpeed neither condones nor encourages violations of any legal or contractual obligations of its employees. As mentioned above, we believe that NuSpeed's past conduct with respect to these former StorageTek employees did not in any way violate any ongoing obligations to StorageTek.

Please feel free to contact me if you wish to further discuss these matters. I am hopeful that this response will allay the concerns of your client and put this matter to rest.

Very truly yours,

VENTURE LAW GROUP
A Professional Corporation

Renee R. Deming

Renee R. Deming

cc: Mark Cree

0445706.01

** TOTAL PAGE 04 **