# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**STORAGE TECHNOLOGY CORPORATION,**

*Plaintiff,*

-vs-

**CISCO SYSTEMS, INC.,**

*Defendant.*

Civil File No. 00-2253 (JNE/JGL)
Magistrate Judge Jonathan G. Lebedoff
Honorable Joan Ericksen Lancaster

---

## PLAINTIFF'S MOTION TO REVIEW COST JUDGMENT

---

## I. INTRODUCTION

Defendant Cisco Systems, Inc. ("Cisco") was awarded costs totaling $41,412.01, which are excessive for a case that never went to trial. Plaintiff Storage Technology Corporation ("StorageTek") asks the Court to reduce the taxed costs to $2,073.50 for the reasons stated below.

## II. APPLICABLE LAW

Rule 54(d) of the Fed. R. Civ. P. provides for the taxing of costs. 28 U. S. C. § 1920 sets forth expenses that a federal court may tax as costs against a losing party:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> * * *
>
> (2) Fees of the court reporter for all or any part of its stenographic transcription necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> * * *
>
> 28 U.S.C. § 1920

"The bill of costs proposed by a winning party should always be given careful scrutiny." *Koppinger v. Cullen-Schiltz & Assoc.*, 513 F.2d 901, 911 (8th Cir. 1975). The United States Supreme Court has set forth the governing policy for taxation of costs:

> We do not read the Rule [54(b)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he is seen fit to incur in the conduct of its case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some system's jurisprudence, that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute. Such a restrained administration of the Rule is in harmony with our national policy reducing insofar as possible the burdensome cost of litigation.

*Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964) (emphasis added).

The Supreme Court in a later opinion further clarified the scope of taxable costs:

> We think the better view is that § 1920 defines the term 'costs' as used in Rule 54(d). Section 1920 enumerates expenses that a Federal Court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a Federal Court discretion to refuse to tax costs in favor of the prevailing party.
>
> *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987) (emphasis added).

## III. DISCUSSION

Submitting and evaluating a bill of costs can be a rigorous task. The District of Minnesota prepared the handbook TAXATION OF COSTS IN A CIVIL CASE IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA ("Costs Handbook," Exhibit A) to help parties properly file bill

of costs requests in the District Court of Minnesota. While the Costs Handbook is not binding on this Court, it serves as a useful guide for determining allowable costs.

**A. Fees Of The Court Reporter For All Or Any Part Of The Stenographic Transcription Necessarily Obtained For Use In The Case § 1920(2)**

Defendant sought and was awarded $36,212.33 under § 1920(2). Plaintiff objects to this amount and asserts $293.82 are defendant's only allowable costs under § 1920(2).

**1. Trial Transcripts**

Defendant sought $293.82 for the June 23, 2003 summary judgment hearing transcript. Plaintiff agrees that this is an allowable cost that is properly taxed.

**2. Deposition Transcripts**

Defendant sought $35,918.51 for depositions taken in this case. (*See*, Exhibit D, Aff. of Clifford Anderson ¶ 63.) Plaintiff objects to taxation of that amount for the reasons that follow.

Section 1920(2) allows taxation of court reporter fees only when the transcript is "necessarily obtained for use in the case." To recover deposition costs, the deposition must be "reasonably necessary" at the time the deposition was taken. *Zotos v. Lindergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997). Furthermore, the *prevailing party has the burden* of proving the deposition was "reasonably necessary":

> Depositions that merely assist discovery or are investigatory in nature, however, generally are not taxable. From studying the plaintiff's Bill of Costs and Appendix A, the Court is unable to determine whether the various transcripts for which plaintiff claims fees were used in trial, were necessary for trial, or were merely investigatory. Moreover, **plaintiff has made no showing** that the depositions for which it obtained transcripts were reasonably necessary when they were taken. Therefore, the Court holds that plaintiff is entitled to no taxation of court reporter fees.

*Uni-Systems, Inc. v. Delta Air Lines, Inc.*, 2002 WL 505914, p. 2 (D. Minn. 2002). (Exhibit B).[1]

As in *Uni-Systems, Inc.*, defendant in this case gave no explanation concerning the necessity for taking these depositions.[2] *See* Bill of Costs (Exhibit C) and Andersen Affidavit (Exhibit D). Defendant's silence does not satisfy its burden of showing these depositions were "reasonably necessary." *Uni-Systems, Inc.* at 2. Therefore, defendant's request for deposition costs in the amount of $35,918.51 must be denied.

In addition, the Costs Handbook states "The cost of deposition transcripts may be taxed if **reasonably necessary** to the party's case in light of the particular situation existing at the time of taking." Costs Handbook, 4(b), p. 5 (emphasis added). Defendant has moved for attorney fees, saying the case was objectively frivolous. If defendant believed that, it plainly did not need all these depositions. Since defendant failed to show these depositions were "reasonably necessary," instead of taken for discovery or trial preparation, taxation of those costs in the amount of $35,918.51 should be reversed.

Furthermore, defendant's deposition receipts reveal a litany of vague and excessive charges. For example, the deposition transcripts identified in Defendant's Exhibits B-13 and B-32 were expedited without any given justification. The deposition transcript in Defendant's Exhibit

[1]*See also Rowlinson v. Traders Ins. Co.*, 1994 WL 116464, p. 1 (D. Kan. 1994) (Exhibit E), "the burden is on the prevailing party to establish to the court's satisfaction that the particular costs for which reimbursement is claimed are authorized by statute… this includes a showing by the prevailing party that the materials were necessarily obtained for use in the case."

[2] The District Court of Minnesota asks for "an explanation of how each transcript was used or why it was necessary …." to help determine proper costs. Costs Handbook, p. 6. Plaintiff did not provide this information to the Court.

B-52 is an electronic version (duplicate) of Defendant's Exhibit B-51. *Numerous* receipts contain excessive charges such as Defendant's Exhibit B-39 for the "original, one regular, one condensed, rough ASCII, final ASCII" totaling $1,422. Lastly, Defendant's Exhibits B-37 for $2,295.95 and B-38 for $2,001.70 do not list any of the services performed. Because defendant provided only sketchy and excessive charges for deposition costs, they should not be taxed.

**B. Fees For Exemplification And Copies Of Papers Necessarily Obtained For Use In The Case § 1902(4)**

Defendant sought and was awarded $4,138.00 for four copies of summary judgment papers under § 1920(4). According to defendant, "Cisco was required to provide the **original** and two copies of the materials to the court and one copy to Storage Technology Corporation . . . ."[3] Plaintiff objects to defendant's request.

The District of Minnesota provides that copies are "[g]enerally not allowed unless received as an exhibit during trial (number identification)."[4] This case never went to trial. Further, "[c]opying expenses may not be taxed if they were incurred in parties' copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their clients . . . . Such costs are not taxable because they are not copies of papers "necessarily obtained for use in the case." *Uni-Systems, Inc.* at 6, *quoting Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1093 (D. Minn. 1999).

---

[3]Anderson Aff., p. 13 (emphasis added).

[4] United States District Court, District of Minnesota, Procedure For Taxing Costs, General Information at http://www.mnd.uscourts.gov/forms/clerks_office/(A0133).doc. (Exhibit F).

Although case law does not support taxing these costs under § 1920(4), the Costs Handbook states:[5]

> In this district, the Clerk will tax only the cost of copies which are provided to the Clerk as exhibits or which are required to be filed with the court or served on opposing counsel. <u>This does not include the cost of original papers</u> nor copies retained by the party.

Defendant sought and was awarded recovery for **<u>four</u>** copies of summary judgment papers (original, opposing counsel, and two for the Court).[6] If case law supported this taxation, the Clerk can only tax **<u>three</u>** copies (*i.e.*, excluding the original).[7] Thus, defendant would only be entitled to three-fourths of the copying costs it sought —$4,138.000 x 75% = $3,103.50 — assuming case law supported such a claim.

## IV. <u>CONCLUSION</u>

The Court's taxation of $41,412.01 in costs is excessive for a case decided on summary judgment. Defendant failed to comply with established case law, the procedures of the District Court of Minnesota, and common sense. Further, defendant failed to provide proper documentation to justify an award of $41,412.01. Accordingly, and for all the reasons stated herein, defendant's allowable costs should be limited to $2,073.50.

---

[5]Costs Handbook, p. 7 (emphasis added).

[6]Anderson Aff., p. 13.

[7] Costs Handbook, p. 7.

Dated: August 30, 2005.

Respectfully submitted,

**MAHONEY DOUGHERTY AND MAHONEY**
Professional Association

s/ Victor Lund
**VICTOR LUND** (#160076)
801 Park Avenue
Minneapolis, MN 55404
Tel: (612) 339-5863

ERNIE L. BROOKS
THOMAS A. LEWRY
1000 Town Center
22nd Floor
Southfield, MI 48075
Tel: (248) 358-4400

*Attorneys for Plaintiff*
*Storage Technology Corporation*

**Of Counsel:**
**Storage Technology Corp.**
Timothy R. Schulte
2270 South 88th Street
Louisville, Colorado 80028-4309
(303) 673-5989

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on August 30, 2005, I electronically filed the foregoing **PLAINTIFF'S MOTION TO REVIEW COST JUDGMENT** with the Clerk of the Court for the District of Minnesota using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court' s Notice of Electronic Filing: Clifford S. Anderson, Roy A. Ginsburg, Joseph W. Hammell, Victor E. Lund, Richard P. Mahoney and J. Thomas Vitt. I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None .

**MAHONEY DOUGHERTY AND MAHONEY**
Professional Association

s/ Victor Lund
**VICTOR LUND** (#160076)
801 Park Avenue
Minneapolis, MN 55404
Tel: (612) 339-5863