# *EXHIBIT B*

C

Only the Westlaw citation is currently available.

United States District Court, D. Minnesota.
UNI-SYSTEMS, INC., f/k/a Corporate Techniques, Inc., Plaintiff,
v.
DELTA AIR LINES, INC., Defendant.
**No. CIV. 4-96-973 (JRT/RL.**

March 28, 2002.

Marc G. Kurzman, Kurzman Grant & Ojala Law Office, Minneapolis, for plaintiff.

James M. Jorissen, Oppenheimer Wolff & Donnelly, Minneapolis, for defendant.

MEMORANDUM OPINION AND ORDER ON MOTION FOR REVIEW OF COST JUDGMENT

TUNHEIM, District J.

*1 Plaintiff originally sued defendant for breach of contract. A trial was held before the Court, and on September 14, 1999, judgment was entered for plaintiff. Both parties filed cross-appeals, but agreed to dismiss those appeals in a Settlement Agreement ("Settlement Agreement" or "Agreement") executed on August 25, 2000. As part of the Agreement, the parties agreed that plaintiff would preserve its claim for taxation of costs under 28 U.S.C. § 1920, subject to limitations set forth in the Settlement Agreement. The Agreement provides in relevant part:

> Uni-Systems reserves the right to pursue ... a claim for taxation of costs ... to the extent such costs may be allowable pursuant to 28 U.S.C. § 1920. The ... claim shall be subject to any and all defenses Delta may have to the taxation of such costs, and shall in no circumstance include costs other than those itemized [in Exhibit A of the Agreement].

Jorissen Aff. Ex. A at 2. On September 7, 2000, the appeals were dismissed pursuant to the Agreement. On September 27, 2000, plaintiff submitted to the Court a Bill of Costs pursuant to 28 U.S.C. § 1920. The Clerk issued a Cost Judgment in favor of plaintiff on April 11, 2001 in the amount of $0.00. This matter is now before the Court on plaintiff's motion for review of the Cost Judgment.

ANALYSIS

Plaintiff has made only the barest of arguments in support of its objections to the Clerk's cost judgment, but suffice to say that plaintiff claims entitlement to all the items listed in the Bill of Costs. The Court has reviewed the parties' submissions, the Bill of Costs, and the record, and now makes the following determinations.

I. Prevailing Party

Under Federal Rule of Civil Procedure 54(d), costs other than attorneys' fees are allowed "as of course to the prevailing party unless the court otherwise directs." As a threshold issue, defendant claims plaintiff is not the prevailing party because its claim was dismissed. *See* *Roberts v. Madigan,* 921 F.2d 1047, 1058 (10th Cir.1990) (holding that dismissal of claim can alter who is the prevailing party). In the present case, however, only plaintiff's appeal was dismissed. It is clear that plaintiff prevailed at trial, and thus qualifies as a prevailing party under Rule 54(d). *See* *Firefighter's Inst. for Racial Equality ex rel. Anderson v. City of St. Louis,* 220 F.3d 898, 905 (8th Cir.2000) (holding that a prevailing party is one "in whose favor a judgment is rendered, regardless of the amount of damages awarded.").

II. 28 U.S.C. § 1920

Absent explicit statutory authority to the contrary, courts may not exceed the limitations on taxable costs enumerated in § 1920. [FN1] *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987). Defendant claims that none of the expenses in the Bill of Costs are taxable under § 1920. The Court will address each category listed on the Bill of Costs in turn.

> FN1. 28 U.SC. § 1920 provides in relevant part: A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT B

fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A. Fees of the Clerk

Plaintiff claims it is entitled to $225.00 in court filing fees. Filing fees paid to the clerk of the court are a taxable cost. 28 U.S.C. § 1920(1); *Cypress-Fairbanks Ind. Sch. Dist. v. Michael F. by Barry F.*, 931 F.Supp. 474, 483 (S.D.Tex.1995). In the itemized list attached to the Bill of Costs and in Exhibit A of the Agreement are charges identified as "court costs/filing fee" totaling $235.00. [FN2] The Court finds that this is sufficient documentation of fees paid to the Court, and accordingly holds that plaintiff is entitled to taxation of its requested amount of $225.00.

FN2. In light of this discrepancy, the Court will err on the side of adopting plaintiff's calculation.

B. Fees for Service of Summons and Subpoena

***2** Plaintiff seeks taxation of $188.00 in fees for service of process. It appears from the Bill of Costs that plaintiff utilized private process servers. Eighth Circuit law holds that fees of private process servers are not taxable as costs, because § 1920 contains no provision for such expenses. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir.1985). *See United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 172 (2d Cir.1996) (agreeing with *Crues* ); *Pion v. Liberty Dairy Co.*, 922 F.Supp. 48, 53 (W.D.Mich.1996) (same). *Cf. Collins v. Gorman*, 96 F.3d 1057, 1059-60 (7th Cir.1996) (holding that private service fees are taxable because § 1920 refers to fees "of" the marshal, not fees "to" the marshal, and noting that *Crues* did not consider this approach). Therefore, the Court holds that plaintiff is not entitled to taxation of fees for service of process.

C. Fees of the Court Reporter

Plaintiff seeks taxation of $12,290.66 in court reporter fees. Section 1920(2) allows taxation of court reporter fees for transcripts only upon a showing that they were "necessarily obtained for use in the case." The most direct evidence of "necessity" is if the transcript was actually used in a court proceeding. *Ryther v. KARE 11*, 864 F.Supp. 1525, 1534 (D.Minn.1994). However, "the costs of such a transcript may still be taxable when the deposition appeared reasonably necessary to the parties at the time it was taken.... Depositions that merely assist discovery or are investigatory in nature, however, generally are not taxable." *Id.* From studying the plaintiff's Bill of Costs and Appendix A, the Court is unable to determine whether the various transcripts for which plaintiff claims fees were used in trial, were necessary for trial, or were merely investigatory. Moreover, plaintiff has made no showing that the depositions for which it obtained transcripts were reasonably necessary when they were taken. Therefore, the Court holds that plaintiff is entitled to no taxation of court reporter fees.

D. Fees and Disbursements for Printing

Plaintiff next seeks taxation of $2,594.22 for printing expenses. The costs of printing pleadings and other papers required to be served upon opposing parties and the Court are taxable under § 1920(3). *McMillan v. United States*, 891 F.Supp. 408, 415 (W.D.Mich.1995). Plaintiff has provided no break-down of expenses or documentation in this regard. Without information on the purpose for which printing was done, the Court cannot order printing expenses to be taxed as costs. Therefore, the Court holds that plaintiff is entitled to no taxation of printing expenses.

E. Fees for Witnesses

Plaintiff seeks taxation of $11,335.39 for its expert witness fees. Absent explicit statutory authority to the contrary, the recovery of costs for privately-retained expert witnesses is limited to $40 per day, as provided in 28 U.S.C. § 1821(b). *Crawford*, 482 U.S. at 445; *Sphere Drake Ins. PLC v. Trisko*, 66 F.Supp.2d 1088, 1090-91 (D.Minn.1999), *aff'd*, 226 F.3d 951 (8th Cir.2000). Here, plaintiff has provided no evidence of how many days its expert appeared in court. Section 1920 authorizes payment of the statutory fee only for "attendance," not for mere consultation or for other services of experts. The Court's review of the trial record shows that plaintiff's expert, William Wolters of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Constructive Ideas, Inc., appeared at trial on one day, March 2, 1999. The record contains no evidence of whether Mr. Wolters or other experts appeared at any depositions. Therefore, the Court holds that plaintiff is entitled to taxation of $40.00 for expert witnesses.

F. Fees for Copies

*3 Plaintiff seeks taxation of $6,622.50 for copies. Section 1920(4) allows for "fees for exemplification and copies of papers necessarily obtained for use in the case." Copying expenses may not be taxed if they were incurred in parties' "copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their clients; nor does [§ 1920] cover a party's copying of documents to be produced in discovery, or copying research materials for the convenience of counsel." *Sphere Drake,* 66 F.Supp. at 1093. Such costs are not taxable because they are not copies of papers "necessarily obtained for use in the case." *Id.* In the present case, plaintiff has provided a voluminous list of expenses, each marked simply "photocopying cost." These costs could be taxable under § 1920(4) if they were incurred copying exhibits introduced at trial. From plaintiff's submission, however, the Court has no way to determine for what purpose these copies were made. Therefore, "because plaintiff has failed to segregate their properly taxable photocopying costs, none of the photocopying charges that they claim will be taxed as costs." *Id.* at 1094.

G. Postage, Messenger Service, Federal Express, Parking, Telephone, Office Supplies and Rentals, Out-of-Pocket Expenses

Plaintiff asks that a total of $1,435.59 in various administrative and out-of-pocket expenses be taxed to defendant. It is well established that none of these items are taxable under § 1920. *Hollenbeck v. Falstaff Brewing Corp.,* 605 F.Supp. 421, 439 (D.Mo.1984), *aff'd,* 780 F.2d 20 (8th Cir.1985) (holding that office expenses are not "costs" as that term is used in § 1920, but rather are non-taxable "out-of-pocket expenses"). These are not litigation costs, but are items "normally associated with the practice of law and are commonly referred to as 'overhead' costs ." *Cody v. Private Agencies Collaborating Together, Inc.* 911 F.Supp. 1, 6 (D.D.C.1995) (holding that postage, messenger, Federal Express, telephone, parking, and travel are all overhead costs). *See also El-Fadl v. Central Bank of Jordan,* 163 F.R.D. 389, 390 (D.D.C.1995) (citing cases and noting that the "overwhelming weight of authority" have declined to tax costs for courier, mail, and telephone services). Therefore, the Court holds that plaintiff is entitled to no taxation of postage, messenger service, Federal Express, parking, telephone, office supplies and rentals, or out-of-pocket expenses.

H. Travel Expenses for Depositions

Plaintiff seeks taxation of $5,976.85 in travel expenses. It is also well established that attorneys' travel expenses are generally not allowable costs under § 1920. *Hollenbeck,* 605 F.Supp. at 439 ("Absent extraordinary or compelling circumstances, travel of attorneys is not a taxable cost of taking depositions."); *Wahl v. Carrier Mfg. Co., Inc.,* 511 F.2d 209, 217 (7th Cir.1975); *Meredith v. Schreiner Transport, Inc.,* 814 F.Supp. 1004, 1007 (D.Kan.1993) (citing cases). Accordingly, the Court holds that plaintiff is entitled to no taxation of travel expenses for depositions.

I. Miscellaneous Mediation Fees

*4 Plaintiff also seeks $509.50 in "mediation fee/miscellaneous" charges. The Court does not read § 1920 to allow taxation of miscellaneous mediation fees, and holds that the Clerk properly denied this item.

J. Legal Research

Finally, plaintiff seeks to have defendant pay $3,968.23 in legal research charges. Eighth Circuit law is clear that legal research--computerized and otherwise--"is a component of attorneys' fees and cannot be independently taxed as an item of cost." *Leftwich v. Harris-Stowe State College,* 702 F.2d 686, 695 (8th Cir.1983); *Benson v. Northwest Airlines, Inc.,* 1997 WL 122897 at * 5 (D.Minn.1997). Therefore, the Court holds that plaintiff is entitled to no taxation of legal research expenses.

CONCLUSION

The Court holds that plaintiff is entitled to taxation of costs in the amount of $265.00. This represents $225.00 for fees

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of the Clerk and $40.00 for one day's appearance fee for plaintiff's expert . [FN3]

FN3. The Court notes defendant's argument that several of plaintiff's claimed costs fall outside the scope of the Settlement Agreement, and therefore should not be awarded even if they are permissible under § 1920. The costs that the Court has ordered taxed were noted in Appendix A, as the Agreement requires. Therefore, the question of whether plaintiff's other requested charges fall outside the Agreement's scope is moot.

ORDER

Based on the foregoing, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that plaintiff's Motion for Review of Cost Judgment [Docket No. 154] is GRANTED in part and DENIED in part as provided in the Opinion accompanying this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

2002 WL 505914 (D.Minn.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.