**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Civil File No. 00-2253 (JNE/JGL)

STORAGE TECHNOLOGY CORPORATION,

Plaintiff,

v.

CISCO SYSTEMS, INC.,

Defendant.

**DEFENDANT CISCO SYSTEMS, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REVIEW COST JUDGMENT**

---

## I. INTRODUCTION

After more than five years of litigation, Plaintiff Storage Technology Corporation ("STK") continues its desperate attempt to avoid responsibility for its frivolous, protracted litigation in which all of its claims were dismissed on summary judgment, a decision affirmed by the Eighth Circuit Court of Appeals. In its latest attempt to shun responsibility for the burden placed upon Defendant, STK now has moved this Court for review of the cost judgment entered against STK and in favor of Cisco Systems, Inc. ("Cisco"). For all of the reasons previously outlined in Cisco's Bill of Costs and its Response to STK's Opposition to Cisco's Bill of Costs ("Response"), this Court should deny Plaintiff's Motion to Review Cost Judgment, and affirm the Clerk of Court's full award of $41,412.01.

Cisco submitted its Bill of Costs to the Clerk of Court in March 2005, following the Eighth Circuit's Order affirming this Court's award of summary judgment. STK objected to Cisco's Bill of Costs, making untenable and outlandish claims, including

suggesting that there is a presumption *against* awarding such costs (when, in fact, the presumption is *in favor* of awarding costs to a prevailing party) and that the deposition transcripts for which costs were requested were not "necessarily obtained for use in the case" (when, in fact, nearly all of the transcripts were actually used in Cisco's successful motion for summary judgment, which is "the most direct evidence of necessity." *See Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (D. Minn. 1994)). Cisco responded to each of STK's arguments in its own memorandum of law, demonstrating why they had no merit. Cisco further supplied additional evidence supporting its claims for costs and distinguishing the outdated authority relied upon by STK.[1] After reviewing all of the materials submitted, the Clerk of Court completely rejected STK's arguments, and awarded Cisco the full amount of costs it had sought.

STK now attempts to resuscitate the very same arguments rejected by the Clerk. Perhaps realizing the futility of this effort, STK simply resubmitted the memorandum of law in support of its Motion to Review that it submitted months ago in support of its Opposition to Cisco's Bill of Costs.[2] Indeed, in its current memorandum, which is virtually identical to its prior submission, STK has not responded to any of the factual

---

[1] As Cisco noted in its Response, its initial Bill of Costs met each of the requirements dictated by the Clerk of Court. Once STK objected to the Bill of Costs, Cisco provided additional information to fully support its claims for costs, which is precisely the procedure outlined in the "Costs Handbook," which was cited heavily by STK it its memoranda. In spite of the new information supplied by Cisco, and the Clerk's ruling awarding Cisco all costs sought, STK obstinately continues to claim that Cisco has not met its burden.

[2] The only difference between the two memoranda is that STK, without explanation, omitted the entire section in the original memorandum objecting to $1,779.68 in witness fees sought by Cisco and awarded by the Clerk. STK's objections to these costs have therefore been waived.

support or legal arguments discussed in Cisco's Response, instead reciting, nearly verbatim, its arguments below. Because the arguments presented in STK's current motion are identical to those considered and rejected by the Clerk, instead of presenting the Court with yet another brief in this case, Cisco refers the Court to its memorandum in opposition to STK's earlier opposition to the Bill of Costs and accompanying documents, attached hereto as Exhibit A and incorporated by reference herein.

Dated: September 7, 2005

DORSEY & WHITNEY LLP

By __s/ Jennifer Dellmuth____________

Roy A. Ginsburg (#123158)
Joseph W. Hammell (#172698)
Clifford S. Anderson (#227201)
Jennifer Dellmuth (#315291)

50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-260

**Attorneys for Defendant Cisco Systems, Inc.**