Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

STORAGE TECHNOLOGY CORPORATION,

Plaintiff,

v.

CISCO SYSTEMS, INC.,

Defendant.

Civil File No. 00-2253 (JNE/JGL)

---

**DEFENDANT CISCO SYSTEMS, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO "PLAINTIFF'S OPPOSITION TO DEFENDANT'S BILL OF COSTS"**

Dated: April 25, 2005

**DORSEY & WHITNEY LLP**

Roy A. Ginsburg
Bar Number 123158
Joseph W. Hammell
Bar Number 172698
David Y. Trevor
Bar Number 152997
Clifford S. Anderson
Bar Number 227201
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant Cisco Systems, Inc.

# I. INTRODUCTION

Plaintiff Storage Technology Corporation ("STK"), having subjected defendant Cisco Systems, Inc. ("Cisco") to five years of enormously expensive litigation, now seeks to avoid paying Cisco virtually *all* of the very reasonable costs that it is lawfully entitled to pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and this Court's local rules, practices, and guidelines. STK does so notwithstanding that it alleged Cisco was liable to it for $450 million necessitating a vigorous defense by Cisco. That defense resulted in this Court's dismissal of *all* STK's claims on summary judgment, which was subsequently affirmed by the Court of Appeals for the Eighth Circuit.

In attempting to avoid the risks (and "costs") of frivolous claims and shaky litigation theories, STK now remarkably ignores the wealth of authority in this district and elsewhere that deposition transcript costs used in connection with successful summary judgment motions are recoverable costs. Instead, STK suggests, half-heartedly, that costs are more appropriately awarded only following a trial defeat. Of course, that is not the law.

STK also asserts that Cisco has not adequately supported its cost motion with proper documentation. That contention is both incorrect and ignores that, under the procedures adopted by this Court for briefing objections to bills of costs *following* the initial filing of them, cost claimants may supplement the record as necessary to address objections and further support their claimed costs.

Finally, STK makes a series of highly technical arguments challenging details of Cisco's cost submission but, upon close scrutiny of both the record and the law, all of STK's arguments are without merit. Cisco's Bill of Costs should be adopted in its entirety, the Court should

overrule STK's objections, and the Court should amend the judgment in this action awarding Cisco $41,412.01 in its statutorily authorized costs as requested.

## II. ARGUMENT

### A. As The Prevailing Party On Summary Judgment, Cisco Is Presumptively Entitled To All Its Costs Authorized By Statute

In opposition to Cisco's Bill of Costs, STK initially advances two misleading themes why Cisco's Bill of Costs should be reduced virtually to zero.[1] Both lack merit and should be rejected.

First, STK implies that because this case "never went to trial," STK Opp. Mem. at 1, somehow that means Cisco's claimed costs are "excessive," or worse, that Cisco is *not* a prevailing party. As this Court knows, however, a trial never occurred because, after years of expensive litigation, this Court properly dismissed *all* of STK's claims on summary judgment. The Eighth Circuit thereafter affirmed.[2] Of course, it is axiomatic that a defendant that obtains summary judgment is a prevailing party entitled to its statutory costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920 ("Taxation of Costs" statute delineating recoverable costs). *Voight v. Subaru-Isuzu Automotive, Inc.*, 141 F.R.D. 99, 101 (N.D. Ind. 1992). *See also infra* Parts II-B-1 at 5. Thus, STK's silly argument that Cisco's claimed costs should be reduced to almost zero because this case never went to trial is irrelevant and must be rejected.

---

1 STK incredibly contends Cisco is entitled to *only* $511.82 of its $41,412.01 in claimed costs permitted by statute (or 1.2 percent) in this $450 million dispute that cost Cisco millions of dollars in legal fees to defend and ultimately win.

2 Disingenuously, STK never mentions that Cisco prevailed on summary judgment. Rather, STK attacks Cisco's claimed costs as if that significant case ending event never occurred. In omitting such a relevant fact, STK also chooses to ignore substantial case authority recognizing that a prevailing party on summary judgment is entitled to its statutory costs such as court reporting fees for deposition transcripts associated with achieving the dismissal.

Second, relying on the dated and distinguishable cases of *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227 (1964) and *Koppinger v. Cullen-Schiltz & Assoc.*, 513 F.2d 901 (8th Cir. 1975) (upholding a cost award), as well as *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987), STK Opp. Mem. at 2-3, STK implies in subtle fashion, that there is a general presumption *against* awarding costs to prevailing parties, or at least a bias in favor of limiting such costs. In fact, the presumption is just the opposite. It is that "the prevailing party *is entitled* to costs." *Bathke v. Casey's General Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995) (emphasis added). *See also Police Retirement Sys. v. Midwest Inv. Advisory Serv.*, 940 F.2d 351, 358-59 (8th Cir. 1991) ("Federal Rule of Civil Procedure 54(d) codifies the presumption that, with exceptions not relevant here, costs will be awarded to prevailing parties."); Fed. R. Civ. P. 54(d)(1) ("[C]osts . . . *shall* be allowed *as of course* to the *prevailing party* unless the court otherwise directs.") (emphasis added); *Rowlinson v. Traders Ins. Co.*, 1994 WL 116364 (D. Kan. 1994) (STK Opp. Mem., Ex. E) (cited by STK and noting that a "finding that a requested cost is statutorily authorized creates a presumption favoring their award").

Nonetheless, STK argues that federal courts must be vigilant in scrutinizing bills of costs to ensure prevailing parties do not receive windfalls. While "careful scrutiny" of bills of costs is certainly required, appropriate, and expected within the exercise of a court's discretion,[3] the purpose is not to limit properly supported *statutorily authorized* costs claimed by the prevailing party as STK misleading suggests. Rather, as STK's own cited cases make clear, the purpose is ensure that the "discretion given district judges to tax costs" is "sparingly exercised with

[3] District courts have substantial discretion in *awarding* costs to prevailing parties under Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1920 *See Zotos v. Lindbergh School District*, 121 F.3d 356, 363 (8th Cir. 1997) (emphasis added).

reference to expenses *not specifically allowed by statute*." *Farmer*, 379 U.S. at 235 (emphasis added).

In *Farmer*, the expenses under scrutiny were "transportation expenses" for defendants' witnesses "from Arabia" to attend trial in the United States and "costs of daily stenographic transcripts of the trial record." *Id.* at 229. The Supreme Court upheld the district court's ultimate holding that such expenses were not taxable costs because they were not authorized by statute. *Id.* at 231 & 235. *See also Crawford*, 482 U.S. at 439 (holding fees paid to experts are not recoverable costs "absent contract or explicit *statutory authority* to the contrary") (emphasis added).

Cisco is not attempting to claim any expenses such as expert witness fees or daily trial transcripts as "costs" that are not authorized by statute as recoverable costs. Therefore, STK's reliance on *Koppinger*, *Farmer*, and *Crawford* is misplaced and provides no bases to reduce Cisco's costs award.

**B. <u>Defendants Are Entitled To $36,212.33 in Fees Of The Court Reporter Because All Such Transcripts Were Necessarily Obtained For Use In The Case</u>**

On two principal grounds, STK opposes Cisco's claim for "fees of the court reporter" for deposition transcript costs .[4] First, STK contends that such transcripts were not "necessarily obtained for use in the case" as required by 28 U.S.C. § 1920(2). Specifically, STK contends Cisco failed to meet its burden of proof to show the claimed deposition transcript costs were "'reasonably necessary' *at the time* the deposition was taken." STK Opp. Mem. at 4-5 (emphasis added). Second, STK claims Cisco's "deposition receipts reveal a litany of vague and excessive charges." *Id.* at 6. Both of these arguments are without merit.

[4] STK concedes Cisco is entitled to $293.82 for the June 23, 2003, summary judgment hearing transcript used on appeal. Otherwise, STK objects to all other court reporting fees for which Cisco seeks reimbursement. STK Opp. Mem. at 4.

1. **<u>Cisco's deposition transcript costs are for those used in the summary judgment proceeding</u>**

Cisco is entitled to recover "fees of the court reporter for all or part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(3). The "most direct evidence of necessity is the *actual use* of a transcript *in a court proceeding*." *Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (D. Minn. 1994) (emphasis added). Alternatively, when a transcript is *not* used in a court proceeding, "the costs of such a transcript *may still be taxable* when the deposition appeared *reasonably necessary* to the parties *at the time it was taken*." *Id.* (emphasis added).

As a threshold matter, a gaping hole (or intentional deception) in STK's objection is STK's misleading suggestion, by its silence, that Cisco's claim for deposition transcript costs is *not* based on the use of such transcripts in Cisco's summary judgment briefing, but rather, is grounded *solely* on the contention that such depositions "appeared *reasonably necessary* to the parties *at the time*" they were taken. *See* STK Opp. Mem. at 4-5 (emphasis added). In fact, the primary (but not sole) basis for Cisco's claim of $35,918.51 in deposition transcript costs is that virtually all such deposition transcripts (but for two) were used by Cisco and relied upon by the Court in granting Cisco summary judgment. *See* Exs. 5-6.[5] The use of deposition transcripts in a successful summary judgment submission constitutes the *actual use* of a transcript *in a court proceeding*. The costs of such transcripts, therefore, are recoverable as a matter of law in this Court and elsewhere. *See Bathke*, 64 F.3d at 347; *Kansas Ex. Rel. Stephan v. Deffenbaugh Indus.*, 154 F.R.D. 269, 271 (D. Kan. 1994) (upholding award of deposition transcript costs

---

[5] Numbered exhibits in the form Ex. ___ referenced in this memorandum are attached to the Second Affidavit of Clifford S. Anderson in Support of Cisco Systems, Inc.'s Bill of Costs ("Second Anderson Cost Aff.").

where defendant granted summary judgment); *Voight*, 141 F.R.D. at 103 (awarding deposition transcript costs to defendant that prevailed on summary judgment and noting that "the fact that a court disposes of a case at the summary judgment stage is no impediment to an award of costs for depositions"); *Hales v. Prudential Ins. Co. of Am.*, 2002 WL 31242213 (D. Minn. Oct. 3, 2002) (Ex. 15) (same).

**a. Cisco met its initial burden to substantiate deposition transcript costs**

In its Bill of Costs submission, Cisco met its *initial* minimal burden[6] required in this Court to show that, in fact, the claimed deposition transcript costs were used in Cisco's successful summary judgment motion. First, in Cisco's actual Bill of Costs (also at STK Opp. Mem., Ex. C), Cisco lists $36,212.33 in fees of the court reporter (*i.e.*, $293.82 for the June 23, 2003, summary judgment hearing transcript plus $35,918.51 for deposition transcripts) and Cisco's lawyer, Cliff Anderson declares "under penalty of perjury" that such costs "were *necessarily incurred in this action* and that the services for which fees have been charged were actually and *necessarily performed.*" Cisco Bill of Costs at 1 (emphasis added). *See also* 28 U.S.C. § 1924.

Second, the Bill of Costs was accompanied by the March 31, 2005, Affidavit of Clifford S. Anderson in Support of Cisco Systems, Inc.'s Bill of Costs ("3/31/05 Anderson Cost Aff."). That affidavit listed all deposition transcripts and their costs for which Cisco is claiming reimbursement and delineated that they were "*used* in the above-captioned matter" referring to this case. 3/31/05 Anderson Cost Aff., ¶¶ 4-63 (emphasis added). Third, Exhibit E-1 to the

---

[6] This Court *initially* requires only that a bill of costs "be submitted on form AO 133" and that accompanying it or "attached to the bill of costs" should be "copies of any vouchers, bills, cancelled checks, or other documentation showing the amount of costs and/or their purpose." *See* "Taxation Of Costs In A Civil Case In The United States District Court For The District Of Minnesota" ("Guidelines"). *See also* STK Opp. Mem., Ex. A § B & n.1.

March 31, 2005, Anderson Cost Affidavit lists all materials submitted by Cisco in connection with its summary judgment motion. *Id.*, ¶ 71. Those materials included the summary judgment affidavits of Clifford S. Anderson, Joseph W. Hammell, and James D. Kremer that encompass and list the deposition transcripts submitted in support of Cisco's summary judgment motion. The Court may take judicial notice that such deposition transcripts were used in the case as part of Cisco's successful summary judgment motion since these materials are already part of the District Court record. *See Rowlinson v. Traders Ins. Co.*, 1994 WL 116364, *2 (D. Kan. March 29, 1994) (STK Opp. Mem., Ex. E) (cited by *STK* and noting that "[w]hether or not materials were necessarily obtain for use in the case is a factual determination based on the *existing record*.") (emphasis added) (citing *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988)). Accordingly, Cisco's sworn Bill of Costs, the March 31, 2005, Anderson Cost Affidavit, and the existing record in this case are sufficient to satisfy Cisco's *initial* burden in this Court for substantiating Cisco's claimed deposition transcript costs.

**b. <u>Cisco's supplementation of the record further satisfies its burden to substantiate deposition transcript costs</u>**

Notwithstanding that Cisco has met its *initial* burden showing its claimed deposition transcript costs are recoverable because they were used as part of its summary judgment win, STK implies otherwise. STK does so misleadingly in connection with its argument (addressed *infra* at Part II-B-2) that under the alternative way deposition transcript costs may be claimed when *not* actually used in a court proceeding, *see Ryther*, 864 F. Supp. at 1534, Cisco failed to show that the claimed depositions were "'reasonably necessary' at the time the deposition was taken." STK Opp. Mem. at 4. *See also id.* at 5 (referencing Cisco's Bill of Costs (also at STK Opp. Mem. Ex. C) and the March 31, 2005 Anderson Cost Affidavit (also at STK Opp. Mem. Ex. D) and asserting that "defendant in this case gave no explanation concerning the necessity

for taking these depositions" and "Defendant's silence does not satisfy its burden"). STK's argument is misleading and improper for two reasons.

First, as already described in Part II-B-1-a, Cisco has, in fact, met its initial burden with regards to the *principal* ground that it is claiming deposition transcript costs – that they were *actually used* in the summary judgment court proceeding. Second, STK selectively cites the Guidelines at p. 6 (§ II-D-4-d). *See* STK Opp. Mem. at 5 n.2. The full Guidelines section provides (emphasis added):

> Transcript or deposition invoices should be submitted. For each hearing or deposition the Clerk looks for total cost, any extra charges, total number of pages and the per page rate. If any of this information is not on the invoice *it may be provided in another form such as an affidavit*. It is *helpful* if the bill of costs *or memorandum* includes an explanation of how each transcript was used or why it was necessary, and, if an expedited transcript was obtained, why it was necessary.

STK also fails to reference Guidelines Section II-B ("What to File") (all that is initially required is form AO 133 with attached documentation; *no memorandum is required* at that procedural stage) and Guidelines Section III-C. Section III-C states, "Upon receipt of *a bill of costs* [again no mention of a memorandum], the clerk's office will issue a briefing schedule for objections and *responses*.") (emphasis added). In other words, the local practice in this Court expressly contemplates that, to the extent necessary, a prevailing party, to meet its burden, may further supplement its bill of costs submission with materials accompanying the claiming party's "response" to any objections asserted. This approach is consistent with other jurisdictions as well. *See also Rowlinson*, 1994 WL 116364 at *2 (D. Kan. March 29, 1994) (STK Opp. Mem., Ex. E) (cited by *STK* and noting that "[w]hether or not materials were necessarily obtain for use in the case is a factual determination based on the existing record *or the record supplemented by additional proof*) (emphasis added) (citing *U.S. Indus., Inc*, 854 F.2d at 1245).

Consistent with this Court's procedures, in addition to this memorandum opposing STK's objections, although not necessary, Cisco has supplemented the record in support of its Bill of Costs to assist the Court in quickly addressing and rejecting STK's baseless objections opposing Cisco's entitlement to deposition transcript costs. Specifically, Cisco has submitted the summary judgment affidavits of Clifford S. Anderson, Joseph W. Hammell, and James D. Kremer without exhibits (the originals with exhibits and actual deposition transcripts are already on file with the Court) that prove, indisputably that each deposition transcript for which Cisco is claiming costs was used in the summary judgment court proceeding in this case. *See* Exs. 1-3. *See also* Exs. 5-6 (charts of all depositions taken in this case in alphabetical order and chronological order respectively with cross references to the Cisco summary judgment affidavit that each transcript was attached to along with corresponding exhibit number and cross reference to the exhibit number in the March 31, 2005 Anderson Cost Affidavit containing supporting documentation for the claimed court reporting fees). Accordingly, because all deposition transcripts for which Cisco seeks reimbursement of the fees of the court reporter were used in the summary judgment court proceeding, the Court should overrule STK's objection and award Cisco $36,212.33 for all its "fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

**2. <u>Cisco's deposition transcript costs are also recoverable because the depositions were "reasonably necessary" at the time they were taken</u>**

Not only are Cisco's deposition costs recoverable because such transcripts were actually used in the summary judgment court proceeding, but they are recoverable on the alternative ground that they were "reasonably necessary" at the time they were taken. *See Ryther*, 864 F. Supp. at 1534. The determination of necessity "must be made in light of the facts known at the

time of the deposition, without regard to intervening developments that later [may] render the deposition unneeded for further use." *Zotos*, 121 F.3d at 363 (citations omitted).

It is true, as STK contends, that "depositions that merely assist discovery or are investigatory in nature . . . generally are not taxable." *Id.* None of the deposition transcript costs that Cisco seeks reimbursement for, however, fall into those two categories. First, 47 of the 78 (60%) depositions in the case were noticed by *STK*, *not* Cisco. *See* Second Anderson Cost Aff., ¶¶ 7-8 & Exs. 5-6. Thus, Cisco had no choice but to appear and defend those depositions in this suit in which STK claimed $450 million in potential damages. Cisco's costs for copies of each of those 47 depositions noticed and taken by STK are recoverable because Cisco had to be prepared for the possibility that STK might attempt to use such depositions at trial to impeach defendant's witnesses if the case proceeded that far. *See Hancock v. Albee*, 11 F.R.D. 139, 141 (D. Con. 1951) (the expense of a prevailing party's own copy of a deposition taken by an adversary may legitimately be taxed as costs).

As for the 31 depositions noticed by Cisco, in addition to being used to win summary judgment, they were defensive in nature in preparation for the possibility of a trial. *See* Exs. 5-6. Of the 31 depositions noticed by Cisco, at least 16 witnesses were identified as persons with knowledge in STK's initial disclosures and/or interrogatory answers and others became known as other written and deposition discovery proceeded. *See* Exs. 4-6 & 17. Accordingly, such transcript costs are taxable because, as *Zotos* cited by STK makes clear, deposition transcripts are "necessarily obtained for [a] case" when "at the times they were taken 'deponents were potential trial witnesses.'" 121 F.3d at 364 (citing *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996)).

Finally, *Uni-Systems, Inc. v. Delta Air Lines, Inc.*, 2002 WL 505914 (D. Minn. 2002) (STK Mem. Ex. B), relied upon heavily by STK, is inapposite. *Uni-Systems* is distinguishable in three respects: (1) the issue was whether the claimed transcripts were used *at trial*, not as part of a summary judgment proceeding as here; (2) unlike here, the claiming party (the plaintiff) failed to provide the court with any evidence supporting how the transcripts were used in the relevant court proceeding (there, a trial); and (3) the plaintiff *thrice* failed to support its claim adequately, first when initially submitting its bill of costs, second, in response to defendants' objections, and third, upon filing a motion for review of the Clerk of Court's taxation of costs when the clerk taxed $0.00 (a stage this case has yet to even reach procedurally).

In short, *Uni-Systems* has no application here and provides no basis for reducing Cisco's bill of costs. The Court should award Cisco all its deposition transcript costs.[7]

### 3. <u>Cisco has adequately supported its claim for deposition transcript costs</u>

STK also challenges Cisco's claim for deposition transcription costs on the grounds that Cisco seeks "sketchy and excessive charges" for deposition transcripts. STK Opp. Mem. at 6. However, STK only offers a few examples to support such conclusory claims and, in fact, STK is simply wrong.

[7] STK's argument that Cisco should not be entitled to deposition transcript costs because it is seeking its attorneys' fees on the grounds STK's "case was objectively frivolous" is yet another frivolous argument advanced by STK. *See* STK Opp. Mem. at 5-6. If STK is prepared to stipulate that its case was, in fact, "objectively frivolous" and agrees to *pay* Cisco's attorneys' fees and expert witness fees as claimed in Cisco's attorney fee motion, Cisco would consider withdrawing its Bill of Costs. Cisco highly doubts STK is prepared to make that trade. Accordingly, it goes without saying that with Cisco's potential $450 million exposure in this case, Cisco's counsel had no choice but to defend and take the depositions for which it now seeks deposition transcription costs notwithstanding that Cisco contends STK's trade secret claims were frivolous.

First, as an initial matter, STK only offers specific complaints with regards to 6 of the 78 deposition transcripts at issue in Cisco's Bill of Costs. Thus, as to 72 transcripts, STK has waived any specific objections and the Court should tax the costs of those transcripts.

Second, STK complains that the Janey Hoe 30(b)(6) deposition (3/31/05 And. Cost Aff., Ex. B-13) and the Ravi Kavuri deposition (3/31/05 And. Cost Aff., Ex. B-32) "were expedited without any given justification." STK Opp. Mem. at 6. Both depositions were taken during periods of intense deposition discovery as reflected in Exs. 5 & 6 and undoubtedly were expedited to facilitate further preparation efforts for subsequent depositions. The Hoe deposition was the last deposition taken in May 2002 and preceded 13 depositions in June 2002. *See* Ex. 6. Similarly, the Kavuri deposition was the first of 13 depositions taken in a six week period from September 13, 2002, to October 31, 2002. *Id.* Moreover, they are the only expedited transcripts out of 78 depositions that STK challenges. That fact alone demonstrates Cisco did not abuse its privilege to seek expedited transcripts on a very limited basis. The full costs of these transcripts should be awarded.

Third, STK complains about the $25 "duplicate" charge for an electronic transcript of the deposition of its technical expert Brian Berg taken on November 5, 2002. *Compare* March 31, 2005 Anderson Cost Affidavit, Ex. B-51 to B-52. Mr. Berg's deposition occurred one week before the deposition of Cisco's reciprocal technical expert Dr. John Kelly. *See* Ex. 6. The electronic transcript was, to the best of Cisco's knowledge at this time, requested to facilitate preparation of Dr. Kelly for his deposition. *See* Second Anderson Cost Aff., ¶ 9. Accordingly, it was necessarily obtained for use in this case both for summary judgment purposes and for defensive purposes in the event this matter had gone to trial and Dr. Kelly would have been subject to cross examination. Thus, Cisco should be reimbursed for this $25 cost as well.

Fourth, without providing full detail, STK claims generally, "*Numerous* receipts contain excessive charges such as Exhibit B-39 for the 'original, one regular, one condensed, rough ASCII, [and] final ASCII.'" STK Opp. Mem. at 6. There were no excessive charges. In fact, Cisco obtained a special rate from Trapskin Reporting Services in which Cisco was charged $2.75/page and $30/hour (well below market rates), *see, e.g., Hales*, 2002 WL 31242213 at *1 ($3.50/page held reasonable) (Ex. 15), and with *complimentary* "ASCII Disk, Condensed Transcript and Word Index." *See, e.g.*, March 31, 2005, Anderson Cost Affidavit, Ex. B-16 & Second Anderson Cost Aff., ¶¶ 10-11 & Exs. 7-8. Thus, STK's objection is ill-conceived and provides no basis to reduce Cisco's cost judgment.

Finally, STK complains about the costs of the Tim Schultze 30(b)(6) deposition (3/31/05 And. Cost Aff., Ex. B-37) and the Walt Hinton deposition (3/31/05 And. Cost Aff., Ex. B-38). These depositions were 227 and 249 pages respectively so naturally they were more expensive. *See* Exs. 5 & 6. Additionally, the rates charged by Agren Blando Court Reporting & Video, Inc. as reflected in its current rate sheet (Ex. 9) are consistent both with the rates STK secured for the depositions it noticed in this action from Atkinson-Baker (Ex. 10) and with rates that this Court has upheld in previous cases. *See Hales*, 2002 WL 31242213 at *1 (charge of $3.50/page reasonable). Accordingly, the Schulte and Hinton transcript costs are reasonable.

In sum, the Court should reject STK's overly technical complaints about the deposition transcript costs incurred by Cisco and award Cisco's its rightfully claimed, and wholly reasonable fees, for *all* court reporting done in this $450 million lawsuit.

C. <u>Cisco's Claimed Fees And Disbursements For Witnesses Are Proper</u>

STK also lodges a series of unfounded technical complaints regarding Cisco's claimed witness fees. Witness fees are taxable under 28 U.S.C. § 1920(3) and are the fees prescribed in 28 U.S.C. § 1821. *See* Guidelines, § II-D-5.

STK initially argues that no witness fees are recoverable because none of the deposition transcripts for which Cisco has claimed witness fees are taxable. STK Opp. Mem. at 6-7. Of course, for the reasons set forth *supra* in Parts II-A and B, this argument must be rejected.

Second, STK complains that Cisco has not provided proper documentation to support reimbursement for mileage costs provided to witnesses Hinton, Wrabetz, Urban, Stafford, and Booth; failed to provide evidence of the official government rate of travel at the time; and omitted evidence of actual mileage traveled for each witness. In fact, Cisco provided support for the total witness fees for each of the above witnesses. *See* 3/31/05 Anderson Cost Aff., Exs. C-1 to C-5. To address STK's other concerns, Cisco has submitted evidence of the official government mileage rate in 2002 that was $0.365/mile. *See* Ex. 11. Utilizing that mileage rate, calculating the mileage traveled by each witness is simply a mathematical exercise dividing the total mileage costs reflected at page 2 of Cisco's Bill of Costs and dividing by $0.365/mile. This yields mileages as follows: Hinton ($43.48/.365 = approximately 120 miles); Wrabetz ($12.60/.365 = 34.50 miles); and Urban, Stafford, and Booth ($29.20/.365 = 80 miles). *See* Cisco Bill of Costs (also STK Opp. Mem., Ex. C) at 2 and Ex. 11. Cisco's claimed costs for such mileage is proper and the Court should award it.

Finally, STK complains that Cisco did not adequately support its claim for $500 in airfare reimbursement for Dr. Kelly to travel to Minnesota for his deposition noticed by STK for Minneapolis pursuant to agreement of the parties. That is not true. Although Cisco did not

submit Dr. Kelly's actual airline ticket receipt, it submitted the same amount as reflected on Dr. Kelly's invoice to Cisco. *See* 3/31/05 Anderson Cost. Aff., Ex. D-2. However, recognizing that the rules do not provide for reimbursement of first class travel, counsel for Cisco estimated a coach fare to be approximately $500 for a two-week advance purchase. Such an estimate is reasonable and appropriate for a round trip ticket between Santa Barbara, California and Minneapolis, Minnesota. *See id.* & Exs. 12 & 13. *See also Martino v. United States*, 2002 WL 459069 (D. Minn. March 30, 2002) (Ex. 16) ("The Court accepts the affidavit of plaintiff's counsel . . . that this [expert witness travel] expense is correct and that the travel was necessary to the litigation") (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994)). Cisco is entitled to costs of $500 for Dr. Kelly's travel expenses.

## D. Cisco's Claimed Copying Costs Were Necessarily Obtained For Use In The Case

STK also objects to Cisco's very reasonable request for reimbursement of those copying expenses associated *only* with its summary judgment filing. Photocopying expenses are recoverable pursuant to 28 U.S.C. § 1920(4) to a prevailing party for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp.2d 1088, 1093 (D. Minn. 1999). The Guidelines provide direction as to what copying costs are generally recoverable:

> In this district, the Clerk will tax *only* the cost of copies which are provided to the Clerk *as exhibits* or which are *required to be filed with the court* or served on opposing counsel. This does not include the cost of original papers nor copies retained by the party. For example, a five page motion with three pages of exhibits, would be taxed as a total of 27 copies: one eight page copy which is required to be served on opposing counsel,; two eight page copies which are required to be provided to the court by Local Rule 5.2(b)(1)(C) (D. Minn. 2003); *and the three pages of exhibits* filed with the court.

Guidelines at § II-D-6-a (emphasis added).

STK first complains that Cisco erroneously asserted that it was "required to provide the **original** and two copies of the materials to the court and one copy" to STK. STK Opp. Mem. at 8 (emphasis in original). In fact, notwithstanding the language of the Guidelines (which all parties and the Court recognize are guidelines and "not legal authority," *see* Guidelines at cover page), in January 2003, when Cisco served and filed its summary judgment motion, this Court's local rules provided that "All *original* documents . . . plus two copies of each document . . . *shall* be sent to the Clerk of Court for filing." *See* Ex.14 (D. Minn. LR 7.1 (2003)) (emphasis added). Thus, Cisco has a good faith basis to seek reimbursement for the original papers it was required to file with its summary judgment papers notwithstanding the prohibition on reimbursement for originals set forth in the Guidelines at § II-D-6-a. Moreover, Cisco has not overreached here. Arguably STK could have sought reimbursement for all discovery motions that were filed with the Court and served on opposing counsel but Cisco opted not to do so, focusing solely on those copying expenses for which there is no dispute that they were necessarily obtained for use in the case.

In any event, following the Guidelines, even STK concedes, at a minimum, Cisco is entitled to "three–fourths of the copying costs it seeks -- $4,138.00 x 75% = $3,103.50" if Cisco's entire request for reimbursement of its originals set is denied. STK Opp. Mem. at 9. STK overlooks, however, that both the Guidelines and case law recognize that "original" *exhibits* submitted with a summary judgment motion that must be filed with the Court are the functional equivalent of copies "received as an exhibit during trial." *See* Guidelines at § II-D-6-a (in proffered example, three pages of original exhibits filed with the court *are* reimbursable but *not* the five page original motion); *Trisko*, 66 F. Supp.2d at 1094, n. 9 (allowing "772 copies of Exhibits for Summary Judgment" and noting that "Given the growing importance of Rule 56,

Federal Rules of Civil Procedure, we believe that Exhibits, which are employed to stave, or to support the grant of Summary Judgment, are 'papers necessarily obtained for use in the case.'"). Accordingly, at worst, following *Trisko*, Cisco should be entitled to $4,138.00 for "fees for exemplification of copies of papers necessarily obtained for use in the case" less only the *non-exhibit* portions of its *original* summary judgment papers (*i.e.* 143 pages x $0.14./page = $20.02) or total copying costs of $4,117.98 (*i.e.*, $4,138 - $20.02). *See* 3/31/05 Anderson Cost Aff., Ex. E-1. The Court should tax all of Cisco's requested copying costs.

## III. CONCLUSION

For the reasons set forth in Cisco's Bill of Costs, the March 31, 2005, Anderson Cost Affidavit, as well as those set forth above and in the Second Anderson Cost Affidavit, STK's objections to Cisco's statutorily claimed costs are without merit and this Court should deny them in their entirety. STK opted to commence a lawsuit claiming $450 million in damages on shaky legal theories. It should not now escape the consequences of that decision. Longstanding statutes and rules require that Cisco receive its costs for having to defend this frivolous suit. Accordingly, the Clerk of Court should tax the full $41,412.01 in costs claimed by Cisco in its Bill of Costs and amend the judgment in this action consistent with its taxation of costs.

Dated: April 25, 2005

DORSEY & WHITNEY LLP

By s/ Clifford S. Anderson

Roy A. Ginsburg, Bar Number 123158
Joseph W. Hammell, Bar Number 172698
Clifford S. Anderson, Bar Number 227201
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-260

**Attorneys for Defendant Cisco Systems, Inc.**

**Vincent, Joni**

---

**From:** ecf-notice@mnd.uscourts.gov
**Sent:** Monday, April 25, 2005 5:15 PM
**To:** ecf-notice@mnd.uscourts.gov
**Subject:** Activity in Case 0:00-cv-02253-JNE-JGL Storage Technology v. Cisco Systems, Inc. "Memorandum"

*****NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**District of Minnesota**

Notice of Electronic Filing

The following transaction was entered on 4/25/2005 at 5:14 PM CDT and filed on 4/25/2005
**Case Name:** Storage Technology v. Cisco Systems, Inc.
**Case Number:** 0:00-cv-2253
**Filer:** Cisco Systems, Inc.
**WARNING: CASE CLOSED on 09/25/2003**
**Document Number:** 231

**Docket Text:**
MEMORANDUM by Cisco Systems, Inc. re [229] Objection to Bill of Costs *in Opposition to "Plaintiff's Opposition to Defendant's Bill of Costs"* filed by Cisco Systems, Inc.. (Anderson, Clifford)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051215216 [Date=4/25/2005] [FileNumber=562808-0]
[5f65d779895595312e13aa96454fa10a936ed897e9886e6befd1ec951812f972191f
f92b4a869be1da4f0ac2fa1b83e0a7f50c2c6de5a69828f7013723b84c81]]

**0:00-cv-2253 Notice will be electronically mailed to:**

Clifford S Anderson anderson.clifford@dorsey.com, vincent.joni@dorsey.com

Roy A Ginsburg ginsburg.roy@dorsey.com, kloncz.sandra@dorsey.com

Joseph Walter Hammell hammell.joe@dorseylaw.com

Victor E Lund vlund@mahoney-law.com

Richard P Mahoney rmahoney@mahoney-law.com

J Thomas Vitt vitt.thomas@dorsey.com, hesse.karen@dorsey.com

**0:00-cv-2253 Notice will be delivered by other means to:**

Philip Abromats
Brooks & Kushman
1000 Town Ctr 22nd Fl
Southfield, MI 48075

Ernie L Brooks
Brooks & Kushman
1000 Town Ctr 22nd Fl
Southfield, MI 48075

Thomas A Lewry
Brooks & Kushman
1000 Town Ctr 22nd Fl
Southfield, MI 48075

Marc Lorelli
Brooks & Kushman
1000 Town Ctr 22nd Fl
Southfield, MI 48075

Seth E Rodack
Brooks & Kushman
1000 Town Ctr 22nd Fl
Southfield, MI 48075

Timothy R Schulte
Storage Technology Crop
Corporate Counsel
1 Storagetek Dr
Louisville, CO 80028

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

CERTIFICATE OF SERVICE

**Storage Technology Corporation v. Cisco Systems, Inc. Civil File No. 00-CV-2253 (JNE/JGL)**

I hereby certify that on April 25, 2005 I caused the following documents:

1. Defendant Cisco Systems, Inc.'s Memorandum of Law in Opposition to "Plaintiff's Opposition to Defendant's Bill of Costs;" and

2. Second Affidavit of Clifford S. Anderson in Support of Cisco Systems, Inc.'s Bill of Costs.

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

Richard P. Mahoney, Esq.
Mahoney, Dougherty and Mahoney
801 Park Avenue
Minneapolis, Minnesota 55404-1189
(612) 339-5863
Fax: (612) 339-1529
Email: rmahoney@mahoney-law.com

I further certify that I caused a copy of the above documents and the notice of electronic filings for each of the above to be sent by Federal Express Overnight Service per prior agreement of the parties for such services, in a package properly sealed and addressed to the following:

Ernie L. Brooks, Esq.
Brooks & Kushman P.C.
1000 Town Center
Twenty-second Floor
Southfield, MI 48075

DORSEY & WHITNEY LLP

By Clifford S. Anderson
Roy A. Ginsburg #123158
Joseph W. Hammell #172698
James D. Kremer #211461
Clifford S. Anderson #227201
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

**Attorneys for Defendant Cisco Systems, Inc.**