Exhibit A (cont.)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Storage Technology Corporation,

Plaintiff,

v.

Cisco Systems, Inc.,

Defendant.

Civil File No. 00-2253 JNE/JGL

**SECOND AFFIDAVIT OF CLIFFORD S. ANDERSON IN SUPPORT OF CISCO SYSTEMS, INC.'S BILL OF COSTS**

STATE OF MINNESOTA )
) SS:
COUNTY OF HENNEPIN )

**CLIFFORD S. ANDERSON,** being first duly sworn on oath, deposes and states as follows:

1. I am an attorney with the law firm of Dorsey & Whitney LLP, and am one of the attorneys representing defendant Cisco Systems, Inc. ("Cisco") in the above-captioned action.

2. This Second Affidavit is submitted in support of defendant's Bill of Costs and in response to Plaintiff Storage Technology Corporation's ("STK") Opposition to Defendant's Bill of Costs. The matters contained in this Affidavit are based on my personal knowledge.

3. Attached hereto as Exhibit 1 is a true and correct copy of the January 22, 2003, Confidential Affidavit of Clifford S. Anderson that Cisco filed with the Court in support of its summary judgment motion in the above-captioned action.

4. Attached hereto as Exhibit 2 is a true and correct copy of the January 22, 2003, Confidential Affidavit of Joseph W. Hammell that Cisco filed with the Court in support of its summary judgment motion in the above-captioned action.

5. Attached hereto as Exhibit 3 is a true and correct copy of the January 22, 2003, Confidential Affidavit of James D. Kremer that Cisco filed with the Court in support of its summary judgment motion in the above-captioned action.

6. Attached hereto as Exhibit 4 is a true and correct copy of STK's Initial Disclosures dated December 15, 2000.

7. Attached hereto as Exhibit 5 is a chart prepared by my paralegal at my direction listing all witnesses in alphabetical order who were deposed in this action along with other pertinent information. Witnesses whose depositions were noticed by STK are shaded in grey.

8. Attached hereto as Exhibit 6 is a chart prepared by my paralegal at my direction listing all witnesses in the order in which they were deposed in this action along with other pertinent information. Again, witnesses whose depositions were noticed by STK are shaded in grey.

9. On November 5, 2002, Cisco took the deposition of STK's technical expert Brian Berg and one week later STK took the reciprocal deposition of Cisco's technical expert Dr. John Kelly. To the best of my knowledge, Cisco requested an electronic version of the Brian Berg deposition transcript to facilitate preparation of Dr. Kelly for his deposition.

10. Attached hereto as Exhibit 7 is another true and correct copy of James Trapskin's June 17, 2002, invoice to me for the depositions of Jeremy Swift, Timothy Mueggenberg, and Gary Schumacher taken on June 4, 5, and 10, 2002, respectively (also Exhibit B-14 to my first affidavit in support of Cisco's Bill of Costs) along with the underlying back-up data showing how Mr. Trapskin calculated the total bill of $2,260.35. Mr. Trapskin faxed me this information on April 24, 2005, and informs me that the same methodology was used for all court reporting done by him and other court reporters who worked for his firm on depositions noticed by Cisco

in the above-captioned action. The back-up data shows that Mr. Trapskin utilized a rate of $2.75/page and $30 per hour and those rates are consistent with the arrangement Dorsey & Whitney negotiated for all court reporting provided by James M. Trapskin Court Reporting Services for depositions taken by Cisco in the Minneapolis area in the above-captioned action. The back-up data specifically shows each deposition lasted eight hours (8 hours x 3 depositions x $30/hour = $720) and that total pages were 268 (Swift) + 217 (Mueggenberg) + 210 (Schumacher) = 695 x $2.75/page = $1911.25. Additionally, the back-up data shows minor miscellaneous charges for exhibit copying costs of $12.50 (Swift 21 pages x $0.25/page + Mueggenberg 19 pages x $0.25/page + Schumacher 10 x $0.25/page) as well as Exhibit Tabs (24 x $0.40/tab = $9.60) and delivery charges of $7.00. These items add up to the total charge of $2,260.35 (*i.e.*, $720.00 + $1,911.25 + $12.50 + $9.60 + $7.00). Notably, there are no additional charges for the "condensed transcripts, word indexes and ASCII disk[s]" that Mr. Trapskin's firm agreed to provide to our firm on a complimentary basis.

11. Attached hereto as Exhibit 8 is another true and correct copy of James Trapskin's invoice from his court reporter Carol Brausen Engels to my colleague Roy Ginsburg for the deposition of Christopher Van Krevelen taken on June 4, 2002 (also Exhibit B-15 to my first affidavit in support of Cisco's Bill of Costs) along with the underlying back-up data showing how the total bill was calculated. This documentation again shows the $2.75/page rate and $30/hour fee along with incidental minor expenses for copying and postage. Again, there are no additional charges for the "one condensed copy, one ASCII [disk and the], keyword Index" that Mr. Trapskin's firm agreed to provide our firm on a complimentary basis.

12. Attached hereto as Exhibit 9 is a true and correct copy of an Agren Blando Court Reporting & Video, Inc. rate sheet obtained by my paralegal on or about April 21, 2005.

13. Attached hereto as Exhibit 10 is a true and correct copy of an Atkinson-Baker, Inc. Court Reporters rate sheet for Minneapolis, Minnesota. Atkinson-Baker was retained by STK to transcribe depositions noticed by STK in the above-captioned action, most of which occurred in the Minneapolis, Minnesota area.

14. Attached hereto as Exhibit 11 is a true and correct print out of official government mileage rates from the U.S. General Services Administration website.

15. Attached hereto as Exhibit 12 is a website print out from Northwest Airlines showing coach fairs for travel between Santa Barbara, California and Minneapolis, Minnesota with a two week advance purchase on Northwest Airlines. The fares range from $424.80 to $600 per round trip.

16. Attached hereto as Exhibit 13 is a website print out from Travelocity showing coach fairs for travel between Santa Barbara, California and Minneapolis, Minnesota with a two week advance purchase on America West Airlines, American Airlines, Delta Air Lines, United Airlines and Alaska Airlines. The fares range from $393 to $871 per round trip.

17. Attached hereto as Exhibit 14 is a true and correct copy of D. Minn. LR 7.1 (2003).

18. Attached hereto as Exhibit 15 is a true and correct copy of *Hales v. Prudential Ins. Co. of Am.*, 2002 WL 31242213 (D. Minn. Oct. 3, 2002).

19. Attached hereto as Exhibit 16 is a true and correct copy of *Martino v. United States*, 2002 WL 459069 (D. Minn. March 30, 2002).

20. Attached hereto as Exhibit 17 is a true and correct copy of STK's Third Supplemental Responses to Defendant Cisco Systems, Inc.'s First Set of Interrogatories dated August 20, 2002.

FURTHER AFFIANT SAITH NOT.

s/ Clifford S. Anderson
**CLIFFORD S. ANDERSON**

Subscribed and sworn to before me

this 25th day of April, 2005.

s/ Auralee E. Mattson

Notary Public

**Anderson Aff. Ex. 1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

STORAGE TECHNOLOGY CORPORATION,

Plaintiff,

v.

CISCO SYSTEMS, INC.,

Defendant.

Civil File No. 00-2253 (JEL/JGL)

**CONFIDENTIAL AFFIDAVIT OF CLIFFORD S. ANDERSON**

**SUBJECT TO PROTECTIVE ORDER**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

**CLIFFORD S. ANDERSON**, being first duly sworn, deposes and states as follows:

1. I am an attorney with the law firm of Dorsey & Whitney LLP and am one of the attorneys representing defendant Cisco Systems, Inc. ("Cisco") in the above-captioned action.

2. This Affidavit is submitted in connection with Cisco's Motion for Summary Judgment on Raiding Claims, Motion for Summary Judgment on Misappropriation Claims, and Motion for Summary Judgment on Damages. The matters contained in this Affidavit are based on my personal knowledge.

3. Attached hereto as Exhibit 1 are true and correct copies of excerpts from the February 21, 2002, deposition transcript of Daniel Anonen.

4. Attached hereto as Exhibit 2 is a true and correct copy of the May 5, 2002, deposition transcript of Mark Bakke.

5. Attached hereto as Exhibit 2-A is a true and correct copy of Bakke deposition Exhibit 3 to the May 2, 2002, deposition transcript of Mark Bakke.

6. Attached hereto as Exhibit 2-B is a true and correct copy of Bakke deposition Exhibit 4 to the May 2, 2002, deposition transcript of Mark Bakke.

7. Attached hereto as Exhibit 2-C is a true and correct copy of Bakke deposition Exhibit 5 to the May 2, 2002, deposition transcript of Mark Bakke.

8. Attached hereto as Exhibit 2-D is a true and correct copy of Bakke deposition Exhibit 7 to the May 2, 2002, deposition transcript of Mark Bakke.

9. Attached hereto as Exhibit 3 are true and correct copies of excerpts from the June 28, 2002, deposition transcript of Robert Bartee.

10. Attached hereto as Exhibit 4 are true and correct copies of excerpts from the July 31, 2002, deposition transcript of Andreas Bechtolsheim.

11. Attached hereto as Exhibit 5 are true and correct copies of excerpts from the July 30, 2002, deposition transcript of Charles Beeler.

12. Attached hereto as Exhibit 6 are true and correct copies of excerpts from the May 15, 2002, deposition transcript of Anthony Beltran.

13. Attached hereto as Exhibit 7 are true and correct copies of excerpts from the November 1, 2002, deposition transcript of George Black.

14. Attached hereto as Exhibit 8 is a true and correct copy of the November 11, 2002, deposition transcript of Mike Booth.

15. Attached hereto as Exhibit 8-A is a true and correct copy of Booth deposition Exhibit 3 to the November 11, 2002, deposition transcript of Mike Booth.

16. Attached hereto as Exhibit 8-B is a true and correct copy of Booth deposition Exhibit 4 to the November 11, 2002, deposition transcript of Mike Booth.

17. Attached hereto as Exhibit 8-C is a true and correct copy of Booth deposition Exhibit 5 to the November 11, 2002, deposition transcript of Mike Booth.

18. Attached hereto as Exhibit 8-D is a true and correct copy of Booth deposition Exhibit 6 to the November 11, 2002, deposition transcript of Mike Booth.

19. Attached hereto as Exhibit 8-E is a true and correct copy of Booth deposition Exhibit 7 to the November 11, 2002, deposition transcript of Mike Booth.

20. Attached hereto as Exhibit 8-F is a true and correct copy of Booth deposition Exhibit 8 to the November 11, 2002, deposition transcript of Mike Booth.

21. Attached hereto as Exhibit 8-G is a true and correct copy of Booth deposition Exhibit 9 to the November 11, 2002, deposition transcript of Mike Booth.

22. Attached hereto as Exhibit 9 is a true and correct copy of the November 11, 2002, deposition transcript of Robert Brower.

23. Attached hereto as Exhibit 9-A is a true and correct copy of Brower deposition Exhibit 1 to the November 11, 2002, deposition transcript of Robert Brower.

24. Attached hereto as Exhibit 9-B is a true and correct copy of Brower deposition Exhibit 2 to the November 11, 2002, deposition transcript of Robert Brower.

25. Attached hereto as Exhibit 10 are true and correct copies of excerpts from the February 20, 2002, deposition transcript of Michael Chaffin.

26. Attached hereto as Exhibit 11 are true and correct copies of excerpts from the May 23, 2002, 30(b)(6) deposition transcript of Janey Ching Iu Hoe.

27. Attached hereto as Exhibit 12 is a true and correct copy of the April 2, 2002, 30(b)(6) deposition transcript of Mark Cree.

28. Attached hereto as Exhibit 12-A is a true and correct copy of Cree deposition Exhibit 7 to the April 2, 2002, 30(b)(6) deposition transcript of Mark Cree.

29. Attached hereto as Exhibit 13 are true and correct copies of excerpts from the November 12, 2002, deposition transcript of Mark Cree.

30. Attached hereto as Exhibit 13-A is a true and correct copy of Cree deposition Exhibit 2 to the November 12, 2002, deposition transcript of Mark Cree.

31. Attached hereto as Exhibit 13-B is a true and correct copy of Cree deposition Exhibit 3 to the November 12, 2002, deposition transcript of Mark Cree.

32. Attached hereto as Exhibit 13-C is a true and correct copy of Cree deposition Exhibit 5 to the November 12, 2002, deposition transcript of Mark Cree.

33. Attached hereto as Exhibit 13-D is a true and correct copy of Cree deposition Exhibit 6 to the November 12, 2002, deposition transcript of Mark Cree.

34. Attached hereto as Exhibit 13-E is a true and correct copy of Cree deposition Exhibit 7 to the November 12, 2002, deposition transcript of Mark Cree.

35. Attached hereto as Exhibit 13-F is a true and correct copy of Cree deposition Exhibit 8 to the November 12, 2002, deposition transcript of Mark Cree.

36. Attached hereto as Exhibit 13-G is a true and correct copy of Cree deposition Exhibit 9 to the November 12, 2002, deposition transcript of Mark Cree.

37. Attached hereto as Exhibit 13-H is a true and correct copy of Cree deposition Exhibit 10 to the November 12, 2002, deposition transcript of Mark Cree.

38. Attached hereto as Exhibit 13-I is a true and correct copy of Cree deposition Exhibit 13 to the November 12, 2002, deposition transcript of Mark Cree.

39. Attached hereto as Exhibit 14 are true and correct copies of excerpts from the July 30, 2002, deposition transcript of Heidi Crozer.

40. Attached hereto as Exhibit 14-A is a true and correct copy of Crozer deposition Exhibit 2 to the July 30, 2002, deposition transcript of Heidi Crozer.

41. Attached hereto as Exhibit 15 are true and correct copies of excerpts from the April 16, 2002, deposition transcript of Steven DeGroote.

42. Attached hereto as Exhibit 15-A is a true and correct copy of DeGroote deposition Exhibit 2 to the April 16, 2002, deposition transcript of Steven DeGroote.

43. Attached hereto as Exhibit 16 is a true and correct copy of the June 6, 2002, deposition transcript of Ed Fiore.

44. Attached hereto as Exhibit 16-A is a true and correct copy of Fiore deposition Exhibit 3 to the June 6, 2002, deposition transcript of Ed Fiore.

45. Attached hereto as Exhibit 16-B is a true and correct copy of Fiore deposition Exhibit 4 to the June 6, 2002, deposition transcript of Ed Fiore.

46. Attached hereto as Exhibit 16-C is a true and correct copy of Fiore deposition Exhibit 5 to the June 6, 2002, deposition transcript of Ed Fiore.

47. Attached hereto as Exhibit 16-D is a true and correct copy of Fiore deposition Exhibit 6 to the June 6, 2002, deposition transcript of Ed Fiore.

48. Attached hereto as Exhibit 16-E is a true and correct copy of Fiore deposition Exhibit 7 to the June 6, 2002, deposition transcript of Ed Fiore.

49. Attached hereto as Exhibit 16-F is a true and correct copy of Fiore deposition Exhibit 8 to the June 6, 2002, deposition transcript of Ed Fiore.

50. Attached hereto as Exhibit 16-G is a true and correct copy of Fiore deposition Exhibit 9 to the June 6, 2002, deposition transcript of Ed Fiore.

51. Attached hereto as Exhibit 17 are true and correct copies of excerpts from the May 14, 2002, deposition transcript of Nancy Golio.

52. Attached hereto as Exhibit 18 are true and correct copies of excerpts from the May 16, 2002, deposition transcript of Dennis Hadders.

53. Attached hereto as Exhibit 19 are true and correct copies of excerpts from the July 11, 2002, deposition transcript of Peter Hahn.

54. Attached hereto as Exhibit 19-A is a true and correct copy of Hahn deposition Exhibit 1 to the July 11, 2002, deposition transcript of Peter Hahn.

55. Attached hereto as Exhibit 19-B is a true and correct copy of Hahn deposition Exhibit 2 to the July 11, 2002, deposition transcript of Peter Hahn.

56. Attached hereto as Exhibit 19-C is a true and correct copy of Hahn deposition Exhibit 3 to the July 11, 2002, deposition transcript of Peter Hahn.

57. Attached hereto as Exhibit 19-D is a true and correct copy of Hahn deposition Exhibit 4 to the July 11, 2002, deposition transcript of Peter Hahn.

58. Attached hereto as Exhibit 19-E is a true and correct copy of Hahn deposition Exhibit 5 to the July 11, 2002, deposition transcript of Peter Hahn.

59. Attached hereto as Exhibit 19-F is a true and correct copy of Hahn deposition Exhibit 6 to the July 11, 2002, deposition transcript of Peter Hahn.

60. Attached hereto as Exhibit 20 are true and correct copies of excerpts from the April 17, 2002, deposition transcript of Michael Heinecke.

61. Attached hereto as Exhibit 21 are true and correct copies of excerpts from the July 18, 2002, deposition transcript of Jeffery Hinck.

62. Attached hereto as Exhibit 22 is a true and correct copy of the October 17, 2002, deposition transcript of Walter Hinton.

63. Attached hereto as Exhibit 22-A is a true and correct copy of Hinton deposition Exhibit 1 to the October 17, 2002, deposition transcript of Walter Hinton.

64. Attached hereto as Exhibit 22-B is a true and correct copy of Hinton deposition Exhibit 4 to the October 17, 2002, deposition transcript of Walter Hinton.

65. Attached hereto as Exhibit 22-C is a true and correct copy of Hinton deposition Exhibit 6 to the October 17, 2002, deposition transcript of Walter Hinton.

66. Attached hereto as Exhibit 22-D is a true and correct copy of Hinton deposition Exhibit 7 to the October 17, 2002, deposition transcript of Walter Hinton.

67. Attached hereto as Exhibit 22-E is a true and correct copy of Hinton deposition Exhibit 8 to the October 17, 2002, deposition transcript of Walter Hinton.

68. Attached hereto as Exhibit 22-F is a true and correct copy of Hinton deposition Exhibit 9 to the October 17, 2002, deposition transcript of Walter Hinton.

69. Attached hereto as Exhibit 22-G is a true and correct copy of Hinton deposition Exhibit 13 to the October 17, 2002, deposition transcript of Walter Hinton.

70. Attached hereto as Exhibit 22-H is a true and correct copy of Hinton deposition Exhibit 14 to the October 17, 2002, deposition transcript of Walter Hinton.

71. Attached hereto as Exhibit 22-I is a true and correct copy of Hinton deposition Exhibit 16 to the October 17, 2002, deposition transcript of Walter Hinton.

72. Attached hereto as Exhibit 23 are true and correct copies of excerpts from the May 15, 2002, deposition transcript of Erika Hohenstein.

73. Attached hereto as Exhibit 24 is a true and correct copy of the October 15, 2002, deposition transcript of James Hughes.

74. Attached hereto as Exhibit 24-A is a true and correct copy of Hughes deposition Exhibit 1 to the October 15, 2002, deposition transcript of James Hughes.

75. Attached hereto as Exhibit 24-B is a true and correct copy of Hughes deposition Exhibit 2 to the October 15, 2002, deposition transcript of James Hughes.

76. Attached hereto as Exhibit 24-C is a true and correct copy of Hughes deposition Exhibit 3 to the October 15, 2002, deposition transcript of James Hughes.

77. Attached hereto as Exhibit 24-D is a true and correct copy of Hughes deposition Exhibit 4 to the October 15, 2002, deposition transcript of James Hughes.

78. Attached hereto as Exhibit 24-E is a true and correct copy of Hughes deposition Exhibit 5 to the October 15, 2002, deposition transcript of James Hughes.

79. Attached hereto as Exhibit 24-F is a true and correct copy of Reed Nelson deposition Exhibit 2 used as an exhibit during the October 15, 2002, deposition of James Hughes.

80. Attached hereto as Exhibit 25 is a true and correct copy of the December 17, 2002, deposition transcript of James Hughes.

81. Attached hereto as Exhibit 26 are true and correct copies of excerpts from the November 1, 2002, deposition transcript of David Huhne.

82. Attached hereto as Exhibit 27 are true and correct copies of excerpts from the July 17, 2002, deposition transcript of Douglas Ingraham.

83. Attached hereto as Exhibit 27-A is a true and correct copy of Ingraham deposition Exhibit 6 to the July 17, 2002, deposition transcript of Douglas Ingraham.

84. Attached hereto as Exhibit 27-B is a true and correct copy of Ingraham deposition Exhibit 6-A to the July 17, 2002, deposition transcript of Douglas Ingraham.

85. Attached hereto as Exhibit 27-C is a true and correct copy of Ingraham deposition Exhibit 7 to the July 17, 2002, deposition transcript of Douglas Ingraham.

86. Attached hereto as Exhibit 27-D is a true and correct copy of Ingraham deposition Exhibit 8 to the July 17, 2002, deposition transcript of Douglas Ingraham.

87. Attached hereto as Exhibit 27-E is a true and correct copy of Ingraham deposition Exhibit 9 to the July 17, 2002, deposition transcript of Douglas Ingraham.

88. Attached hereto as Exhibit 28 are true and correct copies of excerpts from the September 13, 2002, deposition transcript of Bruce Johnson.

89. Attached hereto as Exhibit 28-A is a true and correct copy of Johnson deposition Exhibit 1 to the September 13, 2002, deposition transcript of Bruce Johnson.

90. Attached hereto as Exhibit 29 are true and correct copies of excerpts from the April 16, 2002, deposition transcript of Craig Johnson.

91. Attached hereto as Exhibit 30 is a true and correct copy of the May 1, 2002, deposition transcript of Clint Jurgens.

92. Attached hereto as Exhibit 30-A is a true and correct copy of Jurgens deposition Exhibit 1 to the May 1, 2002, deposition transcript of Clint Jurgens.

93. Attached hereto as Exhibit 30-B is a true and correct copy of Jurgens deposition Exhibit 4 to the May 1, 2002, deposition transcript of Clint Jurgens.

94. Attached hereto as Exhibit 31 is a true and correct copy of the September 12, 2002, deposition transcript of Ravi Kavuri.

95. Attached hereto as Exhibit 32 are true and correct copies of excerpts from the June 11, 2002, deposition transcript of William Krause.

96. Attached hereto as Exhibit 33 are true and correct copies of excerpts from the May 1, 2002, deposition transcript of Tim Kuik.

97. Attached hereto as Exhibit 34 are true and correct copies of excerpts from the February 20, 2002, deposition transcript of Robert Lanoux.

98. Attached hereto as Exhibit 35 are true and correct copies of excerpts from the February 29, 2002, deposition transcript of John Leyes.

99. Attached hereto as Exhibit 36 are true and correct copies of excerpts from the October 23, 2002, deposition transcript of Karie Lorge.

100. Attached hereto as Exhibit 36-A is a true and correct copy of Lorge deposition Exhibit 2 to the October 23, 2002, deposition transcript of Kari Lorge.

101. Attached hereto as Exhibit 36-B is a true and correct copy of Lorge deposition Exhibit 9 to the October 23, 2002, deposition transcript of Kari Lorge.

102. Attached hereto as Exhibit 36-C is a true and correct copy of Lorge deposition Exhibit 10 to the October 23, 2002, deposition transcript of Kari Lorge.

103. Attached hereto as Exhibit 36-D is a true and correct copy of Lorge deposition Exhibit 12 to the October 23, 2002, deposition transcript of Kari Lorge.

104. Attached hereto as Exhibit 36-E is a true and correct copy of Lorge deposition Exhibit 16 to the October 23, 2002, deposition transcript of Kari Lorge.

105. Attached hereto as Exhibit 37 are true and correct copies of excerpts from the October 23, 2002, deposition transcript of Gregory Massey.

106. Attached hereto as Exhibit 38 are true and correct copies of excerpts from the November 1, 2002, deposition transcript of John Massey.

107. Attached hereto as Exhibit 39 are true and correct copies of excerpts from the May 15, 2002, deposition transcript of Matthew Massey.

108. Attached hereto as Exhibit 40 are true and correct copies of excerpts from the July 9, 2002, deposition transcript of Sheri McCallum.

109. Attached hereto as Exhibit 40-A is a true and correct copy of McCallum deposition Exhibit 1 to the July 9, 2002, deposition transcript of Sheri McCallum.

110. Attached hereto as Exhibit 40-B is a true and correct copy of McCallum deposition Exhibit 9 to the July 9, 2002, deposition transcript of Sheri McCallum.

111. Attached hereto as Exhibit 40-C is a true and correct copy of McCallum deposition Exhibit 35 to the July 9, 2002, deposition transcript of Sheri McCallum.

112. Attached hereto as Exhibit 40-D is a true and correct copy of McCallum deposition Exhibit 36 to the July 9, 2002, deposition transcript of Sheri McCallum.

113. Attached hereto as Exhibit 40-E is a true and correct copy of McCallum deposition Exhibit 37 to the July 9, 2002, deposition transcript of Sheri McCallum.

114. Attached hereto as Exhibit 40-F is a true and correct copy of McCallum deposition Exhibit 47 to the July 9, 2002, deposition transcript of Sheri McCallum.

115. Attached hereto as Exhibit 40-G is a true and correct copy of McCallum deposition Exhibit 48 to the July 9, 2002, deposition transcript of Sheri McCallum.

116. Attached hereto as Exhibit 40-H is a true and correct copy of McCallum deposition Exhibit 62 to the July 9, 2002, deposition transcript of Sheri McCallum.

117. Attached hereto as Exhibit 41 is a true and correct copy of the November 1, 2002, deposition transcript of Jon Moter.

118. Attached hereto as Exhibit 42 are true and correct copies of excerpts from the May 14, 2002, deposition transcript of Stan Mros.

119. Attached hereto as Exhibit 43 are true and correct copies of excerpts from the June 5, 2002, deposition transcript of Timothy Mueggenberg.

120. Attached hereto as Exhibit 43-A is a true and correct copy of Mueggenberg deposition Exhibit 2 to the June 5, 2002, deposition transcript of Timothy Mueggenberg.

121. Attached hereto as Exhibit 44 is a true and correct copy of the July 17, 2002, deposition transcript of Robert Munsey.

122. Attached hereto as Exhibit 44-A is a true and correct copy of Munsey deposition Exhibit 2 to the July 17, 2002, deposition transcript of Robert Munsey.

123. Attached hereto as Exhibit 44-B is a true and correct copy of Munsey deposition Exhibit 4 to the July 17, 2002, deposition transcript of Robert Munsey.

124. Attached hereto as Exhibit 44-C is a true and correct copy of Munsey deposition Exhibit 6 to the July 17, 2002, deposition transcript of Robert Munsey.

125. Attached hereto as Exhibit 44-D is a true and correct copy of Munsey deposition Exhibit 26 to the July 17, 2002, deposition transcript of Robert Munsey.

126. Attached hereto as Exhibit 44-E is a true and correct copy of Munsey deposition Exhibit 28 to the July 17, 2002, deposition transcript of Robert Munsey.

127. Attached hereto as Exhibit 44-F is a true and correct copy of Munsey deposition Exhibit 32 to the July 17, 2002, deposition transcript of Robert Munsey.

128. Attached hereto as Exhibit 44-G is a true and correct copy of Munsey deposition Exhibit 34 to the July 17, 2002, deposition transcript of Robert Munsey.

129. Attached hereto as Exhibit 44-H is a true and correct copy of Munsey deposition Exhibit 35 to the July 17, 2002, deposition transcript of Robert Munsey.

130. Attached hereto as Exhibit 45 is a true and correct copy of the December 17, 2002, 30(b)(6) deposition transcript of Robert Munsey.

131. Attached hereto as Exhibit 45-A is a true and correct copy of Munsey deposition Exhibit 10 to the December 17, 2002, 30(b)(6) deposition transcript of Robert Munsey.

132. Attached hereto as Exhibit 46 are true and correct copies of excerpts from the February 19, 2002, deposition transcript of David Myers.

133. Attached hereto as Exhibit 47 are true and correct copies of excerpts from the September 12, 2002, deposition transcript of Reed Nelson.

134. Attached hereto as Exhibit 47-A is a true and correct copy of Reed Nelson deposition Exhibit 1 to the September 12, 2002, deposition transcript of Reed Nelson.

135. Attached hereto as Exhibit 47-B is a true and correct copy of Reed Nelson deposition Exhibit 2 to the September 12, 2002, deposition transcript of Reed Nelson.

136. Attached hereto as Exhibit 47-C is a true and correct copy of Reed Nelson deposition Exhibit 3 to the September 12, 2002, deposition transcript of Reed Nelson.

137. Attached hereto as Exhibit 48 are true and correct copies of excerpts from the June 6, 2002, deposition transcript of Rodney Nelson.

138. Attached hereto as Exhibit 49 are true and correct copies of excerpts from the July 10, 2002, deposition transcript of Scott Nelson.

139. Attached hereto as Exhibit 49-A is a true and correct copy of Scott Nelson deposition Exhibit 3 to the July 10, 2002, deposition transcript of Scott Nelson.

140. Attached hereto as Exhibit 49-B is a true and correct copy of Scott Nelson deposition Exhibit 4 to the July 10, 2002, deposition transcript of Scott Nelson.

141. Attached hereto as Exhibit 50 are true and correct copies of excerpts from the June 5, 2002, deposition transcript of Wade Oberpriller.

142. Attached hereto as Exhibit 51 are true and correct copies of excerpts from the February 21, 2002, deposition transcript of David Peterson.

143. Attached hereto as Exhibit 52 is a true and correct copy of the May 1, 2002, deposition transcript of Don Rog.

144. Attached hereto as Exhibit 52-A is a true and correct copy of Don Rog deposition Exhibit 5 to the May 1, 2002, deposition transcript of Don Rog.

145. Attached hereto as Exhibit 52-B is a true and correct copy of Don Rog deposition Exhibit 6 to the May 1, 2002, deposition transcript of Don Rog.

146. Attached hereto as Exhibit 53 are true and correct copies of excerpts from the June 27, 2002, deposition transcript of Theodore Schmitz.

147. Attached hereto as Exhibit 54 is a true and correct copy of the April 1, 2002, 30(b)(6) deposition transcript of Mark Schrandt.

148. Attached hereto as Exhibit 54-A is a true and correct copy of Mark Schrandt deposition Exhibit 1 to the April 1, 2002, 30(b)(6) deposition transcript of Mark Schrandt.

149. Attached hereto as Exhibit 54-B is a true and correct copy of Mark Schrandt deposition Exhibit 3 to the April 1, 2002, 30(b)(6) deposition transcript of Mark Schrandt.

150. Attached hereto as Exhibit 55 is a true and correct copy of the June 6, 2002, deposition transcript of Mark Schrandt.

151. Attached hereto as Exhibit 55-A is a true and correct copy of Mark Schrandt deposition Exhibit 1 to the June 6, 2002, deposition transcript of Mark Schrandt.

152. Attached hereto as Exhibit 55-B is a true and correct copy of Mark Schrandt deposition Exhibit 2 to the June 6, 2002, deposition transcript of Mark Schrandt.

153. Attached hereto as Exhibit 55-C is a true and correct copy of Mark Schrandt deposition Exhibit 3 to the June 6, 2002, deposition transcript of Mark Schrandt.

154. Attached hereto as Exhibit 56 is a true and correct copy of the October 16, 2002, deposition transcript of Timothy Schulte.

155. Attached hereto as Exhibit 57 are true and correct copies of excerpts from the June 10, 2002, deposition transcript of Gary Schumacher.

156. Attached hereto as Exhibit 58 is a true and correct copy of the October 31, 2002, deposition transcript of Linda Sharkey.

157. Attached hereto as Exhibit 59 are true and correct copies of excerpts from the June 27, 2002, deposition transcript of Laura Sokol-Kraft.

158. Attached hereto as Exhibit 60 are true and correct copies of excerpts from the June 7, 2002, deposition transcript of Darrel Spiczka.

159. Attached hereto as Exhibit 60-A is a true and correct copy of Darrel Spiczka deposition Exhibit 1 to the June 7, 2002, deposition transcript of Darrel Spiczka.

160. Attached hereto as Exhibit 60-B is a true and correct copy of Darrel Spiczka deposition Exhibit 2 to the June 7, 2002, deposition transcript of Darrel Spiczka.

161. Attached hereto as Exhibit 61 are true and correct copies of excerpts from the October 31, 2002, deposition transcript of Todd Stafford.

162. Attached hereto as Exhibit 62 is a true and correct copy of the September 13, 2002, deposition transcript of Brad Stamas.

163. Attached hereto as Exhibit 62-A is a true and correct copy of Brad Stamas deposition Exhibit 1 to the September 13, 2002, deposition transcript of Brad Stamas.

164. Attached hereto as Exhibit 62-B is a true and correct copy of Brad Stamas deposition Exhibit 2 to the September 13, 2002, deposition transcript of Brad Stamas.

165. Attached hereto as Exhibit 62-C is a true and correct copy of Brad Stamas deposition Exhibit 5 to the September 13, 2002, deposition transcript of Brad Stamas.

166. Attached hereto as Exhibit 62-D is a true and correct copy of Brad Stamas deposition Exhibit 6 to the September 13, 2002, deposition transcript of Brad Stamas.

167. Attached hereto as Exhibit 63 are true and correct copies of excerpts from the June 4, 2002, deposition transcript of Jeremy Swift.

168. Attached hereto as Exhibit 63-A is a true and correct copy of Jeremy Swift deposition Exhibit 1 to the June 4, 2002, deposition transcript of Jeremy Swift.

169. Attached hereto as Exhibit 63-B is a true and correct copy of Jeremy Swift deposition Exhibit 2 to the June 4, 2002, deposition transcript of Jeremy Swift.

170. Attached hereto as Exhibit 64 is a true and correct copy of the November 1, 2002, deposition transcript of Don Teske.

171. Attached hereto as Exhibit 65 are true and correct copies of excerpts from the May 1, 2002, deposition transcript of David Thompson.

172. Attached hereto as Exhibit 66 are true and correct copies of excerpts from the October 31, 2002, deposition transcript of Julie Urban.

173. Attached hereto as Exhibit 66-A is a true and correct copy of Julie Urban deposition Exhibit 4 to the October31, 2002, deposition transcript of Julie Urban.

174. Attached hereto as Exhibit 66-B is a true and correct copy of Julie Urban deposition Exhibit 8 to the October31, 2002, deposition transcript of Julie Urban.

175. Attached hereto as Exhibit 67 are true and correct copies of excerpts from the June 4, 2002, deposition transcript of Christopher Van Krevelen.

176. Attached hereto as Exhibit 68 are true and correct copies of excerpts from the July 17, 2002, deposition transcript of Darren Vickers.

177. Attached hereto as Exhibit 69 are true and correct copies of excerpts from the May 16, 2002, deposition transcript of David Weinzierl.

178. Attached hereto as Exhibit 70 is a true and correct copy of the December 17, 2002, 30(b)(6) deposition transcript of David Weiss.

179. Attached hereto as Exhibit 70-A is a true and correct copy of David Weiss deposition Exhibit 1 to the December 17, 2002, 30(b)(6) deposition transcript of David Weiss.

180. Attached hereto as Exhibit 71 are true and correct copies of excerpts from the July 17, 2002, deposition transcript of Kenneth Widstrom.

181. Attached hereto as Exhibit 72 are true and correct copies of excerpts from the November 1, 2002, deposition transcript of Roger Woodruff.

182. Attached hereto as Exhibit 73 is a true and correct copy of the October 22, 2002, deposition transcript of Joan Wrabetz.

183. Attached hereto as Exhibit 73-A is a true and correct copy of Joan Wrabetz deposition Exhibit 14 to the October 22, 2002, deposition transcript of Joan Wrabetz.

184. Attached hereto as Exhibit 73-B is a true and correct copy of Joan Wrabetz deposition Exhibit 18 to the October 22, 2002, deposition transcript of Joan Wrabetz.

185. Attached hereto as Exhibit 73-C is a true and correct copy of Joan Wrabetz deposition Exhibit 22 to the October 22, 2002, deposition transcript of Joan Wrabetz.

186. Attached hereto as Exhibit 73-D is a true and correct copy of Joan Wrabetz deposition Exhibit 23 to the October 22, 2002, deposition transcript of Joan Wrabetz.

187. Attached hereto as Exhibit 73-E is a true and correct copy of Joan Wrabetz deposition Exhibit 24 to the October 22, 2002, deposition transcript of Joan Wrabetz.

188. Attached hereto as Exhibit 73-F is a true and correct copy of Joan Wrabetz deposition Exhibit 27 to the October 22, 2002, deposition transcript of Joan Wrabetz.

189. Attached hereto as Exhibit 73-G is a true and correct copy of Joan Wrabetz deposition Exhibit 29 to the October 22, 2002, deposition transcript of Joan Wrabetz.

190. Attached hereto as Exhibit 73-H is a true and correct copy of Joan Wrabetz deposition Exhibit 32 to the October 22, 2002, deposition transcript of Joan Wrabetz.

191. Attached hereto as Exhibit 73-I is a true and correct copy of Joan Wrabetz deposition Exhibit 35 to the October 22, 2002, deposition transcript of Joan Wrabetz.

192. Attached hereto as Exhibit 73-J is a true and correct copy of Joan Wrabetz deposition Exhibit 37 to the October 22, 2002, deposition transcript of Joan Wrabetz.

193. Attached hereto as Exhibit 73-K is a true and correct copy of Joan Wrabetz deposition Exhibit 45 to the October 22, 2002, deposition transcript of Joan Wrabetz.

194. Attached hereto as Exhibit 74 is a true and correct copy of Defendant's Third Amended Objections and Answers to Plaintiff's Second Set of Interrogatories Nos. 5-12 dated August 5, 2002.

195. Attached hereto as Exhibit 75 is a true and correct copy of a photograph that I took on November 13, 2002, of Cisco Systems, Inc.'s expert witness Dr. John P.J. Kelly standing next to Storage Technology Corporation's SN 6000 product at Storage Technology Corporation's Minnesota facility.

196. Attached hereto as Exhibit 76 is a true and correct copy of a photograph (on the left hand side of the page) that I took on November 13, 2002, of Storage Technology Corporation's SN 6000 product at Storage Technology Corporation's Minnesota facility. Additionally, (on the right hand side of the page) is a true and correct copy of a photograph that I took of Cisco's SN 5420 product on or about November 12, 2002, at the offices of Dorsey & Whitney LLP in Minneapolis, Minnesota.

**FURTHER AFFIANT SAITH NOT.**

Clifford S. Anderson

**CLIFFORD S. ANDERSON**

Subscribed and sworn to before me
this 20 day of January, 2003.

Kate Y R Steinhorst

Notary Public

KATE Y. R. STEINHORST
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

STORAGE TECHNOLOGY CORPORATION,

PLAINTIFF,

v.

CISCO SYSTEMS, INC.,

DEFENDANT.

Civil File No. 00-2253 (JEL/JGL)

**CONFIDENTIAL AFFIDAVIT OF JOSEPH W. HAMMELL**

**SUBJECT TO PROTECTIVE ORDER**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

1. I am partner with the law firm of Dorsey & Whitney, LLP, counsel for Defendant Cisco Systems, Inc. ("Cisco") in this matter. As counsel for Cisco, I am familiar with the procedural history of the above-entitled action. This Affidavit is submitted in connection with Defendant Cisco Systems, Inc.'s Motion for Summary Judgment on Plaintiff Storage Technology Corporation's Claim of Misappropriation of Trade Secrets and All Related Claims.

2. Attached hereto as Exhibit 1 is a true and correct copy of the report of Plaintiff's technical expert, Brian Berg.

3. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's Supplemental Response to Cisco's Interrogatory No. 21.

4. Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff's Particularized Trade Secret Statement.

5. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's Supplemental Particularized Trade Secret Statement.

6. Attached hereto as Exhibit 5 is a true and correct copy of the agreement for the acquisition of NuSpeed, Inc. by Cisco Systems, Inc.

7. Attached hereto as Exhibit 6 is a true and correct copy of the October 17, 2000, press release regarding the introduction of the SN 6000.

8. Attached hereto as Exhibit 7 is a true and correct copy of the October 2, 2002, press release regarding the outsourcing of the SN 6000.

9. Attached hereto as Exhibit 8 is a true and correct copy of Plaintiff's response to Cisco's Request for Admissions.

10. Attached hereto as Exhibit 9 is a true and correct copy of Plaintiff's Supplemental Response to Cisco's Request for Admissions.

11. Attached hereto as Exhibit 10 is a true and correct copy of the review of the SN 6000 dated December 1999.

12. Attached hereto as Exhibit 11 is a true and correct copy of the Assessment Report for the SN 6000 dated January, 2002.

13. Attached hereto as Exhibit 12 is a true and correct copy of a document produced by Plaintiff in this litigation indicating that the Comet project was cancelled in September of 1996 (S 14851-51).

14. Attached hereto as Exhibit 13 is a true and correct copy of a document produced by Plaintiff in this litigation indicating that a decision not to pursue the Edge Module was made in September, 1997 (S15729.0302)

15. Attached hereto as Exhibit 14 is a chart summarizing certain portions of the affidavits also submitted on this Motion by former StorageTek employees who came to work at NuSpeed/Cisco.

16. Attached hereto as Exhibit 15 is a chart of testimony by StorageTek witnesses indicating a lack of knowledge or evidence to support any claim of misappropriation of trade secrets.

17. Attached hereto as Exhibit 16 is a true and correct copy of the deposition transcript of StorageTek's technical expert, Brian Berg.

18. Attached hereto as Exhibit 17 is a true and correct copy of excerpts from the deposition of Sheri McCallum.

19. Attached hereto as Exhibit 18 is a true and correct copy of excerpts from the deposition of Karie Lorge.

20. Attached hereto as Exhibit 19 is a true and correct copy of excerpts from the deposition of Scott Nelson.

21. Attached hereto as Exhibit 20 is a true and correct copy of the unpublished decision of *Porous Media Corp. v. Midland Brake, Inc.*, 2001 WL 1631332 (D. Minn. 2001).

22. Attached hereto as Exhibit 21 is a true and correct copy of the unpublished decision *Luigino's, Inc. v. Peterson*, 2002 WL 122389 (D. Minn. 2002).

23. Attached hereto as Exhibit 22 is a true and correct copy of the unpublished decision *Ring Computer Systems, Inc. v. Paradata Computer Networks, Inc.*, 1990 WL 132615 (Minn. App. 1990).

24. Attached hereto as Exhibit 23 is a true and correct copy of the unpublished decision *Motorola, Inc. v. DBTEL, Inc.*, 2002 WL 1610982 (N.D. Ill. 2002).

25. Attached hereto as Exhibit 24 is a true and correct copy of the unpublished decision *Healthsouth Corp. v. Health Fitness Corp.*, 2002 WL 254512 (D. Minn. 2002).

26. Attached hereto as Exhibit 25 is a true and correct copy of the unpublished decision *Kemp v. Tyson Seafood Group, Inc.*, 2000 WL 1062105, *7 (D. Minn. 2000).

27. Attached hereto as Exhibit 26 is a true and correct copy of the unpublished decision *U.S. Xpress, Inc. v. Great Northern Ins. Co.*, 2002 WL 31789380, *2-3 (D. Minn. 2002).

**FURTHER AFFIANT SAYETH NOT**

Joseph W. Hammell

JOSEPH W. HAMMELL

Subscribed and sworn to before me
this 22nd day of January, 2003.

Margaret M. Capra
Notary Public