a. a specific, particularized description of the act or omission of which you complaint and how such act or omission supports any of your claims;

b. if you claim that any such person misappropriated, misused, or disclosed any trade secret, then for each such person identify specifically the trade secret he or she allegedly misappropriated, misused, or disclosed;

c. if you claim that any such person wrongfully recruited, solicited, or raided any StorageTek employee, then for each such person identify the particular StorageTek employee whom he or she recruited, solicited, or sought as an employee of NuSpeed or Cisco;

d. if you claim that any such person breached any contract or interfered with or induced the breach of another's contract, then for each such person identify specifically the contract he or she allegedly breached or interfered with; and

e. if you claim that any such person breached any fiduciary duty or induced another to breach a fiduciary duty, then for each such person identify specifically the fiduciary duty which he or she allegedly breached or induced another to breach.

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Most of this information is in the possession of Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Without waiver of this objection, as StorageTek is currently informed, such individuals primarily include: Mark Cree, Ed Fiore, Dave Myers, Mark Bakke, Mark Schrandt, and others. (*See* Responses to subparagraphs (a), (b), (c), (d), and (e) for more detailed information.) The information provided in this response may change as StorageTek obtains more information during discovery.

a. StorageTek objects to this interrogatory as premature. Some of the information is in the possession of Cisco. Cisco has not produced witnesses for noticed

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory in that it seeks information that is attorney-client privileged and/or work product.

Subject to these objections, and without waiver of it, employees in management positions at NuSpeed/Cisco, including Mark Cree, Mark Schrandt, Dave Myers, Tim Kuik, Mark Bakke, and Ed Fiore, actively targeted and solicited StorageTek employees to leave StorageTek and join NuSpeed/Cisco. The employees who were the object of the raiding are the employees who left StorageTek and joined NuSpeed/Cisco. These individuals unfairly and improperly targeted StorageTek employees and unfairly and improperly used StorageTek confidential, proprietary information to recruit individuals from StorageTek. As a result of these improper and unfair hiring practices, NuSpeed/Cisco obtained nearly forty percent of its workforce from StorageTek.

At the time NuSpeed/Cisco hired StorageTek employees, these employees had valid employment agreements and defendant knew that the employees had such agreements. By recruiting and hiring StorageTek employees, NuSpeed/Cisco intended for those StorageTek employees to breach their employment agreements. Additionally, at least Mark Cree, Mark Schrandt, Ed Fiore, Mark Bakke, and Dave Myers were key employees of StorageTek and owed fiduciary duties to StorageTek. These duties include, among other things, a duty to keep secret, and not use, StorageTek's confidential, proprietary information and a duty not to recruit or try to recruit StorageTek employees. These employees breached those duties when recruiting employees from StorageTek and utilized other confidential information of

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

StorageTek. NuSpeed/Cisco knew of, encouraged, and condoned these breaches of fiduciary duties, which inured to the benefit of the defendant.

b. StorageTek objects to this interrogatory as premature. Although it is clear that Cisco has misappropriated at least some of StorageTek's trade secrets, the details of which specific individuals acted are in the possession of Cisco and the former StorageTek employees that now work for Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory in that it seeks information that is attorney-client privileged and/or work product.

Without waiver of the foregoing objections, Cisco is directed to StorageTek's Particularized Trade Secret Statement.

c. StorageTek objects to this interrogatory as premature. Some of this information is in the possession of former StorageTek employees that now work for Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery.

Without waiver of the foregoing objections, StorageTek provides the following response.

1) Mark Cree and Clint Jurgens improperly, unfairly and/or wrongfully solicited, recruited, or sought Mark Schrandt, Mark Bakke, Ed Fiore, Tim Kuik, and David Thompson.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

2) Ed Fiore improperly, unfairly and/or wrongfully solicited, recruited, or sought Don Rog, Stan Mros, Darren Vickers, Daniel Anonen, Jeremy Swift, Chris VanKrevelen, and Rod Nelson.

3) Tim Kuik improperly, unfairly and/or wrongfully solicited, recruited, or sought Steve DeGroote.

4) Dave Myers improperly, unfairly and/or wrongfully solicited, recruited, or sought Ted Schmitz, Anthony Beltran, George Black, Matt Massey, John Massey, John Leyes, Chris VanKrevelen, and Wade Oberpriller.

5) Mark Bakke improperly, unfairly and/or wrongfully solicited, recruited, or sought Jeremy Swift, and Rod Nelson.

6) Mark Schrandt improperly, unfairly and/or wrongfully solicited, recruited, or sought Craig Johnson, Michael Chaffin, Steve DeGroote, Dave Myers, Dennis Hadders, Dave Peterson, Jeremy Swift, Chris VanKrevelen, and Rod Nelson.

7) Craig Johnson improperly, unfairly and/or wrongfully solicited, recruited, or sought Wade Oberpriller.

d. StorageTek objects to this interrogatory as premature. Some of this information is in the possession of former StorageTek employees that now work for Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory to the extent that it implicates the trade secret issues in this case. As agreed by the parties,

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

responses to the trade secret matters will not commence until the Court determines the sequence of production.

Without waiver of the foregoing objections, StorageTek provides the following response. Any contract responsive to this interrogatory is contained within the personnel files of the former StorageTek employees now employed by NuSpeed/Cisco. Therefore, they are only referenced by title below. These documents have already been produced.

1) Mark Schrandt breached his Employment Agreement and his Statement of Confidentiality and induced the breach of: Craig Johnson's Confidentiality Agreement; Michael Chaffin's Confidentiality Agreement; Dave Myers' Employment Agreement and Statement of Confidentiality; Steve DeGroote's Employment Agreement and Proprietary Rights Agreement; Dennis Hadders' Confidentiality Agreement; and Dave Peterson's Employment Agreement and Statement of Confidentiality.

2) Mark Cree breached his Employment Agreement and his Statement of Confidentiality.

3) Mark Cree and Clint Jurgens induced the breach of Mark Schrandt's Employment Agreement and Statement of Confidentiality; Mark Bakke's Statement of Confidentiality, Ed Fiore's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; Tim Kuik's Employment Agreement and Statement of Confidentiality, and David Thompson's Employment Agreement and Statement of Confidentiality.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

4) Ed Fiore breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality and induced the breach of: Don Rog's Confidentiality Agreement; Stan Mros's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; Darren Vickers' Employment Agreement and Statement of Confidentiality, and Daniel Anonen's Proprietary Rights and Confidentiality Agreements.

5) Mark Bakke breached his Statement of Confidentiality.

6) Tim Kuik breached his Employment Agreement and Statement of Confidentiality and induced the breach of: Steve DeGroote's Employment Agreement and Proprietary Rights Agreement.

7) Dave Myers breached his Employment Agreement and Statement of Confidentiality and induced the breach of: Ted Schmitz' Confidentiality Agreement and Proprietary Rights Agreement; Anthony Beltran's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; George Black's Confidentiality Agreement; Matt Massey's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; John Massey's Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality; and John Leyes' Confidentiality Agreement.

8) Craig Johnson breached his Confidentiality Agreement.

9) Michael Chaffin breached his Confidentiality Agreement.

10) Steve DeGroote breached his Employment Agreement and Proprietary Rights Agreement.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

11) Dennis Hadders breached his Confidentiality Agreement.

12) Dave Peterson breached his Employment Agreement and Statement of Confidentiality.

13) Don Rog breached his Confidentiality Agreement.

14) Stan Mros breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality.

15) Darren Vickers breached his Employment Agreement and Statement of Confidentiality.

16) Daniel Anonen breached his Proprietary Rights and Confidentiality Agreements.

17) Ted Schmitz breached his Confidentiality Agreement and Proprietary Rights Agreement.

18) Anthony Beltran breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality.

19) George Black breached his Confidentiality Agreement.

20) Matt Massey breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality.

21) John Massey breached his Employment Agreement, Proprietary Rights Agreement, and Statement of Confidentiality.

22) John Leyes breached his Confidentiality Agreement.

23) David Thompson breached his Employment Agreement and Statement of Confidentiality.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

24) Robert Lanoux breached his Employment Agreement and Statement of Confidentiality.

25) Linda Sharkey breached her Employment Agreement and Statement of Confidentiality.

26) Erika Hohenstein breached her Employment Agreement and Statement of Confidentiality.

27) Doug Ingraham breached his Employment Agreement and Statement of Confidentiality.

28) Ken Widstorm breached his Employment Agreement and Statement of Confidentiality.

e. StorageTek objects to this interrogatory as premature. The details of which specific individuals acted are in the possession of Cisco and the former StorageTek employees that now work for Cisco. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory in that it seeks information that is attorney-client privileged and/or work product.

Without waiver of the foregoing objections, StorageTek provides the following response. Mark Schrandt, Ed Fiore, Dave Myers, Mark Bakke, and Mark Cree breached or induced the breach by others of the fiduciary duty to keep secret, and to not use, StorageTek's confidential, proprietary information.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

Mark Cree, Mark Schrandt, Mark Bakke, Ed Fiore, and Dave Myers also breached or induced the breach by others of the fiduciary duty not to recruit or try to recruit employee away from StorageTek.

**INTERROGATORY NO. 8**

Identify and describe in detail each "trade secret" which you claim has been misappropriated, misused, or disclosed or which you claim is threatened to be misappropriated, misused, or disclosed, including, without limitation:

a. a detailed and specific description of each specific item of information concerning StorageTek's conception, design, development, and marketing of any device for joining disparate and otherwise incompatible computer networks which you claim is a trade secret;

b. a detailed and specific description of each specific item of technology used in any device for joining disparate and otherwise incompatible computer networks which you claim is a trade secret; and

c. a detailed and specific description of each specific item of information concerning StorageTek's pay structure, benefits system, salary information, and other related information which you claim is a trade secret.

**SUPPLEMENTAL RESPONSE:**

Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Therefore, StorageTek may learn additional information responsive to this interrogatory as discovery progresses and will supplement as appropriate.

(a) Cisco is directed to StorageTek's particularized Trade Secret Statement.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

(b) StorageTek objects to this interrogatory as being vague and ambiguous. It is not understood what "each specific item of technology used" means and clarification is required. StorageTek also objects to this request as duplicative of Interrogatory 8(a).

(c) Cisco is directed to StorageTek's particularized Trade Secret Statement.

**INTERROGATORY NO. 9.**

Describe any and all actions StorageTek has taken to protect and/or maintain the confidentiality and/or secrecy of any of the trade secrets or confidential information which you claim have been misappropriated or misused, including, without limitation: the person(s) who took such action(s) and the date(s) such action(s) were taken.

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as over broad, unduly burdensome and vague. Documents have been produced describing some of the actions taken by StorageTek to protect and/or maintain the confidential and/or secrecy of its trade secret. Federal Rule of Civil Procedure 33(d) allows a party to produce records in lieu of responding to an interrogatory.

Additionally, StorageTek employees are directed to follow StorageTek's policy and Procedures Manual and Proprietary Information Manual. StorageTek also requires all of its employees to sign agreements concerning proprietary rights and undergo background checks. New hires also undergo an employee orientation where security and proprietary information are discussed. StorageTek provides presentations about security and proprietary information and conducts a manager training class. StorageTek provides each employee with a secured access card that allows access only to necessary parts of its facilities. StorageTek

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

uses alarms, cameras, and other industrial security measures. StorageTek also provides instructions on passwords and policies for computerized information. StorageTek also has a publishing approval and screening process. This listing, along with those measures described in the document production, is believed to be complete. However, as more information is learned concerning this Interrogatory, StorageTek will supplement appropriately.

**INTERROGATORY NO. 10**

Identify each person, firm, or entity who has ever had access to any of the trade secrets or confidential information which you claim have been misappropriated or misused, including, without limitation: all current or former employees of StorageTek; all prospective employees or applicants; all current, former, or prospective investors, shareholders, or creditors of StorageTek or any of their representatives; all persons or firms with which StorageTek has joined in or considered joining in any venture, partnership, marketing arrangement, product development arrangement, or any other type of cooperative business activity, including, without limitation, representatives of Legato Systems, Inc., VERITAS Software Corporation, and Unisys Corp.; all current, former, or prospective customers, vendors, resellers, distributors, OEMs (as that term is used in StorageTek's SEC filings), agents, or representatives; any person or entity with whom StorageTek has any licensing or information/technology sharing agreement of any kind; any company, firm, or entity, with which StorageTek has considered any business transaction, including, without limitation, any joint venture, merger, acquisition, sale, etc., including, without limitation, Front Porch Digital, Inc.; any federal, state, local, or foreign governmental agency, including the Equal Employment Opportunity Commission or similar state agency, the Securities and Exchange Commission, or the U.S. Patent Office; any other party in any litigation, arbitration, or other dispute-resolution proceeding; any independent contractors hired by StorageTek, including engineers, technicians, designers, etc.; any outside consultants or advisers, including any representatives of Goldman Sachs & Company, McKinsey & Company, or any other investment banking firm; any recruiting or headhunting firm; any marketing or advertising firm; and any accounting firm or auditors.

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. StorageTek would have to question an innumerable individuals to respond

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

to this interrogatory. StorageTek objects to this interrogatory on the grounds that defendant has propounded it for the purpose of harassment and to make this litigation more vexatious.

Without waiver of the foregoing objections, StorageTek states that most of its past and present employees have had limited access to the trade secrets identified in StorageTek's Particularized Trade Secret Statement. Relevant documents have been produced. StorageTek also states that its suppliers and other entities with a confidentiality obligation have also had limited access to some of the trade secrets identified in StorageTek's Particularized Trade Secret Statement. Relevant documents will be produced.

**INTERROGATORY NO. 11.**

Describe in detail and with particularity all facts relating to the allegations in your Complaint that "[o]n behalf of defendant, and with defendant's knowledge and approval, former key StorageTek employees have actively participated in the raiding of StorageTek personnel, some in violation of agreements signed with StorageTek that forbid such solicitation of StorageTek employees," including, without limitation, specific identification of: the individuals who allegedly participated in "raiding of StorageTek personnel"; the StorageTek employees who allegedly were the object of such "raiding"; the agreements referenced in this allegation which you claim were violated; and the facts, if any, which support your contention that any such actions were on behalf of defendant or with defendant's knowledge or approval.

**SUPPLEMENTAL RESPONSE:**

To the extent that this Interrogatory seeks the identification of agreements, those agreements are contained within the personnel files of those former StorageTek employees who now work for NuSpeed/Cisco. These files have already been produced. Subject to the objection, and without waiver of it, employees in management positions at NuSpeed/Cisco, including Mark Cree, Mark Schrandt, Dave Myers, Tim Kuik, Mark Bakke, and Ed Fiore, actively solicited StorageTek employees to leave StorageTek and join NuSpeed/Cisco. The

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

employees who were the object of the raiding are the employees who left StorageTek and joined NuSpeed/Cisco. Because defendant is a corporation, and its actions are controlled by the management team, and because the management team was directly involved in the raiding, it is clear that the raiding was on behalf of defendant and with defendant's knowledge and approval.

**INTERROGATORY NO. 12**

Describe in detail and with particularity all facts relating to the allegations in your Complaint that "Defendant improperly and unfairly used former StorageTek employees' knowledge of StorageTek's confidential pay structure, benefits system, salary information, and other information to recruit StorageTek employees," including, without limitation, specific identification of: the specific person(s) who engaged in the actions alleged; the specific StorageTek employee(s) who allegedly were recruited "improperly and unfairly"; the "confidential information" allegedly used to recruit StorageTek employees; and the factual and legal basis for your claim that any alleged recruitment was "improper" or "unfair."

**THIRD SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature as Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Much of the information relating to Cisco's improper use of StorageTek's confidential pay structure is in possession of Cisco. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. StorageTek also objects to this request as duplicative of Interrogatory No. 7. *See* Response to Interrogatory No. 7. *See also*, StorageTek's Supplemental Trade Secret Statement. As discovery progresses, StorageTek will supplement this response appropriately.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400