Subject to that objection and without waiver of it, the former StorageTek employees who were involved in the raiding, including Mark Cree, Mark Schrandt, Dave Meyers, Mark Bakke, and Ed Fiore, had knowledge of StorageTek's confidential pay structure, benefit system, salary information, and other information relevant to hiring. It would not be possible for those people to have forgotten that information in the short time between when they left StorageTek and joined NuSpeed/Cisco or to have ignored the information while recruiting new employees. Use of this information was improper and unfair. Further, Mark Schrandt requested and received a detailed listing of al salaries for engineering at the MRDC just weeks before he resigned from StorageTek to work at NuSpeed.

**INTERROGATORY NO. 13**

Describe in detail and with particularity all facts relating to the allegations in your Complaint that "[u]sing StorageTek employees and StorageTek's confidential, proprietary information defendant has developed and is preparing to market a product or products based on the devices for joining disparate and otherwise incompatible computer networks originally conceived and developed by StorageTek's MRDC employees," including, without limitation, specific identification of: the product or products Defendant allegedly developed "[u]sing StorageTek employees and StorageTek's confidential, proprietary information"; the former StorageTek employees allegedly "used" to develop and prepare this product; the "confidential, proprietary information" of StorageTek's which allegedly was used to develop and prepare to market this product; and all persons with knowledge relating to such allegations and the knowledge possessed by each such person.

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Much of this information is in the possession of Cisco and Cisco has not yet provided information relevant to this interrogatory in discovery, thus making

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

identification of "all facts relating" to Cisco's use of "StorageTek employees and StorageTek's confidential, proprietary information" an impossible task. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Without waiver of the foregoing objections, StorageTek states that its confidential information was used at least to develop the SN 5420. Concerning which of Cisco's employees were used to develop this project, StorageTek believes that most if not all of its former employees were used in some capacity to develop the SN 5420. Cisco should be able to answer these questions because the individuals at issue now work at Cisco. Additionally, Cisco has yet to provide any information concerning the job responsibilities of its employees beyond their job title. Additionally, Cisco is directed to StorageTek's Supplemental Particularized Trade Secret Statement and StorageTek's response to Interrogatory No. 21 for additional information responsive to this interrogatory.

**INTERROGATORY NO. 14**

Describe in detail and with particularity all facts which relate to the allegation in your Complaint that former StorageTek employees "will inevitably disclose StorageTek trade secrets in their work for defendant," including, without limitation specific identification of: the person(s) you allege would disclose such alleged trade secret(s); the specific trade secret(s) each such person allegedly would disclose; any person with knowledge relating to this allegation and a statement of what each such person knows.

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

StorageTek's outstanding discovery. Much of this information is in the possession of Cisco and Cisco has not yet provided information relevant to this interrogatory in discovery, thus making identification of "all facts relating" to Cisco's "inevitable disclosure of StorageTek's Trade Secrets" an impossible task. Additionally, although specifically requested, Cisco has yet to provide specific job responsibilities of its employees. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Without waiver of the foregoing objections, Cisco is directed to StorageTek's Particularized Trade Secret Statement, specifically trade secret No. 18.

**INTERROGATORY NO. 15**

Describe in detail and with particularity all facts relating to the allegations in your Complaint that "Defendant has improperly acquired StorageTek's confidential, proprietary information and converted it to is own use" including, without limitation, specific identification of: the persons who you allege "improperly acquired . . . and converted" StorageTek's information; the "confidential, proprietary information" which you allege was improperly acquired and converted; the legal and factual basis for your claim that any information was acquired "improperly"; and all persons with knowledge relating to such allegations and the knowledge possessed by each such person.

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Much of this information is in the possession of Cisco and Cisco has not yet provided all information relevant to this interrogatory in discovery, thus making identification of "all facts relating" to Cisco's conversion of StorageTek's confidential

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

information an impossible task. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Without waiver of the foregoing objections, Cisco is directed to StorageTek's Particularized Trade Secret Statement. Additionally, Cisco is directed to Tim Kuik's lab notebooks that were taken from StorageTek and recently produced by Cisco in discovery.

**INTERROGATORY NO. 16**

Describe in detail and with particularity all facts relating to the allegations in paragraph 52 of your Complaint that certain individuals "breached their fiduciary duties to StorageTek when they used StorageTek's confidential, proprietary information to develop the second product, which they had chosen to not develop while at StorageTek," including, without limitation, specific identification of: the "confidential, proprietary information" referenced in this allegation; the "second product" referenced in this allegation; the factual and legal basis for your claim that the individuals identified breached any fiduciary duty; every person involved in the decision not to develop the "second product" at StorageTek referenced in this allegation; all persons with knowledge relating to such allegations and the knowledge possessed by each such person.

**SECOND SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. Much of this information is in the possession of Cisco and Cisco has not yet provided all information relevant to this interrogatory in discovery, thus making identification of "all facts relating" to Cisco's breach of fiduciary duty claim. StorageTek also objects to this interrogatory as duplicative of Interrogatory No. 7. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

Without waiver of the foregoing objections, Cisco is directed to StorageTek's Particularized Trade Secret Statement, including its discussion of products related to the SN 6000, and the referenced documents. Cisco is also directed to StorageTek's Response to Interrogatory Nos. 7, 11, 12, 13, 14 and 15, the agreements contained in the personnel files of the former StorageTek employees, and Cisco's Response to StorageTek's Interrogatory No. 4. Additionally, with regard to the second design referred to in the Complaint, in the mid 1990's, StorageTek conceived two platform directions for joining disparate communication networks. Documents have been produced that relate to the conception, design and development of each platform direction.

The first track may be described as encompassing high-performance, high density platforms. Example designs include Access Controller, Access Module, and SN6000. Many of the design elements developed in conjunction with the first track are common to iterations of the second track.

The second track may be described as encompassing lower-cost, low-density platforms. StorageTek developed several iterations including the Comet, Edge Module, Junkyard Weasel and SAN Appliance. Each of these designs is an edge device capable of interfacing disparate communication networks, such as Gigabit Ethernet and Fibre Channel. Further, these designs could incorporate a variety of services including interconnecting SAN islands, file services, and data backup.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

Anderson Aff. Ex. 17

**INTERROGATORY NO. 17**

With respect to each trade secret allegedly misappropriated or misused, describe in detail and with particularity all facts relating to the development of such trade secret, including, without limitation, specific identification of: the person(s) involved in the development of the trade secret; all other persons with knowledge relating to the development of the trade secret and each such person's knowledge; the period of time over which the trade secret was developed; and the research and development costs and other costs incurred in developing the trade secret.

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as premature. Cisco has not produced witnesses for noticed depositions and Cisco has not served substantive responses to StorageTek's outstanding discovery. StorageTek also objects to this interrogatory as unduly burdensome and duplicative of other interrogatories and document requests. StorageTek also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Without waiver of the foregoing objections, StorageTek states that the trade secrets at issue began development at least as early as 1994 and are ongoing at StorageTek. The individuals involved in the development of the trade secrets included many of those former StorageTek employees employed at Cisco and others employed at StorageTek's MRDC. Cisco is directed to the MRDC employee listing produced by StorageTek. Cisco is also directed to StorageTek's Particularized Trade Secret Statement and the documents referenced therein, StorageTek's responses to Interrogatories Nos.1 and 7. With respect to costs associated with the research and development and other costs incurred, pursuant to Rule 33(d), StorageTek will produce documents.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

**INTERROGATORY NO. 18**

Describe in detail and with particularity all facts relating to your claim that you will suffer irreparable harm if a preliminary and/or permanent injunction is not issued in this case.

**RESPONSE:**

StorageTek objects to this interrogatory as premature and discovery has only recently begun and Cisco has not yet served responses to StorageTek's outstanding discovery. Subject to that objection and without waiver of it, improper use and disclosure of StorageTek's trade secrets destroys those trade secrets. Destruction of trade secrets creates irreparable harm. Likewise, the use and disclosure of StorageTek's confidential and proprietary information causes irreparable harm. The continued raiding of StorageTek's employees and the continued breach of fiduciary duties irreparably harms StorageTek because StorageTek loses valuable employees.

**INTERROGATORY NO. 19**

Identify and describe every circumstance from January 1, 1997, through the present in which you have asserted any claim or threatened to assert any claim against any current or former StorageTek employee or any person or entity which has employed or sought to employ any former StorageTek employee, including, without limitation, specific identification of: the person or entity against whom you asserted or threatened to assert such a claim; the nature of the claim(s) you asserted or threatened to assert (e.g. any claim for misappropriation, misuse, or disclosure of any trade secret(s), violation of any agreement not to compete or to solicit employees, breach of any contract or agreement, breach of any fiduciary duty, or inducing another to breach any fiduciary duty); the case, including the jurisdiction in which the case was filed, the caption or title of the case, the docket number of the case, the identity of the parties, and the date the case was filed; the outcome of the claim or threatened claim (e.g. whether the matter was ever pursued, was settled, was dismissed, was dropped, any result upon a dispositive motion, or any result after adjudication); and the persons with knowledge relating to such claims or asserted asserted [*sic*] claims and the knowledge each such person possesses.

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

**SUPPLEMENTAL RESPONSE:**

StorageTek objects to this interrogatory as irrelevant to any claim or defense asserted in this case and therefore outside the scope of Rule 26 of the Federal Rules of Civil Procedure. StorageTek also objects to this interrogatory as it is vague, ambiguous and confusing. Without waiver of the foregoing objections, StorageTek has produced documents that are responsive to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Respectfully submitted

BROOKS & KUSHMAN P.C.

By: ______________________

ERNIE L. BROOKS
THOMAS A. LEWRY
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400
Fax: (248) 358-3351

*Attorneys for Plaintiff*
*Storage Technology Corporation*

Date: August 20, 2002

**Of Counsel:**

MAHONEY DOUGHERTY & MAHONEY
RICHARD P. MAHONEY
VICTOR LUND
801 Park Avenue
Minneapolis, MN 55404
(612) 339-5863

and

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

**Storage Technology Corp.**
Timothy R. Schulte
2270 South 88th Street
Louisville, Colorado 80028-4309
(303) 673-5989

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400

## CERTIFICATE OF SERVICE

I certify that I served:

**STORAGE TECHNOLOGY CORPORATION'S THIRDD SUPPLEMENTAL RESPONSES TO DEFENDANT CISCO SYSTEMS, INC.'S FIRST SET OF INTERROGATORIES**

on August 20, 2002 by:

____ hand delivering
✓ faxing
✓ mailing (via First-Class mail)
____ overnight courier

a copy to:

Roy A. Ginsburg
Joseph W. Hammell
Thomas J. Vitt
**DORSEY & WHITNEY LLP**
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498

*Attorneys for Defendant*

Sandra D. Davis

BK
LAW OFFICES
BROOKS & KUSHMAN P.C.
1000 TOWN CENTER
TWENTY-SECOND FLOOR
SOUTHFIELD, MI 48075
(248) 358-4400



TOTAL P.37
TOTAL P.37

**Vincent, Joni**

---

**From:** ecf-notice@mnd.uscourts.gov

**Sent:** Monday, April 25, 2005 5:43 PM

**To:** ecf-notice@mnd.uscourts.gov

**Subject:** Activity in Case 0:00-cv-02253-JNE-JGL Storage Technology v. Cisco Systems, Inc. "Affidavit"

*****NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**District of Minnesota**

Notice of Electronic Filing

The following transaction was entered on 4/25/2005 at 5:41 PM CDT and filed on 4/25/2005
**Case Name:** Storage Technology v. Cisco Systems, Inc.
**Case Number:** 0:00-cv-2253
**Filer:** Cisco Systems, Inc.
**WARNING: CASE CLOSED on 09/25/2003**
**Document Number:** 232

**Docket Text:**
AFFIDAVIT re [229] Objection to Bill of Costs, [231] Memorandum *of Law in Opposition to "Plaintiff's Opposition to Defendant's Bill of Costs"* by Cisco Systems, Inc.. (Attachments: # (1) Exhibit 1-3# (2) Exhibit 4# (3) Exhibit 5# (4) Exhibit 6# (5) Exhibit 7-8# (6) Exhibit 9-16# (7) Exhibit 17# (8) Exhibit 17 cont.)(Anderson, Clifford)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051215216 [Date=4/25/2005] [FileNumber=562820-0]
[1db9cd815972bf3249bacb7f319739494b21c7de14554cb67b865ba8c17c613411e8
cc151054db3e6dea8ff5db41ab27e50718b693901affbdea24b72d4594c4]]
**Document description:**Exhibit 1-3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051215216 [Date=4/25/2005] [FileNumber=562820-1]
[3a0451830bff48a8e679af852f0ebb7b3de0d32f298b22d7b9bc415a20137a09895b
4a3cf25f2cbd90a416de17cb2511dd3e764f0b2be21eb9e9899adef76c77]]
**Document description:**Exhibit 4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051215216 [Date=4/25/2005] [FileNumber=562820-2]
[12e737de25138cd605b9d13903d93c26cf8c2c3918ef9446ca16f1eb20bd61bdba62
61d92d1d3abdea719cfd62c699d9b2674356adb7f9b6b21eecc96ff4b5f4]]
**Document description:**Exhibit 5

**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051215216 [Date=4/25/2005] [FileNumber=562820-3] [7888f7f4702a02af61970adfcf3e37be0c41d5519da36a714fd4a250f09be36b7a87 7734d6f3a52e808347a3946ddfaba8e881c3a931ef153a3aced511737de0]]
**Document description:**Exhibit 6
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051215216 [Date=4/25/2005] [FileNumber=562820-4] [0c87dd8e853563b48db6f2907834c7bee6660e7c295aec9f620db24e2d5d4a2ed88a 71cf388bac160866b9b5dfae7bdadaece25892311b11ddb863fe7d0284f2]]
**Document description:**Exhibit 7-8
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051215216 [Date=4/25/2005] [FileNumber=562820-5] [611b6ceb490353928d84fb3e218db18c3d814b2147a255638eead81c798c22b36328 9b87c8e1bd286af1dd6282751c1f4bed8c4fbe6af42fed9e7983b30da169]]
**Document description:**Exhibit 9-16
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051215216 [Date=4/25/2005] [FileNumber=562820-6] [5e48a5d399be8bd1cc1f058158517134cd57172c30abd124e64f95dc203ebc879395 5df33a818e237caa2e1c75e2d6b9c0e36c04c3e5cdae18b2e72bf6075558]]
**Document description:**Exhibit 17
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051215216 [Date=4/25/2005] [FileNumber=562820-7] [b0a6fbad42f8da098e27d43ab594447a16210a19ddf33edb1583799622f8e2b6fcad affcb82442d08a7ea76e296beaee5c5f20d21e8c43be30b05af60b729e86]]
**Document description:**Exhibit 17 cont.
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051215216 [Date=4/25/2005] [FileNumber=562820-8] [cace80d32ffa6eee87a2eaeab8e06b4a3fd1a708e283d85cf8c553cee35ee660433b 687b1a1de58dfc1a723d5ac08723f240a78e41b6f3a23d3447309e2b78a3]]

**0:00-cv-2253 Notice will be electronically mailed to:**

Clifford S Anderson anderson.clifford@dorsey.com, vincent.joni@dorsey.com

Roy A Ginsburg ginsburg.roy@dorsey.com, kloncz.sandra@dorsey.com

Joseph Walter Hammell hammell.joe@dorseylaw.com

Victor E Lund vlund@mahoney-law.com

Richard P Mahoney rmahoney@mahoney-law.com

J Thomas Vitt vitt.thomas@dorsey.com, hesse.karen@dorsey.com

**0:00-cv-2253 Notice will be delivered by other means to:**

Philip Abromats
Brooks & Kushman
1000 Town Ctr 22nd Fl
Southfield, MI 48075

Ernie L Brooks
Brooks & Kushman
1000 Town Ctr 22nd Fl
Southfield, MI 48075

Thomas A Lewry
Brooks & Kushman
1000 Town Ctr 22nd Fl
Southfield, MI 48075

Marc Lorelli
Brooks & Kushman
1000 Town Ctr 22nd Fl
Southfield, MI 48075

Seth E Rodack
Brooks & Kushman
1000 Town Ctr 22nd Fl
Southfield, MI 48075

Timothy R Schulte
Storage Technology Crop
Corporate Counsel
1 Storagetek Dr
Louisville, CO 80028